# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

## PETITION UNDER 28 U.S.C. § 2254 BY A PERSON
## IN CUSTODY PURSUANT TO A STATE COURT JUDGMENT

| UNITED STATES DISTRICT COURT | Division: PENSACOLA FLORIDA | |
|---|---|---|
| Name of Petitioner: TOOLE, HOWARD GLEN | Prisoner No.: C-917683 | Case No. (to be assigned by Clerk): 5:06CV126/MCR/AK |
| Place of Confinement (include address): Apalachee Correctional Institution, West 52 West Unit Drive, West SNEADS, FLORIDA 32460 | | |

| NAME OF PETITIONER (include aliases) HOWARD GLEN Toole AKA. BOBBY LEE BOND | v. | NAME OF RESPONDENT (authorized person having custody of petitioner) MR. JAMES McDONOUGH SEC. FLORIDA DEPT. CORRECTION |
|---|---|---|

| ATTORNEY GENERAL OF THE STATE OF: HON. MR. TROY KING, FOR THE (State in which challenged judgment was entered) STATE OF ALABAMA | | |
|---|---|---|

### PETITION

1. Name and location (circuit and county) of court which entered the judgment of conviction/sentence under attack: Circuit Courts For, Coffee and Pike County. Twelfth (12th) Judicial Circuit, Enterprise Division, ALABAMA.

2. Date of judgment (conviction/sentence): 10th DAY OF MAY, 2005.

3. Length of sentence: 20 yrs. Split 5 yrs. For three (3) counts.

4. Nature of offense involved (all counts): Count #1, Pharmacy Robbery. Count #2, Robbery 1st. Count #3, Robbery 1st.

5. What was your plea? (Check one)
   (a) Not Guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2006 JUN 13 AM 11: 08

FILED

PROVIDED TO APALACHEE CORRECTIONAL INSTITUTION ON 6-8-06 FOR MAILING
DATE

1

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details: _____ *N/A* _____

_____

_____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury              ☐
   (b) Judge only        ☐

7. Did you testify at the trial?
   Yes ☐       No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑       No ☐

9. If you did appeal, answer the following:

   (a) Name of Court: *Circuit Court of Coffee County Al. Enterprise Div. For Coffee & Pike.*

   (b) Result: *Petition For Belated Appeal was "Dismissed" as "Untimely/Jurisdiction*

   (c) Date of opinion and mandate (include So.2d citation, if known): *7th day of November,*

   *2005.* _____

   (d) Did you file a petition for rehearing?
       Yes ☐       No ☑
   If yes, give the result and date of the result: _____

   _____

   (e) Did you file petition for writ of certiorari?
       Yes ☐       No ☑
   If yes, give the result and date of the result: _____

   _____

10. Other than the direct appeal, have you previously filed any petitions, applications, or motions with respect to this judgment in state court?
    Yes ☑       No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court: *Alabama Criminal Court of Appeal*

        (2) Date filed: *On or About the 27th day of December 2005*

        (3) Nature of proceeding (Fla.R.Crim.P. 3.850, habeas corpus, etc.): *Petition For*

        *Writ of Habeas Corpus, for Belated Appeal.*

        _____

2

(4) Grounds raised: _For Violations of the 'INTERSTATE AGREEMENT ON DETAINERS ACT; and Related violations of the UNITED STATES CONSTITUTION; THE RIGHT TO DUE PROCESS UNDER THE LAW, THE RIGHT TO FAST AND SPEEDY TRIAL._

(5) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(6) Result: _Court treated Petition as a Mandamus, and Dismissed._

(7) Date of result: _23 rd Day of February, 2006._

(b) Did you appeal the result?
Yes ☐    No ☑

If yes, give the result and date of the opinion and mandate (include So.2d citation, if known): _____

(c) If you did not appeal the result, explain briefly why you did not: _In the Courts ORDER DISMISSING the Petition/Motion; Continued on separate page, designated 11,(c). SEE ATTACHED:_

12. Did you file any other petitions or motions in state court aside from those described above?
Yes ☑ No ☐

If yes, set forth on a separate sheet of paper the same information (as requested in 11(a)-(c)) as to the other petitions or motions.

13. Have you previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court?
Yes ☐ No ☑

If yes, provide the name of the court, case number, and result (including the result of any appeal):

_____

_____

_____

3

14. In the spaces below, set forth all grounds on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. You must provide a summary of specific facts in support of each ground raised. Even if you file a separate memorandum of law, the facts must be set forth on this petition form. If necessary, you may attach pages setting forth additional grounds and supporting facts.

Caution: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. Ground one: _Violation of the INTERSTATE AGREEMENT ON DETAINERS ACT._

Supporting FACTS (state *briefly* without citing cases or law): _Prompted, by Sanctions imposed on the Petitioner by the FLORIDA DEPARTMENT OF CORRECTIONS, for being under detainers ledged against him from the State of ALABAMA, the Petitioner sought relief by Officially Requesting disposition of, Indictments, Informations, or Complaints, Through the Interstate Agreement on Detainees Act. Continued (4, (a)._

Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
Yes ☑ No ☐
If yes, explain how it was raised; if no explain why it was not raised: _Petitioner filed a petition for Writ of Habeas Corpus, for Belated Direct Appeal._

B. Ground two: _NEWLY DISCOVERED; Conflict of INTEREST, By Counsel for the defense._

Supporting FACTS (state *briefly* without citing cases or law): _Due to discrepancies of dates of Motions and Proceedings found within the Petitioner's Copy of the Case Record, He discovered a startling document. There are (2) form copies of the indictments in the Record. However, there is also a copy of the original Grand Jury Indictment that Reflects. SEE: Continued on attached page 14, (b)._

Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
Yes ☐ No ☑

4

If yes, explain how it was raised; if no explain why it was not raised: _____

_____

_____

C.   Ground three: _Denial of access to courts; Procedural Impedements, "Cause "for Pro-_
     _cedural default, and Violations of, 1st, 5th, 6th, 14th Amends. U.S. Constitution._
     Supporting FACTS (state briefly without citing cases or law): _Petitioner will show that the State_
     _of Alabama, has in every respect used Procedural impedements to deny the Pet-_
     _itioner access to its Courts. And block the Petitioner from accessing the Feder-_
     _al courts by Dismissing his Petitions as opposed to granting review and then_
     _denying them. And for denial of litigation information in order that Petitioner's_
     _Motion would comply with Procedural Correctness, and enable exhaustion of Remedies_
                                                        Continued: 14, (c).
     Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
          Yes  ☐ No ☑
     If yes, explain how it was raised; if no explain why it was not raised: _The above mentioned claims_
     _have only now been established, through Petitioner's litigation process._
     _The Courts of Alabama have steadfastly Refused to Review the Petitioner's Motions._

D.   Ground four: _____

     _____

     Supporting FACTS (state briefly without citing cases or law): _____

     _____

     _____

     _____

     _____

     Did you raise this claim in state court by direct appeal, 3.850 motion, or otherwise?
          Yes  ☐ No ☐
     If yes, explain how it was raised; if no explain why it was not raised: _____

     _____

     _____

5

E.  Set forth additional grounds, if any, on separate sheets of paper.

15.  What relief do you seek from this Court if your § 2254 petition is granted? *The Petitioner asks*
*that this Honorable Court issue an Order, for the state of Alabama to*
*comply with the Provisions set forth in the (IADA). To Dismiss with Pre-*
*judice the indictments and charges against the Petitioner. To vacate, quash*
*and set aside the judgement and sentence. And in Compliance with the (IADA)*
*for the State of Alabama to withdraw the detainers as having no further*
*force or effect.*

Wherefore, petitioner prays that the Court grant all relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty or perjury that the foregoing is true and correct. Executed on:

*6 - 7 - 06*
(Date)

*Yoward Cook*
Signature of Petitioner

IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):
☑ delivered to prison officials for mailing, or  ☐ deposited in the prison's internal mail system on:

*6 - 8 - 06* (date).

*Yoward Cook*
Signature of Petitioner

Revised 07/02

6

11.(C)  The Alabama Court of Criminal Appeal treated the motion as an Mandamus. Petitioner's motion was proper in format and content, in that it was a "WRIT OF HABEAS CORPUS FOR BELATED DIRECT APPEAL." The court's ambiguous suggestion that the Petitioner's only relief, "if any", would be Post-Conviction Relief. This Petitioner was denied his opportunity for direct Appeal through no fault of his own. His efforts for Direct Appeal have been impeded by the State of Alabama, as well as the officers who serve it. For issues that are both Fundamental and Cognizable, and Reviewable on Direct Appeal; the Petitioner, in a Good Faith effort, further sought to pursue his Right to Direct Appeal.

12,(a)(1). Name of Court:
ALABAMA COURT OF CRIMINAL APPEAL.

(a)(2). Date Filed: _9th_ day of _May_ 2006

(a)(3). Motion to GRANT LEAVE to proceed to the
ALABAMA SUPREME COURT/Motion for Rehearing.

(a)(4). Grounds Raised:

The Petitioner cited;
(a) Violations of the Interstate Agreement on
Detainers Act.
(b) Impediments by the State that directly effected
the Petitioner's ability to file a timely and pro-
cedurally correct Direct Appeal.
(c) The Court of Alabama's Refusal to Review the
Petitioner's claims denying him further Due Process.
(d) Denial of access to the Courts, by ignoring the
Petitioner's pleas for material information that
would assist in his attempts for procedural
correctness. i.e., Al.R.Crim.P.; Al.R.APP.P.; Al.Crim.
Code. These materials are not available in Florida.

1 of 3

12, (a)(4), (D)cont.   Department of Corrections, Law Libraries.
Petitioner cited where he submitted to both
States, Florida and Alabama, letters, Requests
per Institutional procedures, cover pages on
each and every motion filed for these mater-
ials. These pleas for help were not only not
addressed by Alabama, they were totally
ignored.

(a),(4),(e).  Related State + Federal procedural violations
are cited that violate rights protected under
both Alabama and the United States Constitutions,
that are not only connected but intertwined.

12,(5).  Did you recieve an evidentiary hearing on your
Petition application or Motion?  No.
 (6). Results: Dismissed.
 (7). Date of Results: 16th day of May 2006

12,(b). Did you Appeal the Results? NO.

12,(c). If you did not Appeal the Results, explain: The Petitioner
has made every Good Faith effort to access the
Courts in the Direct Appeal process, as it is not
Required to exhaust Remedies in both Direct Appeal

2 of 2

12,(c) cont.   and the Post-Conviction process, the Petitioner
has elected to enter the Federal Court in order to
obtain a Review of his claims.

The Courts of Alabama have arbitrarily dismissed
every motion the Petitioner has submitted for Review.
Not by Reason or Law, but based on, or subject to,
individual judgement or discretion by a court or
Judge. Rather than by a specific Law or Statute.

Please note: The following are all of the
Orders issued by the State of Alabama to Dismiss
the aforementioned Motions/Petitions filed in said
State Courts.

Orders are marked as APPENDIX A-IA.

# APPENDIX A-1-A

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC-2005-149 |
| HOWARD GLENN TOOLE, | * | |
| DEFENDANT. | * | |

## ORDER

The Court is without jurisdiction to act upon Defendant's petition/notice of belated appeal as same is untimely.

DONE THIS THE 7th day of November, 2005.

_____
Thomas E. Head, III

CIRCUIT JUDGE



# COURT OF CRIMINAL APPEALS DOCUMENT (A-1-A)
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### CR-05-0803

Ex parte Howard G. Toole  (In re: State of Alabama vs. Howard G. Toole)  (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure.  Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition.  The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

**Done this the 1st day of February, 2006.**

**H. W. "Bucky" McMillan, Presiding Judge**
**Court of Criminal Appeals**

**cc:** Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED. Petitioner's remedy, if any, is to file a petition for post-conviction relief pursuant to Rule 32.1(f), Alabama Rules of Criminal Procedure in the counties of conviction.

**Done this the 23rd day of February, 2006.**

**H. W. "Bucky" McMillan, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

# COURT OF CRIMINAL APPEALS DOCUMENT (A-1-A)

# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## **ORDER**

Petitioner's motion to grant leave to proceed to the Supreme Court is DISMISSED.

**Done this the 16th day of May, 2006.**

*[signature]*

**H. W. "Bucky" McMillan, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

GROUND ONE: <u>Violations of the INTERSTATE AGREE-MENT ON DETAINER ACT.</u> Continued from: <u>14, A.</u>

The State of ALABAMA failed to comply with the provisions and procedures set forth and mandated in the Interstate Agreement on Detainer Act; hereafter referred to as the IADA. Whereby, Alabama's failure to enforce the provisions of the Act have resulted in the Petitioner being illegally adjudicated and sentenced for offenses that should have been dismissed. In support of these claims, the Petitioner offers the following:

On the <u>12th</u> day of <u>February</u> 2003, the State of FLORIDA responds to a FAX, sent to HOLMES County JAIL, placing a Detainer on one <u>Howard Glen Toole</u>, asking that a hold be placed on him, and that Alabama be advised when he would be ready for Extradition to same. The State of Alabama did not invoke the provisions of the IADA in it's extradition process, it merely lodged a detainer, whereby placing the Petitioner in a state of physical and mental duress. From the above mentioned date, even unto today's date, the Petitioner has lived under severe and stringent security status that is dictated by the Detainer placed on him by Alabama, and has caused that the Petitioner be separated from, and treated differently from, other prisoners with like crimes or offenses. See: <u>APPENDIX "A", Doc. A-1, Dated 2-12-03</u>

14, A, 1

In _February_ of _2004_, the Petitioner's charges in the State of FLORIDA were resolved. Per request previously submitted by ALABAMA, the State of FLORIDA informed them that the Petitioner was now available for extradition for disposition in that state. The Petitioner asserts that, had Alabama sought to pursue extradition, he would not have opposed thier efforts. However, this they did not do.

Alabama's detainers followed the Petitioner to the Florida Department of Corrections; hereafter referred to as FDCC. Upon entry into FDCC the Petitioner sought an avenue by which he could compel the State of Alabama to extradite him, for resolution of offenses pending in that state. The Petitioner wrote a request to his Classification Officer at the Reception and Medical Center at Lake Butler, FLORIDA. SEE: _APPENDIX "H"_, _Doc. A-2_, dated _3-31-04_, Request Form.

The Petitioner arrived at his permanent institution at Apalachee Correctional Institution; hereafter referred to as ACI, on the _1st_ day of _April_, _2004_. Because of Alabama's detainer lodged against the Petitioner, he was placed in an H.O.4 dormitory. In the FDCC all inmates recieve an H.O. status or security rating. As well as a psychological rating. The H.O. ratings are from H.O.1-5. One (1) being the lowest rating and five (5) being the highest. Ratings one thru three are virtually segregated from the ratings of four and five. The living conditions of the H.O.4 and 5 inmates are substantially different from other inmates. These conditions include but are not limited to the following:

1. Housing seperated from the general population.
2. Feeding seperated from the general population
3. Security status is set and shall remain at the highest levels.
4. Work and jobs are limited to secured areas.
5. Rules for H.O. 4 and 5 inmates, pertaining to visitation, are limited, as opposed to other inmates with similar offenses that are in general population.
6. Phone and Mail monitoring is intensified.
7. Transfers closer to home are more severely scrutinized, and vocational opportunities are suspended.
8. The environment is stressful and depressing in the extreme, and the uncertainties of what lies ahead weigh heavily on the mind.

The Petitioner's H.O. status is rated at H.O. level 4, purely because he has a detainer lodged against him from the State of Alabama. This is standard per FDOC policy. The Petitioner suffers from a mental disorder diagnosed as "Dysthymic" and "Major Depression." He recieves psychiatric and psychological treatment, and is medicated by Prozac 40mg. per day, and Serequil 300mg per day. Alabama's detainer has a direct effect on the Petitioner's every day existence in FDOC. Otherwise, the Petitioner would be in general population. The above mentioned factors are just one of the provisions provided for by the IADA, in _Article I_,

14. A. 3.

that states:

> "In securing speedy trial of persons already incarcerated in other jurisdictions produce uncertainties which obstruct programs of prisoner treatment and rehabilitation."

Thus, on the 28th day of June 2004, the Petitioner, in a request to his classification officer at A.C.I., officially asserted his right for disposition of indictments filed against him in the State of Alabama. Pursuant to § 941.45 Florida Statute, concerning IADA. SEE: Appendix "A", Doc. A-3, Dated 6-28-04; Also see: Doc. A-4,5, Dated 3-8-04.

On the 3rd day of August 2004, the Petitioner, in compliance with the provisions of the IADA, and have caused to be delivered to said prosecuting officer and said court, written notice of his place of imprisonment and said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. SEE: APPENDIX "B", Doc. B-1.

This request for final disposition will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. The IADA Form 1, further stipulates that the request will also constitute a consent by you to the production of your body in any court

14, A, 4.

Where your presence may be required in order to effectuate the purposes of the Agreement on Detainers. The Petitioner's signature appears on this form.

The State of FLORIDA, hereafter referred to as the sending state, meticulously adhered to the procedures required to perfect Forms 1 thru 4 of the Agreement.

In form 2 of the Agreement the sending state listed one (1) indictment against the Petitioner; specifically, Robbery of a Pharmacy: GJ-03-516. SEE: APPENDIX "B", Doc. B-2. Here the provisions of the IADA give warning to the State of Alabama; hereafter referred to as the recieving state.

"Failure to take action in accordance with the agreement on Detainers, to which your state is committed by law, may result in the invalidation of the indictments, informations, or complaints."

Form 2 of the Agreement further states that the Petitioner's request will operate as a request for disposition of _all untried_ indictments, on the basis of which detainers have been lodged against him from the Recieving State. The Petitioner's signature appears on this form.

In form 3 of the IADA is the required certificate of Inmate Status, signed by the Warden of ACI, Mr. Al Solomon. SEE: APPENDIX "B", Doc. B-3.

In form 4 of the IADA, offer to deliver temporary custody, it refers to the prosecuting officer of the recieving state, Mr.

14 A 5.

Gary L. McLilley.

> "To: District Court, Coffee County Jurisdiction, and to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations, or complaints are pending."

Pursuant to Article 5 of the IADA, between the sending state and the recieving state, to ensure that speedy and efficient prosecution may be had. The following offenses are ALSO pending in the recieving state: Robbery (2003-000133), for the County of Pike. The Petitioners signature appears on this form. SEE: <u>APPENDIX "B", Doc. 4</u>.

This form clearly brings to the attention of the recieving state that disposition has been properly invoked, by the Petitioner, in full compliance with the provisions set forth in the IADA. The Petitioner, having caused delivery to be made, the <u>3rd</u> day of <u>August 2004</u>. A copy of Certified Mail reciept, reflects delivery to: Clerk of the Court, Coffee County, Alabama, on the <u>24th</u> day of <u>August 2004</u>. SEE: <u>APPENDIX "B", Doc. 5-6</u> (Letter to prosecutor, Mark Fuller, dated the <u>19th</u> day of <u>August 2004</u>)

On the <u>27th</u> day of <u>December 2004</u>, the sending state's IADA coordinator, Mr. David M. Tune, mailed a letter to the prosecuting officer, the afore mentioned Mr. Mark E. Fuller, in

14, A, 6

reference to the Petitioner. The sending state officially notifies the recieving state that over 90 days has elapsed of the 180 day time frame allowed. Clearly, the recieving state was made aware that time was running out on the 180 day Speedy Trial provision. SEE: APPENDIX "B", Doc. B-7.

On the 17ᵗʰ day of February 2005, officers with the Coffee County, Alabama, District Attorney's office arrived at the Petitioner's institution, ACI in Sneads, Florida, to transport the Petitioner to Alabama for disposition of the indictments in the recieving state. However, as of the 17ᵗʰ day of February, 201 days had elapsed from the day that the Petitioner had caused for him to be delivered, 8-3-04.

In Article 3,a. of the IADA it's literal wording and use of the words "Must and Shall", are unmistakable in their meaning. Which states: "He or she shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's Jurisdiction."

At this time the Petitioner would note that the recieving state did not request any continuance, nor did the Petitioner make any request for said same. In Article 3,d. "Any request for final disposition made by a prisoner pursuant to paragraph (a.), shall operate as a request for final disposition of all untried indictments, informations, or complaints."

In Article 5,c. of the IADA, the provision provides that," or in the event that an action on an indictment,

14, A, 7.

information, or complaint, on the basis of which the detainer has been lodged, is not brought to trial within the period provided in Article 3, and Article 4, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending <u>shall</u> enter an order dismissing the same with prejudice, and any detainer based thereon <u>shall</u> cease to be of any force or effect."

In Article 7 of the IADA, the provision states: "Each STATE party to this agreement <u>shall</u> designate an officer who, acting jointly with like officers of other party states, <u>shall</u> promulgate Rules and Regulations to carry out more effectively the terms and provisions of this agreement and who <u>shall</u> provide, within and without the state, information necessary to the effective operation of this agreement."

It is the Petitioner's belief that the State of Florida fulfilled it's obligations, in preparing, transmitting, and cooperating with the recieving state. The sending state transmitted a timely warning to the recieving state that the <u>180 day provision</u> of the IADA was in jeopardy, and even requested the recieving state to affirm it's intent to prosecute the Petitioner. SEE AGAIN: <u>APPENDIX "B", Doc. B-7</u>.

On the <u>17th</u> day of <u>February 2005</u>, after the Petitioner's arrival in the recieving state, he met with his Public Defender, Mr. Steve Blair, esq. Counsel presented the Petitioner with the state's plea agreement offer of Life in prison for all offenses, in exchange for a Guilty plea. The Petitioner declined the state's offer and informed his counsel that the recieving state was in gross

14, A, S

violation of the IADA, and that he fully intended to assert that claim.

On the 22nd day of February 2005, the Petitioner was arraigned for the Coffee County offense, as well as the Pike County offenses, in the Circuit Court for Coffee County. The Petitioner entered a plea of Not Guilty. In effect, this added an additional 5 days to the 201 days expired with the Petitioner having not been brought to trial. Petitioner further notes that niether he nor the state has moved for a continuance. SEE: APPENDIX "C", Doc. C-1 and C-2.

The Circuit Court sets a trial date, for the two Pike County offenses, to commence on the 26th day of April 2005. This action by the court adds an additional 63 days to the 206 days that have already expired.

The Circuit Court sets a trial date, for the Coffee County offense, to commence on the 13th day of June 2005. This action by the court adds an additional 111 days to the 206 days that have already expired. SEE: APPENDIX "C", Doc. C-1 and C-2.

On the 28th day of February, 2005, Counsel for the Petitioner submitted to the courts of both Pike and Coffee Counties, seperate motions to "DISMISS INDICTMENTS", pursuant to Article 3 of the IADA. SEE: APPENDIX "C", Doc. C-3 and C-4.

The Court ordered the State to issue a Response to the Petitioner's motions to dismiss. On the 2nd day of March 2005, the State responded as follows. SEE APPENDIX "C", Doc. C-5 and C-6, paragraph 1.

The State admits that averments in Petitioner's motion

to dismiss are, in fact, true. The State claims that the Petitioner has been unavailable for prosecution because of his incarceration, in Holmes County Jail and FDOC.

The Petitioner asserts that he was, in fact, available to the State of Alabama, from the 12<u>th</u> day of February, 2004. Per Alabama's afore mentioned filing of it's Detainer with the Holmes County Jail.

SEE: <u>APPENDIX "C" Doc. C-5 and C-6, paragraphs 2, 3, and 4</u> as follows.

The State attempts to use the Petitioner's out of state convictions in Florida to justify denial of his motions to dismiss. The State's use of Petitioner's out of state record to sway the Court's decision, in a pre-trial motion, prejudices the Petitioner in the eyes of the Court, to the extent that the Court makes it's judgement based on factors having nothing to do, whatsoever, with the facts asserted in the Petitioner's motion. SEE: Courts response in it's order to deny Petitioner's motion; <u>APPENDIX "C", Doc. C-7 thru C-9.</u>

The Court files two(2) separate orders; one for the Coffee County charges and one for the Pike County charges. SEE: APPENDIX "C", Doc. C-7 thru C-9.

<u>Note</u>: For the Court's knowledge, the Petitioner makes said aware that, Hon. Judge, THOMAS E. HEAD III, is the presiding judge for all counts, in both Coffee and Pike Counties. Charges were never severed, albeit, motion was filed to sever, but was never ruled on. However, issues in all cases were addressed in both Coffee and Pike County Court houses. Also, Hon. GARY McALLLEY, was the District Attorney for both counties.

<center>P.A.R.</center>

In the Court's ORDER, denying the Motion to Dismiss for the two (2) Pike County charges, the Court relies on the premise that the Petitioner failed to invoke the provisions of the IADA by not specifically naming the Pike County cases on Form 2 of the Agreement. Note: Article 4,d. of the IADA states, in fact, "Any request for final disposition made by a prisoner pursuant to paragraph (a), shall operate as a request for final disposition of all indictments, informations, and complaints." In Article 5,c. of the IADA it strictly stipulates that if the recieving state fails to accept custody within the time period provided in Article 3, the Court shall enter an order dismissing with prejudice, and the detainer shall cease to be of any force or effect. In Article 5,d. of the IADA it states, "Shall be only for the purpose of permitting prosecution on charge or charges contained in one or more untried indictments, informations or complaints which form the basis of the detainer or detainers, or for prosecution on any other charge or charges arising out of the same transaction."

Form 4 of the IADA, gave notice of these charges in Pike County. The Court inferred that "strict technical compliance" with the Agreement, on the part of the Petitioner, was required. This is not the case, as only "substantial effort" is required on the part of the Petitioner. However, strict compliance on the part of the party states is expected and required, as mandated by the IADA. This is reflected in Article 7 of the Agreement, as each party state "designates an officer who, acting jointly with his like officers of the other party states, shall promulgate rules

14. A, 11.

and regulations to carry out more effectively the terms and provisions of this Agreement and who shall provide within and without the state, information necessary to the effective operation of this Agreement."

The Court infers that Petitioner was at Court within the 180 days of Reciept of Notice of Disposition from the sending state. A copy of the Certified Return Reciept reflects that the recieving state was put on notice the 24th day of August, 2005. SEE: APPENDIX "C"; Doc. C-10.

The Petitioner would offer for this Court's consideration that, if the Petitioner were held to strict compliance with the provisions of the Agreement, as opposed to a substantial compliance, the Petitioner holds that on the 3rd day of August he gave cause to be delivered to the recieving state. Which is 199 days to the 17th day of February. Well beyond the allotted time of 180 days at trial, not first appearance or arraignment. But, if this Court holds that the recieving state was not put on notice until reciept of demand for disposition, the 24th day of August, which is 179 days to the 17th day of February. Then, another 5 days to arraignment/first appearance, on the 22nd day of February. Amounting to 184 days. Trial date was then set at the 26th day of April, 2005. Which adds another 63 days before Petitioner can be brought to trial. Coming to a total of 247 days. This is the argument that the court relied on in it's determination of Petitioner's Motion to Dismiss the Pike County cases. Petitioner submitted his Motions to Dismiss on

14, A, 12.

the _28th_ day of _February_, making _190 days_.

The Court makes reference to a Motion for Mental Competency Evaluation. At no point did the Petitioner assert to the Court that he was incompetent to stand trial. His intent was to establish his competency to appreciate the situation and the consequences of his actions, in regards to the offenses alleged against him. This Motion was presented to the Court by hand, by Petitioner's counsel after the hearing held by the Court to deny the Motions to Dismiss. This order was done on the _18th_ day of _March, 2005_.

On _page 2_ of the Court's Order denying the Motion to Dismiss, (SEE: PARAGRAPH 2), the Court references the Court's trial docket and calendar as grounds for denial of Motions to Dismiss. It is unclear to the Petitioner as to how the Court was able to use the point of the competency evaluation as a determining factor, when the motion to seek the evaluation was not entered until after the hearing to deny. Petitioner does not have a copy of the minutes of that hearing. Petitioner can only surmise that the Court's reference of this factor was entered later when the Court prepared it's written order. Although this does seem odd, the Petitioner relies on this honorable Court's ability to review the transcripts of this hearing. In any event, the state was, and is, by it's own admission, in violation of provisions of the IADA. This hearing was held in the Pike County Courthouse, in Troy, Alabama.

On pages 2 and 3 of the Order, the court makes references

14, A, 13.

to it's predetermination to sentence the Petitioner to consecutive sentencing to his Florida charges. So much for a full and fair impartial Judge to mediate between the State and the defense. Again in this paragraph the Court refers to the Mental Health Evaluation as a determining factor in the Court's decision. The Petitioner reiterates that, he was fully aware of his Rights as to the IADA; i.e., the Speedy Trial provision. Petitioner had previously discussed with his counsel his intent to use the mental health issues as a possible defense, if the Court adversely Ruled on his Motions to Dismiss. In this he was adamant that NO motions that might be construed as a continuance request on the part of the defense was to be entered without his consent.

Whether the State's delay in bringing the Petitioner to trial was deliberate or not, is not at issue. The fact remains that the IADA provides for any and all contingencies. The two party states, working in tandem, are fully aware of the procedures and provisions that are mandatory in the Agreement. The Petitioner made it his business to know, understand, and execute the IADA. His compliance was extremely substantial. Can the State be held to a lesser standard than that of the Petitioner? [ Note; State's Response to Petitioner's Motion to Dismiss for Coffee County charge is identical, except for heading which signifies each individual County. SEE: APPENDIX "C" Doc. C-11 and C-12. ]

In the Court's ORDER TO DISMISS the Petitioner's Motion to Dismiss the Coffee County charges, dated the 18th day of March,

14, A, 14.

2005, the Court claims that it returned the Petitioner to the recieving state within the 180 day time period. This conclusion by the Court is contrary to the evidence presented, and shows it's bias against the Petitioner with it's effort to justify the state's negligence in bringing the Petitioner to trial within 180 days. The State's failure to do so prejudiced the Petitioner. The Court's blind eye to the facts, and contempt for the Petitioner, is made obvious by the Court's refusal to adhere to State and Federal Laws that are not only connected, but intertwined. SEE: APPENDIX "C", Doc. C-13.

Secondly, the Court attempts, once again, to use the Court's docket and calendar to justify-denial of the Petitioner's Motion to Dismiss. Again, the Petitioner cannot explain how the Court was able to use the Petitioner's Competency Evaluation in it's determining the denial of his Motion. The Court had not been requested, nor presented by Motion, of his intent to change his plea of NOT GUILTY to NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT, until after the Court's hearing to deny the Motions to Dismiss. SEE: APPENDIX "C", Doc. C-14.

Third, the Court, once again in this ORDER, as it did in the Pike County ORDER, seems to have already determined that the Petitioner will be sentenced to consecutive sentences. Again, expressing it's contempt and prejudice for the Petitioner. SEE: APPENDIX "C", Doc. C-15.

Fourth, the Court contradicts itself in it's final admission that trial is in fact delayed beyond the 180 days specified by the ACT, and cites that mere negligence by the

State is acceptable. SEE AGAIN: <u>APPENDIX "C," Doc. C-15</u>.

    <u>Please Note</u>; The Court issued it's ORDER on the <u>18th</u> day of <u>March, 2005</u>. However, it was not filed until the <u>4th</u> day of <u>April, 2005</u>, by the Clerk of the Court. This Petitioner has recently noticed, in his more thorough review of the Record, that an unusual amount of date discrepancies have been admitted into the Record. Perhaps this Court can obtain a copy of a more precise Record than that afforded to the Petitioner.

    On the <u>13th</u> day of <u>April, 2005</u>, counsel for the Petitioner submitted a Motion to Supplement the Record, pertaining to IADA. Citing Criminal Jury terms that were scheduled in the Twelfth Judicial Circuit for both Coffee and Pike Counties. SEE: APPENDIX "D," Doc. D-1 and D-2.

    For Enterprise Division of Coffee County:
① A two week term beginning the <u>13th</u> day of <u>September, 2004</u>.
② A one week term beginning the <u>10th</u> day of <u>January, 2005</u>.

    For Pike County:
① A two week term beginning the <u>5th</u> day of <u>November, 2004</u>.

    The Motion points out that the State had ample opportunity to bring the Petitioner to trial. And that the State admits that more than 180 days had elapsed since the Petitioner gave notice through the IADA.
    Be it known that the two(2) Pike County offenses

<center>14. A. 11a.</center>

were joined by indictment. Thus, the Detainer for these cases only reflected as one. Counsel for the Petitioner filed a Motion to Sever the offenses for trial on the 28th day of February, 2005. Said Motion was denied on the 18th day of March, 2005. SEE: APPENDIX "D", Doc. D-3, D-4, and D-5. ALSO SEE: APPENDIX "D", Doc. D-6 and D-7, Indictments reflecting the two (2) offenses as being joined in the Pike County cases. Thus, the one (1) Detainer from that County.

On the 10th day of May, 2005, the Petitioner entered into a plea agreement to plead guilty to the offenses. SEE: APPENDIX "E", Doc. E1-E4, Sentencing Order.

The only discrepancy lies in the last line of the last page. The Petitioner was advised that he did reserve his Right to Appeal, and Counsel assured him that his IADA claims were preserved on the face of the Record. Petitioner has no, none, re-collection of discussion about not reserving issues for Appeal. There was never any issue except the IADA violations. Neither the Court, the State, nor Petitioner's Counsel, either verbally or in writing, ask or suggest that the Petitioner give up his Right to Appeal his IADA claim. A claim that the Petitioner asserted throughout the entire proceeding.

The Petitioner would add for this Honorable Court to take notice of his counsel's personal Docket sheet. The discrepancies in Motions filed and dates of filing. It is the opinion of the Petitioner that somehow, maybe through miscommunication between Counsel and employee, that instead of sending the Petitioner a copy of the Court's Record, a

14. A. 17.

copy of Counsel's personal record was inadvertantly sent to the Petitioner. For this reason it is hard for this Petitioner to get a clear picture as to what really happened and when. Please find in APPENDIX "F," Doc. F1-F3, Counsel's personal docket sheet.

This concludes Petitioner's presentation of Ground One.

## GROUND ONE SUMMARY

The Petitioner has shown that he was in compliance with the rules, provisions, and procedures of the IADA. Also, that said compliance was more than, substantial, which is all that is required on the part of the Petitioner. The Petitioner asserted his Rights as provided for by Rule. Every aspect of the Petitioner's claims were justified, in that the State should have adhered to the Provisions of the IADA that Mandate Dismissal of the Indictments, as provided for in the Act.

The Court's use of frivalous issues to Deny Motions to Dismiss, such as the seriousness of the charges, the Petitioner's out of state charges/convictions, the Petitioner must be held to strict compliance as opposed to substantial compliance, and the acceptability of "mere negligence" on the part of the State, has essentially reversed the roles in the Coffee and Pike County Courts. The State/Court contends that the Petitioner be held to a higher accountability,

14 A 18

than that of the State. Whereas the State is well aware of all of the Rules, Provisions, and Procedures of the IADA, and the Petitioner is even less than a layman of the Law.

The IADA was in violation even before the Petitioner was transported to the receiving state. The Court revealed it's contempt, and prejudice for the Petitioner by it's very actions. The Petitioner feels that the Court lacked subject matter jurisdiction, and that there has been a denial or infringement of the IADA, and the Constitutional Rights that they protect. These errors, by the Court, literally divest the Court of it's jurisdiction.

The Judgement + Sentence were arrived at through tactics and means that are somewhat less than honorable and without the rudimentary demands of fair procedure. The Petitioner's plea of Guilty does not waive relief for a depravation of Rights that effect the validity of the plea itself, or through violations of Due Process that challenge the Courts personal and subject-matter jurisdiction.

The Petitioner's claims of violations were also asserted before trial/plea. This action should have forever precluded the State from obtaining a valid conviction.

This Motion was prepared with the aide of Law Clerks, at the Apalachee Correctional Institution, West Unit Law Library.

14, A, 19.

14, B     GROUND Two: Newly Discovered Evidence; Conflict
          of Interest; Resulting in Denial
          of Due Process, and in support
          thereof Petitioner offers the
          following:

In preparing Petitioner's Petition, many discrepancies
were discovered between Client/Counsel defense strategies,
as well as dates of events on actual paperwork, Counsel's entry
dates on personal docket sheet, and in filings of the Clerk
of Court. SEE: APPENDIX "G", Doc. G-1 thru G-4, Docket Sheet.
    Petitioner admits that, for the most part, Counsel did an
extraordinary job on his behalf. However, in a more thorough
review of Petitioner's case-file, in addition to the copies of the
indictments from Alabama, there was a copy of the original
Indictment from the GRAND JURY. SEE: APPENDIX "G", Doc.
G-5 and G-6.
    With meticulous scrutiny, the Petitioner was able to
notice/recognize his Counsel's signature on the Indictment as
being the presiding Circuit Judge that handed down the
Indictment against the Petitioner. Counsel/Judge Blair, set
the Petitioner's Bonds at $100,000$^{ee}$ per. And signed and issued
the warrants for his arrest. SEE: APPENDIX "G", Doc. G-7.
    There are several events during the proceedings that
transpired that could have, and probably should have,
been handled differently. Petitioner states that he did have
prior knowledge that his Counsel had been a Circuit Court

14, B, 1

Judge for the 12th Judicial Circuit of Alabama. However, the information was offered in general terms, with no elaboration as to the extent that Counsel left the bench under dubious circumstances, and to the extent that Counsel had predisposed knowledge of the offenses against the Petitioner in the capacity he enjoyed as a Servant of the State of Alabama; and also with the knowledge that the Petitioner was, albeit not incompetent, but somewhat impaired as to his daily use of psychotropic medication, should not have been put upon to make the decision as to Counsel's representation.

Again, the Petitioner wishes to stress his reluctance to bring this matter to the Court's attention. However, under advisement, Petitioner's failure to add this issue would bar him from future use of it, should it become necessary to do so.

Everything in this case seems to revolve around the issue of the State's non-compliance with the IADA.

The issue of the IADA is in practically every motion filed with the Court. The Petitioner asserted his position as to his Constitutional Rights, within and without the IADA. Clearly, the issue should have been properly handled at the lower court level. The Federal Court has held, "We acknowledge, once again, the relationship between Federal and State Courts. Congress, and the U.S. Supreme Court, have spelled out the obligations of both. In cases such as this, where evidentiary hearing is clear, we are

disappointed that the state prolongs the legal process by steadfastly refusing to recognize the obvious. We are also perplexed that the State would not prefer to resolve these issues in State Courts, thus simplifying any review by Federal Courts." "Presumption of Correctness"

"We are aware that when our Court remands cases for Evidentiary Hearings, the entire process becomes longer and more complicated."

It is the view of the Petitioner that Alabama's regard for the IADA is purely a matter of convenience.

The Petitioner is dismayed by his Counsel's allowance of the Court's addition to the Sentencing Order stating that the Petitioner reserved no issues for Appeal. The Petitioner asserts that, had he known his Right to Appeal his IADA claim were in jeopardy, he would not have accepted the plea. Counsel knew that the Petitioner was adverse to anything that might constitute a waiver of this Right, in particular. The Petitioner did not Knowingly, voluntarily, or intelligently waive his Right to Appeal the Court's decision denying his IADA claim. SEE: APPENDIX "G," Doc. G-8; Counsel's Motion to Supress where he offers his professional opinion as to his client's ability to waive.

In this area alone, the Petitioner believes that his Counsel's respect to his client's interests, and those of the State's interests were clouded by his previous tenure as a Circuit Court Judge. In discussions with the Petitioner, Counsel also revealed that he was, at that time, a Municiple Court Judge for Coffee County. The Petitioner could not have appreciated the ramifications of

this fact. The Petitioner feels Counsel's performance in this
was deficient, and the resulting prejudice invalidates the
plea under the Due Process clause. Whereby, it must be
an intentional relinquishment or abandonment of a known
Right. The Petitioner would never have accepted a plea where-
by he gave up his Right to Appeal his IADA claim. Counsel
assured him that his IADA claim was preserved for Appeal on
the face of the Record. After sentencing, Counsel broke off
all communication with the Petitioner until his reply letter to
the Petitioner's request for the Case File, to pursue the appeal
of his IADA claim. SEE : APPENDIX "Ci", Doc. G-9, G-10, and G-11.

    As the District Attorney, Mr. Gary McAliley's, signature
is also on the Indictment, the State as well, was aware of
Counsel's potential for conflict of interest. SEE AGAIN: Appendix
"Ci", Doc. G-7.

    The Petitioner was well aware of his IADA Rights.
However, this does not mean that he was aware of the many
other Rights being violated at the time of the proceedings.
The Court could not expect the Petitioner, through Due Diligence,
to be able to recognize that a true conflict of interest did
exist. However, the Court, the State, and his Counsel were well
aware of this fact, as reflected on the Record and the evidence
presented herein.

    In Counsel's reply letter to the Petitioner, he refuses
to send the Petitioner a copy of his case file. He also claims
that he discussed the non-reservation of issues with the
Petitioner. However, there is nothing in the Record that reflects

this as factual. SEE: APPENDIX "G", Doc. G-11, G-12, and G-13.

In the Petitioner's second letter to his prior Counsel, he once again requests a copy of his case file. However, he strongly asserts his intent to litigate his claims, regardless of Counsel's attempts to dissuade him. This letter was sent Certified Mail, Return Receipt Requested. SEE: APPENDIX "G," Doc. G-14, G-15, and, G-16.

The Petitioner recieved a copy of his case file on the 12th day of January, 2006.

This conflict of interest constitutes cause for Procedural Default. It is apparent that Counsel did not provide his client with reasonable, competent advice at sentencing by making sure that the Petitioner was well aware that the Court intended to stipulate as to issues for Appeal. However, the Court's evasiveness to announce to the Petitioner that, for the Record, upon acceptance of the plea agreement he would give up his IADA claims, whereby the Court could have established a Knowing relenquishment or waiver of the issue.

The Petitioner refers to these documents in that they in no way apprise the Petitioner that he is giving up any issues for Appeal. The Petitioner's signature can be viewed at the conclusion of these documents. However, there is no mention of a waiver of Appeal or issues. The Petitioner, at the time of his plea believed in his Counsel. He trusted in him and his advice. The Petitioner does not debate the issue of Guilt, as that part of the proceedings was never reached. He does however, debate the ways and means by which the State arrived at a

Judgement of Conviction. SEE AGAIN: Appendix "G", Doc. G-12 and G-13.

Also, with little effort, it can be established that the Petitioner's Counsel was serving as a Municipal Court Judge while serving as a Public Defender for the Petitioner. If it is a common practice for Public Defenders in Alabama to serve on the bench as well, then there might very well be a plethora of cases, in that state, with injustices of a magnitude that is inconceivable.

With the Court's indulgence the Petitioner would, by use of an analogy, present this scenario:

"The Card Sharp - Slight of Hand"

The Card Sharp uses his expertise and knowledge of the system of cards to produce a desirable or winning hand for himself. Thereby depriving his opponent of a fair and honest game. In much the same way a State can, by slight of hand, use it's experience and knowledge of the system to deprive a defendant of a full, and fair, litigation process or trial.

Please forgive the Petitioner for this crude attempt at levity.

The Petitioner has shown that an actual Conflict did exist that has effected the adequacy of his representation, which violates his 6th and 14th Ammendments of the U.S.C.A.

Counsel's interests in this case are inconsistant with

14 B.6.

those of his Client. To reiterate, the Petitioner would not have accepted the plea, had he been fully advised as to the State's intent. The Petitioner had gone to court on the 10ᵗʰ day of May, thinking he was going to pick a jury. Counsel told the Petitioner that the State was offering 20 years on each charge with a 5 year minimum mandatory. The Petitioner was given a matter of minutes to make his decision. Counsel told the Petitioner that this was the best deal he could get, and advised acceptance. The Petitioner relied on Counsel to protect his interests, as the issues of the IADA were preserved. Counsel was well aware of the Petitioner's daily dosage of Serequil 300mg., a psychotropic medication that slows the mental and motor functions. SEE: APPENDIX "G", Doc. G-17 and G-17(a), Counsel's Motion to Supress (that expresses the Petitioner's ability to make an informed waiver.)

The Petitioner accepted the plea through Counsel's urgence. As soon as Sentence was pronounced, Counsel left the Court-house. The Petitioner learned of the, "No issues preserved," stipulation when he recieved a copy of his sentencing order. SEE: APPENDIX "G", Doc. G-18 thru G-21.

As to the pending Competency Evaluation, it is incon-ceivable that an attorney, or the Court, would waive the completion of such an evaluation, just to acquire a Guilty verdict.

It appears that the State's only concern was to try to quash the Petitioner's IADA claim. At this time, the Petitioner would offer, for the Court's consideration, the

14.B.7.

following:

The Petitioner, on the 22ⁿᵈ day of February, 2005, entered a plea of Not Guilty. Taking care not to ask for any continuance, and, at the same time, apprising his Counsel not to do anything that would be perceived as such.

The Petitioner told Counsel of his future intent to change his plea to Not Guilty by Reason of Mental Disease or Defect, but not until after the resolution of the IADA issues. The conflict arose whereby the Petitioner's Counsel supposedly entered a Motion to Amend Plea on the 23ʳᵈ day of February, 2005, without the Petitioner's consent. SEE: APPENDIX "G", Doc. G-22.

The Petitioner would pose the question: Why would his Counsel do this? If not to collude with the State in an attempt to show the Motion as a request for a continuance?

Then on the 12ᵗʰ day of April, 2005, the Petitioner's Counsel entered another Motion for a Competency Hearing. It does not make any sense to this Petitioner why, on the 22ⁿᵈ of February, he would enter a plea of Not Guilty, and then, on the 23ʳᵈ of February, change his plea.

The Petitioner did not authorize his Counsel to enter the Motion. The Petitioner submits this as fact in support of his claim of Counsel's Conflict of Interest. SEE: APPENDIX "G", Doc. G-22, G-23, and G-24.

The Petitioner's Due Process Rights have been murdered by the State. The Petitioner has been prejudiced by Counsel

and the Court, which is cause for Procedural Default. The Petitioner's waiver of issues must be an intentional relinquishment or abandonment of a known Right.

The Petitioner has established a factual basis for Conflict of Interest.

This concludes the Petitioner's presentation of Ground Two.

## GROUND TWO SUMMARY

The Petitioner has shown where his Representation was greatly in question. Defense Counsel could not have overcome his natural tendencies, as is human nature, to be loyal to the State in his capacity as a Circuit Court Judge for the 12th Judicial Circuit, as he voluntarily stepped down from the bench just 30 days prior to the Petitioner's arrival.

However, the Petitioner's Counsel retained his position as a Municipal Court Judge for Coffee County. Even though Counsel informed the Petitioner of his position as a recent Circuit Court Judge, he failed to mention that he was, in fact, the presiding Circuit Judge that handed down the Petitioner's indictment, issued warrants for his arrest, and set bonds at $100,000 per. This Knowledge had to have a prejudicial effect on Counsel.

14, B, 9.

District Attorney Gary McAliley also signed said same indictment. This knowledge by the State, of Counsel's potential Conflict of Interest, should have prompted the State for Counsel to Recuse himself, even where the slightest doubt remained. For Counsel to lay the burden on the Petitioner, as to determine whether or not Counsel should represent him, is irresponsible on Counsel's behalf. The Petitioner relied on Counsel's integrity, knowledge of the System, and experience to afford him the best possible defense, which he was entitled to.

There are just too many unexplainable instances that occurred for there not to have been a Conflict of Interest on Counsel's part.

This Motion was prepared with the aide of Law Clerks, at the Apalachee Correctional Institution, West Unit Law Library.

14. B, D

14,C        GROUND THREE: Denial of Access to the Courts.
                        Procedural Impediment; Cause
                        for Procedural Default; In
                        Violation of Due Process, Const.
                        Amends. Art. I, V, VI, XIV. In
                        support there of, the Petitioner
                        offers the following:

## IMPEDIMENTS

Upon sentencing, the Petitioner was advised that he did have the Right to Appeal. The Petitioner was being held in the Coffee County Jail, in New Brockton, Alabama. The Petitioner was sentenced on 5-10-05. The Petitioner was held for 63 days without the benefit of Counsel, or anyone qualified to assist/direct the Petitioner in the procedures for Direct Appeal. The Petitioner was being held under the provisions of the IADA, and was certain he would be returned to the state of Florida, as his Institution, ACI, is only a one (1) hour drive from Coffee County. However, this did not happen. The Petitioner was held, in Coffee County, until 7-13-05, well beyond the time limit to file a timely Direct Appeal. SEE: Appendix "H", Doc. H-1.

The Petitioner is not even a layman of the law. The Petitioner could not have conceivably filed a Notice of Appeal or an actual Appeal without the benefit of legal aid. Article 5(e), of the IADA, provides that "At the earliest practical time consonant with the purposes of this agreement, the prisoner shall be returned to the sending state."

14,C-1

County and State, representatives clearly prejudiced the Petitioner by denying him access to the Courts, by way of Impediment. Where by, the Petitioner was blocked from accessing the Courts in a procedurally correct and timely fashion.

The Petitioner contends that, as the State Attorney's office is/was responsible for the Petitioner's transport to the receiving state, that office is/was responsible for the Petitioner's transport back to the sendin state. As such, the State Attorney's office is suspect, as to it's intent to intentionally impede the Petitioner from taking a course of action to litigate a direct Appeal, and raising his claims of the numerous IADA violations. This establishes "cause", and also shows that the State Attorney's office felt the Petitioner's claims were outcome-determinative. Hence, the State's errors, obscured by the Courts, were prejudicial. The more substantially the proceedings deviate from established standards, the more likely the Petitioner has been harmed.

The Petitioner's allegations are not based on the presumption of prejudice, but rather on analysis of the specific facts, and circumstances of the proceedings in which these errors have occured.

Essentially, the state of Alabama prevented/deprived the Petitioner from acquiring the information needed to plead his claims.

The Petitioner was returned to the sending state on the 13th day of July, 2005. Where he immediately set about trying to

14, C-2

Appeal his claims. He utilized the FDOC/ACI Law Library. However, this law library does not maintain materials/information or litigation manuals for the state of Alabama. The Petitioner was forced to use Fl. R. APP. P. to file his Petition for Belated Direct Appeal. The Petition was, albeit hastily prepared, sent to the Court on the 2nd day of August, 2005. The Petitioner then set about, using the Law Library at ACI, to obtain Al. R. APP. P., for a Good Faith effort in accessing the Courts, and procedural correctness.

On the 8th day of August, 2005, the Petitioner submitted a request to the ACI Law Library asking for Al. R. of Court and Al. Crim. Code. SEE: APPENDIX "H", Doc. H-2, H-3

The Petitioner was advised to submit an "Inter-Library Loan Application" (ILL). Upon approval, the application is supposed to travel throughout the FDOC Law Libraries until the requested is found, and then forwarded to the Applicant. A copy of the I.L.L. is on file with the ACI Law Library. However, the Petitioner has been unable to convince the staff to produce a copy for the Petitioner's file. The Petitioner may have to utilize the grievance procedures to obtain a certified copy. SEE: APPENDIX "H", Doc. H-4, Petitioner's originally submitted Application.

After 97 days in the Circuit Court of Coffee County, the Court issued an Order to the Petitioner that his Motion/Petition was untimely and lacked jurisdiction. The Petitioner views this as another impediment. The Court's Order not only Dismissed the Motion, but took an unprecedented 3 months to it's conclusions. Niether did the Court direct the Petitioner as to

14, C-3

procedural alternatives per his request within the Motion. SEE: APPENDIX "H", Doc. H-5, Copy of first Belated Appeal, pg. 3, para. 6., pg. 4, para. 8. APPENDIX "H", H-6, thru H-11.

On the 20th day of February, 2006, the Petitioner submitted another request inquiring as to the status of his I.L.L. The response was negative, as you will see upon review. SEE: APPENDIX "H", Doc. H-12.

The Petitioner then submitted a Supplemental Petition/ Motion to the Court of Criminal Appeals of the State of Alabama, on the 25th day of January, 2006. In this Supplemental Petition the Petitioner advised the Court that he had no rules for Court. The Petitioner stated that he has requested that the Clerks of both Circuit and Appeals Court send him the information he needed to properly litigate in the Courts of Alabama. The Petitioner's requests were ignored. SEE: APPENDIX "H", Doc. H-13/14. Note: The Petitioner was unable to obtain a copy of the record from his Counsel until the 12th day of January, 2006.

Seven days later the Court of Appeals issued an order citing none compliance with Al. R. APP. P. Rule 21(a). This was the Petitioner's first offer from a state representative, either in Florida or Alabama, as to the Rules of Court. "Petitioner is placed on notice that in the event the Court has not "received" a Certificate of Service within 14 days, Petition shall be dismissed for non-compliance with Rule 21(a), Al. R. APP. Proc." SEE: APPENDIX "H", Doc. H-15.

Here the Petitioner is compelled to point out to this Honorable Court that in this Order, issued by Alabama's high

14, C-4

Court, thier literal wording, specifically the word "shall", is in no way misconstrued by the Petitioner to mean maybe, sometimes, at your convenience, or not necessarily, but in-fact means "shall." Once again, the Petitioner is held to a higher standard of compliance than the State.

In Ground One of this Petition there is reference to the Courts of both Coffee and Pike Counties, where in the Orders of the Court to deny the Petitioner's Motions to Dismiss, the Court cites that "mere negligence" on the part of the State is excusable. How can the Circuit Court feasibly differentiate between the status of the State and that of the Petitioner, when the Court's decisions are not supposed to be based on race, gender, social, economical, or professional status?

It should be noted that negligence on the part of the Petitioner would not have been tolerated. The state of Alabama has virtually denied, dismissed, and ignored every Motion, Petition, or request that this Petitioner has submitted.

## "POSER"

The United States Government had a plan. A bill was presented to Congress to be passed by an Act as the IADA. The procedures and provisions were debated by men of vision. The Act was perfected and then passed by Congress into Law, mandated to protect the Constitutional Rights that were incorporated into it.

The states must have thought the Act was a deal, because every state in the Union has adopted the Act and mandated it as

well, as it protects both U.S. and State Constitutional Rights.

The IADA is no little thing. It is perceived by both Federal and State Government as the "LAW OF THE LAND," as there are no individual differences incorporated into it by the seperate states. The provisions and procedures are identical regardless of State lines or borders. Thus, the ability of the Federal Government, and the States, too, with little effort, abide by, and remain in compliance with, the rules, procedures, and provisions they helped to perfect.

The question is: Why are the Petitioner, the state of Alabama, and the U.S. District Court of Appeals, debating an issue that should have been resolved by the Circuit Courts of Coffee and Pike Counties, Alabama?

The Petitioner perfected and presented all parties concerned with a copy of Certificate of Service, and copies of his Supplimented Petition of Habeas Corpus/Belated Direct Appeal, in compliance with Alabama's Rule App. P. However, on the 23rd day of February, 2006, the Criminal Court of Appeal for Alabama treated Petitioner's Petition as a Mandamus, and Dismissed by Order. Then, in an attempt to discourage the Petitioner from further litigation, the Court suggested his "only remedy, if any", was Post-Conviction Relief. SEE: APPENDIX "H", Doc. H-16, 17, 18.

The Petitioner views this act, by the Court, as another Impediment by the State/Court in denying the Petitioner access to the Courts. In review of the issues, Due Process under the Law, the Petitioner has, at every turn, made a Good Faith and Honest Effort to afford the State an opportunity to address

14, C-6

these issues/claims. If nothing else, the state of Alabama is consistent.

On the 9th day of May, 2006, the Petitioner filed a Motion to Grant Leave to Proceed, to the state of Alabama's highest Court. In the Petitioner's Motion he complied with Al. R. App. P., 21(a). The Petitioner used a cover page, addressed to all concerned parties, asking that the state of Alabama aide him in his endeavor to access the Courts of said state. Every person listed in the document referenced below received a copy of this, the Petitioner's last request for help from Alabama. SEE: APPENDIX "H", Doc. H-19.

In the Petitioner's Motion he asserted, in depth, all of the issues he intended to submit on Direct Appeal, should his Belated Appeal be granted. The Petitioner asked that the Court of Criminal Appeals of Alabama either grant him Leave to Proceed, or grant a rehearing in Appelate Court on the previously submitted Petition for Belated Appeal.

On the 11th day of May, 2006, the Criminal Court of Appeals for Alabama issued an Order "Dismissing" the Petitioner's Motion. SEE: APPENDIX "H", Doc. H-20.

The Petitioner asserts that, in his every attempt to access the Courts of Alabama, he has met with indifference from the Courts. His every request of Alabama for assistance in his efforts for procedural correctness has been ignored. Every branch of the offices of the Clerk of Court, State Attorney, and the Court have thrown up every impediment possible to block the Petitioner's Good Faith efforts.

14, C -7

The Petitioner has shown "cause". The Petitioner has shown "prejudice". The Petitioner has shown his claims to be Cognizable and Fundamental violations of both Federal and State Laws/Rights protected by the U.S. Constitution and the Alabama Constitution.

The Petitioner relies on the U.S. District Court of Appeals to grant a full and fair review of the Petitioner's claims. Further, the Petitioner has exhausted all of his State Remedies in the Direct Appeal Process.

The foregoing Motion is respectfully submitted. This concludes the Petitioner's presentation of Ground Three.

## GROUND THREE SUMMARY

The Petitioner has shown where his Counsel, the State, and the Courts have thrown out stumbling blocks, instead of stepping stones, before him. The Petitioner is (Emphasis Added) less than a layman of the Law. Who, he would ask, is responsible to see to it that the Petitioner has the information needed to properly and procedurally access the Courts? It has been stated that ignorance of the Law is no excuse. However, if access to the Law is denied, then that is a Fundamental Violation of Due Process under the Law.

The Petitioner has made a Good Faith effort in trying to obtain Alabama's Rules of Court from both the sending and receiving

14.C-8

States. The Petitioner has made a Good Faith effort in affording the receiving State ample opportunity to review the issues.

From the 10th day of May, 2005, up and to the 16th day of May, 2006, the State Courts have consistently dismissed the Petitioner's Motions for Review, instead of denying them upon review. The Petitioner perceives this as a direct attempt to dissuade him in his Appeal process by denying him access to the State Courts for procedural errors that were unavoidable given the Petitioner's lack of Al. R. APP. P. and Al. Crim. Code. By dismissing, instead of denying, the Motions, Alabama could claim that the Petitioner has failed to exhaust all of his remedies. A Failure to Exhaust relies on the ability to access the Courts.

In the case of this Petitioner, he has not been afforded that Right. There is "Cause," and there is "Prejudicial Error." The Petitioner's claims are both Cognizable and Fundamental. He has been denied basic Rights protected by both the U.S. Constitution, and the Alabama Constitution. These Rights are not only connected, but intertwined by the State and Federal Governments.

The Petitioner's question is: Does the Criminal Court retain subject matter jurisdiction once it violates and fails to enforce the "Laws of the Land"? i.e. IADA.

The Petitioner has entered the Federal Courts as his only recourse in this action. The validity of the plea, the Judgement and Sentence, and yes, every event that has taken place from the 17th day of February, 2005, until the 16th day of May, 2006, has been perpetrated to deny the Petitioner a full and fair hearing.

The Congress of the Federal Government and the Legislature

14, C-9

of the States, perfect and pass Laws, they issue the rules and standards by which the Government impliments these Laws. It should be expected that the Prosecutors, and the Courts, know these Laws and Rules that govern, so that the worry of "mere negligence" is not a factor to be considered.

Mistakes by the Prosecutors, or the Courts, should be corrected — not covered up.

This Motion was prepared with the aide of Law Clerks, at the Apalachee Correctional Institution, West Unit Law Library.

14.C.10 .

# APPENDIX A

APPENDIX A
DOCUMENT A-1

.12:17 02/12/2003 093415
.FL0300000.AL0190204.
277715605.

17 02/12/2003 10776
17 02/12/2003 05122 AL0190204
277715605

OM: HOLMES CO SO
ENTERPRISE PD
: TOOLE, HOWARD GLENN WM 08311954.
SSAGE RECEIVED. WE WILL PLACE HOLD FOR YOUR AGENCY AND ADVISE WHEN SUBJECT IS
ADY FOR PICKUP. ALSO PLEASE FAX COPY OF YOUR WARRANT FOR ROBBERY TO THIS DEPT
850 547-5360. THANKS FOR YOUR HELP IN THIS MATTER.
H/TOM CASTLE/ASST JAIL ADMIN
/BROWN
# 0033 MRI # 093415

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

(Instructions on Back)   APR 01 2004

Mail Number: E-2/06-6
Team Number: 10
Institution: RMC-W

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☑ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other Mrs. Hardouin |
|---|---|---|---|---|

| FROM: | Inmate Name Toole, Howard G. | DC Number C-917683 | Quarters G-2146 | Job Assignment Receiving | Date 3-31-04 |
|---|---|---|---|---|---|

## REQUEST

Mrs. Hardouin, I have a detainer from charges pending in Pike & Coffee Counties Alabama. I need to know what can be done, or what I can do, To compell Them to come get me so I can take care of those charges while I am serveing my time in Florida? Also, Alabama came to Florida when I was in the County Jail to read me my rights and place me under arrest. I appreciate any help you can give me. I Think There is AN Interstate detainers Act, But I'm not aware of how to file on it or where to find that information. Thank You,

Yours Tool

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

---

**RESPONSE**          DATE RECEIVED: 4-2-04

Check the law library at your permanent camp.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): M J Peterson | Date: 4-2-04 |
|---|---|

Distribution:   White   -Returned to Inmate     Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

## INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: I2-143-S
Team Number: 10
Institution: ACI-W

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☑ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☐ Other |
|---|---|---|---|---|

Mr. J. Wilson

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
|  | Toole, Howard G | 917683 | I2-143-S | 4/9 | 6/28/04 |

### REQUEST

By the Provision provided in FLORIDA STATUTE SECTION 941.45 ARTICLE III. I AM OFFICIALLY REQUESTING FOR DISPOSITION OF DETAINER LODGE AGAINST ME BY THE STATE OF ALABAMA, COUNTIES OF COFFEE AND PIKE. I REQUEST AN INTERVIEW SO THAT I CAN SIGN MY "NOTICE OF UNTRIED INDICTMENT, INFORMATION OR COMPLAINT RIGHT TO REQUEST DISPOSITION" FORM.

Thank You,

Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

### RESPONSE

**DATE RECEIVED:**

I'll get the paperwork compiled and put you in a call-out to sign them.

---

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 6/09/04 |
|---|---|

Distribution:  White  -Returned to Inmate  Pink  -Retained by official responding, or if the response is to an
         Canary  -Returned to Inmate        informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

APPENDIX "A"
DOCUMENT A-4



**BENJAMIN M. "BEN" MOATES**
SHERIFF

**COFFEE COUNTY SHERIFF'S DEPARTMENT**
4 COUNTY COMPLEX
NEW BROCKTON, ALABAMA 36351

TELEPHONE
(334) 894-5535

FAX: 334-894-6472
www.ccso@snowhill.com

March 8, 2004

Arlie Collins
Florida Department of Corrections
Detainer Division

RE: Howard Glenn Toole. DC# 917683. White male, DOB: 08-31-54

To Whom It May Concern:

Please find enclosed a Grand Jury Indictment for Robbery-Pharmacy, (GJ-03-516). Please execute warrants and place a detainer on him for the Coffee County Sheriff's Department.

Thank you for your assistance in this matter.

Sincerely Yours,

Ben Moates, Sheriff



# FLORIDA
# DEPARTMENT of
# CORRECTIONS

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

```
*****************************************************
*  A C K N O W L E D G M E N T   O F   D E T A I N E R  *
*****************************************************
```

TO: Coffee County Sheriff's Department
4 County Complex
New Brockton, AL 86351

DATE:       APRIL       13, 2004

REFERENCE:     TOOLE, HOWARD G            AKA:     PERRY L BOND
DC#:   917683   RACE: WHITE     SEX: MALE           DATE OF BIRTH: 08/31/1954

CURRENT LOCATION: 101 - APALACHEE WEST UNIT   CURRENT RELEASE DATE: 01/24/2010   TRD

We acknowledge receipt of your request and have marked our records to show a detainer based
upon your teletype/warrant/capias For:
    GJ-03-516 ROBB PHARMACY
    PH 334-894-5535

Any Florida Sheriff or other authorized officer in Florida may secure an inmate for trial prior
to expiration of a sentence by contacting the Sentence Specialist at the inmates current location
and requesting temporary custody.  Upon arrival, officers must produce a copy of a warrant or
court order. Please contact the departments Detainer Section at the address above to cancel this
detainer immediately after charges are disposed of.

OUT OF STATE AGENCIES:
Agents may assume custody prior to expiration of sentence under the provisions of the Interstate
Agreement on detainers (for participating states) or the Uniform Extraditions Act.

We will notify your agency prior to the release of the inmate.  Please direct any questions
regarding this detainer to the Detainer Section at (850) 410-4556.

cc: Institution
    Central Records

# APPENDIX B

APPENDIX "B"
DOCUMENT B-1

## INTERSTATE AGREEMENT ON DETAINERS: FORM I

Three Copies. One copy of this form, signed by the inmate and the warden, should be retained for the institution file; one copy should be retained by the inmate; and a signed copy is to be mailed to Central Records, Central Office.

### NOTICE OF UNTRIED INDICTMENT, INFORMATION, OR COMPLAINT AND OF RIGHT TO REQUEST DISPOSITION

Inmate:   TOOLE, Howard G.                          No:   917683

Institution:   APALACHEE CORRECTIONAL INSTITUTION-WEST UNIT

Pursuant to the Agreement on Detainers, you are hereby informed that the following are the untried indictments, informations, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:

ROBBERY OF A PHARMACY: GJ-03-516

You are hereby further advised that by the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information, or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein and a waiver of extradition to the state of trial to serve any sentence there imposed upon you after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information, or complaint, you are to notify the **Classification Supervisor** of the institution in which you are confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information, or complaint is pending may institute proceedings to obtain a final disposition thereof. In such event, you may oppose the request that you be delivered to such prosecuting officer or court. You may request the Governor of this state to

DC6-139 (Revised 9-02)

disapprove any such request for your temporary custody, but you can not oppose delivery on the grounds that the Governor has not affirmatively consented to or ordered such delivery. You are also statutorily entitled to the procedural protections provided in state extradition laws.

Dated: 5/3/04　　　　　　Signature: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　(Warden)

Typed Name: AL SOLOMON
Institution: APALACHEE CORRECTIONAL INSTITUTION
Address: 35 APALACHEE DRIVE
City/State: SNEADS, FLORIDA 32460
Telephone: 850-593-6431 EXT: 104

Inmate Signature: _____ Dated: 5/3/04
Typed Name: HOWARD G. TOOLE　　　　No: 917683
Witness Signature: _____ CPO　 Dated: 5/3/04
Typed Name & Title　W. A. JOHNSON, CPO

APPENDIX "B"
DOCUMENT B-2

## INTERSTATE AGREEMENT ON DETAINERS: FORM II

Six copies, if only one jurisdiction within the state involved has an indictment, information, or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One signed copy is to be retained by the inmate and one copy is to be retained for the institution file. Four signed copies are to be sent to the Florida Agreement Administrator, who will forward copies to the Agreement Administrator in the receiving state, the prosecuting official in the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter and retain one copy for Central Records, Central Office. The copies to the prosecuting officials and the court must be transmitted by certified or registered mail return receipt requested.

### INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS

TO:   GARY L. MCALILEY                    Prosecuting Officer,   COFFEE

 COUNTY                                   Court   DISTRICT
_____(Jurisdiction)_____            _____(Jurisdiction)_____

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations, or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in APALACHEE

CORRECTIONAL Institution in SNEADS_____ (City) FLORIDA_____(State)

and hereby request that a final disposition be made of the following indictments, informations, or complaints now pending against me:   ROBBERY OF A PHARMACY: GJ-03-516

_____

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, may result in the invalidation of the indictments, informations, or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charges or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to sender.

The required Form III, Certificate of Inmate Status and Form IV, Offer to Deliver Temporary Custody are attached.

Dated:     5/5/04          Inmate's Signature: _____

Typed Inmate's Name & No:   HOWARD G. TOOLE  - DC# 917683

Witness Signature:   _____ CPO

Typed Name and Title:   W. A. JOHNSON, CPO

DC6-140 (Revised 9-02)

## INTERSTATE AGREEMENT ON DETAINERS.    FORM III

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, a copy of this form should be sent to the prosecutor upon receipt of Form V. Copies should also be sent to all other prosecutors in the same state who have lodged detainers against the inmate.

## CERTIFICATE OF INMATE STATUS

RE:  Inmate  TOOLE, HOWARD G.                          No:  917683

Institution:  APALACHEE C.I.-WU      Address:  52 WEST UNIT DRIVE,
                                                SNEADS, FL 32460

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the inmate above-named is being held:
   7 YEARS

2. The time already served:  534 DAYS

3. Time remaining to be served (TRD):  12/25/2009

4. The amount of good time earned:  40 DAYS

5. The date of parole eligibility of the inmate:  N/A

6. The decisions of the Board of Parole relating to the inmate:  N/A

7. Maximum expiration date under present sentence:  02/03/2010

8. Detainers currently on file against this inmate from your state are as follows:
   ROBBERY OF A PHARMACY: GJ-03-516  (COFFEE COUNTY)

Dated:  8/3/04 _____ Signature: _____
                                              (Warden)

Typed Name:  AL SOLOMON
Institution:  APALACHEE CORRECTIONAL INSTITUTION
Address:  35 APALACHEE DRIVE
City/State:  SNEADS, FLORIDA 32460
Telephone:  850-593-6431 EXT: 104  ext . 257

        Bill Johnson                    Carolyn
        Classification Officer          ext. 255

DC6-141 (Revised 9-02)

*APPENDIX B*
*DOCUMENT B-4*

# INTERSTATE AGREEMENT ON DETAINERS: FORM IV

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor, this form should be completed after the Governor has indicated his/her approval of the request for temporary custody, expiration of the 30-day period, after completion of Form V-B, and/or successful completion of a (Cuyler v. Adams) hearing. Copies of this form should then be sent to all officials who previously received copies of Form III. Copies mailed to the prosecutor will be sent by certified or registered mail, return receipt requested.

## OFFER TO DELIVER TEMPORARY CUSTODY

TO:  **GARY L. MCALILEY**          Prosecuting Officer, ___8/3/04___ Date
**DISTRICT COURT, COFFEE COUNTY** _____ Jurisdiction,
and to all other prosecuting officers and courts of jurisdiction listed below from which indictments, informations, or complaints are pending.

RE: Inmate  **TOOLE, HOWARD G.** _____ No:  **917683** _____

Dear Sir:

Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named inmate to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information, or complaint which is (Check appropriate box) [ ] described in the attached inmate's request. [ ] described in your Form V request.

The required Form III, Certificate of Inmate Status, is enclosed.

Indictments, informations, or complaints charging <u>the following offenses are ALSO pending</u> against the inmate in <u>your state</u>, and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purpose of disposing of these indictments, informations, or complaints.

| OFFENSE | COUNTY OR OTHER JURISDICTION |
|---|---|
| ROBBERY: 2003-000133 | PIKE COUNTY |
| | |
| | |

DC6-142 (Revised 9-02)

*Continued →*

**If you do not intend to bring the inmate to trial, please inform us as soon as possible.**

**Kindly acknowledge.**

Dated: ___8/3/04___    Signature: _____
                                              (Warden)

Typed Name: ___AL SOLOMON___
Institution: ___APALACHEE CORRECTIONAL INSTITUTION___
Address: ___35 APALACHEE DRIVE___
City/State: ___SNEADS, FL 32460___
Telephone: ___850-593-6431 EXT: 104___

Inmate has indicated the following (Circle A or B)

A.  My Counsel is _____
    Whose Address is _____
    _____

B.  I request the court to appoint counsel.
    Inmate's Signature: _____

DC6-142 (Revised 9-02)

APPENDIX "B"
DOCUMENT B-5



**CERTIFIED MAIL**

7001 0320 0002 0684 4919



TALLAHASSEE FL
AUG 20 '04

≈ 4.42 ≈

U.S. POSTAGE

Clerk of the Court
Coffee County Courthouse
Enterprise, AL 32460

1284        8/24

36330/2507

APPENDIX "B"
DOCUMENT B-6

**FLORIDA**
**DEPARTMENT of**
**CORRECTIONS**

Governor
**JEB BUSH**

*An Equal Opportunity Employer*

Secretary
**JAMES V. CROSBY, JR.**

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

August 19, 2004

**REGISTERED MAIL**

The Honorable Mark E. Fuller
District Attorney
98 N Edwards St.
Enterprise, AL  36330

Dear Mr. Fuller:

Re: Howard G. Toole          FL No: 917683

Enclosed are Interstate Agreement on Detainers Forms II, III, and IV for the above referenced inmate who is requesting disposition of charge(s) on Form II. Should you intend to return the above inmate for prosecution, send Interstate Agreement on Detainers Forms VI and VII to Apalachee Correctional Institution, 35 Apalachee Drive, Sneads, FL  32460.

By copy of this letter and upon receipt of Forms VI and VII, the institution is authorized to transfer the inmate to your agent's custody.  Please have your agent contract W.A. Johnson, phone 850-593-6431 Ext. 104, prior to arrival to assure that all forms are in order and that the inmate is available for transfer.  Please call between the hours of 8:30 AM – 4:30 PM, Monday through Friday.

All jurisdictions in your state who are listed on the enclosed Form IV also must dispose of their charges while the inmate is in Alabama.  All prosecutors involved are to file Interstate Agreement on Detainers Form VII with our office.

Upon completion of court proceedings, the inmate must be returned to Florida.  Interstate Agreement on Detainers Form IX is to be sent to advise disposition of charges.

If you do not wish to prosecute, let us know and your detainer will be returned.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DMT/af
Enclosures

Cc:      Clerk of the Court, Coffee County Courthouse, Enterprise, AL  32460
         Apalachee CI, Attn: Classification
         AL IAD Administrator
         File



*Hearing
Exhibits
&
Case
Law*

NT of
)NS

APPENDIX "B"
DOCUMENT B-7

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

http://www.dc.state.fl.us

December 27, 2004

The Honorable Mark E. Fuller
District Attorney
98 N. Edwards St.
Enterprise, AL 36330

Dear Mr. Fuller:

Re: Toole, Howard G.          Florida DC# 917083

Please refer to your file on the above named Florida inmate who has requested return for trial in your jurisdiction under the Interstate Agreement on Detainers over 90 days ago.

Please advise whether or not you plan to accept temporary custody of our inmate within the 180 days time frame allowed.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DT/af

c:  Clerk of the Court, Coffee County Courthouse, Enterprise, AL 36330
    ACI - West, Attn: Classification
    Inmate file

# APPENDIX C



APPENDIX "C"
Document C-1

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NOS. CC-2005-155 |
| | | CC-2005-156 |
| HOWARD G. TOOLE, | * | |
| DEFENDANT. | * | |

### ORDER

Defendant being before the Court for arraignment, he did enter pleas of not guilty. Cases set for trial during the criminal jury term commencing April 26, 2005.

DONE THIS THE 22nd day of February, 2005.

_____
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ENTERPRISE DIVISION

| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC-2005-149 |
| HOWARD G. TOOLE, | * | |
| DEFENDANT. | * | |

### ORDER

Defendant being before the Court for arraignment, he did enter a plea of not guilty. Case set

for trial during the special jury term commencing June 13, 2005.

DONE THIS THE 22nd day of February, 2005.



*Thomas E. Head, III*

CIRCUIT JUDGE

FEB 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

CC: Blair

IN THE CIRCUIT COURT FOR
PIKE COUNTY. ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NO CC 05-155 & 156 |
| | * | |
| HOWARD GLEN TOOLE, | * | |
| DEFENDANT. | * | |

## **MOTION TO DISMISS INDICTMENTS**

Comes now the Defendant by and through counsel and moves the court to dismiss the indictments against the Defendant for and on the following grounds:

1. Article III of the Uniform Mandatory Disposition of Detainers Act, Section 15-9-80 Code of Alabama requires that the Defendant, "...be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court...his request for a final disposition of indictment;"

2. The Defendant caused such notice to issue on or about August 3, 2004;

3. That more than 180 days have lapsed since the date of notice.

WHEREFORE, the Defendant moves the court to dismiss the captioned indictments.

Steve Blair    BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

MAR 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 28th day of February, 2005.

Steve Blair
Attorney for Defendant

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA                        *
                                        *
                                        *
VS.                                     *    CASE NO. CC 05
                                        *
HOWARD GLEN TOOLE,                      *
DEFENDANT.                              *

## MOTION TO DISMISS INDICTMENT

Comes now the Defendant by and through counsel and moves the court to dismiss
the indictment against the Defendant for and on the following grounds:

1. Article III of the Uniform Mandatory Disposition of Detainers Act, Section 15-9-80 Code of Alabama requires that the Defendant, "…be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court…his request for a final disposition of indictment;"

2. The Defendant caused such notice to issue on or about August 3, 2004;

3. That more than 180 days have lapsed since the date of notice.

WHEREFORE, the Defendant moves the court to dismiss the captioned
indictments.

Steve Blair    BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of
the foregoing by first class mail properly addressed and postage prepaid this the 28th day
of February, 2005.

Steve Blair
Attorney for Defendant

APPENDIX "C"
DOCUMENT C-5

STATE OF ALABAMA,                    )        IN THE CIRCUIT COURT OF
                                     )
          PLAINTIFF,                 )        PIKE COUNTY, AL
                                     )
VS.                                  )
                                     )        CASE#: CC-2005-155 & 156
HOWARD GLENN TOOLE,                  )
                                     )
          DEFENDANT.                 )

### STATE'S RESPONSE TO DEFENDANT'S
### MOTION TO DISMISS INDICTMENTS

***COMES NOW*** the State of Alabama by and through Thomas ~~~~~~

Anderson, Assistant District Attorney, and in response to the Defendant's

Motion to Dismiss Indictments replies on grounds which are as follows:

1. The State admits that those averments set forth in Defendant's
   motion are in fact true. However, the Defendant has been an
   inmate of the Holmes County Jail and the Apalachee Correctional
   Institution, both of Florida, since February of 2003. As a result of
   the Defendant's out of state incarceration, he has been unavailable
   to the State of Alabama for prosecution.

2. On February 12, 2004, this Defendant was convicted of
   ROBBERY WITH A DEADLY WEAPON, CASE NO. 2003-80,
   Holmes County, Florida; AGGRAVATED BATTERY WITH A
   DEADLY WEAPON, CASE NO. 2003-80, Holmes County,
   Florida; AGGRAVATED ASSAULT WITH A WEAPON, CASE
   NO. 2003-81, Holmes County, Florida AND FLEEING A LAW
   ENFORCEMENT OFFICER, CASE NO. 2003-81, Holmes
   County, Florida.

3. The Defendant was sentenced to a term of seven years in the
   Florida state penitentiary with 372 days credit for time spent
   in custody awaiting disposition of the aforementioned cases.
   The Defendant is scheduled for release from the Apalachee
   Correctional Institution on the 25th day of December, 2009.

3. Given the Defendant's convictions for which he is now sentenced in Florida, his unavailability to State prosecution and the gravity of the offenses for which he is now charged, the State contends that it is in the interest of no one that Defendant's indictments be dismissed.

**WHEREFORE**, the State prays that this Honorable Court **DENY** the Defendant's Motion to Dismiss Indictments and continue this matter for placement on the next available trial docket.

*Done this the 2nd day of March, 2005.*

Thomas T. Anderson (AND086)
Assistant District Attorney
Twelfth Judicial Circuit

### *CERTIFICATE OF SERVICE*

I, Tom Anderson, Assistant District Attorney, hereby certify that the foregoing has been served upon Hon. Steve Blair by placing a copy of same in the United States Mail, first class postage prepaid on this the 2nd day of March, 2005.

Thomas T. Anderson



IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NOS. CC-2005-155 & -156 |
| HOWARD GLEN TOOLE, | * | |
| DEFENDANT. | * | |

<u>ORDER</u>

These causes comes before the Court upon the Defendant's motion to dismiss indictment for non-compliance with the provisions of the "UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT", §§ 15-9-80 et seq., *Alabama Code* (1975). Specifically, Defendant contends that the herein indictment, charging him with two counts of Robbery, First Degree, is due to be dismissed because the State of Alabama failed to comply with Article III of said act by bringing him to trial within 180 days after he issued the required notice. Said motion is without merit, as Defendant's offered exhibit entitled "INTERSTATE AGREEMENT ON DETAINERS: FORM II" affirmatively reflects that Defendant's statutory notice sought only disposition of detainer on a charge of "ROBBERY OF A PHARMACY: GJ-03-516", then pending in the District Court of Coffee County, Alabama. It is immaterial that by "FORM IV: OFFER TO DELIVER TEMPORARY CUSTODY", the Florida correctional authorities also gave notice that Defendant had pending a charge of "ROBBERY: 2003-000133 in PIKE COUNTY". Strict technical compliance with the notice provisions of the Act is required of Defendant.

Conceivably, Defendant might argue that he is entitled to a dismissal of the charges on the basis that he has been denied a speedy trial. Thus, in ruling upon his motion to dismiss, the Court makes

additional factual findings as follows:

1. The Defendant was arrested on the indictment and returned to Alabama on February 17, 2005, of which the undersigned was made immediately aware. Such was within 180 days after receipt of official notice of his request for disposition of the detainer directed to his Coffee County charge of Pharmacy Robbery, First Degree. Defendant communicated to the arresting officials his intent to plead guilty to the charged offenses, as well as his desire to speak with an attorney. This information was also communicated to the undersigned, and arrangements were made for Defendant's present appointed counsel to meet with him at the Coffee County Jail the next day. Due to Monday being a state holiday, arraignment on the indictment was scheduled and conducted the Tuesday following, February 22, 2005. Defendant entered pleas of "not guilty", which have subsequently been amended to "not guilty and/or not guilty by reason of mental disease or defect". There is also pending an accompanying motion by Defendant for a mental evaluation and competency determination, which said request is granted by separate order entered contemporaneously herewith. Defendant's cases are set for trial during the criminal jury term commencing April 26, 2005, which is the next and most immediate scheduled jury term at which he can be tried.

2. The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets. The Defendant's cases have been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3. The Defendant is under a 7-year sentence of incarceration in the

Appendix "C"
DOCUMENT C-9

State of Florida, and cannot commence service of any consecutively imposed sentences from the State of Alabama until completion of his Florida sentence on December 25, 2009. As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until April, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed. Neither has he demonstrated that there has been deliberate prosecutorial delay in bringing him to trial.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied, separately and severally.

DONE THIS THE 18th day of March, 2005.

Thomas E. Head, III
CIRCUIT JUDGE



APPENDIX "C"
DOCUMENT C-10

CERTIFIED MAIL

7001 0320 0002 0684 4919

U.S. POSTAGE
4.42
TALLAHASSEE FL
AUG 20'04

Florida Dept of Corrections
2601 Blair Stone Road
Tallahassee, FL 32399-2500

Clerk of the Court
Coffee County Courthouse
Enterprise, AL 32460

1284

8/24

36330/2507

Delivered
8-24-04
at 10:33 AM

However, Petitioner caused
to be delivered on 8-3-04

STATE OF ALABAMA,                    )        IN THE CIRCUIT COURT OF
                                     )
            PLAINTIFF,               )        COFFEE COUNTY, AL
                                     )
VS.                                  )        ENTERPRISE DIVISION
                                     )
HOWARD GLENN TOOLE,                  )
                                     )        CASE#: CC-2005-_____
            DEFENDANT.               )

## STATE'S RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS INDICTMENT

MAR
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

***COMES NOW*** the State of Alabama by and through Thomas T.

Anderson, Assistant District Attorney, and in response to the Defendant's

Motion to Dismiss Indictment replies on grounds which are as follows:

1. The State admits that those averments set forth in Defendant's
   motion are in fact true. However, the Defendant has been an
   inmate of the Holmes County Jail and the Apalachee Correctional
   Institution, both of Florida, since February of 2003. As a result of
   the Defendant's out of state incarceration, he has been unavailable
   to the State of Alabama for prosecution.

2. On February 12, 2004, this Defendant was convicted of
   ROBBERY WITH A DEADLY WEAPON, CASE NO. 2003-80,
   Holmes County, Florida; AGGRAVATED BATTERY WITH A
   DEADLY WEAPON, CASE NO. 2003-80, Holmes County,
   Florida; AGGRAVATED ASSAULT WITH A WEAPON, CASE
   NO. 2003-81, Holmes County, Florida AND FLEEING A LAW
   ENFORCEMENT OFFICER, CASE NO. 2003-81, Holmes
   County, Florida.

3. The Defendant was sentenced to a term of seven years in the
   Florida state penitentiary with 372 days credit for time spent
   in custody awaiting disposition of the aforementioned cases.
   The Defendant is scheduled for release from the Apalachee
   Correctional Institution on the 25th day of December, 2009.

3. Given the Defendant's convictions for which he is now sentenced in Florida, his unavailability to State prosecution and the gravity of the offenses for which he is now charged, the State contends that it is in the interest of no one that Defendant's indictment be dismissed.

**WHEREFORE**, the State prays that this Honorable Court **DENY** the Defendant's Motion to Dismiss Indictment and continue this matter for placement on the next available trial docket.

*Done this the 2nd day of March, 2005.*

Thomas T. Anderson (AND086)
Assistant District Attorney
Twelfth Judicial Circuit

### *CERTIFICATE OF SERVICE*

I, Tom Anderson, Assistant District Attorney, hereby certify that the foregoing has been served upon Hon. Steve Blair by placing a copy of same in the United States Mail, first class postage prepaid on this the 2nd day of March, 2005.

Thomas T. Anderson

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC-2005-149 |
| HOWARD GLENN TOOLE, | * | |
| DEFENDANT. | * | |

## ORDER

This cause comes before the Court upon the Defendant's motion to dismiss indictment for non-compliance with the provisions of the "UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT", §§ 15-9-80 et seq., *Alabama Code* (1975). Specifically, Defendant contends that the herein indictment, charging him with the offense of Pharmacy Robbery, First Degree, is due to be dismissed because the State of Alabama failed to comply with Article III of said act by bringing him to trial within 180 days after he issued the required notice. In pertinent part, said article provides that:

> "Whenever a person...he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of his place of imprisonment and his request for a final disposition..."

A copy of the transmitted notice, signed and witnessed on August 3, 2004, is on file and bears the Clerk's stamp with date of October 28, 2004. It appears from the certified mail receipt, however, that the Clerk of Court received said document on August 24, 2004, at 10:33 A.M. It is uncertain who had actual notice of Defendant's request for disposition of detainer, as: (a) the correspondence enclosing Defendant's detainer forms and intended as notice to the prosecuting official was sent via

registered mail addressed to Honorable Mark E. Fuller, District Attorney, when in fact Mark E. Fuller was then serving as United States District Judge for the Middle District of Alabama, and (b) an official case file did not exist until February 17, 2005, when the Defendant was arrested on the indictment and returned to Alabama, of which latter circumstances the undersigned was made immediately aware. Defendant communicated to the arresting officials his intent to plead guilty to the charged offense, as well as his desire to speak with an attorney. This information was also communicated to the undersigned, and arrangements were made for Defendant's present appointed counsel to meet with him at the Coffee County Jail the next day. Due to Monday being a state holiday, arraignment on the indictment was scheduled and conducted the Tuesday following, February 22, 2005. Defendant entered a plea of "not guilty", which has subsequently been amended to "not guilty and/or not guilty by reason of mental disease or defect". There is also pending an accompanying motion by Defendant for a mental evaluation and competency determination, which said request is granted by separate order entered contemporaneously herewith. Defendant's case is set for trial during the special jury term commencing June 13, 2005, which is the next and most immediate scheduled jury term at which he can be tried.

In ruling upon the Defendant's motion to dismiss, the Court finds as material the following:

1. The State of Alabama actually returned Defendant from Florida within 180 days after receipt of official notice of his request for disposition of detainer.

2. The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets. The

APPENDIX "C"
DOCUMENT C-15

Defendant's case has been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3.  The Defendant is under a 7-year sentence of incarceration in the State of Florida, and cannot commence service of any consecutively imposed sentence from the State of Alabama until completion of his Florida sentence on December 25, 2009. As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until June, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed.

4.  To the extent that trial will be delayed beyond the 180 days specified in the act, Defendant has not shown that the reason for such is more than mere negligence on the part of the State. He certainly has not demonstrated that there has been deliberate prosecutorial delay.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied.

DONE THIS THE 18th day of March, 2005.



Thomas E. Head III
CIRCUIT JUDGE

APR 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL



# APPENDIX D

APPENDIX "D"
DOCUMENT D-1

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NO CC 2005-149 |
| | * | |
| HOWARD GLEN TOOLE, | * | |
| DEFENDANT. | * | |

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NOS. CC 2005-155 & 156 |
| | * | |
| HOWARD G. TOOLE, | * | |
| DEFENDANT. | *. | |

## MOTION TO SUPPLEMENT RECORD

Comes now the Defendant by and through counsel and motions the court to supplement the record as follows:

1. The Defendant would represent as statements of fact that since the date of Defendant's request for disposition of detainers the following criminal jury terms were scheduled in the Twelfth Judicial Circuit:

A. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning September 13, 2004 (two week term);

B. A criminal jury tem in Pike County, Alabama beginning November 8, 2004 (two week term);

C. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning January 10, 2005 (one week term);

2. The State had ample opportunity to return the Defendant to the State of Alabama to dispose of the indictments pending in the Twelfth Judicial Circuit (Pike and Coffee Counties) since the date of demand;

APPENDIX "D"
DOCUMENT D-2

3. The State has ADMITTED in response to the Defendant's motion to dismiss the indictments that more than 180 days have lapsed since the Defendant gave notice under the Disposition of Detainers Act.

Steve Blair     BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 12th day of April 2005.

Steve Blair
Attorney for Defendant



IN THE CIRCUIT COURT FOR
PIKE COUNTY. ALABAMA

| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NO CC 05- 155-156 |
| | * | |
| HOWARD GLEN TOOLE, | * | |
| DEFENDANT. | * | |

## MOTION TO SEVER OFFENSES FOR TRIAL

Comes now the Defendant by and through counsel and motions the court to sever
the two offenses joined in the indictment and order separate trials. Although the offenses
are "of similar character," the prejudicial effect of joinder outweighs any benefits for
judicial economy.

Steve Blair    BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of
the foregoing by first class mail properly addressed and postage prepaid this the 28th day
of February, 2005.

Steve Blair
Attorney for Defendant



DOCUMENT D-4

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                  *

     PLAINTIFF,              *

VS.                          *    CASE NOS. CC-2005-155 & -156

HOWARD GLEN TOOLE,        *

     DEFENDANT.             *

## ORDER

This cause being heard and submitted upon the Defendant's "*Motion to Sever Offenses for Trial*", and the Court having considered the matter, and not being persuaded of the merits of said motion, it is;

THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion to sever is denied, separately and severally.

DONE THIS THE 18th day of March, 2005.

Thomas E. Head, III

CIRCUIT JUDGE

MAR 2005

APPENDIX "D"
DOCUMENT D-5

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of the District Attorney with a copy of the foregoing motion by first class mail (or depositing same in the District Attorney's receptacle box in the Office of the Clerk of Court) this the 18th day of March 2005.

Steve Blair
Attorney for Defendant



CC 05-156
APPENDIX "D"
DOCUMENT D-6

## INDICTMENT

# THE STATE OF ALABAMA
## PIKE COUNTY

### IN CIRCUIT COURT
### MAY TERM, 2003

## The Grand Jury of said County charges that before the finding of this indictment that,

HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Four Seasons, L.L.C., use force or threaten the imminent use of force against the person of the said Bobby Sheppard, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama, Against the Peace and Dignity of the State of Alabama; and,

### OFFENSE 2

The Grand Jury of said county charges that before the finding of this indictment that, HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Russell Oil Company, Inc., a corporation, doing business as 87 Amoco, use force or threaten the imminent use of force against the person of the said Pamela Bujnowski, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama.

Gary L. Mc Aliley District Attorney for
Twelfth Judicial Circuit

APPENDIX "D"
DOCUMENT D7

## INDICTMENT

# THE STATE OF ALABAMA
## COFFEE COUNTY
## ENTERPRISE DIVISION

**IN CIRCUIT COURT**
**AUGUST TERM, 2003**

### The Grand Jury of said County charges that before the finding of this indictment that,

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit: Fourteen (14) bottles of Oxycontin, the property of, to-wit: Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit: Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Gary L. McAliley District Attorney for
Twelfth Judicial Circuit

# APPENDIX E



IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC-2005-149 |
| HOWARD GLENN TOOLE, | * | |
| DEFENDANT. | * | |

## GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of "NOT GUILTY" and "NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT" and to be re-arraigned. Upon arraignment, the Defendant entered a plea of GUILTY to the charged offense of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, Code of Alabama (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crime charged against him and the range of penalty for said offense. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis

for the plea and/or being of the opinion that the Defendant fully understands the significance of same, accepts his plea of guilty. The Defendant is pronounced and declared **GUILTY** of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a statement in his own behalf before sentencing and was further asked if he had anything to say as to why the sentence of the law should not be imposed; and (2) Given an opportunity to present evidence as to any matter probative in the issue of sentence and/or facts in mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence as to any matter probative to the issue of sentence and/or facts in aggravation or mitigation of any penalty that is to be imposed. The State made certain sentencing recommendations as per the parties' mutually agreed upon settlement.

After considering the settlement agreement offered, arguments of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid conviction of Pharmacy Robbery, First Degree, he is hereby sentenced, upon the recommendation of the District Attorney, made pursuant to plea agreement, to serve twenty (20) years imprisonment in the Penitentiary of the State of Alabama, said sentence to run concurrently with like sentences imposed in Pike County Case Nos. CC-2005-155 and -156. Pursuant to plea agreement and under the provisions of the *Alabama Split Sentence Act*, Defendant's twenty



year sentence is ordered split, with Defendant to initially serve
five years thereof in the Penitentiary of the State of Alabama and
the remaining fifteen years to be suspended and Defendant placed on
five (5) years supervised probation.  The five-year active part of
defendant's twenty-year split sentence is consecutive to his
penitentiary sentence in the State of Florida where he is presently
serving seven years as active part of a twenty-two year split
sentence.  Defendant is jail credit from February 17, 2005, until
present date as allowable time served while awaiting trial and/or
disposition in this case, which said jail credit is to be applied
toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentence, he is ordered
to pay to the Clerk of Court the following: restitution, if any
later be taxed, costs, $50.00 to be distributed to the Alabama Crime
Victim Compensation Commission, and full reimbursement of indigent
attorney fees.  The Court specifically reserves hearing and ruling
upon the issue of restitution, with the State allowed 60 additional
days to present supporting documentation of any claimed on behalf
of the victim.

During the probationary phase of Defendant's sentence,
conditions of his probation are as follows: (a) Defendant shall not
commit a crime; (b) Defendant shall report to his probation officer
as often as directed and abide by any special conditions of
probation imposed by his supervising probation officer; and (c)

DOCUMENT E-4

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Coffee County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.

_____
CIRCUIT JUDGE

- 4 -

# APPENDIX F

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2005 000156.00
OPER: JOP                   CASE ACTION SUMMARY
PAGE:  1                  CIRCUIT  CRIMINAL                  RUN DATE: 02/17/2005
```

IN THE CIRCUIT COURT OF    PIKE                                        JUDGE: TEH

STATE  OF  ALABAMA                  VS      TOOLE HOWARD GLEN
                                            1359 CO RD 110
CASE: CC 2005 000156.00
                                            TROY, AL  36081 0000

DOB: 08/31/1954      SEX: M  RACE: W  HT: 5 11  WT: 165   HR: BRO EYES: BRO
SSN: 253942999  ALIAS NAMES:

CHARGE01: ROBBERY 1ST          CODE01: ROB1 LIT: ROBBERY 1ST    TYP: F #: 001
OFFENSE DATE:                  AGENCY/OFFICER: 0550000 TPD SCH

DATE WAR/CAP ISS:                   DATE ARRESTED: 02/17/2005
DATE    INDICTED: 05/19/2003        DATE     FILED: 02/17/2005
DATE    RELEASED:                   DATE   HEARING:
    BOND AMOUNT:     $50,000.00       SURETIES:

DATE 1: 02/24/2005  DESC: ARRG        TIME: 0900 A
DATE 2:             DESC:             TIME: 0000

TRACKING NOS: GJ 2003 000133 00  /                        /

    DEF/ATY:  Steven Blair         TYPE: A                        TYPE:
              111 E. College Ave    347-2622
              Enterprise, Al. 36330              00000
PROSECUTOR: MCALILEY GARY L


```
OTH CSE: GJ200300013300 CHK/TICKET NO:              GRAND JURY: 03-133
COURT REPORTER:                 SID NO:      000000000
DEF STATUS: JAIL                DEMAND: Y                        OPER: JOP
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 02/17/2005 | ASSIGNED TO: (TEH) THOMAS E HEAD                     (AR01) | JOP |
| 02/17/2005 | FILED ON: 02/17/2005                                 (AR01) | JOP |
| 02/17/2005 | INITIAL STATUS SET TO: "J" - JAIL                    (AR01) | JOP |
| 02/17/2005 | DEFENDANT ARRESTED ON: 02/17/2005                    (AR01) | JOP |
| 02/17/2005 | DEFENDANT INDICTED ON: 05/19/2003                    (AR01) | JOP |
| 02/17/2005 | BOND SET AT: $50000.00                               (AR01) | JOP |
| 02/17/2005 | SET FOR:  ARRAIGNMENT ON 02/24/2005 AT 0900A(AR01) | JOP |
| 02/17/2005 | CHARGE 01: ROBBERY 1ST/#CNTS: 001                    (AR01) | JOP |
| 02/17/2005 | CASE ACTION SUMMARY PRINTED                          (AR08) | JOP |
| 2-24-05 | Hardship affidant - order appts S. Blair | |
| 2-24-05 | Arraign. Order + Sets for 4-26-05 - PA, Blair | |
| 3-1-05 | Faxed Motion To Sever Offenses for Trial | |
| 3-1-05 | Motion For Ct. Ordered Mental Exam of Deft | |
| 3-1-05 | Motion - Plea N/A on Dor N/A By Reason of Mental | |
| | Disease or Defect - | |
| 3-2-05 | Supplemental Discovery Request | |
| 3-7-05 | Notice Request To Discovery | |
| 3-7-05 | Motion To Dismiss Indictment | |

```
ACR0372          ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2005 000149.
OPER: DEC               CASE ACTION SUMMARY
PAGE:    1                  CIRCUIT    CRIMINAL              RUN DATE: 06/22/0?
                                                                     JUDGE:  ?
IN THE CIRCUIT COURT OF COFFEE

STATE  OF  ALABAMA              VS      TOOLE HOWARD GLENN
CASE: CC 2005 000149.00                2615 44th Ave West, Lot #60
                                       Bradenton, FL  34207

DOB: 08/31/1954        SEX: M  RACE: W  HT: 5 11  WT: 160   HR: BRO EYES: BR
SSN: 263942999  ALIAS NAMES:
CHARGE01: ROBBERY-PHARMACY    CODE01: PHRB  LIT: ROBBERY-PHARMA TYP: F #: 00
OFFENSE DATE:                         AGENCY/OFFICER: 0190000

DATE WAR/CAP ISS:                   DATE ARRESTED: 02/17/2005
DATE   INDICTED: 08/18/2003         DATE    FILED: 02/17/2005
DATE   RELEASED:                    DATE  HEARING:
BOND     AMOUNT:    $100,000.00       SURETIES:

DATE 1:        DESC:                 TIME: 0000
DATE 2:        DESC:                 TIME: 0000

TRACKING NOS. DJ 2005 000516 00  /  WR 2005 000169 00  /
```

DEF/ATY: Steve Blair              TYPE: A                          TYPE:

```
                    00000                          00000
PROSECUTOR: MCALILEY GARY L

OTH CSE: GJ2005000051600 CHK/TICKET NO:              GRAND JURY: 05-51-
COURT REPORTER:              SID NO:   000000000
DEF STATUS: PRISON          DEMAND: Y                       OPER: DEC
NOTE: PRESENTED BY THE WR #
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 2-28-05 | Affidant of Substantial Hardship |
| 2-28-05 | Order Affidavit of Hardship is Granted. cc: M.D. + Atty |
| 2-28-05 | Order to Pro Trial on June 15, 2005, @9:00 am. CC DA + Blair |
| 2-23-05 | Motion |
| 2-23-05 | Motion In Court-Ordered Mental Examination of D |
| 2-28-05 | Notice of Request for Discovery |
| 2-28-05 | Discovery Order Sent to DA + Atty |
| 2-28-05 | Motion to Dismiss Indictment |
| 3-2-05 | Supplemental Discovery Request |
| 3-2-05 | States Response to D's Motion to Dismiss Indictment |
| 3-9-05 | States Quick Response to D's Motion In Discovery |
| 3-9-05 | State Supplemental Response to D's Motion In Discovery |
| 3-25-05 | Order In Outpatient Evaluation cc: M, Blair, Each Sheriff, Davis + Doug mc Keown |
| 3-25-05 | Order - Plea amended to not Guilt and/or not Guilt by reason of mental disease or defect cc: M + Atty |

ACRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2005 000156.00
JUDGE ID:   TEH

STATE  OF  ALABAMA                        VS      TOOLE HOWARD GLEN

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 3-7-05 | Order - pick up Deft for 3-16-05 - DA, Blair, RCSO |
| 3-7-05 | Discovery Order - DA, Blair |
| 3-9-05 | State Response to Discovery |
| 3-9-05 | Supplemental Response to Discovery |
| 3-7-05 | Response to Dismiss Indictment d |
| 3-21-05 | Order amending Plea - DA, Blair |
| 3-21-05 | Order denying Motion To Sever - DA, Blair |
| 3-21-05 | Order denying Dismissal - DA, Blair |
| 3-21-05 | Order for Mental Evaluation (outpatient) - DA, Blair, PCSO, Mc Keown, Coffee Co. SO. |
| 3-21-05 | Supplemental Discovery Request |
| 3-24-05 | Issued State Subpoena |
| 4-13-05 | Order - after review Evalu - case continue to trial - DA, Blair |
| 4-13-05 | Motion For Competency Hearing |
| 4-15-05 | Motion To Supplement the Record |
| 4-19-05 | Issued State Subpoenas |
| 4-19-05 | Issued Deft Subpoenas |
| 4-19-05 | Motion To Compel Disc and/or Sanctions |
| 4-19-05 | Motion To Suppress |
| 4-19-05 | Motion To Secure attendance of Out-of-State Witness - |
| 4-28-05 | Order on Pending Motions - DA, Blair, Mc Keown |
| 5-17-05 | Rights |
| 5-17-05 | Guilty + Sentence - DA, Blair |
| 6-1-05 | State's Motion To Order Restitution |
| 6-2-05 | Objection To Motion To Order Restitution - |
| 6-8-05 | Order sets Restitution Hear for 7-13-05 - 11:00 Am - DA, Blair |
| 6-13-05 | Motion to Reschedule |
| 6-16-05 | Order resets for 8-10-05 - DA, Blair |
| 6-23-05 | Issued State Subpoenas |
| 8-11-05 | Order on Restitution - DA, Blair |

ALABAMA   JUDICIAL   INFORMATION   CEN-

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2005 970
JUDGE ID: TCM

STATE OF ALABAMA                    VS    TOOLE HOWARD GLENN

DATE          ACTION, JUDGMENTS, CASE NOTES

| | |
|---|---|
| 4-4-05 | Order-D₂ motion to dismiss is denied cc: DA + Blair |
| 4-12-05 | Motion for Competency Hearing |
| 4-12-05 | Order-Court finding no reasonable grounds to doubt D's mental competency to stand trial, case shall proceed to trial as scheduled. CC: DA + Atty |
| 4-13-05 | Motion to Supplement Record |
| 4-27-05 | Motion to Secure Attendance of Out-Of-State Witness |
| 5-4-05 | Order-Motion for Competency Hearing is retained under advisement, Motion to Supplement Record was ruled on in open Court. Motion to Secure attendance of Out-Of-State Witness is reserved until D's Competency to stand trial is finally determined. CC: DA + Atty |
| 5-19-05 | Guilty Plea + Sentencing Order. C: DA, D. Atty, DOC, Prob. |
| 8-2-05 | Petition/notice of Belated Appeal, Motion for Appointment of Appellate Counsel, Motion to Proceed In Forma Pauperis |
| 11-8-05 | Order On Belated Filing of Appeal. cc: DA, Dy. atty. |

# Ground Two:
## Newly Discovered Evid.
## Conflict of Interest
# APPENDIX G



```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2005 000156.00
OPER: JOP                   CASE ACTION SUMMARY
PAGE:    1                    CIRCUIT  CRIMINAL                RUN DATE: 02/17/2005
===============================================================================
IN THE CIRCUIT COURT OF    PIKE                                       JUDGE: TEH

STATE  OF  ALABAMA                    VS        TOOLE HOWARD GLEN
                                                1359 CO RD 110
CASE: CC 2005 000156.00
                                                TROY, AL  36081 0000

DOB: 08/31/1954        SEX: M  RACE: W  HT: 5 11  WT: 165   HR: BRO EYES: BRO
SSN: 253942999  ALIAS NAMES:
===============================================================================
CHARGE01: ROBBERY 1ST            CODE01: ROB1  LIT: ROBBERY 1ST   TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0550000 TPD SCH

DATE WAR/CAP ISS:                      DATE ARRESTED: 02/17/2005
DATE    INDICTED: 05/19/2003           DATE    FILED: 02/17/2005
DATE    RELEASED:                      DATE  HEARING:
       BOND AMOUNT:      $50,000.00        SURETIES:

DATE 1: 02/24/2005   DESC: ARRG           TIME: 0900 A
DATE 2:              DESC:                 TIME: 0000

TRACKING NOS: GJ 2003 000133 00  /                          /
    DEF/ATY:                          TYPE: A                        TYPE:
                                              347-2622
                                                              00000
PROSECUTOR: MCALILEY GARY L
```

DEF/ATY: *Steven Blair*
*111 E. College One*
*Enterprise, Al. 36330*

```
===============================================================================
OTH CSE: GJ200300013300 CHK/TICKET NO:                   GRAND JURY: 03-133
COURT REPORTER:_____ SID NO:        000000000
DEF STATUS: JAIL_____ DEMAND: Y                        OPER: JOP
===============================================================================
   TRANS DATE   | ACTIONS, JUDGEMENTS, AND NOTES                         OPE
===============================================================================
| 02/17/2005 | ASSIGNED TO: (TEH) THOMAS E HEAD              (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | FILED ON: 02/17/2005                          (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | INITIAL STATUS SET TO: "J" - JAIL             (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | DEFENDANT ARRESTED ON: 02/17/2005             (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | DEFENDANT INDICTED ON: 05/19/2003             (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | BOND SET AT: $50000.00                        (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | SET FOR:  ARRAIGNMENT ON 02/24/2005 AT 0900A  (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | CHARGE 01: ROBBERY 1ST/#CNTS: 001             (AR01)    JOP |
|------------|----------------------------------------------------------------|
| 02/17/2005 | CASE ACTION SUMMARY PRINTED                   (AR08)    JOP |
```

| 2-24-05 | Hardship affidavit — order appts S. Blair |
| 2-24-05 | Arraign. Order & Sets for 4-26-05 — PA, Blair |
| 3-1-05 | Faxed Motion To Sever Offenses for Trial |
| 3-1-05 | Motion For Ct. Ordered Mental Exam of Deft. |
| 3-1-05 | Motion — Plea N/S on dos N/S By Reason of Mental Disease or Defect — |
| 3-2-05 | Supplemental Discovery Request |
| 3-7-05 | Notice Request To Discovery |
| 3-7-05 | Motion To Dismiss Indictment |

CRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2005 000156.00
JUDGE ID:  TEH

STATE  OF  ALABAMA                 VS       TOOLE HOWARD GLEN

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 3-7-05 | Order — pick up Deft for 3-16-05 — DA, Blair, PCSO |
| 3-7-05 | Discovery Order — DA, Blair |
| 3-9-05 | State Response to Discovery |
| 3-9-05 | Supplemental Response to Discovery |
| 3-7-05 | Response to Dismiss Indictment |
| 3-21-05 | Order amending Plea — DA, Blair |
| 3-21-05 | Order denying Motion To Sever — DA, Blair |
| 3-21-05 | Order denying Dismissal — DA, Blair |
| 3-21-05 | Order for Mental Evaluation (outpatient) — DA, Blair, PCSO, McKean, Coffee Co. SO |
| 3-21-05 | Supplemental Discovery Request |
| 3-24-05 | Issued State Subps |
| 4-13-05 | Order — after review Evalu — case continue to trial — DA, Blair |
| 4-13-05 | Motion For Competency Hearing |
| 4-15-05 | Motion to Supplement the Record |
| 4-19-05 | Issued State Subp |
| 4-19-05 | Issued Deft Subps |
| 4-19-05 | Motion To Compel Disc and/or Sanctions |
| 4-19-05 | Motion To Suppress |
| 4-19-05 | Motion To Secure attendance of Out of State Witness — |
| 4-28-05 | Order on Pending Motions — DA, Blair, McKean |
| 5-17-05 | Rights |
| 5-17-05 | Guilty & Sentence — DA, Blair |
| 6-1-05 | State's Motion To Order Restitution |
| 6-2-05 | Objection To Motion to Order Restitution |
| 6-8-05 | Order sets Restitution Hear for 7-13-05 — 11:00 Am — DA, Blair |
| 6-13-05 | Motion to Reschedule |
| 6-16-05 | Order resets for 8-10-05 — DA, Blair |
| 6-23-05 | Issued State Subps |
| 8-11-05 | Order on Restitution — DA, Blair |

```
ACR0872              ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 2005 000149
OPER: DEC                    CASE ACTION SUMMARY
PAGE:    1                   CIRCUIT   CRIMINAL                 RUN DATE: 09/22/05
IN THE CIRCUIT COURT OF COFFEE                                              JUDGE:  T

STATE   OF  ALABAMA                  VS        TOOLE HOWARD GLENN
                                               2615 44th Ave West  Lot #60
CASE: CC 2005 000149.00                        Bradenton, FL  34207

DOB: 08/31/1954          SEX: M   RACE: W   HT: 5 11   WT: 160    HR: PRO E.EYE: GRE
SSN: 253942999   ALIAS NAMES:
CHARGE01: ROBBERY-PHARMACY       CODED1: PHRB   LIT: ROBBERY-PHARMA TYP: F  #: 01
OFFENSE DATE:                                  AGENCY/OFFICER: 0190000

DATE WAR/CAP ISS:                              DATE ARRESTED: 02/17/2005
DATE    INDICTED: 08/18/2003                   DATE   FILED: 02/17/2005
DATE    RELEASED:                              DATE  HEARING:
BOND    AMOUNT:     $100,000.00                SURETIES:

DATE 1:             DESC:                       TIME: 0000
DATE 2:             DESC:                       TIME: 0000
TRACKING NOS: DJ 2103 000516 00  /  WR 2903 000087 00  /

    DEF/ATY: Steve Blair                  TYPE: A                        TYPE:

                              00000                            00000

PROSECUTOR: MCALILEY GARY L

DTH CSE: CJ203300051600 CHK/TICKET NO:                       GRAND JURY: 03-61-
COURT REPORTER:                  BID NO:        000000000
DEF STATUS: PRISON               DEMAND: Y                     OPER: DEC

NOTE: PRESENTED BY THE WR #
DATE         ACTIONS, JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 2-28-05 | Affidavit of Substantial Hardship |
| 2-28-05 | Order Affidavit of Hardship is Granted cc: A.D. + Att |
| 2-28-05 | Order Atty trial on June 15, 2005, @ 9:00am. CC DA, Blair |
| 2-23-05 | Motion |
| 2-23-05 | Motion for Court-Ordered Mental Examination of D |
| 2-28-05 | Notice of Request for Discovery |
| 2-28-05 | Discovery Order Sent to D Att |
| 2-28-05 | Motion to Dismiss Indictment |
| 3-2-05 | Supplemental Discovery Request |
| 3-2-05 | States Response to D's Motion to Dismiss Indictment |
| 3-9-05 | States Reply Response to D's Motion In Discovery |
| 3-9-05 | State Supplemental Response to D's Motion In Discovery |
| 3-25-05 | Order for Outpatient Evaluation cc: DA, Blair, Each Sheriff, Doris + Doug McKeown |
| 3-25-05 | Order-Plea amended to not guilty and/or not guilty by reason of mental disease or defect cc: D, Att |

ALABAMA JUDICIAL INFORMATION SYSTEM
CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2005 910
JUDGE:

STATE OF ALABAMA          VS     TOOLE HOWARD GLENN

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 4-4-05 | Order- D.A. Motion to dismiss is denied cc: DA + Blair |
| 4-12-05 | Motion for Competency Hearing |
| 4-12-05 | Order- Court finding no reasonable grounds to doubt D's mental competency to stand trial, Case shall proceed to trial as scheduled. CC: DA + Attys |
| 4-13-05 | Motion to Supplement Record |
| 4-27-05 | Motion to Secure Attendance of Out-Of-State Witness |
| 5-4-05 | Order- Motion for Competency Hearing is retained under advisement. - Motion to Supplement Record was ruled on in open Court. Motion to Secure attendance of Out-of-State Witness is reserved until D's Competency to stand trial is finally determined. CC: DA + Attys |
| 5-19-05 | Guilty Plea + Sentencing Order CC DA, D. Atty, PDC, A + Zack |
| 8-2-05 | Petition / Notice of Belated Appeal, Notice for Appointment of Appellate Counsel, Motion to Proceed In Forma Pauperis |
| 11-8-05 | Order On Belated Filing of Appeal. cc: DA, Dy. |

CC 85-154
APPENDIX "G"
DOCUMENT G-5

**INDICTMENT**

# THE STATE OF ALABAMA
## PIKE COUNTY

### IN CIRCUIT COURT
### MAY TERM, 2003

## The Grand Jury of said County charges that before the finding of this indictment that,

HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Four Seasons, L.L.C., use force or threaten the imminent use of force against the person of the said Bobby Sheppard, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama, Against the Peace and Dignity of the State of Alabama; and,

### OFFENSE 2

The Grand Jury of said county charges that before the finding of this indictment that, HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Russell Oil Company, Inc., a corporation, doing business as 87 Amoco, use force or threaten the imminent use of force against the person of the said Pamela Bujnowski, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama.

Gary L. Mc Aliley, District Attorney for
Twelfth Judicial Circuit

INDICTMENT

# THE STATE OF ALABAMA
## COFFEE COUNTY
## ENTERPRISE DIVISION

### IN CIRCUIT COURT
### AUGUST TERM, 2003

**The Grand Jury of said County charges that before the finding of this indictment that,**

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit: Fourteen (14) bottles of Oxycontin, the property of, to-wit: Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit: Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Gary L. McAbley District Attorney for
Twelfth Judicial Circuit

APPENDIX "G"
DOCUMENT G

## GRAND JURY NO. 2003-516

### A TRUE BILL

_____
GRAND JURY FOREPERSON

_____

Presented in open Court by the
Foreperson of the Grand Jury in the
presence of at least twelve other
members of the Grand Jury

_____

James M. Counts, Clerk of the Circuit
Court of COFFEE County, Twelfth Judicial
Circuit of Alabama.

Filed this the _____ 19th _____ day of
____ Aug _____ 2003.

_____

Bail in each offense in this indictment is
fixed at $ _100,000_ for a total bail
for this indictment of $ _100,000_ .

[   ] Continuing bond

_____
**Judge Presiding**

## THE STATE OF ALABAMA
### COFFEE COUNTY
### CIRCUIT COURT
#### AUGUST    TERM, 2003
### THE STATE
#### vs.

## HOWARD GLENN TOOLE

_____

### OFFENSE(S)
**PHARMACY ROBBERY FIRST DEGREE**

## INDICTMENT

**INDICTMENT**

## THE STATE OF ALABAMA
### COFFEE COUNTY
### ENTERPRISE  DIVISION

IN CIRCUIT COURT
AUGUST TERM, 2003

**The Grand Jury of said County charges that before the finding of this indictment that,**

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit: Fourteen (14) bottles of Oxycontin, the property of, to-wit: Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit: Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Gary L. McAlley District Attorney for
Twelfth Judicial Circuit

# IN THE CIRCUIT COURT FOR
## PIKE COUNTY, ALABAMA

STATE OF ALABAMA      *

     *

     *

VS.      *     CASE NOS. CC 2005-155 & 156

     *

HOWARD G. TOOLE,      *

DEFENDANT.      *

## MOTION TO SUPPRESS

Comes now the Defendant and moves the Court to suppress any and all extra-judicial statements made by the Defendant to law enforcement officer(s) for and all the following grounds:

1. The Defendant did not knowingly, intelligently and voluntarily waive his right to remain silent;

2. The Defendant did not execute a written waiver of his rights;

3. The Defendant suffers from a mental disease and defect such that he could not have knowingly, intelligently and voluntarily waive his rights;

4. That the Defendant did not knowingly, intelligently and voluntarily make any statements to law enforcement officer(s).

Steve Blair    BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 17th day of April 2005.

Steve Blair
Attorney for Defendant



11-20-05

Howard Toole #917683 I2-102
Apalachee Correctional Inst.
52 West Unit Drive, West
Sneads, Florida, 32460

Hon. Steve Blair, Esq.
111 East Collage Ave.
Enterprise, Ala. 36323

RE: Case No. CC-2005-149, 155, 156.
    Case file Request.

Mr. Blair,
    I Respectfully Request that you send me
a copy of the case file for the above mentioned
cases; To include, any and all motions you filed
on my behalf, as well as disposition of those motions.
Namely: Three motions to dismiss charges in both
Coffee and Pike Counties. Also for motion to eval-
uate Mental defect or disorder. Also any and all
transcripts of hearings as well as states dis-
covery.
    I filed a motion in the Enterprise Circuit
Court for Belated Appeal well over 90 days ago.
I just Received notice from the Clerk of the
court that Enterprise Div. lacked jurisdiction.
That I had to file in the Appellate Court of
Ala. I would ask that you send me the address
of the proper Court.

- 1 -

APPENDIX "G"
DOCUMENT G-10

My direct appeal is based on the three
motions to dismiss that you filed for me
preserved on the face of the Record in acc-
ordance with the Interstate Agreement on
detainers Act. With Regard too, $\underline{V}$, $\underline{VI}$, and
$\underline{XIV}$ amendments to the Constitution.

Respectfully Submitted;

Yoward Toole

#917693, I2-102-5
Apalachee Correctional Inst,
52 West unit Drive, West
Sneads, Florida 32460

C.C. personal file

In Regard to Cost of copies and postage;
if you would but send me a bill, I will be happy
to reimburse your expenses.

- 2 -

EXHIBIT "G"

DOCUMENT G-11

# Steve Blair

Attorney at Law

111 East College Avenue
Enterprise AL 36330

Phone: 334-308-5375
FAX: 334-308-2055
E-mail: sblair506@hotmail.com

P. O. Box 310843
Enterprise AL 36331

November 30, 2005

Howard Toole
#917683 I2-102-S
Apalachee Correctional Institute
52 West Unit Drive, West
Sneads FL 32460

Dear Mr. Toole,

I received your request for file material to pursue an appeal with reference to "the three motions to dismiss...in accordance with the Interstate Agreement on Detainers Act."

As we discussed before entering the plea and acknowledged during the colloquy conducted with the court, you waived the right to appeal by not preserving any issues for appellate review. I have enclosed a copy of the court's orders and highlighted this provision.

Yours very truly,

Steve Blair

encl The Petitioner asserts that his counsel never mentioned anything about waiving his (IADA) claims. It was never discussed. There is no indication of such existing on the Explanation of Rights & Plea Agreement forms.

| State of Alabama<br>Unified Judicial System<br><br>Form CR-52 (front)    Rev. 8/11/2000 | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>CC2005-149<br>☐ Count _____<br>*(count #, if applicable)* |

IN THE ___Circuit___ COURT OF ___Coffee___, ALABAMA
*(Circuit or District)*      *(Name of County)*

STATE OF ALABAMA v. ___Howard G. Toole___
**Defendant**

---

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of ___Pharmacy Robbery___, which is a Class __A__ Felony. The court has been informed that you desire to enter a plea of guilty to ☒ this offense or ☐ to the crime of _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| **Class C Felony** | 1 Yr. & 1 Day — 10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| **Class B Felony** | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or<br>any term of not less than 20<br>years Fine Up To $20,000 |
| **Class A Felony**<br>*(No prior convictions for a<br>Class A Felony)* | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life<br>or Life Imprisonment Without<br>Possibility of Parole<br>Fine Up To $20,000 |
| **Class A Felony**<br>*(One or more prior<br>convictions for any Class A<br>Felony)* | | | | |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon" was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a **Class A Felony**, a term of imprisonment of not less than **20 years**; for the commission of a **Class B or Class C Felony**, a term of imprisonment of not less than **10 years**;

☐ **Enhanced Punishment for Drug Sale Near School:** §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an underlined{additional} penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment for Drug Sale Near Housing Project:** §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an underlined{additional} penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (unlawful possession, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

---

Original - Court File     Copy - Defendant     Copy - District Attorney     Copy - Defense Attorney

G-12 (cont.)

| Form CR-52 (back) | Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
| --- | --- | --- |
| | | (Habitual Felony Offender -- Circuit or District Court) |

$2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ **DNA Samples for Criminal Offenses in §36-18-24:** Section 36-18-25(e), *Code of Alabama* 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **Drug Possession:** If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, *Code of Alabama* 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, *Code of Alabama* 1975.

☐ **Other:** _____

---

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

**IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.**

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

| 5-10-05 | Thomas S. Head, III |
| --- | --- |
| Date | Judge |

---

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

| 5-10-05 | |
| --- | --- |
| Date | Attorney |

---

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

| 5-10-05 | |
| --- | --- |
| Date | Defendant |

APPENDIX "G"
DOCUMENT G-1.

STATE OF ALABAMA
PLAINTIFF

VS.

Howard Glen York
DEFENDANT

IN THE _Circuit_ COURT OF
_Coffee_ COUNTY, ALABAMA
_Enterprise_ DIVISION
CASE NO. _CC-2005-149_

## SETTLEMENT AGREEMENT

After discussion and negotiation between counsel for the defendant and the prosecution, it is agreed in this case, subject to acceptance by the Court, that:

1. The defendant will enter a plea of guilty to the charge(s) of: _Pharmacy Robbery_

2. The prosecutor will recommend, and defendant agrees to accept a sentence of: _20 years Concurrent with CC 05-155 + CC05-156 split to 5 years to be served consecutive with time presently serving in Florida_

3. The prosecutor will recommend, and the defendant agrees to accept, that the sentence ☐ will - ☐ will not be suspended and the defendant placed on probation in whole or in part. If probation is a part of the agreement, the prosecutor will recommend, and the defendant agrees to accept: _balance on probation of 5 years_

4. The prosecutor will recommend, and the defendant agrees to accept that restitution will be ordered: _reserve restitution for 60 days_

5. The prosecutor will recommend, and the defendant agrees to accept that payment of costs of Court will be ☑ ordered ☐ remitted; that an assessment to the Crime Victim's Compensation Commission of $ _50_ will be ordered in each case, and that the defendant ☑ will ☐ will not be ordered to reimburse the State of Alabama for indigent attorney's fees.

6. The prosecutor will recommend, and the defendant agrees to accept: _____

7. The prosecutor and the defendant agree that the defendant is entitled to receive credit for time spent in custody awaiting disposition of his case of: _____

8. No other terms or conditions related to judgment and sentence in this (these) case(s) are agreed on or contemplated by the defendant or the prosecutor.

_5/10/05_
Date

Signature of Defendant

Signature of Defendant's Counsel

Signature of Prosecutor

Having reviewed the settlement agreement entered into by the defendant and the prosecutor, the Court hereby:
☑ Accepts the Settlement Agreement and incorporates same in the judgement and sentence.

☐ Rejects the Settlement Agreement and modifies the terms as follows: _____

_5-10-2005_
Date

Thomas E. Head, III
Judge

Howard C. Toole
#917683, I2-102-S
Apalachee Corr. Inst.
52 West Unit Drive, W.
Sneads, Fl. 32460

Hon. Mr. Steve Blair, Esq.
Attorney at law
111 E. Collage Ave.
Enterprise, Al. 36330

RE: Case No. CC-2005-149, 155, 156


Dear Sir,
    I am in receipt of your letter, and I app-
reciate your quick reply. However, you did not
send me the information I requested. I need a
copy of my case file, to include the three
motions to dismiss. The date and location that
the hearing was held and argued. The date and
location on which the hearing was held to deny
the motions. As well as a copy of the certif-
icate of receipt signed by the Clerk of the
Court, for notification of demand of disposition
of indictments. All of which are well within
the previsions of the "Interstate Agreement on
Detainer Act," (IADA). This is an issue that is
preserved on the face of the record. According to
the state of Florida I am well within my
Rights to appeal this issue as it creates a

- 1 -

Question of Federal Law, and mandated by the United States as Amicus Curiae. I must however exaust my lower tribunal Remedies before entering the Federal Courts.

I appreciate your help and cooperation. I wish you and yours all the best during this Holiday Season.

Respectfully,

Travael Toile
#917683, I2-102-§
Apalachee Correctional Inst.
52 West Unit Drive, W.
Sneads, Florida 32460

Suspense date:

-2-

APPENDIX "G"
DOCUMENT G-16

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Steve Blair, Esq.
Atty. at Law
111 E. Collage Ave.
Enterprise, Al. 36330

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 1/6/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7002 2030 0000 6746 9729

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

Dec. 29, 2005
Certified letter
7002 2030 0000 6746 9729

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

Postage   $
Certified Fee    2.30
Return Receipt Fee
(Endorsement Required)    1.75
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees   $ 4.05

Sent To   Steve Blair Esq
Street, Apt. No.;   111 E College Ave
or PO Box No.
City, State, ZIP+4   Enterprise Al 36330

SNEADS FL
USPS 32460

7002 2030 0000 6746 9729

PS Form 3800, June 2002    See Reverse for Instructions

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
## HEALTH INFORMATION/TRANSFER SUMMARY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Transferring FROM: Apalachee CT/WCC | | | | | DATE: 2-17-05 | | | |
| TIME: | | | | | | | | |
| Transferring TO: Coffee Co, Alabama | | | | | | | | |

| Date of last physical/ Periodic screening 3/1/2004 | PPD date/results 3-12-04 ⊖ | | | Allergies Thorazine, Haldol | | | | Current treatments |
|---|---|---|---|---|---|---|---|---|
| | M | S | W | T | Impairment (if applicable) | | | (Activate in GH08) |
| | 2 | 3 | 1 | 1 | P | H | E | S | SINGLE DOSE (SD) |

Current medical problems (include explanation of profile if other than Medical Grade I)

HTN    Hx of MI 2002

Angina

Current mental health problems  Dysthymic disorder   R/o Major depression

Current dental problems

Deformities, evidence of injury/trauma/disabilities or other physical limitations

| Medication(s) (include psychotropics) | Dose | Pending appointments/consults | | Date |
|---|---|---|---|---|
| Prozac | 40 mg QPM | Medical ☐ No ☐ Yes | | |
| Seroquel | 300 mg @ PM | Dental ☐ No ☐ Yes | | |
| | | Mental Health ☐ No ☐ Yes | | |
| | | Chronic Illness Clinic: | | MH 5/10/05 |
| | | Cardiovascular ✓ | Endocrine ____ | |
| | | Miscellaneous ____ | Neurology ____ | |
| | | Respiratory ____ | Tuberculosis ____ | |
| | | Immunity ____ | Oncology ____ | |
| | | Gastrointestinal ____ | Renal ____ | |

Medication accompanying inmate? ☐ No ☐ Yes ☐ 7 days ☐ 30 days | EOS HIV test done? ☐ Yes ☐ No ☐ Not Due

Pending diagnostics (including lab work)

Tested/treated for STD (type, date, treatment)  RPR - 2/25/04  non-reactive

Therapeutic diet? ☒ No ☐ Yes   If yes, describe:

| Hospitalization within past year? ☒ No ☐ Yes ☐ Physical problem ☐ Mental health problem Explain (include dates): ☐ No medical or mental health holds | Passes: Reissues: |
|---|---|

| Psychotropic medication within past year? ☐ No ☒ Yes | Self-injurious or suicidal behavior within past year? ☒ No ☐ Yes Date: | Currently on suicide watch/ precautions? ☒ No ☐ Yes |
|---|---|---|

Signature/Stamp
Clinician or Nurse Reviewing Chart  R Pittman, SRN

DC4-730 Problem List updated?  ☐ No ☐ Yes ☐ N/A

C-917683 TM 99 02/25/2004 ____

Inm

DC# TOOLE, HOWARD GLENN      ____

Date                         For additional space, use reverse side

Inst  W/M DOB 08/31/1954 (49)  TT ____

This form is not to be amended, revised, or altered without approval
of the Deputy Director of Health Services Administration

HEALTH INFORMATION/TRANSFER SUMMARY
DC4-760 (3/04) (Page 1 of 2)

APPENDIX "G"
DOCUMENT G-17(a)

# IN THE CIRCUIT COURT FOR
# PIKE COUNTY, ALABAMA

STATE OF ALABAMA    *

VS.    *    CASE NOS. CC 2005-155 & 156

HOWARD G. TOOLE,    *
DEFENDANT.    *

## MOTION TO SUPPRESS

Comes now the Defendant and moves the Court to suppress any and all extra-judicial statements made by the Defendant to law enforcement officer(s) for and all the following grounds:

1. The Defendant did not knowingly, intelligently and voluntarily waive his right to remain silent;

2. The Defendant did not execute a written waiver of his rights;

3. The Defendant suffers from a mental disease and defect such that he could not have knowingly, intelligently and voluntarily waive his rights;

4. That the Defendant did not knowingly, intelligently and voluntarily make any statements to law enforcement officer(s).

Steve Blair    BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 17th day of April 2005.

Steve Blair
Attorney for Defendant



IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC-2005-149 |
| HOWARD GLENN TOOLE, | * | |
| DEFENDANT. | * | |

### GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of *"NOT GUILTY"* and *"NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT"* and to be re-arraigned. Upon arraignment, the Defendant entered a plea of GUILTY to the charged offense of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crime charged against him and the range of penalty for said offense. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis

for the plea and/or being of the opinion that the Defendant fully understands the significance of same, accepts his plea of guilty. The Defendant is pronounced and declared **GUILTY** of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a statement in his own behalf before sentencing and was further asked if he had anything to say as to why the sentence of the law should not be imposed; and (2) Given an opportunity to present evidence as to any matter probative in the issue of sentence and/or facts in mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence as to any matter probative to the issue of sentence and/or facts in aggravation or mitigation of any penalty that is to be imposed. The State made certain sentencing recommendations as per the parties' mutually agreed upon settlement.

After considering the settlement agreement offered, arguments of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid conviction of Pharmacy Robbery, First Degree, he is hereby sentenced, upon the recommendation of the District Attorney, made pursuant to plea agreement, to serve twenty (20) years imprisonment in the Penitentiary of the State of Alabama, said sentence to run concurrently with like sentences imposed in Pike County Case Nos. CC-2005-155 and -156. Pursuant to plea agreement and under the provisions of the *Alabama Split Sentence Act*, Defendant's twenty

year sentence is ordered split, with Defendant to initially serve five years thereof in the Penitentiary of the State of Alabama and the remaining fifteen years to be suspended and Defendant placed on five (5) years supervised probation. The five-year active part of defendant's twenty-year split sentence is consecutive to his penitentiary sentence in the State of Florida where he is presently serving seven years as active part of a twenty-two year split sentence. Defendant is jail credit from February 17, 2005, until present date as allowable time served while awaiting trial and/or disposition in this case, which said jail credit is to be applied toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentence, he is ordered to pay to the Clerk of Court the following: restitution, if any later be taxed, costs, $50.00 to be distributed to the Alabama Crime Victim Compensation Commission, and full reimbursement of indigent attorney fees. The Court specifically reserves hearing and ruling upon the issue of restitution, with the State allowed 60 additional days to present supporting documentation of any claimed on behalf of the victim.

During the probationary phase of Defendant's sentence, conditions of his probation are as follows: (a) Defendant shall not commit a crime; (b) Defendant shall report to his probation officer as often as directed and abide by any special conditions of probation imposed by his supervising probation officer; and (c)

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Coffee County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.

<div align="right">
Thomas E. Head, III<br>
CIRCUIT JUDGE
</div>



APPENDIX 'G'
DOCUMENT G-22

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA            *
                           *
                           *
VS.                        *       CASE NOS. CC 05-155 r 156
                           *
HOWARD GLENN TOOLE,        *
DEFENDANT.                 *

**MOTION**

Comes now the Defendant, by and through counsel, and motions the State to produce/respond to discovery as provided for by Rule 16.1 ARCrP.

Further, the Defendant makes known that he has filed a motion for mental evaluation and requests leave of court to amend his plea of NOT GUILTY to a plea of NOT GUILTY AND/OR NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT depending on the results of a court ordered mental evaluation.

Steve Blair    BLA045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36330
334-308-5375

I hereby certify that I have served the District Attorney with a copy of the foregoing by first class mail (or by depositing a copy of same in the District Attorney's receptacle box located in the Office of the Clerk of Court) this the _23_ day of February, 2005.

Steve Blair
Attorney for Defendant



IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA                        *
                                        *
                                        *
VS.                                     *        CASE NO CC 2005-149
                                        *
HOWARD GLEN TOOLE,                      *
DEFENDANT.                              *

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA                        *
                                        *
                                        *
VS.                                     *        CASE NOS. CC 2005-155 & 156
                                        *
HOWARD G. TOOLE,                        *
DEFENDANT.

## MOTION FOR COMPETENCY HEARING

Comes now the Defendant through counsel and moves the court for a competency
hearing/trial by jury as provided for by Rules11.6 and 11.2 ARCrP.

Counsel would show to the court the following:

1. Counsel was appointed for Defendant on Friday, February 18, 2005. At the
time of his appointment, counsel was advised that the Defendant desired to enter pleas of
guilty in the three captioned matters. Counsel went to the jail on February 18, 2005 and
discussed these matters with the Defendant and communicated the plea offer made by the
District Attorney. Defendant rejected the plea agreement.

2. Arraignment was set Tuesday, February 22, 2005 (the intervening Monday
being a state holiday). The Defendant entered his plea of not guilty and thereafter, upon
motion granted by the court, amended his pleas to not guilty and not guilty by reason of
mental disease and defect.

3. The Defendant through counsel has motioned the court to dismiss the
indictments for failure to bring the Defendant to trial in the time required by the Alabama
Disposition of Detainers Act. These motions have been denied by the trial court and the
Pike County cases are set for trial for the term beginning April 26, 2005. Counsel needs

APPENDIX "C"
DOCUMENT G-24

additional time to prepare but may waive his right to appeal the decision with regard to the disposition of the detainers if he requests a continuance.

4. Upon request of counsel, the court ordered a mental evaluation of the Defendant. The motion was based upon counsel's personal observations of the Defendant and information received by counsel that Defendant had previously been determined not competent to stand trial in the State of Florida. Further, the Defendant was receiving psychiatric prior to coming from the State of Florida penitentiary system where Defendant was incarcerated immediately prior to being brought to the State of Alabama for trial on the captioned matters.

5. Counsel acknowledges receipt of a copy of Dr. McKeown's report. It is Dr. McKeown's opinion that the Defendant is both competent to stand trial and that the Defendant, at the time of the commission of the alleged offenses, demonstrated the capacity to conform his behavior in an appropriate fashion "if he chose." Counsel would show that Dr. McKeown did not have the benefit of the Defendant's mental history and records to consult before forming his opinion. Counsel has requested the Defendant's mental health records from the Florida department of corrections but same have not been received. These records would be most important if the Defendant had previously been determined not competent to stand trial in the State of Florida. As mentioned earlier, counsel need additional time to secure these and other records relating to the Defendant's mental condition but may waive his grounds for appeal on the issue relating to the disposition of the detainers by requesting a continuance.

Steve Blair      BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 12th day of April 2005.

Steve Blair
Attorney for Defendant

APR 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

# APPENDIX H

*Coffee County Jail*
*#4 County Complex*
*New Brockton, Al.  36351*
*(334)894-6200*
*Zack Ennis,  Administrator*

*13 July 2005*

To Whom It May Concern:

Howard  C. Toole--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---DOB 8-31-1954  was incarcerated in this facility from 2-17-05 until 7-13-05.

*Ruth Scheipe*
*Shift Supervisor*
*Coffee County Jail*

Petitioner was sentenced
May 10, 2005. 63 days
prior to return to sending
state.

Document, H-2

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number: [illegible]
Team Number: [illegible]
Institution: [illegible]

TO: (Check One) ☐ Warden ☐ Asst. Warden ☑ Classification ☐ Security ☐ Medical ☐ Dental ☑ Other [illegible]

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

## REQUEST

Mrs. [illegible] I have a detainer from Chambers County & Pike & Coffee County Alabama I need to know what can be done or what I can do to compell them to come get me so I can take care of these charges while I am serving my time in Florida? [illegible] Alabama [illegible] the court [illegible] to send me [illegible] place me under arrest. I applied [illegible] I think they [illegible] Interstate Detainers Act But I'm not sure of how to [illegible] to find that information. Thank you

[illegible]

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: [illegible]

[illegible]

[The following pertains to informal grievances only:

Based on the above information, your grievance is ____________________. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): [illegible] Date: [illegible]

Distribution: White -Returned to Inmate; Canary -Returned to Inmate; Pink -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: I2-143-S
Team Number: 10
Institution: ACI-W

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☑ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

MR. Johnson

| | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| **FROM:** | Toole, Howard G | 917683 | I2-143-3 | 4/14 | 6/28/04 |

**REQUEST**

By the provision provided in Florida Statute
Section 941.45 Article III, I AM OFFICIALLY
REQUESTING FOR DISPOSITION OF DETAINER LODGE AGAINST
ME BY THE STATE OF ALABAMA, COUNTIES OF COFFEE
AND PIKE. I REQUEST AN INTERVIEW SO THAT I CAN
SIGN MY "NOTICE OF UNTRIED INDICTMENT, INFORMATION OR
COMPLAINT RIGHT TO REQUEST DISPOSITION" FORM.

Thank You,

Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    **DATE RECEIVED:** _____

Will get the paperwork compiled and put you in a
cell - out to your Hou.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: | 6/29/04 |
|---|---|---|---|

Distribution:    White    -Returned to Inmate    Pink    -Retained by official responding, or if the response is to an
             Canary    -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number: I2-101-5
Team Number:
Institution: ACI - WEST

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☑ Other  LAW Library |
|---|---|---|---|---|

| FROM: | Inmate Name  Toole, Howard G. | DC Number  917683 | Quarters  I2-101-5 | Job Assignment  Houseman | Date  8-8-05 |

**REQUEST**

I JUST RETURNED FROM OUTSIDE COURT IN Coffee County, ALABAMA. I Filed an APPEAL PRO SE USING Florida FoRmat FOR Direct APPEAL ASKING FOR LATITUDE IN FILING PRoceDuRE. DOES The LAW LibRARY HAVE ANYTHING THAT CAN HELP ME? Such AS The ALABAMA CRIMINAL Code, OR Rules OF CRIMINAL PRo-CeDuRE. If SO CAN You PUT ME ON CALL OUT. If Not, CAN YOU DiRect ME AS TO HoW I CAN GET THE HELP I NEED.

THANK YOU,

Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED: 8/9/05

Wed. 1-3:00

8-10-05

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____    Date: 8/9/05

Distribution:    White    -Returned to Inmate       Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                 informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

*Document, H-4*

## LAW LIBRARY INTERLIBRARY LOAN REQUEST

NAME & DC#: Toole, Howard G. #C-917683    DORM/BED: I2-1025

INSTITUTION: Apalachee, Correctional Institution DATE SUBMITTED: 11-3-05

**SPECIFIC REQUESTS:** Requests for court decisions, statutes, or rules from another state, or other primary source legal material not in any FDC law library collection will only be ordered from Florida State University Law Library if access to same is necessary to prepare legal documents for submission to courts that challenge judgements and sentences or prison conditions in the Department. Provide a written justification for the request in the space below.

Complete Title: First Degree Robbery - Direct APPEAL

Complete Citation: § 134-8-51, Code of Alabama (1975)

Justification: As justification to obtain the above statutes of the state of Alabama, I would aver that the XV (14th) Amend To The U.S. Constitution Entitles me to obtain Such Statutory Authority as a Liberty Interest is at Stake, whereas the sentence imposed in case no. CC-2005-149,155,156 Render me ineligible to receive Administrative gain time in Florida. Such Authority is necessary to meaningfully access the Alabama Courts so as to effect Appellate Review to these convictions that I was arbitrarily denied by the

**SHEPARDIZING/LEGAL RESEARCH:** Only submit requests to have Florida or federal cases Shepardized. Florida State University Law Library The State of will not conduct legal research or Shepardize cases for inmates. For Shepardizing, provide the complete citation to be Shepardized and a detailed statement of Alabama. the point of law being researched. Also state whether you are trying to find out if your cited case has been overturned/affirmed/upheld, distinguished, etc. For legal research, state the question, point of law, or legal issued to be researched. Include any information you already have on the subject and the legal resources you have already researched. (Attach continuation pages, if necessary.)

I need the statute Annotated for Alabama's Interstate Agreement on Detainer Act. I need Alabama R. Crim. P. for Criteria & formate in filing Belated Appeal. I need Alabama R. Appellate P. for Criteria & formate in filing Direct Appeal and jurisdiction. I must have this information if I am to be able to access the Courts in asserting my Right to Appeal Judgment and sentence in Alabama.

---

## STAFF USE ONLY

### REQUESTING LAW LIBRARY:

Request is:    ☐ Approved    ☐ Disapproved

_____    _____
Reviewer                              Date

Is this a "Deadline" Request?    ☐ Yes    ☐ No    If YES, Date of Deadline: _____

### CENTRAL OFFICE REVIEW (FSU REQUESTS):

Request is:    ☐ Approved    ☐ Disapproved

_____    _____
Reviewer                              Date

Reason for Disapproval:

DC5-152 (12/03)

APPENDIX ; *H*
DOCUMENT *H-5*

Exhibit, ①
Supplimented

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

    PLAINTIFF,                       *

VS.                                  *          CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

    DEFENDANT.                       *

## ORDER

The Court is without jurisdiction to act upon Defendant's petition/notice of belated appeal as

same is untimely.

DONE THIS THE 7th day of November, 2005.

Thomas E. Head, III

CIRCUIT JUDGE



In the Circuit Court of Coffee County
   Alabama, Enterprise Division

Howard G. Toole,
Appellant/Defendant

VS.                          Case No. CC-2005-149
                                 CC-2005-155
State of Alabama,               CC-2005-156
Appellee/Plaintiff

_____


   <u>Petition/**Notice** of Belated Appeal</u>
   <u>Notice For Appointment of Appellate Counsel</u>
   <u>Motion to Proceed in Forma Pauperis</u>


   Notice is given that Appellant/Defendant,
Howard Glen Toole, by and through Himself, <u>Pro
se</u>, Pursuant to the Code of Alabama, Alabama
Court Rules, and State & Federal Constitutional
Provisions, Hereby Appeals the Guilty Plea and
Sentencing Order of this Court dated May 10,
2005; with a request for the Appointment of
Appellate Counsel, and to Proceed in Forma
Pauperis, for purposes of Direct Appeal. As Grounds
in Support thereof, The Appellant would show:

-1-

1. This is a Direct Appeal of the Judgment & Sentence of this Court, Rendered May 10, 2005. The Appellant received thereof a Twenty year split sentence pursuant to a plea agreement.

2. Due to perhaps a clerical error in this Courts Guilty Plea, and Sentencing Order, The Appellant was misguided to believe He did <u>Not</u> Reserve any issues for purposes of Appeal. (See Exhibit "A" page 4.) of the Sentencing Order attached hereto.

3. To the Contrary, upon Review of the Record, it is well established that Appellants Attorney, Steve Blair, did, infact, Reserve a Speed Trial Violation issue Reviewable by Direct Appeal in a Motion to Dismiss, filed in this Cause. Whereas, Appellee violated Appellants Right to a Fast and Speedy Trial / Disposition, pursuant to Amendment (6th) of the U.S. Constitution, and Article $\overline{V}$ Of the Agreement on Detainers. (SEE Exhibit "B" Interstate Agreement on Detainers FORM, I through $\overline{IV}$, Attached hereto.)

- 2 -

4. Whereas, had the Court's order (as referenced in paragraph "2" above) not inadvertently misguided Appellant that He failed to "Reserve" Appellate issues, a timely Notice of Appeal would have been filed.

5. Pursuant to the Alabama Constitution, The Federal Constitution, and <u>Douglas Vs. California</u>, 372 U.S. 353 (1963), The Appellant in the instant case elects to pursue a Direct Appeal on the Judgment & Sentence of this Court and desires to exercise His Constitutional Right to a Court Appointed Appellate Counsel to help prosecute His Appeal thereof.

6. Appellant is a Layman and Unskilled in the Law. Therefore, it is Requested that while although the forgoing Petition may not conform to the Code of Alabama pleading requirements, This Court should give considerable latitude to Appellants "<u>Pro Se</u>" Pleading. The Federal Courts have commonly Held, that <u>Pro Se</u> prisoners are generally unskilled in the Law and should not be held Accountable to a high standard of Pleading and Practice of an Attorney.

- 3 -

## 6. Continued

6, See <u>Haines vs. Kerner</u>, 92 S. Ct. 594 (1972); <u>McCoy vs. Newsome</u>, 953 F. 2d 1252 (11th Cir. 1992), See also <u>Gun vs. Newsome</u>, 881 F. 2d 949 (11th Cir 1989).

7. This Appellant Represents to this Court, under Oath and the penalties of Purjury; That He is insolvent, indigent and without funds (or property) to pay for the Appellant filing fee as may be Required, or for an Attorney to Represent Him in this matter on Appeal- Appellant has formally been declared insolvent by this Court.

8. Should this Court require additional Pleadings to perfect the foregoing Notice of Appeal filed, please indicate or instruct the Appellate to do so by Order of the Court, I.E. Affidavit of Insolvency, Directions to the Clerk to prepare the Record on Appeal, or Otherwise.

9. This Petition is made in good faith.

# Relief Requested

Wherefore, For the reasons expressed herein above, The Appellant Respectfully Requests this Honorable Court to Grant Leave for a Direct Appeal in this Cause; Issue an Order Appointing an Appellate Attorney to Represent Him on Appeal; Issue an Order Declaring the Appellant Insolvent and to Waive Filing and Attorney's Fees Associated with Litigating an Appeal; and any other relief deemed just and appropriate by the Court.

Done and Executed on this 26 Day of July, 2005.

Respectfully Submitted,

Howard G. Toole
Appellant/Defendant
917683, Bunk I2-101-S
Apalachee Correctional Inst.
52 West Unit Drive, West
Sneads, Florida 32460

# Certificate of Notary

Before me, the undersigned Authority Personally appeared. Who, being Sworn and Duly Deposed, Says that the foregoing Motion for, Belated Appeal/Appointment of Appellate Counsel /To Proceed in Forma Pauperis, is made in good faith and on Imformation, Knowledge, and Beliefs that are true and accurate. Who is personally known to me, or who produced as Identification, a Florida Department of Corrections Inmate Identification Card, Bearing the Number C-917683.

Sworn to and Subscribed befor Me this 26 day of July , 2005.

_____
Notary Public, for the
State of Florida

Howard G. Toole, 917683, I2-101-S
Appalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

- 6 -

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: 12-102-5
Team Number: _____
Institution: ACC-W

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☒ Other Library |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Toole, Howard C. | 917683 | F2-102-5 | Library | 2-20-06 |

**REQUEST**

I put In' and I.LL. Library Loan back in Nov 05. I would appreciate an up date or any information as to a response to the info I requested.

Thank you

Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   DATE RECEIVED: 2-21-06

ILL Loan Requests are sent to the State Library for processing. State Library controls when they are sent back to the institution. You will be notified when we receive the ILL.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: 2-21-06 |
|---|---|---|

Distribution:   White   -Returned to Inmate   Pink   -Retained by official responding, or if the response is to an
   Canary   -Returned to Inmate   informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

IN THE ALABAMA COURT OF CRIMINAL
APPEAL, FOR THE STATE OF ALABAMA

Howard B. Toole ,
Appellant / Defendant

VS.

Case No.   CC-05-149
CC-05-155
CC-05-156

STATE OF ALABAMA ,
Appellee / Plaintiff

## Petition for Belated Appeal, Supplemented.

I Howard B. Toole, here and after refecred to as
the Appellant, would offer too, this Honocable Court for
Review, this the Appellant's petition for Belated Appeal,
Pro Se, Appellant would stipulate that as a prisoner in
the State of Florida; he has no access to, Alabama litigat-
ion Manuals. Appellant is currently exausting my administra-
tive remedies in a good faith effort to gain access to,
Alabama Rules Criminal Proceedures; Alabama Rules Appellate
Proceedures; The Alabama State Constitution; and The Alabama
Criminal Code. To date, Appellant has had no Success. How-
ever, Appellant knows that time is critical, as time on Fed-
eral Habees Corpus is Running. Appellant would ask this Honor-
able Court to allow Appellant leeway in format and Content, in
an effort to present this his cause for the Courts Review.

Point in Question is whether Appellant should be granted a
Belated Appeal? Appellant would present the following statements
as a matter of fact for the Courts consideration. On May
10, 2005, the Appellant entered a plea of guilty to the
Charges. From that day until July 13, 2005, the Appellant was
held in the Coffee County Jail without the benifit of legal Rep-
resentation, i.e. no guidence for filing a timely Appeal on the

- A -

issue of "Interstate Agreement on Detainers Act", (IADA), violation. The Appellants efforts to conform to the Courts procedures are being made in good faith. My only skills are an ability to articulate in plain language to the Court. I assure the Court that this appellant will make every effort to become more proficient in my legal endevors. Please See: Exhibit, E, Supplemented.

The Appellant has previously submitted his petition to The Circuit Court of Coffee County Alabama. However, the court denied the petition on the grounds that it lacked jurisdiction. Please see: Exhibit, D, supplemented. The following motion is the only petition filed thusfar in this cause.

As clarification as to the suppliments, Exhibits, D and E are merely being added to the original petition as documentation in support thereof. The Appellant would ask that this Honorable Court accept jurisdiction and make a Ruling on this petition.

Respectfully Submitted

Howard C. Toole, # 917683, IX-102-S
Apalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

This 25 Day of January 2006.

- B -

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

**H. W. "BUCKY" McMILLAN**
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure.  Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition.  The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

Done this the 1st day of February, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

IN THE CRIMINAL COURT OF APPEALS, IN AND
FOR STATE OF ALABAMA, MONTGOMERY ALABAMA

RE: HOWARD G. TOOLE vs. STATE OF ALABAMA, ENTERPRISE
DIVISION, COFFEE COUNTY CIRCUIT COURT: APPELLATE
CASE No. CR-05-0803, LOWER CASE No. CC-05-149,
CC-05-155, CC-05-156.

## NOTICE TO ALL CONCERNED PARTIES

IN RESPONSE TO, ORDER issued by; ALABAMA
COURT OF CRIMINAL APPEAL, dated, Febuary 1st, 2006.
Petitioner, in his attempt to come into complience with,
ALABAMA RULE OF APPELLATE PROCEDURE, Rule 21(a), hereby
serves the Respondent Judge, and all known parties
involved, a copy of the petition, previously submitted to
Clerk of the Court for Coffee County ALABAMA, along
with a Certificate of service, as well as a copy of
the supplimented portion of the petition;
  Hon. H.W. McMillan, Presiding Judge
  Hon. TROY KING, ATTORNEY GENERAL
  Hon. Lane W. MANN, Clerk of APPELLATE COURT
  Hon. Thomas E. HEAD III, Circuit Judge
  Hon. GARY McAlily, District ATTORNEY, ENTERPRISE DIV.
  Hon. JAMES M. COUNTS, Clerk Circuit Court
  This petitioner asks this Honorable Courts indulgence,
as petitioner is an inmate in F.D.O.C., FLORIDA Depart-
ment of CORRECTIONS, with NO access to ALABAMA RULES
OF APPELLATE PROCEDURE, NOR ALABAMA CRIMINAL Code.
Petitioner is Relying on the institutions Law Library,
and its Law Clerks for assistance. Our Law Library
has NO ALABAMA LAW BOOKS, and our Law Clerks have

No knowledge of ALABAMA LAW. This petitioner has submitted to the institution an (I.L.L.) FORM. INTER LAW LIBRARY LOAN. This is in the hopes that another INSTITUTION MAY HAVE the information I need to properly litigate my appeal. This REQUEST was issued in October of 2005. With (emphisis added) for my Right to Due Process under the XIV AMEND, To the UNITED STATES CONSTITUTION.

The afore mentioned officers of the Coffee County Court, Enterprise Division, have received a copy of the original petition for Belated Appeal. This petitioner now issues the supplemented portion of the petition to said officers in an attempt to conform to ALABAMA Rule APPELLATE PROCEDURE, Rule 21 (a), as ordered by ALABAMA COURT OF CRIMINAL APPEAL. This Rule, as all Rules of Al. APP. P. are foreign in Nature as the petitioner had/has no knowledge of, Ak. APP. Rules. Please Note, pages 3 and 4, paragraph 6 of the petition.

As to all other parties to this action; petitioner issues a complete Copy of the petition file in the ALABAMA Court of Criminal APPEAL. A Certificate of service accompanies these issuances.

This petitioner has not been provided with the addresses of these officials. However, as the court has only allowed me 14 days to comply, this petitioner will once again make a good faith effort to adhere to the Courts order.

Respectfully Submitted

Howard Toole

dated;
2-7-06

Howard C. Toole, #917683, I2-102-8
Apalachee Correctional Institution
52 West Unit Drive, west, Sneads, Fl.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED. Petitioner's remedy, if any, is to file a petition for post-conviction relief pursuant to Rule 32.1(f), Alabama Rules of Criminal Procedure in the counties of conviction.

**Done this the 23rd day of February, 2006.**

**H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

APPENDIX "H"
Document, H-19

Toward G. Toole
#917683, F1-144-S
Apalachee Corr. Inst
52 West Unit Dr. W
Sneads, FL 32460

Case No. CR-05-0803,
CC05-149, 155, 156

RE: Request for Procedural and Statutes information to help
Pro Se litigant in gaining access to the Courts of Alabama.
To Officers of the Courts of Alabama.

Sirs,

This letter is an request on behalf of the Pro
Se, Appellant in this cause of action. He is asking
that the State of Alabama help him in his endeavor to
properly litigate his case in your state. This is not his
first request. All other attempts at obtaining applicable
R. crim P., R of App. P., Al. Crim. Code have gone unanswered.
The entire Rules of criminal and appellate proceedings are not
necessary. Only applicable portions pertaining to this cause
of action. The State of Florida will not accept responsibility
to help this Appellant gain access in the Courts of Alabama.
Even though it is the Appellants right through the Due
Process clauses of the IV, and XIV Amendts. to the U.S.
Constitution.

Respectfully Submitted,

Toward Toole
Howard Glen Toole

This 9th day of May 2006.

CC. Clerk of Appellate St. Alabama, Lane N Avein.
    Clerk of Circuit Ct. 12th Judicial Cir. Jones M. County.
    Attorney Gen. State of Alabama, Troy King, Esc.
    Dist. Attorney for 12th Judicial Cir. Gary McHugH, Esc.
    Presiding Judge for Appellate Ct., H.W. McMillan, Esc.
    Circuit Judge 12th Judicial Cir. Thomas S. Reed III, Esc.

# COURT OF CRIMINAL APPEALS

DOCUMENT _ H-20.

## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### CR-05-0803

Ex parte Howard G. Toole  (In re: State of Alabama vs. Howard G. Toole)  (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Petitioner's motion to grant leave to proceed to the Supreme Court is DISMISSED.

Done this the 16th day of May, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**(Instructions on Back)**

Mail Number: _I2-102-S_
Team Number: _____
Institution: _ACI-W_

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☑ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☐ Other  _Mr. Johnson_ |
|---|---|---|---|---|

| FROM: | Inmate Name _Teole, Howard G._ | DC Number _917683_ | Quarters _I2-102-S_ | Job Assignment _H/man_ | Date _12-07-05_ |
|---|---|---|---|---|---|

**REQUEST**

Mr. Johnson, I am currently litigating my own appeal, pro se, of the judgement and sentence I received in Alabama. I need a copy of the Return Receipt of my certified notification of "Demand for disposition of indictments, information or complaint. Pursuant to the Articles of the (IADA), "interstate agreement on detainers act." If however you cannot supply me with the information I requested Can you give me the address of the (F.A.A) Florida Agreement Administrator. This Receipt is a crucial part of my evidence that I need as exhibit in my Direct appeal. _____ Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal interview. informal grievances will be responded to in writing.

RECEIVED
DEC 08 2005
APACI
WEST UNIT CLASSIFICATION

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   DATE RECEIVED: _____

You received a copy of all the forms that were sent to Alabama before you left. What did you do with them? Once something is part of your record we are not supposed to provide you with a copy w/o a court order. Please advise if you still have your copy or not

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: _12/8/05_ |
|---|---|

Distribution:  White  -Returned to Inmate      Pink  -Retained by official responding, or if the response is to an
             Canary  -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

**(Instructions on Back)**

Mail Number: I2-102-S
Team Number:
Institution: ACI - W.

| TO: (Check One) | ☐ Warden | ☑ Classification | ☐ Medical | ☐ Other |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Dental | Mr. Johnson |

| | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| **FROM:** | Toole, Howard | 917683 | I2-102-S | H/maN | 12-12-05 |

## REQUEST

Mr. Johnson, in response to my last request concerning the (IADA), Sect 941.45, ART. III. I do still have my copies of my demand for disposition of charges. What I require is a copy of the Return Receipt of the Receiving State. I.E. Alabama, of the date that they officially received my demand. Art. III (b) Requires that demand be delivered to the Receiving State, via - Registered mail, return Receipt Requested. I am appealling my Judgement & Sentence in Alabama, Pro-se. I need a copy of the Return Receipt to be able to varify when Alabama exactly Received Notification. Can you provide this for me, or must I ask the Agreement Administrator? Please advise!

Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED

---

**DO NOT WRITE BELOW THIS LINE**

DEC 12 2005

## RESPONSE

DATE RECEIVED:

APAC
WEST UNIT CLASSIFICATION

As far as I could find we did not get that. What we have is copies we also have given to you.

| [The following pertains to informal grievances only:] | |
|---|---|
| Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.] | |
| Official (Signature): | Date: 12/12/01 |

Distribution: White - Returned to Inmate      Pink - Retained by official responding, or if the response is to an
Canary - Returned to Inmate                informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: _I2-102-S_
Team Number: _____
Institution: _ACI - W._

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☐ Other<br>_Mr. Johnson_ |
|---|---|---|---|---|

| | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| **FROM:** | Tack, Howard 6. | 917683 | I2-102-S | 4/man | 12-21-05 |

**REQUEST**

Mr. Johnson, pursuant to Fl. Stat. 941.45, Art. II (b).
"The written and request for final disposition referred to in paragraph (a)
shall be given or sent by the prisoner to the warden, commissioner of Correct-
-ions, or other official having custody of the prisoner, who shall promptly
forward it together with the certificate to the appropriate prosecuting official
and court by registered or certified mail, return receipt requested.
The state of Florida has appointed an "Agreement Coordinator/Agent
to oversee and insure that all procedures and provisions provided for
in (IADA) § 941.45 are carried out effectively. I need the name
and address of the person or office of the (IADA) Agreement Coordin-
ator, so I may get a copy of the, Return Receipt of notification of
demand for disposition. This is necessary to effect my XIV amendment
Right to the U.S. Constitution and due process for my appeal in Alabama.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All
informal grievances will be responded to in writing. Thank You, Howard Tack

**DO NOT WRITE BELOW THIS LINE**

DEC 2 2005

**RESPONSE**                    **DATE RECEIVED:**

WEST UNIT CLASSIFICATION

Dale
for your information/clarification, I am well aware of
the criteria/processes for Interstate Agreement on Detainers
and I have done a fair if you are over the years. You received
copies of everything we sent to Alabama regarding your
detainer and we have nothing else. If you feel you
need to contact staff in Central Office, please feel free
to do so at the following: Florida Department of
Corrections, Interstate Compact Services Office, 2601
Blair Stone Rd., Tallahassee, Fl. 32399-2500

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature) | | Date: 12/22/05 |
|---|---|---|

Distribution:   White   -Returned to Inmate    Pink   -Retained by official responding, or if the response is to an
               Canary  -Returned to Inmate               informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

**INMATE REQUEST**

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

**(Instructions on Back)**

Mail Number: _12-102_ S
Team Number: ___
Institution: _ACI - W_

| TO: (Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☐ Other<br>Mr. Johnson |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Toole, Howard | DC Number<br>917683 | Quarters<br>F2-112-5 | Job Assignment<br>H/maw | Date<br>12-22-05 |
|---|---|---|---|---|---|

## REQUEST

Mr. Johnson,

For some reason I got the feeling you were up-set with me today. Perhapse I have been over zealous in my effort to obtain the information needed to litigate my appeal in Alabama.

You have been a major help to me over the last two years. I respect you for your honesty, candor, and professionalism. If I inadvertantly offened you, I apologize, for that was not my intent.

Best wish to your and yours this holiday season.

Thank you,

Toward Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED
DEC 22 2005
SPACI
WEST UNIT CLASSIFICATION

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**  **DATE RECEIVED:** ___

Your intentions / expressions have been noted. Please try & work with the system. Comments were well taken.

---

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____ . (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 12/27/05 |
|---|---|

Distribution:  White  -Returned to Inmate   Pink  -Retained by official responding, or if the response is to an
          Canary  -Returned to Inmate       informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

DOCUMENT, H-25

## INMATE REQUEST

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: F1-144-S
Team Number:
Institution: ACI - WEST

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☐ Other<br>Mr. Johnson |
|---|---|---|---|---|

| **FROM:** | Inmate Name<br>Toole, Howard Glen | DC Number<br>917683 | Quarters<br>F1-144-s | Job Assignment<br>H/man | Date<br>4-30-06 |
|---|---|---|---|---|---|

### REQUEST

Mr. Johnson, As you are the one that prepared my F1. Statute 941.45 (IADA) Agreement on Detainers, I am asking for your help again. I NEED THE NAME of The (IADA) co-ordinator that handled my case. I Also Need his/her address. Article VII, Designation of Officer, I am in need of information pertaining to Notification of Recieving state as to availability, as well as exact dates. These will be included into my Fed. Habeas Corpus for Violation of (I+JA). As always I appreciate your help and concern in these Matters.

Respectfully, Submitted,
Howard Toole.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED
MAY 01 2006

---

### DO NOT WRITE BELOW THIS LINE

### RESPONSE

DATE RECEIVED: APAC
ST. UNIT CLASSIFICATION

Are you asking for the name of the person in Alabama or Florida's Interstate Compact Office. The name of the attorney in Alabama is included in the paperwork you recieved. I await your response ASAP.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: 5/2/06 |
|---|---|---|

Distribution:    White    -Returned to Inmate    Pink   -Retained by official responding, or if the response is to an
        Canary  -Returned to Inmate            informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

APPENDIX "H"
11-26,

**INMATE REQUEST**

Mail Number: _FL-1-14-5_
Team Number: _____
Institution: _SCI - W_

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☑ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☐ Other  _Mr. Johnson_ |
|---|---|---|---|---|

| **FROM:** | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Tole, Howard G. | 7-7683 | FL-144-5 | 1/man | 5-7-06 |

**REQUEST**

Mr. Johnson, it is the name and address of the Florida (I+O+) consolidaters that I request. She/he will be able to provide me with all the information I need to finish my federal habea corpus. I realizate that I can't begin to thank you for all the help you have given me.

Sincerely,

RE: See attached copy.

—Howard Tole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

**RECEIVED**

**DO NOT WRITE BELOW THIS LINE**

MAY 08 2006

**RESPONSE**

**DATE RECEIVED:**

APACI
WEST UNIT CLASSIFICATION

Ms. Sylvia D. Williams

H601 Blair Stone Road

Tallahassee, Fl 32399 - 2500

[The following pertains to informal grievances only:
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____   Date: 5/9/06

Distribution:   White   -Returned to Inmate   Pink   -Retained by official responding, or if the response is to an
               Canary   -Returned to Inmate            informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)