IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

HOWARD GLENN TOOLE, #C 917683   *

    Petitioner,   *

        v.   *   2:06-CV-696-MHT

JAMES MCDONOUGH, *et al.*,   *

    Respondents.   *

_____

**O R D E R**

The court received the above-captioned petition for filing on August 9, 2006.[1] A review of the petition reflects that Petitioner seeks to challenge the judgments of more than one state court. Specifically, Petitioner asserts claims for relief against judgments entered against him by both the Circuit Court for Coffee County, Alabama, and the Circuit Court for Pike County, Alabama. Petitioner may not challenge the judgment(s) of separate state courts in a single petition.

Petitioner is advised that, pursuant to Rule 2(d), *Rules Governing Section 2254 Cases in the United States District Courts*, "[a] petition shall be limited to the assertion of a claim for relief against the judgment or judgments of a single state court (sitting in a county or other appropriate political subdivision). If a petitioner desires to attack the validity of the judgments of two or more state courts under which he is in custody or may be subject to future custody, as the case may be, he shall do so by separate petitions. *See also* Rule 2(e),

---

[1] Petitioner originally filed his petition on June 13, 2006 in the United States District Court for the Northern District of Florida. By order entered July 27, 2006 the United States District Court for the Northern District of Florida directed that Petitioner's habeas petition be transferred to this court.

*Rules Governing Section 2254 Cases in the United States District Court.*

Accordingly, the Clerk is DIRECTED to return to Petitioner his application for habeas corpus relief (Doc. No. 1) and retain a copy of the petition in the instant file. *See* Rule 2(e), *Rules Governing Section 2254 Cases in the United States District Courts*.

It is further

**ORDERED that on or before August 25, 2006, Petitioner shall file a corrected petition in the above-captioned action which challenges only the judgment(s) entered against him by the *Circuit Court for Pike County, Alabama***, on a form for use in filing a habeas corpus petition under 28 U.S.C. § 2254. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). Petitioner's original petition shall be superseded by this amended petition. That means Petitioner shall no longer rely on the original petition.

The Clerk is DIRECTED to send to Petitioner a form for use in filing a habeas corpus application under § 2254. Petitioner is advised that his failure to file an amended petition within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to obey the orders of the court.

Done, this day 11th day of August 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE