UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

Howard G. Toole, #917683,
            Plaintiff,

V.                              Case No.: 2:06-CV-696-MHT

James McDonough, et al.,
Troy King, Attorney General
for the State of Alabama,
            Defendant(s).

REFER TO: Hon. Vanzetta Penn McPherson, Magistrate Judge

## MOTION TO CLARIFY/OBJECTIONS TO THE ORDER
## UNDER FED. R. COURT, RULE 72(a)

COMES NOW, the Petitioner, Howard G. Toole, and requests this Honorable Court to clarify it's ORDER dated the 11th day of August, 2006. This ORDER directs the Petitioner to conform to Rule 2(d) of the Fed. R. Crim. P. Governing 28 U.S.C. § 2254.

The ORDER, issued by the Honorable Vanzetta Penn McPherson U.S. Magistrate Judge, was found, by the Petitioner, to be unclear and vague. This Petitioner seeks to fully understand the directions of the Court.

This Motion addresses two (2) issues. Part (A) and part (B) are as follows, and relies on Rule 2(e) for the justification of this Motion:

-1-

A.) The Petitioner filed his original Petition in the U.S. District Court for Northern Florida in compliance with Rule 2, subdivision (d), which states:

> "That a single Petition may assert a claim only against the Judgement or Judgements of a single State Court. (i.e., A Court of the same County, OR Judicial District, OR of the same Circuit.) This permits, but does not require, an attack in a single Petition on Judgements based upon seperate indictments or on separate counts."

The Petitioner's Petition is reliant on the fact that his Ground One (1) issue of the violation of the IADA combines both County Courts, that both County Courts are of the same Jurisdiction, that both County Courts are of the same Criminal Division, and that Court proceedings of both Counties, addressing all cases, were rendered by the same Judge, the same District Attorney, and the same Public Defender. In fact, the only thing that separates the two (2) Judgements being challenged is the locations of the two (2) Court houses.

The Record will reflect that the Honorable Circuit Judge presided over the proceedings of all of the charges, irregardless of the geographical location of the proceedings. These cases are not only combined, but are intwined in much the same way as the IADA is Federal, as well as, State Law.

In the directions to the Clerk, by this Court, the Clerk was Ordered to:

1.) Open two (2) seperate civil actions, one (1) for each separate Court Judgement the Petitioner seeks to challenge.

2.) Assign the newly opened cases to the Magistrate Judge and District Judge to which the instant cause of action is assigned.

3.) Place copy of the Petition filed by the Petitioner in the instant action in the newly opened case file.

4.) Refer these case files to the appropriate Magistrate Judge for further proceedings upon completion of the foregoing directives.

The Petitioner would like to stress that he is unskilled in the Law and relies on the Institutional Law Clerks to help him in perfecting his Petition/Motions. The Law Clerks are adequate in Florida State Law and standard Federal Law. However, we have no access to Laws of other States; i.e., Alabama. Nor do we have access to U.S. District Court Local Rules for Alabama. So please, bear with me as I try to formulate my questions for clarification.

The Court ORDERS that the Petitioner shall file a corrected Petition in this action challenging only the Pike

County Judgements, see Local Rule 9.1.(Again, we have no access to local Federal Rules for Alabama.) And that the Petitioner's original Petition shall superseded by an ammended Petition, that states Petitioner shall no longer rely on the original Petition.

The Petitioner is in receipt of one (1) form for filing Habeas Corpus. So, my question is: Will the Petitioner's original Petition be used to challenge the Coffee County Judgement?

Is the form to be considered the Habeas Corpus Petition, or is it merely an application to be considered for the Right to file a Habeas Corpus Petition?

Furthermore, after reviewing the Petitioner's Record, and his original Petition, I am at a loss as to how the judgements of the two (2) Counties in question might adequately be separated given the amount of time this Court has allowed the Petitioner. The Petitioner relates to this Court that over five (5) months were required to perfect the original Petition.

B.) OBJECTIONS, IN ACCORDANCE WITH FED. R. COURT 72(a)

The Petitioner objects to the Court's Order directing him to adhere to Rule 2(d) without consideration given to the Petitioner's circumstances or consideration of Rule 2 in it's entirety; i.e. Advisory Committee Notes on Rule 2, subdivision(d). Please Note: In 2004 Rule 5(e) was enforced, which says that the Petition must be filed by the Clerk even if the Rules are not conformed to.

With all due respect to this Court, this Petitioner will make every effort possible to adhere to the Rules of Court,

and the ORDERS and directives issued by this Court. With this spirit in mind, the Petitioner begs this Court to waive it's Ruling as to Rule 2(d), given the Petitioner's unusual circumstances and allow his original Petition to stand-as is.

This Motion is entered to this Court in good faith.

Respectfully Submitted,

Howard Toole, 8-16-06
Howard G. Toole, #917683
Apalachee Correctional Inst.
52 West Unit Drive
Sneads, Florida  32460

PROVIDED TO APALACHEE CORRECTIONAL
INSTITUTION ON 8-16-06 FOR MAILING
DATE

## CERTIFICATE OF SERVICE

I, Howard G. Toole, Plaintiff, HEREBY CERTIFY, that a true and correct copy of the foregoing Motion to Clarify/ Objections to the Order has been furnished, by U.S. Mail, Postage Paid, to the parties referenced below, this 16th day of August, 2006.

Howard G. Toole, #917683
Apalachee Correctional Inst.
52 West Unit Drive
Sneads, Florida    32460

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. Box 711
Montgomery, Alabama  36101-0711

cc: Copy retained for Petitioner's Personal file.

PROVIDED TO APALACHEE CORRECTIONAL
NSTITUTION ON 8-16-06 FOR MAILING
DATE