# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

Howard G. Toole, #917683,
Plaintiff,

V.

Case No.: 2:06-CV-696-MHT

James McDonough, et.al.,
Troy King, Attorney General
for the State of Alabama,
Defendant(s).

REFER TO: Hon. Vanzetta Penn McPherson, Magistrate Judge.

## MOTION FOR ENLARGEMENT OF TIME

I, Plaintiff Howard G. Toole, pursuant to Rule 45(b), Federal Rules of Criminal Procedure, HEREBY files this, his Motion for Enlargement of Time, moving the Court to extend the time the Plaintiff has to respond to this Court's Order dated 8-11-06, regarding an ORDER THAT ON OR BEFORE 8-25-06 Petitioner shall file a corrected Petition which challenges only the Judgements of Pike County, Alabama Circuit Court in compliance with F.R.Gov. 28 U.S.C. 2254 Rule 2(d)/Local Rule 9.1.

As grounds for this Motion for Enlargement of Time the Plaintiff states:

-1-

1.) The Petitioner is not skilled in State, nor Federal, Law, and relies on Law Clerks at the Law Library to perfect his Motion. At this time, this Institution has only one (1) Law Clerk for more than 800 inmates.

2.) The Petitioner is under "pending transfer" to another Institution at this time. Should he be forced to leave this Institution before his Petition is completed, he will be in a state of perpetual limbo for 7-10 days before having access to his new Institution's Law Library.

3.) THE PETITIONER WILL MAKE EVERY EFFORT TO COMPLY with this Court's Order by the 25th day of August, 2006. However, this request for Enlargement of Time is being made in Good Faith to insure that the Petitioner's Petition is properly and timely filed. THIS COURT'S ORDER REFERS TO FED. R. CRIM. P. Gov. 28 U.S.C. §2254, Rule 2(d), which REQUIRES seperate petitions to be filed when challenging more than one (1) Judgement in different Courts of Jurisdiction. The Petitioner's original Petition, filed in the U.S. District Court for NORTHERN FLORIDA, was procedurally correct, in that it was filed in the state of immediate incarceration, which by Federal Rule is optional. In compliance with **Rule 2, subdivision (d)**, which states:

> "That a SINGLE Petition may assert a claim only against the Judgement or Judgements of a SINGLE STATE COURT. (i.e., A Court of the same County, <u>OR Judicial District, OR</u>

-2-

of the <u>SAME CIRCUIT</u>.) This <u>Permits</u>, but <u>does not Require</u>, an attack in a single Petition on Judgements based upon seperate indictments or on seperate counts."

In this cause the offenses were in seperate Counties. However, both Counties, Coffee and Pike, are of the same Criminal Division, and the same Judicial Circuit. All three (3) counts, two (2) of which are from Pike County, and one (1) of which is from Coffee County, share the same Judge, the same prosecutor, and the same Public Defender. Issues of the Pike and Coffee County offenses were consolidated and addressed in both County Courts. The Judgement and Sentences for both Counties was rendered in Coffee County Court.

As reflected on the face of the Record it is virtually impossible to address the Pike County offenses without the Coffee County offenses, as they are all intermingled and intwined. Please give consideration to this fact when determining this plea for enlargement of time to perfect another Petition.

WHEREFORE, the Plaintiff requests this Enlargement of Time in the above-styled cause be granted for a period of time of <u>twenty (20) days</u> to and including <u>September 9th, 2006</u>.

Respectfully Submitted,

*Howard Toole*, 8-16-06
Howard G. Toole, #917683
Apalachee Correctional Inst.
52 West Unit Drive
Sneads, Florida 32460

PROVIDED TO APALACHEE CORRECTIONAL INSTITUTION ON 8-16-06 FOR MAILING
DATE

-3-