# UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA

HOWARD G. TOOLE, #917683,
PETITIONER

V.                                              CASE NO: 1:06-CV-696-MHT

JAMES McDONOUGH, et. al.
TROY KING ATTORNEY GEN.
FOR THE STATE OF ALABAMA
RESPONDENT(S)

Refer to: HON. ~~~~~~~~ VANZETTA PENN McPHERSON, MAGISTRATE JUDGE

## MOTION FOR OBJECTIONS TO THE ORDER UNDER FED. R. COURT, RULE 72(a)

COMES NOW, the Petitioner, HOWARD G. TOOLE, and presents/ offers, the following OBJECTIONS to the Courts ORDER that Directs Him to Resubmit his original Petition to conform to RULE 2(d), of the FED. R. CRIMINAL P., Governing 28 U.S.C. § 2254.

1.) THE PETITIONER AVERS, that his original Petition filed in the, NORTHERN DISTRICT OF FLORIDA, MET WITH THE STADARDS REQUIRED for that Court. THE PETITIONER IS unskilled in the LAW. His Petition, over five (5) months in the making, was perfected with the aid of law Clerks at his previous institution, and does "Substantially" conform

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

1.) CONTINUED

to Rule 2., SEE: SUB-DIVISION (e). THE Petitioner did not file any 'OBJECTIONS' to his Petition being transferred to the MIDDLE DISTRICT OF ALABAMA, because to Court's Reasons for doing so are as follows

"THE DISTRICT OF CONVICTION WOULD APPEAR TO BE THE MOST CONVENIENT FOR WITNESSES SHOULD AN EVIDENTIARY HEARING BE NECESSARY" THE COURT CITED; MITCHELL V. HENDERSON, 432 F. 2d 435, 436 (5th Cir. 1970) and, PARKER V. SINGLETARY, 974 F. 2d 1562, 1582, n. 118 (11th Cir. 1992). Per., ALLAN KORNBLUM, U.S. MAGISTRATE JUDGE.

In RULE 2., SUB-DIVISION (e). GOVERNING §2254 is allowed to Request of THE COURT to WAIVE a Rule due to extrodinary CIRCUMSTANCES. The Petitioner asserts that in this Cause, such "EXTRODINARY CIRCUMSTANCES" do exist, and thus his REQEST TO Waive Rule 9.1, should be granted, and gives the following as Reason for such.

This Petition arises out of issues that are not only combined but are also intwined. The violations are both Constitutional as well as State. Laws that have been adopted from Federal law by every State in the UNION.
The Cases, albeit are from two (2) separate Counties, are by geological location only, are all that separates them. The Courts are of the same Judicial Circuit. The Courts are of the same Criminal DIVISION. The Presiding Judge, Honorable THOMAS E. HEAD III, Ruled on both cases in both County's, Pike and Coffee. The Attorney for the State, MR. GARY L. McALILEY, Prosecuted both cases. The Public Defender, MR. STEVE BLAIR, ESQ., was Attorney for the Defense in both County's.
In vertually every proceeding, and every motion for both cases in both County's were addressed at the same time. The minutes/TRANscripts, of every hearing in both Courts will Reflect these facts.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

FOR the Petitioner to be able to separate these cases and resubmit them even with the aid of the institutional law clerks would be a formidable task to say the least. And for the Court to even consider dismissing the Petitioner's Petition without prejudice to allow time to acheive this task would place the Petitioner's one (1) year period of limitation pursuant to, 28 U.S.C. § 2244(d) in grave jeopardy. The Petitioner would like to point out that Rule 2(d), is optional in that it states; The Petition must substantially follow <u>either</u> the form Appended, <u>or</u> prescribed by local Rule.

2.) The Petitioner's Petition as is states specific facts. These facts consist of sufficient detail to enable the District Court to determine from the Petition alone that it merits review. This is consistent with Rule 2, n.3, that further states, even if a Petition is undeveloped, it still satisfy's requirement if it states facts that point to the Real Responsibility of Constitutional error.

3.) In Rule 4, preliminary consideration by a Magistrate Judge states thusly:

> THE ORIGINAL PETITION <u>SHALL</u> BE PRESENTED TO A JUDGE OF THE DISTRICT COURT. IN ACCORDANCE WITH THE PROCEDURES OF THE COURT. THE PETITION <u>SHALL</u> BE EXAMINED PROMPTLY BY THE JUDGE TO WHOM IT IS ASSIGNED. IF IT PLAINLY EXHIBITS THAT IT DOES NOT ENTITLE RELIEF, THE JUDGE WILL ORDER A SUMMERY DISMISSAL AND NOTIFY THE PETITIONER.

In this cause the Judge accepted the Petition as is, and subsequently transferred it to the Middle District of Alabama. NOT TO BE AMENDED OR REWRITTEN, BUT TO BE REVIEWED.

THE PETITIONER does understand the convenience and benifit to the Court by prescribing the use of local applications and forms. However, with regard to the Petitioner's circumstances it is not un-reasonable for the Petitioner to request that the Court waive Local Rule, 9.1, and accept the Petitioner's originally submitted Petition. The Petitioner's Petition contains Real Constitutional violations which are

Apparent throughout the Petition.

Rule 4, further states:

> That if the Petitioner is not notified of Summary Dismissal "THE JUDGE SHALL ORDER THE RESPONDANT'S TO FILE AN ANSWER TO THE PLEADING WITHIN A FIXED TIME PERIOD BY THE COURT, OR ORDER OTHER ACTION DEEMED APPROPRIATE, AND A COPY OF THE PETITION SHALL BE SERVED ON THE RESPONDANT AND THE ATTORNEY GENERAL." And, "IF SUMMARY DISMISSAL IS NOT PROMPTLY ORDERED, THE JUDGE MUST ORDER THE RESPONDANT to FILE AN ANSWER PLEADING TO THE PETITION." SEE: 28 U.S.C., § 2243. THAT REQUIRES THAT THE PETITION/WRIT SHALL BE AWARDED, OR AN ORDER ISSUED TO SHOW CAUSE.

THE PETITIONER begs this Court not to focus on the convenience of benifit of the Local Rule 9.1, but instead give consideration to the hardship placed on the Petitioner by the enforcement of Rule 2,(d). Rule 2 incompasses many Sections, and Sub-Sections, as well as notes of opinion. The Petitioner insists that his Petition substantially comply's with Rule 2, or as best that he can given the circumstances that have arisen from what the Petitioner was a simple transfer of the Petition, for the convenience of local witnesses.

With regard to the facts mentioned herein, the Petitioner prays that this Court waive Rule 2(d) and local Rule 9.1, and allow the Petitioner's Original Petition stand as is.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

THE PETITIONER submits this his "Motion for Objections to the ORDER", in good faith, and gives an "UNNOTARIZED OATH" that the reasons given above are statements of fact.

I THE PETITIONER, HOWARD G. TOOLE, do hereby declare, under penalty of perjury, sware and affirm THAT THE FORGOING INSTRUMENT, AND THE FACTS AND MATTERS STATED HEREIN ARE TRUE AND CORRECT, SWORN TO THIS 27th day of August 2006.

*Howard Toole*
HOWARD G. TOOLE, #917683, E-1204
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BLVD.
ZEPHYRHILLS, FLORIDA 33541-9701

-5-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished by U.S. Mail to the Hpnorable CLERK OF THE COURT, U.S. DIST. COURT, MIDDLE DIST. ALA. MONTGOMERY ALABAMA, this 27th day of AUGUST, 2006, Via Institutional Mail Handlers.

Vernard Tooh   DC# 317687
Zephyrhills Correctional Institution
2739 Gall Boulevard, M.B. # E-1204-L
Zephyrhills, Florida 33541

-8-

#59