PROVIDED TO ZEPHYRHILLS
ON 9-19-06 FOR MAILING.

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2006 SEP 21 A 9: 44

| United States District Court | District _Middle District of ALABAMA_ |
|---|---|
| Name (under which you were convicted): _Howard G. Toole_ | Docket or Case No.: _2:06-CV-119-MHT_ |
| Place of Confinement: _ZEPHYRHILLS CORR. INST._ _2739 GALL BOULEVARD_ _ZEPHYRHILLS, FLORIDA 33541-9701_ | Prisoner No.: _1:06CV 696·MHT_ _C-917683_ |

| Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner) |
|---|
| _HOWARD G. TOOLE_            v.            _JAMES McDONOUGH, et. al._ |
| The Attorney General of the State of _TROY KING, STATE OF ALABAMA_ |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _The Circuit Court for the 'Twelth Judicial Circuit', in and for Coffee County ALABAMA._

   (b) Criminal docket or case number (if you know): _CC-05-149._

2. (a) Date of the judgment of conviction (if you know): _10th day of May, 2005_

   (b) Date of sentencing: _10th day of May, 2005._

3. Length of sentence: _TWENTY (20) years / Five (5) years, MANDITORY_

4. In this case, were you convicted on more than one count or of more than one crime?    Yes ☐    No ☑

5. Identify all crimes of which you were convicted and sentenced in this case: _Count #1, Pharmacy Robbery, First degree felony._

6. (a) What was your plea? (Check one)

   (1) Not guilty ☐        (3) Nolo contendere (no contest) ☐

   (2) Guilty ☑            (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____ N/A _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑   No ☐

9. If you did appeal, answer the following:

(a) Name of court: *Circuit Court, 12th Judicial Cir., Enterprise Division, Coffee County.*

(b) Docket or case number (if you know): *CC-05-149*

(c) Result: *Petition for Writ ☒ Hab. Corp./Belated Appeal. Dismissed as Untimely.*

(d) Date of result (if you know): *7th day of November, 2005*

(e) Citation to the case (if you know): *NONE*

(f) Grounds raised: *Procedural Impediment by State that bars timely filing of Direct APPEAL. Direct Violations of "INTERSTATE AGREEMENT ON DETAINER ACT". And, Related Violations of The UNITED STATES CONSTITUTION; i.e. Violations of Due Process Clause, and Violation of SPEEDY TRIAL CLAUSE.*

_____

(g) Did you seek further review by a higher state court?    Yes ☑   No ☐

If yes, answer the following:

(1) Name of court: *ALABAMA CRIMINAL COURT OF APPEAL*

(2) Docket or case number (if you know): *CIR-05-0803*

(3) Result: *The Court treated Petitioner's, WRIT OF Hab. Corp. For Belated APPEAL AS A, MANDAMUS, AND DISMISSED, EX PARTE.*

(4) Date of result (if you know): *23rd day of ~~February~~ February 2006.*

(5) Citation to the case (if you know): *NONE*

(6) Grounds raised: *Procedural Impediment by the State barring Direct Appeal. Direct Violation of "Interstate Agreement on Detainer ACT." AND Related Violations of "UNITED STATES CONSTITUTION"; i.e. DUE PROCESS Clause, and Speedy Trial Clause.*

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ☑

    If yes, answer the following:

    (1) Docket or case number (if you know): _____ *NONE* _____

    (2) Result: _____

    _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: *CRIMINAL COURT OF APPEAL, FOR STATE OF ALABAMA.*

        (2) Docket or case number (if you know): *CR-05-0803.*

        (3) Date of filing (if you know): *9th day of May, 2005.*

        (4) Nature of the proceeding: *MOTION TO GRANT LEAVE TO PROCEED TO ALABAMA SUPREME CT.*

        (5) Grounds raised: *(1.) Impediments by the State that directly effected Petitioner's ability to timely file a Procedurally correct, Direct Appeal. (2.) Direct Violations of "Interstate Agreement on Detainers Act."; (IADA), (3.) Court's refusal to review Petitioner's Claims, denying him Due Process. (4.) Denial of access to Court, by ignoring Petitioners pleas for Material Information That would assisT in his attempts at Procedural Correctness, i.e. Al. R. App. Proc., Al. R. Crim. P., and Al. Crim. Code. These Materials are not available in Fl. Corr. Inst. Law Libraries. Petitioner submitted to both, Fl./Ala., Letters and Requests, as well as cover pages on all Motions for help. All Requests ignored.*

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

            Yes ☐ No ☑

        (7) Result: _____

        (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____

        (5) Grounds raised: _____

        _____

        _____

        _____

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1)  First petition:        Yes ☑  No ❑

    (2)  Second petition:    Yes ☑  No ❑

    (3)  Third petition:       Yes ❑  No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: *After Petitioner's Motion Request for leave to proceed to Supreme Court was Ex Parte Dismissed; it was evident that the Courts of Alabama, had no intention/interest in Reviewing the Petitioner's Claims. The Petitioner made every Good Faith Effort in this Respect.*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *Violations of the " INTERSTATE AGREEMENT ON DETAINER ACT," and Related violations of the U.S. Constitution. Right to Due Process, Right to Speedy Trial.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *The state of Alabama failed to comply with the provisions and procedures setforth and mandated in the (IADA). Alabama's failure to enforce the provisions of the 'ACT', resulted in the Petitioner's Judgement of Guilt for offenses that should have been Dismissed. Petitioner's Counsel filed a timely "Motion to Dismiss." The State responded, and in thier Response admitted that Alabama did violate the (IADA), in that, they did not extradite Petitioner from Florida until well beyond 180 days mandated for trial. The Court's contention was that "STRICT" compliance with the (IADA) is Required of the Defendant. Continued; SEE: 12, A-1.*

(b) If you did not exhaust your state remedies on Ground One, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑ No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑ No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Petition Writ Habeas Corpus/Belated Appeal.*

Name and location of the court where the motion or petition was filed: *Circuit Court for 12th Judicial Circuit, Coffee County, Enterprise Division.*

Docket or case number (if you know): *CC-05-149*

Date of the court's decision: *7th day of November 2005.*

Result (attach a copy of the court's opinion or order, if available): *The Court Ruled that Petitioner's Motion was untimely.*

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Criminal Court of Appeal for Alabama/Montgomery Alabama.*

Docket or case number (if you know): *CR-05-0803.*

Date of the court's decision: *23 rd. day of February, 2006.*

Result (attach a copy of the court's opinion or order, if available): *Court treated Petitioner's Writ of Habeas Corpus for Belated Appeal as a Mandamus and Dismissed.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *Petitioner file Motion to Grant leave to Proceed to Alabama Supreme Court, with the Criminal Court of Appeal for Alabama.*

GROUND TWO: *Newly Discovered Evidence; "Conflict of Interest," by: Counsel for the Defense, Resulting in Denial of Due Process.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *In preparing Petitioner's Petition, many discrepancies were discovered between Client/Counsel defense strategies, as well as dates of events on actual paperwork, and dates on filings of Motions/orders by Clerk of Court. Petitioner admits that for the most part Counsel did a good job on Petitioner's behalf. However, in a more thorough Review of the Record/Case file, the Petitioner discovered a startling Document. Continued on page 12, B-1; SEE ATTACHED.*

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why: _Ground Two did not_
_come to the Petitioner's attention until he start to pre_
_pare his Fed. Hab. Corp. Originally there was only ground one_
_and ground three._

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ☑

(2) If you did _not_ raise this issue in your direct appeal, explain why: _Ground Two was newly_
_discovered evidence_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** *Denial of access to the Courts/Procedural impediments/ Cause for Procedural Default/Violation of Due Process/Articles I, V, VI, XIV.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Upon sentencing, the Petitioner was advised that he did have a right to Appeal. The Petitioner was being held in the Coffee County jail. The Petitioner was sentenced on 5-10-05. The Petitioner was held in the Coffee County jail for 63 days after sentencing, without the benefit of Counsel or anyone qualified to Assist/Direct the Petitioner in the procedures for Direct Appeal. Continued on page 12, C-1. SEE: ATTACHED.*

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *This issue is based on Reaccuring events that have only now been concluded.*

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐   No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion or petition?

    Yes ❑  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑  No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court

    having jurisdiction?    Yes ☑  No ☐

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

    presenting them: _Petitioner answered yes to 13,a. because he did pre-sent his grounds in his Motion to grant leave._

_____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which

    ground or grounds have not been presented, and state your reasons for not presenting them: _Ground Two is Newly Discovered evidence_

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    Yes ☐  No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a

    copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ❑   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Mr. Steve Blair, BLA-045. 111 East Collage Ave. ENTERPRISE, Alabama 36331. (334)-308-5375,_

(b) At arraignment and plea: _MR. Steve Blair, BLA-045. 111 EAST Collage Ave. ENTERPRISE, Alabama 36331, (334)-308-5375._

(c) At trial: _____

_____

(d) At sentencing: _Mr. Steve Blair, BLA-045. 111 East Collage Ave. ENTERPRISE Alabama 36331. (334)-308-5375._

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❑ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ❑ No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner originally filed his Petition on June 13, 2006.
Judgement & Sentence was Rendered May 10, 2005.
However, Petitioner submitted his Petition to Institut-
ional authority on June 9, 2006. The Petition is
timely filed, per mailbox rule.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d)
provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the
      time for seeking such review;
      (B) the date on which the impediment to filing an application created by State action in violation of the
      Constitution or laws of the United States is removed, if the applicant was prevented from filing by such
      state action;
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the
      right has been newly recognized by the Supreme Court and made retroactively applicable to cases on
      collateral review; or
      (D) the date on which the factual predicate of the claim or claims presented could have been discovered
      through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under
this subsection.

Therefore, petitioner asks that the Court grant the following relief: *That an order be issued to*

*the Circuit Court for the 12th Judicial circuit, Coffee County, To: Dismiss*

*indictments per (IADA) provision with prejudice. And Detainers shall cease to be*

or any other relief to which petitioner may be entitled. *of any force or effect.*

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___19th___ day of

_September, 2006,_____ (month, date, year):

Executed (signed) on __9/19/06___ (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____


* * * * *

GROUND ONE: VIOLATION OF "INTERSTATE AGREEMENT ON DETAINER ACT.", Continued from: Page #6, 12. (A) 1.

When infact only "substantial" compliance is required of the defendant. The state of Florida was very meticulous on the part of the Petitioner in their compliance with the (IADA), as the sending state. SEE: APPENDIX "A". Doc. A-1, A-2, A-3, and A-4. (IADA) Form, Request for disposition. Please Note: Document A-2, it bears the original Case number: GJ-03-516. which was amended to: CC-05-149.

The court avers in it's denial of the Petitioner's "Motion to Dismiss", that the Petitioner arrived in Alabama, on the 17th day of February, 2005., and that such was within the 180 days of reciept of notice for official Disposition of Detainer. The Petitioner makes point that the "ACT" makes no provision for the allowence of 180 days to have defendant at Court. The ACT, clearly stipulates that the defendant `shall` be brought to trial within 180 days.

The Courts are somewhat split on determining exactly when, when official notice is given. The majority favor the date in which the Petitioner have "caused" to be delivered. Thus, the 3rd day of August, 2004., would be the determining date. That would in fact be, 199 days to be delivered to the state of Alabama, and not to trial. However, for the sake of fair play to the Court and not hold it, the Court, to the "Strict" compliance standard, that the court would hold the Petitioner too. The actual date of "Certified delivery" of notice was on the 24th day of August, 2004. That would be 178 days for the Petitioner to be delivered to the state of Alabama, and not to trial. The Petitioner did not make his first appearance in court until the 22nd day of February 2005., adding an additional 5 days to the 178 days. In either case, the state was

12, A-1.

<u>GROUND ONE</u>: Continued.

beyond the <u>180</u> days provided for by the (IADA).
SEE: <u>APPENDIX "A."</u> Doc. <u>A-5</u>, and <u>A-5(a)</u>, Certified mail delivery.
SEE: <u>APPENDIX "A".</u> Doc. <u>A-6</u>, Arraignment.

The Court sets trial date at the <u>13th</u> day of <u>June</u>, 2005. which adds an additional <u>116</u> days, to the <u>199</u> days, that had already elapsed, before the Petitioner could be brought to trial.

The Petitioner asserted his (IADA) violation on the <u>28th</u> day of <u>February</u>, 2005, in a "Motion To Dismiss".
SEE: <u>APPENDIX "A"</u>, Doc. <u>A-7</u>. Motion to Dismiss.

On the <u>2nd</u> day <u>March</u>, 2005, the State Responded. In paragraph One (1), the state admits that it is in fact, in violation of the (IADA) <u>180</u> day Rule. However, they claim that the Petitioner, due to his being in the Holmes County Jail, and the Apalachee Correctional Institution, he had been un-available for prosecution. This is simply not true, and the Petitioner offers the following as facts, in support thereof. SEE: <u>APPENDIX "A".</u> Doc. <u>A-8</u>, and ~~~~~ State Fla. Response to Alabama Detainer.
On the <u>12th</u> day of <u>February</u>, 2003. The Holmes County Sheriffs dept., and Holmes County Jail administrator, Respond to a FAX from Coffee County, asking that a hold/Detainer, be placed on the Petitioner and that Notification would be given for pick up of Petitioner at completion of Holmes County proceedings.
SEE: <u>APPENDIX "A".</u> Doc. <u>A-8</u>, Response from Holmes County, to Enterprise P.D. Coffee County.

12, A-2.

GROUND ONE: Continued.

On or about the 16th day of February, 2004., the Petitioner's Charges in the State of Florida were Resolved. Per Request previously submitted by Alabama, the state of Florida informed Alabama that the Petitioner was now available for extradition. The Petitioner let it be known to the Jail officials that he would not appose extradition.

Approximately (10), ten calender days later, the Petitioner was then transported to, the Dept. of Corrections Reception Center, in Lake Butler Florida. At this same time the state of Alabama lodged a follow-on Detainer against the Petitioner with the Florida Dept. of Corrections.
SEE: APPENDIX "A", Doc. A-9., Notice of Detainer from Alabama.

This document's two, separate occasions whereby, the State of Alabama lodged Detainers instead of implementing extradition proceedings.

On the 1st day of April, 2004., the Petitioner arrived at his permanent Institution, "Apalachee Correctional, in Sneads Florida, approximately sixty, (60) miles from Coffee County Alabama. Twelve (12) days later the Florida Dept. of Corrections acknowledges Alabamas Detainer, informing them that the Petitioner's new location is the Apalachee West Unit. Please Note: That at no time did Alabama not Know the location of the Petitioner. The State of Florida promptly Responded to all of Alabama's inquirey's. The Petitioner was Roughly a one, (1) hour drive from Coffee County Alabama. SEE: APPENDIX "A" Doc. A-10, Detainer Acknowledged.

12, A-3.

GROUND ONE: Continued.

In Regard to the States Response to Petitioner's "Motion to Dismiss", the foregoing facts and Documentation Renders the excuse of Petitioner's unavailabity, moot.

As to the states second excuse in paragraph 2, 3, and 4., the Petitioner's Conviction in the State of Florida has no barring whatsoever on the Violations of the "Interstate Agreement on Detainer Act". And, the States Contention that, "it is in the interest of no one that the Defendant's indictment be dismissed," is in the Petitioner's opinion, ludicrous.

SEE: APPENDIX "A". Doc. A-11, and A-11(a). State Response to Motion to dismiss.

### DETAINER STATUS FOR FLORIDA PRISONER'S.

The Petitioner would bring to the attention of this Court, that it is the policy of the, Florida Dept. of Corrections, here and after Refered to as (F.D.O.C.) to place an H.O.-4, security status on prisoner's. This is the second highest security grade a prisoner can recieve. It places restrictions on Housing, work and Job assignments. Visitation, Phone, and Mail monitoring is intensified. Transfers are severely scrutinized, and Vocational Oppertunities are suspended. Security status is set and shall Remain, until the Detainer is suspended. The enviorment is stressful and depressing in the extreme, and the uncertainties of what lies ahead weigh heavily on the mind. For these reasons the Petitioner implemented disposition of the detainer thru the (IADA). SEE: Article, I of the (IADA).

12, A-4.

<u>GROUND ONE</u>: continued.

On the <u>27th</u> day of <u>December</u>, 2004., the (F.D.O.C.) submitted a letter to the District Attorney's Office, in Enterprise Alabama, Coffee County, informing them, that over 90 days had elapsed, and to ~~there~~ advise if it was Alabama's intent to accept Custody of the Petitioner. SEE: <u>APPENDIX "A"</u> Doc. <u>A-12</u> letter from F.D.O.C. to District ATTY. OFFICE.

Clearly the Office of the District Attorney, for Coffee County Alabama, new the whereabouts of the Petitioner at all times. Detainer's were lodged and up-dated during the Petitioner's every move. Easily, the State of Alabama could have envoked the provision's of the (IADA) themselves. However, it was the Petitioner, who sought disposition of the Alabama Indictments.

In Article 3,a., of the (IADA), it's literal wording and use of the words, "<u>Must</u> and <u>Shall</u>", are unmistakable in their meaning. Which states: "He or She shall be brought to trial within 180 days after the prisoner shall have "Caused" to be delivered to the prosecuting officer, and the appropriate Court of the prosecuting officer's Jurisdiction." At this time the Petitioner would note; that the Recieving state did not Request any continuance, nor did the Petitioner make any Request for said same.

In Article 5,c., of the (IADA), the provision provides that. "or in the event that an action on an indictment, information, or complaint, on the basis of which the Detainer has been

12, A-5.

<u>GROUND ONE</u>: continued.

lodged, is not brought to trial within the period provided in Article 3, and Article 4, the appropriate Court of the Jurisdiction where the indictment, information, or complaint has been pending "Shall" enter an order dismissing the Same, with prejudice, and any Detainer based thereon Shall cease to be of any force or effect."

In Article 7, of the (IADA), the provision States: "Each STATE party to this agreement Shall designate an officer who, acting jointly with like officer's of other party States, Shall promulgate Rules and Regulations to carry out more effectively the terms, and provisions of this agreement, and who Shall provide, within and without the State, information necessary to the effective operation of this agreement,

Whether the States delay in bring the Petitioner to trial was deliberate or not, is not at issue. The fact Remains that the (IADA) provides for any and all contingencies. The two party States, working together in tandem, are fully aware of the procedures and provisions that are Mandatory in the agreement. The Petitioner made it his business to Know, understand, and execute the (IADA). His Compliance was extremely substantial. Can the State be held to a lesser standard than that of the Petitioner?

12, A-6.

<u>GROUND ONE</u>: continued.

In the Court's Order to Deny the Petitioner's Motion to Dismiss. dated the <u>18th</u> day of <u>March</u>, 2005.

In the Court's Rendition for it's Reasons for Dening the Petitioner Motion, it clouds the issue with circumstances that are beyond the control of the Petitioner. The Court makes reference to the Clerk of the Courts stamp dated <u>28th</u> day of <u>October</u>, 2004. The Petitioner would ask, is not the Clerk of Court Responsible everything that addressed to his office? Does the Court expect that the Petitioner be held accountable for the Clerks negligence? SEE: <u>APPENDIX "A"</u> Doc. <u>A-13</u>, <u>A-14</u>, and <u>A-15</u>.

The Court then refers to District Attorney, Mark Fuller, no longer working for Coffee County's, 12th Judicial Circuit. But was then serving as a, UNITED STATES DISTRICT JUDGE for the MIDDLE DISTRICT OF ALABAMA. And that the District ATTORNEY'S office had failed to open an official case file until the Petitioner's arrival in Coffee County. It would seem that after His Honor, Mr. Mark Fuller, left the District Attorney's office, it's high standard of performance fell to a less than "strict" compliance to the provisions of the (IADA) that the Court has held the Petitioner too.

The Court then Refers to the Petitioner not accepting the the States plea offer of a "Life Sentence" for a Guilty Plea. I'm sure the Court will understand the Petitioner's decision to decline the states generous offer.

The Court then refers to the 5 day delay in getting the Petitioner to first appearance/araignment, that added an additional <u>5</u> days to the <u>199</u> days.

12, A-7.

<u>GROUND ONE</u>: continued.

The Court then Refers to the Petitioner's change of Plea. This was a strategic decision by counsel due to the Petitioner's diagnosed Dysthymia/Major Depression disorder, for which he is PRESCRIBED, 40 mg. Prozac, and 300 mg. of Seraquil daily. This was to determine the Petitioner's state of mind at the time the offense were comitted. Which was over two, (2) years prior to Petitioner being brought to Alabama for disposition of the indictment. SEE: <u>APPENDIX "A"</u> Doc. <u>A-16</u>.

On page two of the Court's ORDER to deny the Petitioner's Motion to Dismiss. The Court refers to Material findings. The Court contradicts the State with it's declaration of the Petitioner's Return to Alabama before 180 days. However, the issue is not whether or not the Petitioner was brought to the Recieving State within 180 days, but that trial had been set, or it would appear not even contemplated before or within 180 days.

The Court then Refers to the prosecuting authority not having any control over the Court Calendar, or trial docket. The 180 day provision takes into account the factor of the Courts Calendar/docket.

Again the Court refers to the Petitioner's conviction in the sending state, along with the courts intent to impose concecutive sentencing. This would seem a little pre-mature on the Courts behalf.

12, A-8.

GROUND ONE: continued.

The Court refers to the Petitioner not suffering from any "prejudice" from a short delay of trial until June of 2005.

The Petitioner would ask this Court. Exactly how does the State of Alabama, or more precisely, Coffee County and the 12th Judicial circuit, view the (IADA)? Are not it's provisions and procedures set up for the mutual benifit of both the Court, and the Petitioner? Is not the (IADA) both Federal and State Law? Does not the "ACT" protect both the Due Process, and Speedy Trial Clauses, of the UNITED STATES CONSTITUTION? Are not the provisions mandated, so as not to be misconstrued by either the Petitioner, nor the Prosecutor of State or Federal Government? Does not the literal wording of, "Shall and must," mean exactly that? Instead of, Maybe, Sometimes, or not necessarily. Lastly, did the Petitioner suffer any prejudice from what the Court deemed, a short delay in trial? From August 3rd, 2004 until June 13, 2005 amounts to 314 days from the day Petitioner "Caused" to be delivered to the Recieving state. The Court would ex- cuse "mere negligence" on the part of the state, and yet hold the Petitioner to a "strict" compliance to the provisions of the (IADA), where only "substantial" compliance is Required.

The Court's blind eye to the facts, and contempt for the Petit- ioner, is made obvious by the Court's Refusal to adhere to state

12, A-9.

GROUND ONE: Continued.

and Federal Laws that are not only connected, but intertwined.
SEE: APPENDIX "A". Doc. A-13, A-14, and A-15. Courts Order denying
Petitioners Motion to Dismiss.

On the 13th day of April, 2005. Counsel for the Petitioner
submitted a Motion to supplement the Record, pertaining to
the (IADA). Citing criminal Jury Terms that were sched-
uled in the 12th Judicial Circuit

For the Enterprise Division of Coffee County:
① A two week term beginning the 13th day of September, 2004.
② A one week term beginning the 10th day of January, 2005.

The Motion points out that the state had ample opportunity to
bring the Petitioner to trial. And that the State admits that more
than 180 days had elapsed since the Petitioner gave notice
through the (IADA).
SEE: APPENDIX "A". Doc. A-17, and A-18. Motion to Supplement Record.

On the 10th day of May, 2005, the Petitioner entered into a plea
agreement to plead guilty to the offense.
SEE: APPENDIX "A" Doc. A-19, thru A-22. Guilty plea and Sentencing order.

The Petitioner feels that at this stage of the proceedings
something went terribly wrong. The Petitioner went to court that
with the understanding that he may pick a jury for trial. As to

12, A-10.

<u>GROUND ONE</u>: Continued.

this understanding of the Courts intent, was derived from his Counsel comming to visit him the previous evening at the Countly Jail.

When the Petitioner arrived at Court that morning. Counsel informed the Petitioner that the State had offered a substantially reduced plea offer from their adamant stand of a life sentence, and the Court's relentless threat of consecutive Sentencing. Counsel assured the Petitioner that his (IADA) Claims where preserved on the face of the Record due to his "motions to Dismiss", and advised the Petitioner that the offer was on the table for right then only. The Petitioner States that he was upset and confused, and that his thinking was still clouded from the effects of his medication from the evening before. <u>Note</u>: The psychotropic medication, serequil, induces deep sleep. The Petitioner suffers from racing thoughts that prevent his ability to fall to sleep. Petitioner's statement to the Court during his plea Colloquy will reflect the Petitioner's Confusion, and indecisiveness. However, the Petitioner does not have a copy of that part of the plea Colloquy; it may never have been transcribed. Perhaps this Court can secure a copy of Petitioner's Statement.

The Petitioner allows, that the only discrepancy in his plea, lies in the last line of the last page. The Petitioner was advised that he did reserve his right to Appeal, and Counsel assured

12, A-11

GROUND ONE: Continued.

him that his (IADA) Claims were preserved.

The Petitioner has no, none, recollection of a discussion about not reserving issues for Appeal. Counsel for the Petitioner was well aware that his client intended to Appeal his (IADA) Claims.

## Ground One Summary

The Petitioner has shown that he was in compliance with the Rules, Provisions, and Procedures, of the (IADA). Also, that said Compliance was more than substantial, which is all that is required on the part of the Petitioner. The Petitioner asserted his Rights, as provided for by Rule. Every aspect of the Petitioner's Claims were justified, in that the State Court should have adhered to the provisions of the (IADA), that mandate Dismissal of the indictment's, as provided for in the ACT.

The Court's use of frivalous issues to Deny the Motion to Dismiss, such as the seriousness of the Charge; which would seem to be an afterthought by the court, considering the States non-compliance with the (IADA) in the first place. Then the use of the Petitioner's out of State convictions. That the Petitioner must be held to a "strict" compliance as apposed to a

## Ground One, Summary Continued

"substantial" compliance. And, the acceptability by the Court of, "mere negligence" on the part of the State that essentially excuses the prosecutor, and heaps the responsibility of Correctness onto the Petitioner. Where as, the State is well aware of, or should be, all the Rules, Provisions, and Procedures, of the (IADA). As the Petitioner is even less than a layman of the law.

The (IADA) was in Violation even before the Petitioner was transported to the Recieving State. The Court Revealed it's Contempt, and prejudice for the Petitioner by it's very action. Throughout the entire proceedings, from February 17th 2005, until May 10th 2005., the Court the Court denied all the Petitioner's assertions Concerning the (IADA). The Court nor the State, never let an opportunity pass, that it did not make the Petitioner aware of their intent to, try, Convict, Sentence the Petitioner to Consecutive life sentences. The Court let it be known that the Petitioner's assertions of of his (IADA) Claims were Moot, irregardless of the facts.

In the Plea Colloquy, the Court makes clear the Relinquishments of the Petitioner's Rights too: Trial by Judge or Jury. His Right to Confrontation. His Right to present witnesses on his behalf. And, his Right against Compulsory self-incrimination. Never once throughout the plea colloquy did the Court stipulate to the Petitioner, not Reserving issues for Appeal as a Right to does so, or the need thereof. The Court

12, A-13

## Ground One, Summary Continued.

Could have established an indisputable acknowledgment of this when it stipulated to all the other Rights the Petitioner was giving up. Whereby, for a defendant to waive a specific Right. It must be an intentional Relinquishment of a known Right. Not Something slipped in at the last minute without bringing the specificity to the Petitioner's attention. And, whereby Counsel allowed such to transpire. SEE: Ground Two as to Petitioner's last remark.

The Petitioner believes that the Court lacked Subject Matter Jurisdiction in anything other than Dismissal of the indictment. And, that by Refusing to Dismiss, the Court Violated the Constitutional Rights that the (IADA) protect. These errors by the Court literally divest the Court of it's Jurisdiction.

The Judgement and Sentence were arrived at through tactics, and means, that are somewhat less than honorable, and without the Rudimentary demands of fair procedure. The Petitioner's plea of Guilty does not waive relief for a deprevation of Rights that effect the validity of the plea itself, or through violations of Due Process that challenge the Courts personal and subject Matter Jurisdiction. The Petitioner's Claims of Violations were also asserted before trial/Plea. This action should have forever precluded the State from obtaining a conviction.

The Concludes Petitioner's presentation of Ground One.

12, A-14.

# APPENDIX A

*APPENDIX "A"*
*NEWLY AVAILABLE HTTM DOCUMENT (Access side)*
*APPENDIX B-1*

# INTERSTATE AGREEMENT ON DETAINERS: FORM I

Three Copies. One copy of this form, signed by the inmate and the warden, should be retained for the institution file; one copy should be retained by the inmate; and a signed copy is to be mailed to Central Records, Central Office.

## NOTICE OF UNTRIED INDICTMENT, INFORMATION, OR COMPLAINT AND OF RIGHT TO REQUEST DISPOSITION

Inmate:  TOOLE, Howard G.                    No: 917683

Institution:  APALACHEE CORRECTIONAL INSTITUTION-WEST UNIT

Pursuant to the Agreement on Detainers, you are hereby informed that the following are the untried indictments, informations, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:

ROBBERY OF A PHARMACY: GJ-03-516

You are hereby further advised that by the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information, or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein and a waiver of extradition to the state of trial to serve any sentence there imposed upon you after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information, or complaint, you are to notify the **Classification Supervisor** of the institution in which you are confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information, or complaint is pending may institute proceedings to obtain a final disposition thereof. In such event, you may oppose the request that you be delivered to such prosecuting officer or court. You may request the Governor of this state to

DC6-139 (Revised 9-02)

disapprove any such request for your temporary custody, but you can not oppose delivery on the grounds that the Governor has not affirmatively consented to or ordered such delivery. You are also statutorily entitled to the procedural protections provided in state extradition laws.

Dated: _8/3/04_          Signature: _____

                                              (Warden)

Typed Name:   AL SOLOMON
Institution:   APALACHEE CORRECTIONAL INSTITUTION
Address:   35 APALACHEE DRIVE
City/State:   SNEADS, FLORIDA  32460
Telephone:   850-593-6431  EXT: 104

Inmate Signature: _____   Dated: _8/3/04_
Typed Name:   HOWARD G. TOOLE        No: _917683_
Witness Signature: _____ CPO  Dated: _8/3/04_
Typed Name & Title   W. A. JOHNSON, CPO

DC6-139 (Revised 9-02)

*NEWLY MARKED; APPENDIX "B"*
*DOCUMENT A-2*
*~~DOCUMENT B-2~~*

## INTERSTATE AGREEMENT ON DETAINERS:  FORM II

Six copies, if only one jurisdiction within the state involved has an indictment, information, or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One signed copy is to be retained by the inmate and one copy is to be retained for the institution file.  Four signed copies are to be sent to the Florida Agreement Administrator, who will forward copies to the Agreement Administrator in the receiving state, the prosecuting official in the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter and retain one copy for Central Records, Central Office.  The copies to the prosecuting officials and the court must be transmitted by certified or registered mail return receipt requested.

### INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS

TO:  GARY L. MCALILEY      Prosecuting Officer,   COFFEE

COUNTY      Court   DISTRICT

     (Jurisdiction)           (Jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations, or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in APALACHEE CORRECTIONAL Institution in SNEADS (City) FLORIDA (State) and hereby request that a final disposition be made of the following indictments, informations, or complaints now pending against me:  ROBBERY OF A PHARMACY: GJ-03-516

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, may result in the invalidation of the indictments, informations, or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against me from your state.  I also agree that this request shall be deemed to be my waiver of extradition with respect to any charges or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state.  I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to sender.

The required Form III, Certificate of Inmate Status and Form IV, Offer to Deliver Temporary Custody are attached.

Dated:   8/3/04      Inmate's Signature: *Howard G. Toole*

Typed Inmate's Name & No:   HOWARD G. TOOLE  - DC# 917683

Witness Signature: *W. A. Johnson - CPO*

Typed Name and Title:   W. A. JOHNSON, CPO

DC6-140 (Revised 9-02)

APPENDIX "E"
DOCUMENT E

DOCUMENT A-3

## INTERSTATE AGREEMENT ON DETAINER FORM III

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, a copy of this form should be sent to the prosecutor upon receipt of Form V. Copies should also be sent to all other prosecutors in the same state who have lodged detainers against the inmate.

## CERTIFICATE OF INMATE STATUS

RE: Inmate  TOOLE, HOWARD G.          No:  917683

Institution:  APALACHEE C.I.-WU      Address:  52 WEST UNIT DRIVE,
                                               SNEADS, FL 32460

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the inmate above-named is being held:
   7 YEARS

2. The time already served:  534 DAYS

3. Time remaining to be served (TRD):  12/25/2009

4. The amount of good time earned:  40 DAYS

5. The date of parole eligibility of the inmate:  N/A

6. The decisions of the Board of Parole relating to the inmate:  N/A

7. Maximum expiration date under present sentence:  02/03/2010

8. Detainers currently on file against this inmate from your state are as follows:
   ROBBERY OF A PHARMACY: GJ-03-516  (COFFEE COUNTY)

Dated:  8/3/04        Signature:  _____
                                       (Warden)

Typed Name:  AL SOLOMON
Institution:  APALACHEE CORRECTIONAL INSTITUTION
Address:  35 APALACHEE DRIVE
City/State:  SNEADS, FLORIDA 32460
Telephone:  850-593-6431 EXT: 104  ext. 253

Bill Johnson
Classification Officer | Carolyn
                         ext. 255

DC6-141 (Revised 9-02)

*NEWLY MARKED; APPENDIX "B"*
*DOCUMENT A-4*

~~DOCUMENT B-4~~

# INTERSTATE AGREEMENT ON DETAINERS: FORM IV

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor, this form should be completed after the Governor has indicated his/her approval of the request for temporary custody, expiration of the 30-day period, after completion of Form V-B, and/or successful completion of a (Cuyler v. Adams) hearing. Copies of this form should then be sent to all officials who previously received copies of Form III. Copies mailed to the prosecutor will be sent by certified or registered mail, return receipt requested.

## OFFER TO DELIVER TEMPORARY CUSTODY

TO:  GARY L. MCALILEY
DISTRICT COURT, COFFEE COUNTY          Prosecuting Officer, ___8/3/04___ Date
                                                                                    Jurisdiction,
and to all other prosecuting officers and courts of jurisdiction listed below from which indictments, informations, or complaints are pending.

RE: Inmate  TOOLE, HOWARD G.          No:  917683

Dear Sir:

Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named inmate to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information, or complaint which is (Check appropriate box) [ ] described in the attached inmate's request. [ ] described in your Form V request.

The required Form III, Certificate of Inmate Status, is enclosed.

Indictments, informations, or complaints charging <u>the following offenses are ALSO pending</u> against the inmate in <u>your state</u>, and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purpose of disposing of these indictments, informations, or complaints.

| OFFENSE | COUNTY OR OTHER JURISDICTION |
|---|---|
| ROBBERY: 2003-000133 | PIKE COUNTY |
| | |
| | |

DC6-142 (Revised 9-02)

APPENDIX B

DOCUMENT A-4 (CONT.)

~~DOCUMENT B-4 (cont.)~~

If you do not intend to bring the inmate to trial, please inform us as soon as possible.

**Kindly acknowledge.**

Dated: _8/3/04_          Signature: _____

(Warden)

Typed Name:   AL SOLOMON
Institution:  APALACHEE CORRECTIONAL INSTITUTION
Address:   35 APALACHEE DRIVE
City/State:   SNEADS, FL  32460
Telephone:   850-593-6431  EXT: 104

Inmate has indicated the following (Circle A or B)

A.   My Counsel is _____
     Whose Address is _____

     _____

B.   I request the court to appoint counsel.
     Inmate's Signature: _____

DC6-142 (Revised 9-02)

*NEWLY DISCOVERED*
*DOCUMENT A-5*

*APPENDIX "C"*
~~*DOCUMENT C-H*~~



CERTIFIED MAIL

7001 0320 0002 0684 4919

8/24

1284

Clerk of the Court
Coffee County Courthouse
Enterprise, AL 32460

Florida Dept of Corrections
2601 Blair Stone Road
Tallahassee, FL 32399-2500

Delivered
8-24-04
at 10:33 AM

However, Petitioner caused
to be delivered on 8-3-04

*NEWLY MARKED, APPENDIX A*
*DOCUMENT A-5(a)*



# FLORIDA
# DEPARTMENT of
# CORRECTIONS

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500                    http://www.dc.state.fl.us

August 19, 2004

**REGISTERED MAIL**

The Honorable Mark E. Fuller
District Attorney
98 N Edwards St.
Enterprise, AL 36330

Dear Mr. Fuller:

Re: Howard G. Toole          FL No: 917683

Enclosed are Interstate Agreement on Detainers Forms II, III, and IV for the above referenced inmate who is requesting disposition of charge(s) on Form II. Should you intend to return the above inmate for prosecution, send Interstate Agreement on Detainers Forms VI and VII to Apalachee Correctional Institution, 35 Apalachee Drive, Sneads, FL 32460.

By copy of this letter and upon receipt of Forms VI and VII, the institution is authorized to transfer the inmate to your agent's custody. Please have your agent contract W.A. Johnson, phone 850-593-6431 Ext. 104, prior to arrival to assure that all forms are in order and that the inmate is available for transfer. Please call between the hours of 8:30 AM – 4:30 PM, Monday through Friday.

All jurisdictions in your state who are listed on the enclosed Form IV also must dispose of their charges while the inmate is in Alabama. All prosecutors involved are to file Interstate Agreement on Detainers Form VII with our office.

Upon completion of court proceedings, the inmate must be returned to Florida. Interstate Agreement on Detainers Form IX is to be sent to advise disposition of charges.

If you do not wish to prosecute, let us know and your detainer will be returned.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DMT/af
Enclosures



Cc:    Clerk of the Court, Coffee County Courthouse, Enterprise, AL 32460
       Apalachee CI, Attn: Classification
       AL IAD Administrator
       File

*APPENDIX "C"*
*~~DOCUMENT C-2~~*
*NEWLY MARKED: APPENDIX "A-*
*DOCUMENT, A-6*

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ENTERPRISE DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC-2005-149 |
| HOWARD G. TOOLE, | * | |
| DEFENDANT. | * | |

### ORDER

Defendant being before the Court for arraignment, he did enter a plea of not guilty. Case set for trial during the special jury term commencing June 13, 2005.

DONE THIS THE 22nd day of February, 2005.

_____
CIRCUIT JUDGE

FEB 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

CC: DA
+ Blair

*NEWLY MARKED: APENDIX "A"*
*Document, A-7*

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA      \*

     \*

     \*

VS.      \*    CASE NO. CC 05

     \*

HOWARD GLEN TOOLE,      \*

DEFENDANT.      \*

*[FILED stamp: FEB 2005, FILED, J.M. Co..., Court..., Coffee...]*

## MOTION TO DISMISS INDICTMENT

       Comes now the Defendant by and through counsel and moves the court to dismiss the indictment against the Defendant for and on the following grounds:

       1. Article III of the Uniform Mandatory Disposition of Detainers Act, Section 15-9-80 Code of Alabama requires that the Defendant, "...be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court...his request for a final disposition of indictment;"

       2. The Defendant caused such notice to issue on or about August 3, 2004;

       3. That more than 180 days have lapsed since the date of notice.

       WHEREFORE, the Defendant moves the court to dismiss the captioned indictments.

                 _____

                 Steve Blair     BLA 045

                 Attorney for Defendant

                 111 East College Ave.

                 Enterprise AL 36331

                 334-308-5375

## CERTIFICATE OF SERVICE

       I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 28th day of February, 2005.

                 _____

                 Steve Blair

                 Attorney for Defendant

APPENDIX A
DOCUMENT A-1
A-8

VHE.12:17 02/12/2003 093415
AM.FL0300000.AL0190204.
*0277715605.

.1:17 02/12/2003 10776
1:17 02/12/2003 05122 AL0190204
0277715605
XT .
ROM: HOLMES CO SO
): ENTERPRISE PD
F: TOOLE, HOWARD GLENN WM 08311954.
SSAGE RECEIVED. WE WILL PLACE HOLD FOR YOUR AGENCY AND ADVISE WHEN SUBJECT IS
ADY FOR PICKUP. ALSO PLEASE FAX COPY OF YOUR WARRANT FOR ROBBERY TO THIS DEPT
850 547-5360. THANKS FOR YOUR HELP IN THIS MATTER.
TH/TOM CASTLE/ASST JAIL ADMIN
R/BROWN
} # 0033 MRI # 093415

APPENDIX "A"
DOCUMENT A-8
A-9



# BENJAMIN M. "BEN" MOATES
### SHERIFF
## COFFEE COUNTY SHERIFF'S DEPARTMENT
#### 4 COUNTY COMPLEX
#### NEW BROCKTON, ALABAMA 36351

TELEPHONE
(334) 894-5535

FAX: 334-894-6472
www.ccso@snowhill.com

March 8, 2004

Arlie Collins
Florida Department of Corrections
Detainer Division

RE: Howard Glenn Toole. DC# 917683. White male, DOB: 08-31-54

To Whom It May Concern:

   Please find enclosed a Grand Jury Indictment for Robbery-Pharmacy,
(GJ-03-516).  Please execute warrants and place a detainer on him for the
Coffee County Sheriff's Department.
   Thank you for your assistance in this matter.

Sincerely Yours,

Ben Moates, Sheriff



**FLORIDA
DEPARTMENT of
CORRECTIONS**

Governor
**JEB BUSH**

*An Equal Opportunity Employer*

Secretary
**JAMES V. CROSBY, JR.**

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

```
***************************************************
*   A C K N O W L E D G M E N T    O F    D E T A I N E R   *
***************************************************
```

TO:    Coffee County Sheriff's Department
       4 County Complex
       New Brockton, AL 86351


DATE:          APRIL    13, 2004


REFERENCE:   TOOLE, HOWARD G         AKA:   BOBBY L. BOND
DC#:   917683   RACE: WHITE   SEX: MALE      DATE OF BIRTH: 08/31/1954

CURRENT LOCATION: 101 - APALACHEE WEST UNIT   CURRENT RELEASE DATE: 01/24/2010   TRD

We acknowledge receipt of your request and have marked our records to show a detainer based
upon your teletype/warrant/capias For:
    GJ-03-516 ROBB PHARMACY
    PH 334-894-5535


_____

_____


Any Florida Sheriff or other authorized officer in Florida may secure an inmate for trial prior
to expiration of a sentence by contacting the Sentence Specialist at the inmates current location
and requesting temporary custody.  Upon arrival, officers must produce a copy of a warrant or
court order.  Please contact the departments Detainer Section at the address above to cancel this
detainer immediately after charges are disposed of.

OUT OF STATE AGENCIES:
Agents may assume custody prior to expiration of sentence under the provisions of the Interstate
Agreement on detainers (for participating states) or the Uniform Extraditions Act.

We will notify your agency prior to the release of the inmate.  We direct any questions
regarding this detainer to the Detainer Section at (850) 410-4556.


cc:  Institution
     Central Records

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | IN THE CIRCUIT COURT OF |
| | ) | |
| PLAINTIFF, | ) | COFFEE COUNTY, AL |
| | ) | |
| VS. | ) | ENTERPRISE DIVISION |
| | ) | |
| HOWARD GLENN TOOLE, | ) | |
| | ) | CASE#: CC-2005-_____ |
| DEFENDANT. | ) | |

## STATE'S RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS INDICTMENT

***COMES NOW*** the State of Alabama by and through Thomas T. Anderson, Assistant District Attorney, and in response to the Defendant's Motion to Dismiss Indictment replies on grounds which are as follows:

1. The State admits that those averments set forth in Defendant's motion are in fact true. However, the Defendant has been an inmate of the Holmes County Jail and the Apalachee Correctional Institution, both of Florida, since February of 2003. As a result of the Defendant's out of state incarceration, he has been unavailable to the State of Alabama for prosecution.

2. On February 12, 2004, this Defendant was convicted of ROBBERY WITH A DEADLY WEAPON, CASE NO. 2003-80, Holmes County, Florida; AGGRAVATED BATTERY WITH A DEADLY WEAPON, CASE NO. 2003-80, Holmes County, Florida; AGGRAVATED ASSAULT WITH A WEAPON, CASE NO. 2003-81, Holmes County, Florida AND FLEEING A LAW ENFORCEMENT OFFICER, CASE NO. 2003-81, Holmes County, Florida.

3. The Defendant was sentenced to a term of seven years in the Florida state penitentiary with 372 days credit for time spent in custody awaiting disposition of the aforementioned cases. The Defendant is scheduled for release from the Apalachee Correctional Institution on the 25th day of December, 2009.

*APPENDIX "C"*
*DOCUMENT C-12*

*NEWLY MARKED: APPENDIX "A"*
*DOCUMENT, dated.*
*A-11(a).*

3. Given the Defendant's convictions for which he is now sentenced in Florida, his unavailability to State prosecution and the gravity of the offenses for which he is now charged, the State contends that it is in the interest of no one that Defendant's indictment be dismissed.

**WHEREFORE**, the State prays that this Honorable Court **DENY** the Defendant's Motion to Dismiss Indictment and continue this matter for placement on the next available trial docket.

*Done this the 2nd day of March, 2005.*

Thomas T. Anderson (AND086)
Assistant District Attorney
Twelfth Judicial Circuit

### *CERTIFICATE OF SERVICE*

I, Tom Anderson, Assistant District Attorney, hereby certify that the foregoing has been served upon Hon. Steve Blair by placing a copy of same in the United States Mail, first class postage prepaid on this the 2nd day of March, 2005.

Thomas T. Anderson

*APPENDIX "A"*
*Document, A-12*



**FLORIDA
DEPARTMENT of
CORRECTIONS**

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road ✉Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

December 27, 2004

The Honorable Mark E. Fuller
District Attorney
98 N. Edwards St.
Enterprise, AL  36330

Dear Mr. Fuller:

Re: Toole, Howard G.          Florida DC# 917683

Please refer to your file on the above named Florida inmate who has requested return for trial in your jurisdiction under the Interstate Agreement on Detainers over 90 days ago.

Please advise whether or not you plan to accept temporary custody of our inmate within the 180 days time frame allowed.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DT/af

c: Clerk of the Court, Coffee County Courthouse, Enterprise, AL  36330
   ACI - West, Attn: Classification
   Inmate file

APPENDIX "C"
DOCUMENT C-13

NEWLY MARKED: APPENDIX "A"
Document A-13.

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

VS.                                  *        CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

     DEFENDANT.                    *

<u>ORDER</u>

This cause comes before the Court upon the Defendant's motion to dismiss indictment for non-compliance with the provisions of the "UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT", §§ 15-9-80 et seq., *Alabama Code* (1975). Specifically, Defendant contends that the herein indictment, charging him with the offense of Pharmacy Robbery, First Degree, is due to be dismissed because the State of Alabama failed to comply with Article III of said act by bringing him to trial within 180 days after he issued the required notice. In pertinent part, said article provides that:

> "Whenever a person...he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of his place of imprisonment and his request for a final disposition..."

A copy of the transmitted notice, signed and witnessed on August 3, 2004, is on file and bears the Clerk's stamp with date of October 28, 2004. It appears from the certified mail receipt, however, that the Clerk of Court received said document on August 24, 2004, at 10:33 A.M. It is uncertain who had actual notice of Defendant's request for disposition of detainer, as: (a) the correspondence enclosing Defendant's detainer forms and intended as notice to the prosecuting official was sent via

APPENDIX "C"

DOCUMENT C-14

NEWLY MARKED: APPENDIX "A"
Document, A-14.

registered mail addressed to Honorable Mark E. Fuller, District Attorney, when in fact Mark E. Fuller was then serving as United States District Judge for the Middle District of Alabama, and (b) an official case file did not exist until February 17, 2005, when the Defendant was arrested on the indictment and returned to Alabama, of which latter circumstances the undersigned was made immediately aware. Defendant communicated to the arresting officials his intent to plead guilty to the charged offense, as well as his desire to speak with an attorney. This information was also communicated to the undersigned, and arrangements were made for Defendant's present appointed counsel to meet with him at the Coffee County Jail the next day. Due to Monday being a state holiday, arraignment on the indictment was scheduled and conducted the Tuesday following, February 22, 2005. Defendant entered a plea of *not guilty*, which has subsequently been amended to *not guilty and/or not guilty by reason of mental disease or defect*. There is also pending an accompanying motion by Defendant for a mental evaluation and competency determination, which said request is granted by separate order entered contemporaneously herewith. Defendant's case is set for trial during the special jury term commencing June 13, 2005, which is the next and most immediate scheduled jury term at which he can be tried.

In ruling upon the Defendant's motion to dismiss, the Court finds as material the following:

1. The State of Alabama actually returned Defendant from Florida within 180 days after receipt of official notice of his request for disposition of detainer.

2. The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets. The

*NEWLY MARKEO: APPENDIX "A"*
*Document, A-15.*

Defendant's case has been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3. The Defendant is under a 7-year sentence of incarceration in the State of Florida, and cannot commence service of any consecutively imposed sentence from the State of Alabama until completion of his Florida sentence on December 25, 2009. As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until June, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed.

4. To the extent that trial will be delayed beyond the 180 days specified in the act, Defendant has not shown that the reason for such is more than mere negligence on the part of the State. He certainly has not demonstrated that there has been deliberate prosecutorial delay.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied.

DONE THIS THE 18th day of March, 2005.



CIRCUIT JUDGE



APPENDIX "G"
DOCUMENT G17
APPENDIX "A"
Document A-16.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**HEALTH INFORMATION/TRANSFER SUMMARY**

Transferring FROM: _Apalachee C.I. W.C._ DATE: _3-17-05_

TIME: _____

Transferring TO: _Coffee Co, Alabama_

| Date of last physical/ Periodic screening 3/1/2004 | PPD date/results 3-12-04 ⊖ | Allergies Thorazine, Haldol | Current treatments |
|---|---|---|---|

| | M | S | W | T | Impairment (if applicable) | | | | (Activate in GH08) SINGLE DOSE (SD) |
|---|---|---|---|---|---|---|---|---|---|
| | 2 | 3 | 1 | 1 | P | H | E | S | |

Current medical problems (include explanation of profile if other than Medical Grade I)

HTN    Hx of MI 2002

Angina

Current mental health problems  Dysthymic disorder R/o Major depression

Current dental problems

Deformities, evidence of injury/trauma/disabilities or other physical limitations

| Medication(s) (include psychotropics) | Dose | Pending appointments/consults | | Date |
|---|---|---|---|---|
| Prozac | 40 mg QPM | Medical ☐ No ☐ Yes | | |
| Seroquel | 300 mg QPM | Dental ☐ No ☐ Yes | | |
| | | Mental Health ☐ No ☐ Yes | | |
| | | Chronic Illness Clinic: | | Nov 5/10/05 |
| | | Cardiovascular ✔ | Endocrine ___ | |
| | | Miscellaneous ___ | Neurology ___ | |
| | | Respiratory ___ | Tuberculosis ___ | |
| | | Immunity ___ | Oncology ___ | |
| | | Gastrointestinal ___ | Renal ___ | |

Medication accompanying inmate? ☐ No ☐ Yes ☐ 7 days ☐ 30 days | EOS HIV test done? ☐ Yes ☐ No ☐ Not Due

Pending diagnostics (including lab work)

Tested/treated for STD (type, date, treatment)  RPR - 2/25/04 Non-reactive

Therapeutic diet? ☒ No ☐ Yes   If yes, describe:

Hospitalization within past year? ☒ No ☐ Yes
☐ Physical problem  ☐ Mental health problem
Explain (include dates)
☐ No medical or mental health holds

Passes:

Reissues:

Psychotropic medication within past year? ☐ No ☒ Yes | Self-injurious or suicidal behavior within past year? ☒ No ☐ Yes Date: | Currently on suicide watch/ precautions? ☒ No ☐ Yes

Signature/Stamp
Clinician or Nurse Reviewing Chart  R Pittman, SRN

DC4-730 Problem List updated? ☐ No ☐ Yes ☐ N/A

Inma  C-917683  TM 99 02/25/2004 ___
DC#  TOOLE, HOWARD GLENN  ___
Date  W/M DOB 08/31/1954 (49)  TT
Inst

For additional space, use reverse side

This form is not to be amended, revised, or altered without approval
of the Deputy Director of Health Services Administration

HEALTH INFORMATION/TRANSFER SUMMARY
DC4-760 (3/04) (Page 1 of 2)

*Document, A-8.    Appendix "D"
Document D-1

Newly Marked: Appendix "A"
Document, A-17.*

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NO CC 2005-149 |
| | * | |
| HOWARD GLEN TOOLE, | * | |
| DEFENDANT. | * | |

▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NOS. CC 2005-155 & 156 |
| | * | |
| HOWARD G. TOOLE, | * | |
| DEFENDANT. | * | |

## MOTION TO SUPPLEMENT RECORD

Comes now the Defendant by and through counsel and motions the court to supplement the record as follows:

1. The Defendant would represent as statements of fact that since the date of Defendant's request for disposition of detainers the following criminal jury terms were scheduled in the Twelfth Judicial Circuit:

➔  A. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning September 13, 2004 (two week term);

➔  B. A criminal jury tem in Pike County, Alabama beginning November 8, 2004 (two week term);

➔  C. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning January 10, 2005 (one week term);

➔  2. The State had ample opportunity to return the Defendant to the State of Alabama to dispose of the indictments pending in the Twelfth Judicial Circuit (Pike and Coffee Counties) since the date of demand;

*NEWLY MARKED: APPENDIX "A"*
*Document, A-18.*

→ 3. The State has ADMITTED in response to the Defendant's motion to dismiss the indictments that more than 180 days have lapsed since the Defendant gave notice under the Disposition of Detainers Act.

Steve Blair      BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 12th day of April 2005.

Steve Blair
Attorney for Defendant

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

      PLAINTIFF,                    *

VS.                                  *        CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

      DEFENDANT.                    *


## GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of *"NOT GUILTY"* and *"NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT"* and to be re-arraigned. Upon arraignment, the Defendant entered a plea of GUILTY to the charged offense of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crime charged against him and the range of penalty for said offense. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis

for the plea and/or being of the opinion that the Defendant fully understands the significance of same, accepts his plea of guilty. The Defendant is pronounced and declared **GUILTY** of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a statement in his own behalf before sentencing and was further asked if he had anything to say as to why the sentence of the law should not be imposed; and (2) Given an opportunity to present evidence as to any matter probative in the issue of sentence and/or facts in mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence as to any matter probative to the issue of sentence and/or facts in aggravation or mitigation of any penalty that is to be imposed. The State made certain sentencing recommendations as per the parties' mutually agreed upon settlement.

After considering the settlement agreement offered, arguments of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid conviction of Pharmacy Robbery, First Degree, he is hereby sentenced, upon the recommendation of the District Attorney, made pursuant to plea agreement, to serve twenty (20) years imprisonment in the Penitentiary of the State of Alabama, said sentence to run concurrently with like sentences imposed in Pike County Case Nos. CC-2005-155 and -156. Pursuant to plea agreement and under the provisions of the *Alabama Split Sentence Act*, Defendant's twenty

APPENDIX "C"
Document C-10
APPENDIX "A"
Document A-21

year sentence is ordered split, with Defendant to initially serve five years thereof in the Penitentiary of the State of Alabama and the remaining fifteen years to be suspended and Defendant placed on five (5) years supervised probation.  The five-year active part of defendant's twenty-year split sentence is consecutive to his penitentiary sentence in the State of Florida where he is presently serving seven years as active part of a twenty-two year split sentence.  Defendant is jail credit from February 17, 2005, until present date as allowable time served while awaiting trial and/or disposition in this case, which said jail credit is to be applied toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentence, he is ordered to pay to the Clerk of Court the following: restitution, if any later be taxed, costs, $50.00 to be distributed to the Alabama Crime Victim Compensation Commission, and full reimbursement of indigent attorney fees.  The Court specifically reserves hearing and ruling upon the issue of restitution, with the State allowed 60 additional days to present supporting documentation of any claimed on behalf of the victim.

During the probationary phase of Defendant's sentence, conditions of his probation are as follows: (a) Defendant shall not commit a crime; (b) Defendant shall report to his probation officer as often as directed and abide by any special conditions of probation imposed by his supervising probation officer; and (c)

APPENDIX "C"
DOCUMENT C-21
APPENDIX "A"
Document A-22

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Coffee County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.

_____
CIRCUIT JUDGE



GROUND TWO: Continued from page 7, Newly Discovered Evidence/Conflict of Interest.

In comparing a standard form copy of the indictment with a copy of the original indictment, from the Grand Jury; the Petitioner took special note of the signature of the presiding Judge that handed down the indictment. The Petitioner recognized the signature as being that of his Public Defender. Petitioner's Counsel was, ex-Honorable Judge Steve Blair. The indictment Reflects bond to be set at $100,000.00. Counsel/Judge Blair, signed and issued warrants for the Petitioner's arrest.

SEE: APPENDIX "B", Doc. B-1 and B-2. Standard form/Original Indictment.

There are several events during the proceedings that could have and probably should have, been handled differently. The Petitioner states that he did have prior knowledge that his Counsel had been a Circuit Court Judge for the 12th Judicial Circuit of Alabama. However, Counsel offered this information to the Petitioner in general terms, with no elaboration as to the fact that Counsel had left the bench only (30) thirty days prior to Petitioner's arrival in the Recieving State, or that his reasons for leaving were of a dubious nature, and to the extent that Counsel had predisposed knowledge of the offense against the Petitioner in the capacity as a servent of the ~~State~~ State of Alabama. Nor did Counsel mention that he was presently serving as a Municiple County

12, B-1.

<u>GROUND TWO</u>: continued.
Judge for Coffee County.

Counsel should have recused himself emediately esp-
ecially sense he had made an adverse Ruling against the
Petitioner in his prior Role as Circuit Court Judge. Instead
he told the Petitioner of his prior experiance as a Circuit
Court Judge in the Vaquest of terms, then asked the Petitio-
ner if he had any objections to Counsel Representing him. The
Petitioner could not have Known, or even Recognized, that a
Conflict of Interest did, or could have existed. Counsel shift-
ed that Responsibility to the Petitioner. The States Prosecutor
Was aware of the potential for a Conflict of Interest as
well, as his name, Mr. Gary L. McAliley, appears on the indict-
ment as well. The State should have objected to Counsel's
purely on the potential alone. His Honor, Thomas E. Head III.,
the presiding Judge, should not have allowed such a Conflict
of Interest, or the potential thereof to exist in the forth-
Coming proceedings, given as the Court put it, "The seriousness
of the Charge". A Conflict of Intecect of this magnatude can-
not be waived, neither by Counsel, the State, the Court, and espec-
ially the defendant, given he has no practical, or professional
knowledge of the Law, or the legal proceedings involved.

Everything in this case seems to Revolve around the issue
of the (IADA). The State's non-compliance is in practically
every proceeding. The Petitioner asserted his position as to
his Constitutional Rights, within and without the (IADA). Clearly,
the issue should have been properly handled at the lower
Court level. The Federal Court has held. "We acknowledge, once

12, B-2

GROUND TWO: continued.

again, the Relationship between Federal and State Courts.
Congress, and the U.S. Supreme Court, have spelled out the
obligations of both. In Cases such as this, where evidentiary
hearing is clear, we are disappointed that the State prolongs
the legal process by steadfastly Refusing to Recognize the
obvious. We are also perplexed that the State would not pre-
fer to Resolve these issues in State Courts, thus simplifying
any Review by Federal Courts." "Presumption of Correctness."

  "We are aware that when our Court Remands cases for
evidentiary hearings, the entire process becomes longer and
more complicated."

  It is the view of the Petitioner that Alabama's Regard
for the (IADA) is Surely a matter of Convenience. A means
that merely simplifies matters, in that, the State can assume
Custody of defendant with the minimal amount of Resistance
or conflict.

  Counsel's first indication as to a Conflict of Interest was
his submitting a Motion to the Court to change the Petitioner's
plea of not guilty, on the 22nd. day of February 2005, too
not guilty by Reason of Mental Disease or Defect, on the
following day, the 23rd of February. The Petitioner had been
meticulously schooled by law clerks in the law library at his
institution in Florida, on the Rules, provisions, and procedures
of the (IADA). Even though the Receiving State was already
in gross violation of the Act. He knew not to do anything
that could be construed as a Request for a continuace. The
The Petitioner told his Counsel of his intent to change his plea,

12, B-3.

## GROUND TWO: Continued.

but not until the Court Ruled on his motion to Dismiss. Counsel did this on his own, without the knowledge of or the consent of his client, and with the full knowledge that such a move could jeopardize the Petitioner's (IADA) Claims. SEE: APPENDIX "B". Doc. B-3, Motion to change Plea.

The Petitioner, while awaiting the disposition of his offenses in Florida, was found to be incompetent to stand trial. This was in the month of March, 2003, imediately following these very offenses in Alabama. The Petitioner was later found Competent, and issues in FLORIDA were concluded. The Petitioner told Counsel that the change of plea was to establish Petitioner's state of mind at the time of the offenses, and only after the Courts Ruling on his Motion to Dismiss, if the Court Ruled adversely. The Petitioner would ask, Why would Counsel do this given the Circumstances?

The Petitioner was at the Pike County Courthouse attending a hearing for Judge Head, to announce his Ruling on the Motions to Dismiss the Coffee County and Pike County indictments. Judge Head denied both! The Petitioner instructed counsel to Motion for a change of plea. Counsel did so in open Court, then he told the Judge he would submit the Motion in writing as soon as possible. The Petitioner would ask this Court to secure a copy of the minutes of that hearing to confirm the Petitioner's allegations. Why the Ruse, if Counsel had already done so on the 23rd day

12, B-4.

<u>GROUND TWO</u>: Continued.

of <u>February</u>. SEE: <u>APPENDIX "B"</u>, Doc. <u>B-4</u>, order of transport to Pike County Courthouse, for Judges denial, of both Coffee and Pike County motions to Dismiss.

The Petitioner would once again ask the Court to take note of Doc. <u>B-3</u>. Counsel combines his Motion for discovery, with a Motion to Grant leave, to allow the Petitioner to Change his Plea. He / Counsel, further states that the Petitioner has filed a Motion for Mental Health Evaluation. How, is it humanly possible, for so many Motions, and a change of Plea to be made/ filed, in a time span of less than <u>24</u> hrs.? The Petitioner asks this Court to Consider; Why would the Petitioner, in open Court, Plead Not Guilty on the <u>22nd</u>, day of <u>February</u>, and then ask Counsel to file a written change of Plea? ask for a Mental health evaluation on the following day? Especially Knowing that it could put his (IADA) claim at Risk. Why the Rush?

The Petitioner feels that his Counsel took adverse action against his Client, in a deliberate attempt to sabotage the Petitioner's (IADA) claims. By, providing the State, and the Court, with what could be construed as a Request for a Continuance, he aided the Court in it's endeavor to deny the Petitioner's Motion to Dismiss. This act alone would most assuredly Reflect a Conflict of Interest. The Court did use the Change in plea / Mental health evaluation as one of it's Reason to

12, B-5.

<u>GROUND TWO</u>: continued.

deny Petitioner's Motion to Dismiss. Although the Court did not specifically claim that it construed the Change of Plea/ mental evaluation as a continuance. SEE: <u>APPENDIX "B"</u> Doc. <u>B-5</u>, <u>B-5, a.</u> and <u>B-5, b</u>. ORDER DENYING Motion TO DISMISS.

Finally, the Petitioner offers the Sentencing Order as evidence of a conflict of interest.

The Petitioner would Reiterate from <u>GROUND One</u>. That at no time did Counsel mention a non-Reservation of issues for Appeal. Petitioner had no idea that a Reservation of issues was a Requirement. Counsel should have expressly advised the Petitioner on this point of law. The Petitioner went into this blind on that day. Throughout all proceedings, before and up unto that day, Counsel assured his client that his (IADA) claims were preserved on the face of the Record, due to his assertion of his Rights in his Motion to Dismiss.

When the Court did it's plea colloquy, it specifically pointed out to the Petitioner, all the Rights he was giving up in his plea. However, nothing was mention about a non-Reservation of issues until the very last line of the ORDER. Counsel, the State, and the Court, knew that the Petitioner would never willingly give up his (IADA) claims.

The Court had a perfect opportunity to establish a knowing relinquishment of Petitioner's (IADA) claim when it was pointed out all the Rights the Petitioner was giving up. Infact the State should have insisted on that specific point. Instead it was slipped in at the last, as if it bore no real significance.

12, B-6.

<u>GROUND TWO</u>: continued.

The Petitioner is dismayed by his Counsel's allowance of the Court's addition to the Sentencing Order. He should have objected. He should asked the Court, was it their intent that his client waive his (IADA) claim?

The Petitioner sincerely believes that at this particular stage of the proceedings, that his Counsel's Respect to his Clients best interests were clouded by his Recent tenure as a Circuit Court Judge; and his present dual role as Municiple Court Judge for Coffee County, and Public Defender. Due to these multiple Roles as, ex-Circuit Judge, Present Municiple County Judge and Public Defender; Counsel's loyalties had to have been stretched in the extreme. SEE: <u>APPENDIX "B"</u>, Doc. <u>B-6</u>, <u>B-6,a</u>, <u>B-6,b</u>, and <u>B-6,c</u>. Sentencing ORDER.

<u>GRound Two Summary</u>

The Petitioner has shown where his Representation was greatly in Question. Defense Counsel Could not have overcome his natural tendencies, as is human Nature, to be loyal to the City, County, and State, where he served as Circuit Court Judge for the <u>12th</u> Judicial Circuit. Especially as he Voluntarily stepped down from the bench just <u>30</u> days prior to the Petitioner's arrival in the Recieving State. Also, <u>Counsel</u> Retained his office as Municiple Court Judge for Coffee County.

However, even though Counsel informed the Petitioner of his position as a Recent Circuit Court Judge, he failed to mention that he was infact, the presiding Judge that handed down the Petitioner's indictment, issued warrents for his arrest, and set

12, B-7.

## GROUND TWO SUMMARY: Continued.

Petitioner's bond at $100,000.⁰⁰. This knowledge had to have a prejudicial effect on Counsel.

Both District Attorney, Gary McAliley, and Judge Thomas Head, had knowledge of Counsel's potential for a Conflict of Interest, and should have prompted, or Ordered Counsel to recuse himself, Even where, the slightest doubt Remained. And, for Counsel to lay the burden on the Petitioner, to determine whether or not counsel should Represent him, is irresponsible on Counsel's behalf.

The Petitioner Relied on Counsel's integrity, knowledge of the system, and his experience to afford him the best possible defense, which he was entitled to.

The Petitioner was denied a full and fair legal process. The Petitioner has shown that he did suffer prejudice. And, that he was denied Due Process under the Law. The Petitioner has shown that a Conflict of Interest did exist.

This Concludes the Petitioner's presentation of Ground Two.

12, B-8.

# APPENDIX B

*APPENDIX 35*

*Document, B-1.*

**INDICTMENT**

<table>
<tr><td>

**THE STATE OF ALABAMA**
COFFEE COUNTY
**ENTERPRISE  DIVISION**
</td><td>

**IN CIRCUIT COURT**
**AUGUST TERM, 2003**
</td></tr>
</table>

**The Grand Jury of said County charges that before the finding of this indictment that,**

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit:  Fourteen (14) bottles of Oxycontin, the property of, to-wit:  Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit: Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit:  a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Gary L. McAbley District Attorney for
Twelfth Judicial Circuit

APPENDIX "G"

APPENDIX "B"
Document, B-2.
SEE REVERSE Side

GRAND JURY NO. 2003-516

A TRUE BILL

*[signature]*

GRAND JURY FOREPERSON

Presented in open Court by the
Foreperson of the Grand Jury in the
presence of at least twelve other
members of the Grand Jury

*[signature]*

James M. Counts, Clerk of the Circuit
Court of COFFEE County, Twelfth Judicial
Circuit of Alabama.

Filed this the ___19th___ day of

___Aug___ 2003.

Bail in each offense in this indictment is
fixed at $ __100,000__ for a total bail
for this indictment of $ __100,000__ .

[   ] Continuing bond

*[signature]*

Judge Presiding

THE STATE OF ALABAMA

COFFEE COUNTY

CIRCUIT COURT

AUGUST     TERM, 2003

THE STATE

vs.

HOWARD GLENN TOOLE

OFFENSE(S)

PHARMACY ROBBERY FIRST DEGREE

INDICTMENT

INDICTMENT

# THE STATE OF ALABAMA
## COFFEE COUNTY
## ENTERPRISE DIVISION

IN CIRCUIT COURT
AUGUST TERM, 2003

**The Grand Jury of said County charges that before the finding of this indictment that,**

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit:  Fourteen (14) bottles of Oxycontin, the property of, to-wit:  Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit:  Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit:  a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Gary L. McAlley District Attorney for
Twelfth Judicial Circuit

IN THE CIRCUIT COURT FOR
COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

*APPENDIX "B"*
*Document, B-3.*

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NO. CC 2005-_____ |
| | * | |
| HOWARD GLENN TOOLE, | * | |
| DEFENDANT. | * | |

## MOTION

Comes now the Defendant, by and through counsel, and motions the State to produce/respond to discovery as provided for by Rule 16.1 ARCrP.

Further, the Defendant makes known that he has filed a motion for mental evaluation and requests leave of court to amend his plea of NOT GUILTY to a plea of NOT GUILTY AND/OR NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT depending on the results of a court ordered mental evaluation.

_____
Steve Blair    BLA045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36330
334-308-5375

FEB 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

I hereby certify that I have served the District Attorney with a copy of the foregoing by first class mail (or by depositing a copy of same in the District Attorney's receptacle box located in the Office of the Clerk of Court) this the _23_ day of February, 2005.

_____
Steve Blair
Attorney for Defendant

APPENDIX "B"
Documents B-4.

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ENTERPRISE DIVISION

STATE OF ALABAMA,      *

     PLAINTIFF,     *

VS.     *       CASE NO. CC-2005-149

HOWARD GLEN TOOLE,     *

     DEFENDANT.     *

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,     *

     PLAINTIFF,     *

VS.     *       CASE NOS. CC-2005-155
                                         CC-2005-156

HOWARD G. TOOLE,     *

     DEFENDANT.    

### ORDER

      The Defendant being incarcerated in the Coffee County Jail, the Sheriff of Coffee County, Alabama, is ordered to transport Defendant to the Pike County Courthouse, Troy, Alabama, on Friday, April 22, 2005, at 8:45 a.m., for hearing on pending motions.

      DONE THIS THE 20th day of April, 2005.

Note: Court Renders it's decision on the
Motions to Dismiss. Counsel submits verbally
in Court, Petitioner's Request to change his
Plea.

                                  Thomas E. Head, III
                                  CIRCUIT JUDGE

MAY 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

APPENDIX "C"
Document C-13

APPENDIX: "B"
Document, B-5

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,          *

    PLAINTIFF,          *

VS.          *          CASE NO. CC-2005-149

HOWARD GLENN TOOLE,          *

    DEFENDANT.          *

<u>ORDER</u>

This cause comes before the Court upon the Defendant's motion to dismiss indictment for non-compliance with the provisions of the "UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT", §§ 15-9-80 et seq., *Alabama Code* (1975). Specifically, Defendant contends that the herein indictment, charging him with the offense of Pharmacy Robbery, First Degree, is due to be dismissed because the State of Alabama failed to comply with Article III of said act by bringing him to trial within 180 days after he issued the required notice. In pertinent part, said article provides that:

> "Whenever a person...he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of his place of imprisonment and his request for a final disposition..."

A copy of the transmitted notice, signed and witnessed on August 3, 2004, is on file and bears the Clerk's stamp with date of October 28, 2004. It appears from the certified mail receipt, however, that the Clerk of Court received said document on August 24, 2004, at 10:33 A.M. It is uncertain who had actual notice of Defendant's request for disposition of detainer, as: (a) the correspondence enclosing Defendant's detainer forms and intended as notice to the prosecuting official was sent via

registered mail addressed to Honorable Mark E. Fuller, District Attorney, when in fact Mark E. Fuller was then serving as United States District Judge for the Middle District of Alabama, and (b) an official case file did not exist until February 17, 2005, when the Defendant was arrested on the indictment and returned to Alabama, of which latter circumstances the undersigned was made immediately aware. Defendant communicated to the arresting officials his intent to plead guilty to the charged offense, as well as his desire to speak with an attorney. This information was also communicated to the undersigned, and arrangements were made for Defendant's present appointed counsel to meet with him at the Coffee County Jail the next day. Due to Monday being a state holiday, arraignment on the indictment was scheduled and conducted the Tuesday following, February 22, 2005. Defendant entered a plea of "not guilty", which has subsequently been amended to "not guilty and/or not guilty by reason of mental disease or defect". There is also pending an accompanying motion by Defendant for a mental evaluation and competency determination, which said request is granted by separate order entered contemporaneously herewith. Defendant's case is set for trial during the special jury term commencing June 13, 2005, which is the next and most immediate scheduled jury term at which he can be tried.

In ruling upon the Defendant's motion to dismiss, the Court finds as material the following:

1. The State of Alabama actually returned Defendant from Florida within 180 days after receipt of official notice of his request for disposition of detainer.

2. The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets. The

APPENDIX "C"
Document C 15
APPENDIX "B"
Document, B-5, 6.

Defendant's case has been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3. The Defendant is under a 7-year sentence of incarceration in the State of Florida, and cannot commence service of any consecutively imposed sentence from the State of Alabama until completion of his Florida sentence on December 25, 2009. As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until June, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed.

4. To the extent that trial will be delayed beyond the 180 days specified in the act, Defendant has not shown that the reason for such is more than mere negligence on the part of the State. He certainly has not demonstrated that there has been deliberate prosecutorial delay.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied.

DONE THIS THE 18th day of March, 2005.



CIRCUIT JUDGE



~~APPENDIX A~~ "  "

~~Document, A-79.~~

APPENDIX "B"

Document, B-6

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

    PLAINTIFF,                        *

VS.                                  *        CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

    DEFENDANT.                        *

### GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of *NOT GUILTY* and *NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT* and to be re-arraigned. Upon arraignment, the Defendant entered a plea of GUILTY to the charged offense of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crime charged against him and the range of penalty for said offense. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis

- 1 -

*APPENDIX B*
*Document, B-6, a .*
~~APPENDIX A~~
~~Document A-20.~~

for the plea and/or being of the opinion that the Defendant fully

understands the significance of same, accepts his plea of guilty.

The Defendant is pronounced and declared *GUILTY* of Pharmacy Robbery,

First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a

statement in his own behalf before sentencing and was further asked

if he had anything to say as to why the sentence of the law should

not be imposed; and (2) Given an opportunity to present evidence as

to any matter probative in the issue of sentence and/or facts in

mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence

as to any matter probative to the issue of sentence and/or facts in

aggravation or mitigation of any penalty that is to be imposed.  The

State made certain sentencing recommendations as per the parties'

mutually agreed upon settlement.

After considering the settlement agreement offered, arguments

of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid conviction of

Pharmacy Robbery, First Degree, he is hereby sentenced, upon the

recommendation of the District Attorney, made pursuant to plea

agreement, to serve twenty (20) years imprisonment in the

Penitentiary of the State of Alabama, said sentence to run

concurrently with like sentences imposed in Pike County Case Nos.

CC-2005-155 and -156.  Pursuant to plea agreement and under the

provisions of the *Alabama Split Sentence Act*, Defendant's twenty

APPENDIX B
Document, B-6, 6.    ~~APPENDIX A~~
Document, A-21,

year sentence is ordered split, with Defendant to initially serve five years thereof in the Penitentiary of the State of Alabama and the remaining fifteen years to be suspended and Defendant placed on five (5) years supervised probation. The five-year active part of defendant's twenty-year split sentence is consecutive to his penitentiary sentence in the State of Florida where he is presently serving seven years as active part of a twenty-two year split sentence. Defendant is jail credit from February 17, 2005, until present date as allowable time served while awaiting trial and/or disposition in this case, which said jail credit is to be applied toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentence, he is ordered to pay to the Clerk of Court the following: restitution, if any later be taxed, costs, $50.00 to be distributed to the Alabama Crime Victim Compensation Commission, and full reimbursement of indigent attorney fees. The Court specifically reserves hearing and ruling upon the issue of restitution, with the State allowed 60 additional days to present supporting documentation of any claimed on behalf of the victim.

During the probationary phase of Defendant's sentence, conditions of his probation are as follows: (a) Defendant shall not commit a crime; (b) Defendant shall report to his probation officer as often as directed and abide by any special conditions of probation imposed by his supervising probation officer; and (c)

*APPENDIX "B"*
*Document, B-6, C.*    ~~APPENDIX "A"~~
~~Document, A-23.~~

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Coffee County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.

_____
CIRCUIT JUDGE



- 4 -

GROUND THREE: Continued from page 9. Denial of Access to the Courts. Procedural Impediments, Cause for Procedural Default; In Violation of Due Process, Constitution Amendments, Article I, V, VI and XIV. In support thereof, the Petitioner offers the following.

The Petitioner was being held under the Provisions of the Interstate Agreement on Detainer Act. (IADA). The Petitioner was certain that at any day he would be Returned to the sending State, as his Correctional Institution, Apalachee Correctional, in Sneads, Florida is only a one, (1) hour drive from Coffee County Ala. However, this did not happen. The Petitioner was held in Coffee County, until 7-13-05. Well beyond the time limit for filing a timely Direct Appeal.

SEE: Appendix "C". Doc. C-1. Verification of time in Coffee Co. Jail.

The Petitioner is not even a layman of the law. The Petitioner could not have concievably filed a notice of Appeal, or an actual Appeal without the benefit of legal aid.

Article 5(e), of the (IADA), provides that, "At the earliest practical time Consonant with the purposes of the agreement, the prisoner shall be Returned to the sending State."

The Petitioner avexes, that County and State Representitives clearly prejudiced the Petitioner by denying him access

12, C-1.

## GROUND THREE: continued.

to the Courts by way of impediment. Whereby, the Petitioner was blocked from accessing the Courts in a procedurally correct, and timely fashion.

The Petitioner contends that, as the State's Attorney Office is/was Responsible for the Petitioner's transport to the recieving State, that office is/was Responsible for the Petitioner's transport back to then Sending State. As such, the State Attorney's Office is suspect, as to it's intent to, intentionally impede the Petitioner from taking a course of action to litigate a Direct Appeal, to raise his and raising claims for his (IADA) violations. Given the Petitioner's claims of a "Conflict of Interest" in ground two, the Petitioner's fears of intentional impediment by the State is not such a far fetched supposition. This establishes "Cause", and also shows that the State Attorney's Office felt the Petitioner's claims were outcome determinative. Hence, the State's errors, obscured by the Court, were prejudicial. The more substantially the proceedings deviate from established standards, the more likely the Petitioner has been harmed.

The Petitioner's allegations are not based on the presumption of prejudice alone, but rather on analysis of the specific facts, and circumstances of the proceedings in which these errors have occured.

Essentially, the State of Alabama, prevented/deprived the Petitioner from acquiring the information, and the means needed to plead his claims.

12, C-2.

GROUND THREE: continued.

The Petitioner was returned to the sending State on the 13th day of July, 2005. Where he immediately set about trying to Appeal his claims. He utilized the FDOC/ACI Law Library. However, this law library does not maintain Materials/information, or litigation manuals for the State of Alabama, or any other State, other than Florida. The Petitioner was forced use Fl. R. APP. P., to file his Petition for Habeas Corpus/Belated Direct Appeal. The Petition was, albeit hastily prepared with the aid of Institutional law clerks, sent to the Court on the 26th day of July, 2005.
SEE: APPENDIX "C". Doc. C-2., thru C-7., Petition for Belated Appeal.

The Petitioner then set about, using the law library at ACI, to obtain, Al. R. APP. P., for a Good Faith effort in accessing the Courts, and procedural correctness.

On the 8th day of August, 2005., the Petitioner submitted a Request to the ACI Law Library, asking for help in obtaining Alabama Rules of Court, and Alabama Criminal Code.
SEE: APPENDIX "C". Doc. C-8. institutional Request form.

The Petitioner was advised by the Institutional Librarian, to submit an, "Inter-Library Loan Application" (ILL). Upon approval, the application is supposed to travel throughout the FDOC Law Libraries, until the Requested information is found, and then forwarded to the applicant. The application was returned to ACI, After being sent to four (4) institutions. The material Requested not available.
SEE: APPENDIX "C". Doc. C-9., 3 of 3 pages. Petitioner's (ILL) application.

12, C-3.

<u>GROUND THREE</u>: continued.

After <u>97</u> days in the Circuit Court for Coffee County Alabama, the Court issued an Order to the Petitioner that his Motion/Petition was untimely, and lacked Jurisdiction. The Petitioner views this as another Impediment. The Court's Order not only Dismissed the Petition, but took an unprecedented <u>3 months</u> to come to the conclusions it relied on to Dismiss. Niether did the Court direct the Petitioner as to any procedural alternatives per his Request within his Petition. The Petitioner would ask this Court. Who's Responsibility is it, to see that a <u>Pro Se</u>, defendant has access to the law, so he can achieve procedural Correctness in accessing the Courts? In the State of Florida, it is thier Responsibility.

The Petitioner has heard it said that, "ignorance of the law is no excuse". However, wouldn't that premise be Relient on whether or not one had access to the law? The Petitioner will show that throughout his attempts to litigate his claims in the Courts of Alabama, he was denied/ignored every time he requested either the Clerks of Court, or the Courts themselves. The Petitioner asks; at what point/time is belated appeal untimely? SEE: <u>APPENDIX "C"</u>. Doc. <u>C-10</u>. Court's ORDER denying/dismiss, Petition.

The Petitioner then submitted a Supplemented Petition/Motion to the 'Court of Criminal Appeal for the State of Alabama', on the <u>25th</u> day of <u>January</u>, 2006. In this supplemented Petition, the Petitioner advised the Clerk, and the Court, that he had no Rules of Appealate Proc. The Petitioner states that he has Requested that the Clerks of both, Circuit and Appeals Court send him the information he needed to properly litigate in the Courts of Alabama. The Petitioner's Requests

12, C-4.

<u>GROUND THREE</u>: continued.

were ignored.

SEE: <u>APPENDIX "C"</u>: Doc. <u>C-11</u>, and <u>C-12</u>. Supplemented Belated Appeal.

The Petitioner would ask this Court to note; that until he Recieved a copy of the case file from his attorney, all he had of the record was a copy of the Judgement / Sentencing Order sent to him by the Clerk of the Court before he left Alabama. The Petitioner Recieved his Case file on the <u>12<u>th</u></u> day of <u>January</u>, 2006., from his Counsel of Record.

Seven days after the Court of Criminal Appeal Recieved Petitioner's Supplemented Belated Appeal; the Court issued an order citing none-compliance with; Al. R. App. P., Rule 21(a). This was Petitioner's first offer from a State Representitive, either from Florida, or Alabama, as to Rules of Court. The Petitioner was "placed on notice, that in the event the Court has not "Received" a Certificate of Service within <u>14</u> days, Petition shall be dismissed for non-Compliance with Rule <u>21(a)</u>. Al. R. App. Proc.

SEE: <u>APPENDIX "C"</u>: Doc. <u>C-13</u>. order citing Rule <u>21(a)</u>.

Here the Petitioner is compelled to point out to this Court that in this Order, issued by Alabama's high Court, their literal wording, specifically the word "shall", is in no way misconstrued by the Petitioner to mean, Maybe, sometimes, at your Convenience, or not necessarily, but in-fact means "Shall".

Once again the Petitioner is held to a higher Standard of Compliance than that of the State. The Petitioner had no doubt that his Petition would have been Dismissed, had he not complied

12, C-5.

<u>GROUND THREE</u>: Continued.

With Alabama's Rule 21(a). Further, the Petitioner, by use of Speculation, would surmise that Alabama's use of the word "Shall" in it's Rules of Court, is a much more strengent application than that of Rules governing the (IADA), and the United States Federal Government.

In Ground One of this Petition, there is Reference to the Courts allowing "mere negligence" by the State as being excusable. How can the circuit Court feasibly differentiate between the status of the State, and that of the Petitioner? The Court's decisions are not supposed to be based on Race, gender, social, eeconomical or professional status.

It should be noted that negligence on the part of the Petitioner would not have been tolerated. The state of Alabama has virtually denied, dismissed, and ignored, every Motion, Petition, or Request that this Petitioner has submitted.

### "POSER"

The United States Government had a plan. A bill was passed by Congress, by ACT as the (IADA). The procedures and provisions were debated by men of vision. The Act was perfected, and then passed by Congress into LAW. Mandated to protect the Constitutional Rights that were incorporated into it.

The States must have thought the Act was a good deal, because every State in the Union has adopted the Act, and mandated it as well, as it protects both U.S., and State Constitutional Rights.

12, C-6.

<u>GROUND THREE</u>: continued.

The (IADA) is no little thing. It is perceived by both Federal, and State Government as the "Law of the Land," as there are no individual differences incorporated into it by the seperate States. The provisions, and procedures are identical, Regardless of State lines or borders. Thus, the ability of the Federal Government, and States, too, with little effort, abide by, and Remain in compliance with, the Rules, procedures, and provisions they helped to perfect.

The Question is: Why are the Petitioner, the State of Alabama, and the U.S. District Court, debating an issue that should have been Resolved by the Circuit Court of Coffee County?

The Petitioner perfected and presented all parties Concerned with a Copy of, Certificate of Service, and Copies of his Supplimented Petition of Habeas Corpus/Belated Direct Appeal, in Compliance with Al. R. APP. P. Rule 21(a).

However, on the <u>23rd</u> day of <u>February</u>, 2006. the Criminal Court of Appeal for Alabama treated Petitioner's Petition as a Mandamus, and Dismissed by Order. Then in an attempt to discourage the Petitioner from further litigation, the Court suggests that the Petitioner's, "Only Remedy, if any," was Post-Conviction Releif. SEE: <u>APPENDIX "C"</u>, Doc. ■ C-13, a. Order.

The Petitioner bases his following theory on prevailing Court decisions, from Florida Rules of APP. P., because, as of this date, the Petitioner still has no access to Al. Rules of APP. P.

When filing Motions for Post-Conviction Releif, the Court's Consistantly Refuse to Review issues that should have been

12, C-7.

<u>GROUND THREE</u>: continued.

addressed on Direct Appeal. The issue of the Interstate Agreement on Detainer Act, is such an issue.

The Petitioner views this act by the Court, as another Impediment by the State/Court, in denying the Petitioner access to the Courts. In view of the issues, Due Process under the Law, the Petitioner has at every turn made a Good Faith and Honest Effort to afford the State an Opportunity to address/review these issues/claims. If nothing else, the State of Alabama is Consistent.

On the <u>9th</u> day of <u>May</u>, 2006. the Petitioner filed a Motion to Grant Leave to Proceed, to the State of Alabama's highest Court, the Alabama Supreme Court. In the Petitioner's Motion he complied with Al. R. App. P. Rule 21(a). The Petitioner used a cover page addressed to all concerned parties, asking that the State of Alabama aide him in his endeavor to access the Courts of Alabama. Every person listed in the document Referenced below in APPENDIX, Received a copy of this, the Petitioner's last Request/plea for help from Alabama. SEE: <u>APPENDIX "C"</u>. Doc. <u>C-14</u> and <u>C-15</u>. Cover letter/page, for Motion to Grant Leave/Compliance with Rule 21(a) Doc. <u>C-16</u>.

In the Petitioner's Motion he asserted, in depth, all of the issues he intended to submit on Direct Appeal, should his Belated Appeal be granted. The Petitioner asked the Court of Criminal Appeal, either grant him Leave to proceed, or grant a Rehearing in Appellate Court based on the previously submitted Petition for Belated Appeal.

On the 16th day of May 2006., the Criminal Court of Appeal for Alabama, issued an Order, "Dismissing" the Petitioner's Motion Ex Parte. SEE: <u>APPENDIX "C"</u>, Doc. <u>C-17</u>. order dismissing/Grant Leave.

12, C-8.

<u>GROUND THREE</u>: continued.

The Petitioner views the Dismissal of his Motion to Grant Leave as yet another Impediment by the Court

The Petitioner asserts that, in his every attempt to access the Courts of Alabama, he has been met with indifference from the Courts. His every Request of Alabama for ~~case~~ assistance in his efforts for procedural correctness has been ignored. Every branch of the offices of the Clerk of Court, State Attorney's, and the Court have thrown up every Impediment possible to block or discourage the Petitioner's Good Faith efforts for a full and fair hearing.

The Petitioner has shown "Cause." The Petitioner has shown "prejudice". The Petitioner has shown his claims to be Cognizable, and Fundamental Violations of both Federal and State Laws/Rights protected by the U.S. Constitution and the Alabama Constitution.

The Petitioner Relies on the U.S. District Court to grant a full and fair Review of the Petitioner's Claims. Further the Petitioner has exhausted all his State Remedies in the Direct Appeal process.

## Ground Three Summary

The Petitioner has shown where his counsel, the State, the Clerks of the Court, and the Courts have thrown out stumbling blocks, instead of stepping stones, before him. The Petitioner has been denied access to the Law, and access to the Courts. The Petitioner has shown "Cause", for procedural default. The Petitioner has suffered "prejudice". The Petitioner has been denied Due Process Under the Law.

12, C-9.

Ground Three Summary: Continued

The Petitioner has made a Good Faith effort in trying to obtain Alabama's Rules of Court from both the Sending State, and the Receiving State. The Petitioner has made a Good Faith effort in affording the Receiving State ample opportunity to review the issues.

From the 10th day of May, 2005., up, and to, the 16th day of May, 2006., the State Courts have Consistantly dismissed the Petitioner's Motions for Review, instead of denying them upon Review. The Petitioner perceives this as a direct attempt to dissuade him in his Appeal process by, denying him access to the to the State Courts for procedural errors that were unavoidable, given the Petitioner inability to obtain, Al. R. App. P., and Al. Crim. Code. By Dismissing, instead of denying, the Motions, Alabama could Claim that the Petitioner has failed to exhaust all of his remedies. However, a failure to exhaust Relies on the ability to access the Courts. This is a Right the Petitioner has been stedfastly denied.

There has been "Cause," and there has been "Prejudicial Error". The Petitioner's Claims are both Cognizable and Fundamental. He has been denied basic Rights protected by the U.S. Constitution, and the Alabama Constitution. These Rights and Laws that have been violated, are not only Connected, but intertwined.

The Petitioner's Question is: Does the State Court Retain Subject Matter Jurisdiction, once it violates and fails to enforce the "Laws of the Land"? i.e. IADA.

12, C-10.

Ground Three Summary, Continued.

The Petitioner has entered the Federal Court as his only recourse in thi action. The validity of the Plea, the Judgement, and the Sentence, and yes, every event that has taken place from the 17th day of February, 2005, until the 16th day of May, 2006, has been perpetrated to deny the Petitioner a full and fair hearing

The Congress and the Federal Goverment, and the Legislatures of the States, perfect and pass Laws; they issue the Rule and standards by which the Government impliments these Laws. It should be expected that the prosecutors, and the Courts, know these Laws and Rules that Govern, so that the worry of "Mere negligence", is not a factor to be considered.

Mistakes by the Prosecutors, or the Courts, should be corrected — not covered up.

The foregoing Petition is Respectfully Submitted. This concludes the Petitioner's presentation of Ground Three.

12, C-11.

# APPENDIX C

*APPENDIX "C"*
*Document, C-1.*

*Exhibit 1*

## Coffee County Jail
## #4 County Complex
## New Brockton, Al.  36351
## (334)894-6200
## Zack Ennis, Administrator

*13 July 2005*

To Whom It May Concern:

Howard  C. Toole--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---DOB 8-31-1954  was incarcerated in this facility from 2-17-05 until 7-13-05.

*Ruth Scheipe*

**Ruth Scheipe**
**Shift Supervisor**
**Coffee County Jail**

NEWLY MARKED; APPENDIX "C"
Document, ████, C-2.

In the Circuit Court of Coffee County,
Alabama, Enterprise Division

Howard G. Toole,
Appellant/Defendant

VS.

State of Alabama,
Appellee/Plaintiff

Case No. CC-2005-149
            CC-2005-155
            CC-2005-156

FILED
2005
J.M. Counts
Court Clerk
Coffee Co. AL

## Petition/Notice of Belated Appeal
## Notice For Appointment of Appellate Counsel
## Motion to Proceed in Forma Pauperis

Notice is given that Appellant/Defendant,
Howard Glen Toole, by and through Himself, Pro
se, Pursuant to the Code of Alabama, Alabama
Court Rules, and State & Federal Constitutional
Provisions, Hereby Appeals the Guilty Plea and
Sentencing Order of this Court dated May 10,
2005; with a request for the Appointment of
Appellate Counsel, and to Proceed in Forma
Pauperis, for purposes of Direct Appeal. As Grounds
in Support thereof, The Appellant would show:

— 1 —

*NEWLY MARKED; APPENDIX "C"*
*Document, ▬ C - 3.*

1. This is a Direct Appeal of the Judgment & Sentence of this Court, rendered May 10, 2005. The Appellant received thereof a Twenty year split sentence pursuant to a plea agreement.

2. Due to perhaps a clerical error in this Courts Guilty Plea, and Sentencing Order, The Appellant was misguided to believe He did <u>Not</u> Reserve any issues for purposes of Appeal. (See Exhibit "A" page 4.) of the Sentencing Order attached hereto.

3. To the contrary, upon review of the record, it is well established that Appellants Attorney, Steve Blair, did, infact, reserve a Speed Trial Violation issue Reviewable by Direct Appeal in a Motion to Dismiss, filed in this cause. Whereas, Appellee violated Appellants Right to a Fast and Speedy Trial/Disposition, pursuant to Amendment (6th) of the U.S. Constitution, and Article V of the Agreement on Detainers. (SEE Exhibit "B", Interstate Agreement on Detainers Form, I through IV, Attached hereto.)

- 2 -

NEWLY MARKED; APPENDIX "C"
DOCUMENT, C-4

4. Whereas, had the Court's order (as referenced in paragraph "2" above) not inadvertently misguided Appellant that He failed to "Reserve" Appellate issues, a timely Notice of Appeal would have been filed.

5. Pursuant to the Alabama Constitution, The Federal Constitution, and <u>Douglas Vs. California</u>, 372 U.S. 353 (1963), The Appellant in the instant case elects to pursue a Direct Appeal on the Judgment & Sentence of this Court and desires to exercise His Constitutional Right to a Court Appointed Appellate Counsel to help prosecute His Appeal thereof.

6. Appellant is a Layman and Unskilled in the Law. Therefore, it is Requested that while although the forgoing Petition may not conform to the Code of Alabama pleading requirements, This Court should give considerable latitude to Appellants "<u>Pro Se</u>" Pleading. The Federal Courts have commonly Held, that <u>Pro Se</u> prisoners are generally unskilled in the Law and should not be held Accountable to a high standard of Pleading and Practice of an Attorney.

-3-

Document, H-9

NEWLY MARKED; APPENDIX "C"
DOCUMENT, ███.C-5

### 6. Continued

6. See <u>HAINES VS. KERNER</u>, 92 S. Ct. 594 (1972); <u>McCoy VS. Newsome</u>, 953 F. 2d 1252 (11<u>th</u> Cir. 1992), See also <u>Gun VS. Newsome</u>, 881 F. 2d 949 (11<u>th</u> Cir 1989).

7. This Appellant Represents to this Court, under Oath and the penalties of Purjury; That He is insolvent, indigent and without funds (or property) to pay for the Appellant filing fee as may be Required, or for an Attorney to Represent Him in this matter on Appeal. Appellant has formally been declared insolvent by this Court.

8. Should this Court Require additional Pleadings to perfect the foregoing Notice of Appeal filed, please indicate or instruct the Appellate to do so by Order of the Court, I.E. Affidavit of Insolvency, Directions to the Clerk to prepare the Record on Appeal, or Otherwise.

9. This Petition is made in good faith.

- 4 -

APPENDIX "A"
Document, A-10

NEWLY MARKED: APPENDIX "C"
Document, ~~APPENDIX~~ C-6.

## Relief Requested

Wherefore, For the reasons expressed herein Above, The Appellant Respectfully Requests this Honorable Court to Grant Leave for a Direct Appeal in this Cause; Issue an Order Appointing an Appellate Attorney to Represent Him on Appeal; Issue an Order Declaring the Appellant Insolvent and to Waive Filing and Attorney's Fees Associated with Litigating an Appeal; and any other Relief deemed just and appropriate by the Court.

Done and Executed on this 26 Day of July, 2005.

Respectfully Submitted,

Howard G. Toole
Appellant/Defendant
917683, Bunk I2-101-S
Apalachee Correctional Inst.
52 West Unit Drive, West
Sneads, Florida 32460

*Document, A-H*

NEWLY MARKED; APPENDIX "C"
Document, C-7.

# Certificate of Notary

Before me, the undersigned Authority Personally appeared. Who, being Sworn and Duly Deposed, Says that the foregoing Motion for, Belated Appeal/Appointment of Appellate Counsel /To Proceed in Forma Pauperis, is made in good faith and on Information, Knowledge, and Beliefs that are true and accurate. Who is personally known to me, or who produced as Identification, a Florida Department of Corrections Inmate Identification Card, Bearing the number C-917683.

Sworn to and Subscribed before Me this 26 day of July, 2005.

_____
Notary Public, for the
State of Florida

_____
Howard G. Toole, #917683, I2-101-S
Appalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

- h -

*NEWLY MARKED ATTACHMENT "H"*

*ATTACHMENT "H"*
*DOCUMENT H-3*

## INMATE REQUEST

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

### (Instructions on Back)

Mail Number: **I2-101-S**
Team Number:
Institution: **ACI - WEST**

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☑ Other |
|---|---|---|---|---|

**LAW LIBRARY**

| FROM: | Inmate Name: Toole, Howard G. | DC Number: 917683 | Quarters: I2-101-S | Job Assignment: Houseman | Date: 8-8-05 |
|---|---|---|---|---|---|

### REQUEST

I JUST RETURNED FROM OUTSIDE COURT IN Coffee County, ALABAMA. I FILED AN APPEAL PRO SE USING Florida Format FOR Direct APPEAL ASKING FOR LATITUDE IN FILING PROCEDURE. DOES The LAW Library HAVE ANYTHING THAT CAN HELP ME? Such AS The ALABAMA CRIMINAL Code, OR Rules Of CRIMINAL PRO-CEDURE. IF SO CAN You PUT ME ON CALL OUT. IF NOT, CAN YOU DIRECT ME AS TO HOW I CAN GET THE HELP I NEED.

Thank You,
*Howard Toole*

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

### DO NOT WRITE BELOW THIS LINE

### RESPONSE

DATE RECEIVED: **8/9/05**

*Wed. 1-3:00*

*8-10-05*

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____  Date: **8/9/05**

Distribution:  White  -Returned to Inmate   Pink  -Retained by official responding, or if the response is to an
Canary  -Returned to Inmate             informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

*APPENDIX C*

*Document, C-9, page 1 of 3.*

## LAW LIBRARY INTERLIBRARY LOAN REQUEST

**NAME & DC#:** Tode, Howard G. #917683    **DORM/BED:** F2-102-S

**INSTITUTION:** Apalachee Correctional Institution    **DATE SUBMITTED:** 12-09-05

**SPECIFIC REQUESTS:** Requests for court decisions, statutes, or rules from another state, or other primary source legal material not in any FDC law library collection will only be ordered from Florida State University Law Library if access to same is necessary to prepare legal documents for submission to courts that challenge judgements and sentences or prison conditions in the Department. Provide a written justification for the request in the space below.

**Complete Title:** First Degree Robbery - Direct Appeal

**Complete Citation:** § 134-8-51 Code of Alabama (1975)

**Justification:**

CONTINUATION PAGES ATTACHED

**SHEPARDIZING/LEGAL RESEARCH:** Only submit requests to have Florida or federal cases Shepardized. Florida State University Law Library will not conduct legal research or Shepardize cases for inmates. For Shepardizing, provide the complete citation to be Shepardized and a detailed statement of the point of law being researched. Also state whether you are trying to find out if your cited case has been overturned, affirmed/upheld, distinguished, etc. For legal research, state the question, point of law, or legal issued to be researched. Include any information you already have on the subject and the legal resources you have already researched. (Attach continuation pages, if necessary.)

We Do not have this cite at our library, the above case has been sent to Santa Rosa C.I. to Provide Info for you.

**RECEIVED**
DEC 19 2005

Forward to
V.C.I.
gp

SANTA ROSA C.I.
LIBRARY    Sent 12.9.05 wC

Rec. 12-13.23.05    DEC 28 2005 wC

### STAFF USE ONLY

**REQUESTING LAW LIBRARY:**

Request is:  [✓] Approved   [ ] Disapproved

Reviewer    12-9-05

Is this a "Deadline" Request?  [ ] Yes   [ ] No    If YES, Date of Deadline: _____

**CENTRAL OFFICE REVIEW (FSU REQUESTS):**

Request is:  [ ] Approved   [ ] Disapproved

Reviewer    Date

Reason for Disapproval:

DC5-152 (12/03)

APPENDIX "F"

INSTITUTION _Apalachee Corr. Inst.___    CELL/DORM & BUNK _I2-102-S_

NAME _Howard D. Toole___    NUMBER _#917683_    DATE _____

As justification to obtain the above mentioned information as well as the following information; I would submit, as follows:

I have given the Clerk of the Court, for the Enterprise Alabama Division Circuit Court to prepare the Record for Appeal. There are (3) three Charges of 1st degree Robbery. Citation, § 13A-8-51, code of Alabama (1975).

I would aver that the XVI (14th) Amendment to the U.S. Constitution entitles me to obtain such statutory authority as a Liberty interest is at stake, Whereas the sentence imposed in, Case No: CC-2005-149, 155, 156. Render me ineligable to Receive administrative gain time in the Florida Dept. of Corr. Such authority is necessary to meaningfully access the Alabama Courts so as to effect Appellate Review to these convictions, that I was arbitrarily denied by the state of Alabama.

1.) I need the Alabama Statute Annotated for "Interstate Agreement on Detainer Act."

2.) I need the Alabama R. Crim. P. for Criteria & format for filing "Belated Appeal."

3.) I need the Alabama R. Appellate P. for Criteria & format for filing "Direct Appeal".

4.) I need to know what statutes give me jurisdiction

5.) My appeal is based on Violations of V, VI, XIV Amendment to the constitution in relation to "The inter-

APPENDIX C, page 3 of 3, C-9,

INSTITUTION Apalachee Corr. Inst.    CELL/DORM & BUNK I2-102- Single

NAME Howard D. Toole    NUMBER #917683    DATE _____

The (IADA) is an agreement between states which must be inforced. I must have the afore mentioned information if I am to be able to access the courts in asserting my Right to appeal the judgement and sentence in Alabama.

NEWLY MARKED; APPENDIX "C"
Document, C-10.

Exhibit 1
Supp limeated

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

VS.                                  *          CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

     DEFENDANT.                    *

ORDER

The Court is without jurisdiction to act upon Defendant's petition/notice of belated appeal as

same is untimely.

DONE THIS THE 7th day of November, 2005.

_____
CIRCUIT JUDGE

NOV 2005
FILED
JH. Cochs
Court Clerk
Coffee Co. AL

IN THE ALABAMA COURT OF CRIMINAL
APPEAL, FOR THE STATE OF ALABAMA

NEWLY MARKED:
APPENDIX "C"
DOCUMENT, C-11.

Howard B. Toole,
Appellant / Defendant

VS.

Case No. CC-05-149
CC-05-155
CC-05-156

STATE OF ALABAMA,
Appellee / Plaintiff

## Petition For Belated Appeal, Supplemented.

I Howard B. Toole, here and after referred to as the Appellant, would offer too, this Honorable Court for Review, this the Appellant's petition for Belated Appeal, Pro Se, Appellant would stipulate that as a prisoner in the State of Florida; he has no access to, Alabama litigation Manuals. Appellant is currently exausting my administrative Remedies in a good faith effort to gain access to, Alabama Rules Criminal Proceedures; Alabama Rules Appellate Proceedures; The Alabama State Constitution; and The Alabama Criminal Code. To date, Appellant has had no success. However, Appellant knows that time is critical, as time on Federal Habeus Corpus is Running. Appellant would ask this Honorable Court to allow Appellant leeway in format and Content, in an effort to present this his cause for the Courts Review.

Point in Question is whether Appellant should be granted a Belated Appeal? Appellant would present the following statements as a matter of fact for the Courts consideration. On May 10, 2005, the Appellant entered a plea of guilty to the Charges. From that day until July 13, 2005, the Appellant was held in the Coffee County Jail without the benifit of legal representation, i.e. no guidence for filing a timely Appeal on the

- A -

issue of "Interstate Agreement on Detainers Act", (IADA), Violation. The Appellants efforts to conform to the Courts pro-ceedures are being made in good faith. My only skills are an ability to articulate in plain language to the Court. I assure the Court that this appellant will make every effort to become more proficient in my legal endevors. Please See: Exhibit, E, Supp-lemented.

The Appellant has previously submitted his petition to The Circuit Court of Coffee County Alabama. However, the Court denied the petition on the grounds that it lacked jurisdiction. Please see: Exhibit, D, supplemented. The following motion is the only petition filed thusfar in this cause.

As clarification as to the suppliments, Exhibits, D and E are merely being added to the original petition as documentation in support thereof. The Appellant would ask that this Honorable Court accept jurisdiction and make a Ruling on this petition.

Respectfully Submitted

Howard C. Toole

Howard C. Toole, # 917683, IX-102-S
Apalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

This <u>25</u> Day of January 2006.

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

*DOCUMENT H-15*

*NEWLY MARKED: APPENDIX "C*
*DOCUMENT, C-13.*

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-0803

Ex parte Howard G. Toole  (In re: State of Alabama vs. Howard G. Toole)  (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure.  Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition.  The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

Done this the 1st day of February, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
    Howard Toole, Pro Se
    Hon. Thomas E. Head, III, Circuit Judge
    Hon. Troy King, Attorney General
    Hon. Gary McAliley, District Attorney

# COURT OF CRIMINAL APPEALS ~~Document #18~~
*NEWLY MARKED: APPENDIX "C"*
# STATE OF ALABAMA *Document, ~~C #18~~*

*C-13.a.*

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED. Petitioner's remedy, if any, is to file a petition for post-conviction relief pursuant to Rule 32.1(f), Alabama Rules of Criminal Procedure in the counties of conviction.

**Done this the 23rd day of February, 2006.**

**H. W. "Bucky" McMillan, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

~~Appendix~~
~~Document, C-16~~

*1 of 2*

*Newly Marked: APPENDIX "C"*
*Document, C-14. to comply*
*with Rule 21 (a).*

IN THE CRIMINAL COURT OF APPEALS, IN AND
FOR STATE OF ALABAMA, MONTGOMERY ALABAMA

RE: HOWARD G. TOOLE  VS.  STATE OF ALABAMA, ENTERPRISE
DIVISION, COFFEE COUNTY CIRCUIT COURT: APPELLATE
CASE No. CR-05-0803, LOWER CASE No. CC-05-149,
CC-05-155, CC-05-156.

## NOTICE TO ALL CONCERNED PARTIES

IN RESPONSE TO, ORDER issued by; ALABAMA
COURT OF CRIMINAL APPEAL, dated, Febuary 1st, 2006.
    Petitioner, in his attempt to come into complience with,
ALABAMA RULE OF APPELLATE PROCEDURE, Rule 21 (a), hereby
serves the Respondent Judge, and all known parties
involved, a copy of the petition, previously submitted to
Clerk of the Court for Coffee County ALABAMA, along
with a Certificate of service, as well as a copy of
the supplimented portion of the petition;
    Hon. H.W. McMillon, Presiding Judge
    Hon. TROY KING, ATTORNEY GENERAL
    Hon. Lane W. MANN, Clerk of APPELLATE COURT
    Hon. Thomas E. HEAD III, Circuit Judge
    Hon. GARY McALILY, District ATTORNEY, ENTERPRISE Div.
    Hon. JAMES M. COUNTS, Clerk Circuit Court
    This petitioner asks this Honorable Courts indulgence,
as petitioner is an inmate in F.D.O.C., FLORIDA Depart-
ment of Corrections, with no access to ALABAMA RULES
OF APPELLATE Procedure, nor ALABAMA CRIMINAL Code.
Petitioner is Relying on the institutions Law Library,
and its Law Clerks for assistence. Our Law Library
has NO ALABAMA LAW BOOKS, and our Law Clerks have

Newly Marked: Appendix "C"
Document, C-15, to com-
ply with Rule 21(a).

no knowledge of ALABAMA LAW. This petitioner has submitted to the institution an (I.L.L.) Form. INTER LAW LIBRARY LOAN. This is in the hopes that another Institution may Have the information I need to properly litigate my appeal. This Request was issued in October of 2005. With (emphisis added) for my Right to Due Process under the XIV Amend, To the United STATES CONSTITUTION.

The afore mentioned officers of the Coffee County Court, Enterprise Division, have Received a copy of the original petition for Belated Appeal. This petitioner now issues the supplemented portion of the petition to said officers in an attempt to conform to ALABAMA Rule APPELLATE Procedure, Rule 21 (a), as ordered by ALABAMA Court OF Criminal APPEAL. This Rule, as all Rules of Al. APP. P. are foreign in nature as the petitioner had/has no knowledge of, Al. APP. Rules. Please Note, pages 3 and 4, paragraph 6 of the petition.

As to all other parties to this action; petitioner issues a complete copy of the petition file in the ALABAMA Court of Criminal APPEAL. A Certificate of service accompanies these issuances.

This petitioner has not been provided with the addresses of these officials. However, as the court has only allowed me 14 days to comply, this petitioner will once again make a good faith effort to adhere to the Courts order.

Respectfully Submitted
Howard Toole
Howard C. Toole, #917683, I2-102-8
Apalachee Correctional Institution
52 West Unit Drive, West. Sneads, Fl.

dated;
2-7-06

APPENDIX "H"
Document, H-19

APPENDIX "C"

Document C-16, Motion
to Grant Leave, Cover page.

Howard G. Toole
#417683, F1-144-S
Apalachee Corr. Inst
52 West Unit Dr. W
Sneads, FL. 32460

Case No. CR-05-0803,
CC05-144, 155, 156

RE: Request for Procedural and statutes information to help
Pro Se litigant in gaining access to the Courts of Alabama.
To Officers of the Courts of Alabama.

Sirs,

This letter is an request on behalf of the Pro
Se, Appellant in this cause of action. He is asking
that the state of Alabama help him in his endeavor to
Properly litigate his case in your state. This is not his
first request. All other attempts at obtaining, Applicable
R. Crim. P., R of App. P., Al. Crim. Code have gone unanswered.
The entire Rules of Criminal and Appellate procedures are not
necessary. Only Applicable portions pertaining to this cause
of action. The State of Florida will not accept Responsibility
to help this Appellant gain access in the Courts of Alabama.
Even though it is the Appellants Right through the Due
Process clauses of the V, and XIV Amendts. to the U.S.
Constitution.

Respectfully Submitted,

Howard Toole
Howard Glen Toole

This 9th day of May 2006.

CC: Clerk of Appellate St. Alabama, Lane W. Mann.
Clerk of Circuit Ct. 12th Judicial Cc. James M. County
Attorney Gen. State of Alabama, Troy King, Esq.
Dist. Attorney for 12th Judicial Cir. Gary McAliley, Esq.
Presiding Judge for Appellate Ct., H. W. McMillian, Esq.
Circuit Judge, 12th Judicial Cir. Thomas B. Head III, Esq.

APPENDIX "H"

DOCUMENT H-20.

NEWLY MARKED : APPENDIX "C

Document, 18.

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk    C-17
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise
Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## <u>ORDER</u>

Petitioner's motion to grant leave to proceed to the Supreme Court is DISMISSED.

Done this the 16th day of May, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney