IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HOWARD GLEN TOOLE,<br>#C 917683 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:06-CV-696-MHT |
| vs. | ) | |
| | ) | |
| JAMES MCDONOUGH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Comes now Respondent, by and through the Alabama Attorney General,

following this Court's order of September 26, 2006, and answer Toole's §2254

petition, as follows:

1. Respondents admit Toole pleaded guilty in the Coffee County Circuit

Court to pharmacy robbery in the first degree on May 10, 2005 and he was

sentenced to a twenty-year sentence running concurrent with his two Alabama

convictions in cases CC-155 and CC-156. The sentence was split with Toole to

serve five years, consecutive with the time he is presently serving in the Florida

penitentiary. (Exhibit A; guilty plea and sentencing order). Toole's future

Alabama incarceration is the result of this lawful conviction and sentence.

2.  Respondents deny Toole's guilty plea was obtained in violation of his right to speedy trial under the Interstate Agreement on Detainers Compact.

3.  Respondents deny that there is newly discovered evidence of a conflict of interest.

4.  Respondents deny Toole was denied access to the courts or to file an appeal.

5.  Respondents aver the issues raised in the instant §2254 petition have never been presented to the state courts, and said issues are procedurally defaulted because Toole is either precluded or time-barred from raising these claims in a Rule 32 petition.

6.  Respondents deny Toole is entitled to any of the relief he has requested.

## PROCEDURAL HISTORY

7.  On August 19, 2003, the Coffee County Grand Jury returned an indictment charging Toole with pharmacy robbery in the first degree.  (Exhibit B) The Coffee County Sheriff's Department requested the Florida Department of Corrections to execute the warrants issued on Toole and to place a detainer on him. (Exhibit C)

8.  On August 19, 2004, the State of Florida forwarded by registered mail, a

2

request for a disposition of Detainer on Toole along with Forms II, III and IV, for

completion and notification of the disposition of the charges.[1]

(Exhibit O; Forms II, III and IV).  A follow-up request on the disposition of the

Detainer was sent to the State from the FDOC on December 27, 2004.  (Exhibit E).

9.  On February 22, 2005, Toole appeared before the Coffee County Circuit

Court and entered a plea of not guilty.  (Exhibit F).  Toole filed a motion to amend

his plea of not guilty to not guilty by reason of insanity on February 23, 2005, and

on March 18, 2005, the circuit court granted the motion and entered an order for a

mental evaluation of Toole.  (Exhibits G and H).  On April 5, 2005, Toole filed a

motion to dismiss the indictment because he was denied his right to a speedy trial

under the Uniform Mandatory Disposition of Detainer Act, that was denied by the

circuit court April 5, 2005.  (Exhibits I and J).

10.  On May 10, 2005, Toole pleaded guilty to pharmacy robbery in the first

degree and Toole did not reserve any issues for appeal.  Toole filed this instant

§2254 petition on June 13, 2006.[2]  The claims raised in this habeas corpus petition

are procedurally defaulted because the claims were not presented to the trial court

and on appeal; and, because the claims would now be time-barred.

---

[1] This letter or request was not stamped filed with the Coffee County Circuit
Clerk's office until October 28, 2004.  (Exhibit D).
[2] This Court determined that the signature date of Toole's petition under the
"mailbox rule" was August 7, 2006; however, the Zephyrhills Correctional Facility
indicates the petition was delivered to them September 19, 2006.  (Stamp at top of
the petition) (Provided to Zephyrhills C.I. on 9-19-06 for mailing).

11.  Under Alabama law, "[A] guilty plea waives all nonjurisdictional matters, including a trial court's refusal to suppress evidence, but this Court has by case law permitted an exception to that general rule when a defendant specifically reserves his right to appeal and a ruling..." Ex parte Sawyer, 456 So. 2d 112 (Ala. 1983).  "A claim of denial of a speedy trial in violation of the sixth amendment is waived by an unqualified plea of guilty."  State v. Willis, 42 Ala. App. 414, 166 So. 2d 917 (1964); Duncan v. State, 42 Ala. App. 509, 169 So. 2d 439 (1964); 57 A.L.R. 2d 302 §13 (1958).

In Davis v. Wainwright, 547 So. 2d 261 (5th Cir. 1977), the Fifth Circuit Court of Appeals affirmed the District Court's denial of a habeas corpus petition based on a violation of Florida's (state) speedy trial rule requiring a defendant to be brought to trial within 180 days.  The Fifth Circuit noted that "Federal courts review by habeas court errors of constitutional dimension."  The court then stated:

> While he may have shown a denial of the Florida guarantee to be tried in 180 days, if he could count on one state court of appeals rather than another, this is merely a violation of a state procedural rules which does not in any way go to the fundamental fairness of the trial.  As such it is not review able by the Federal Courts on a petition for habeas.

Also see United States v. Yunis, 723 F. 2d 795, 796 (11th Cir. 1984), wherein the Eleventh Circuit Court of Appeals held that a defendant who knowingly and voluntarily enters a guilty plea under the Speedy Trial Act, 18 U.S.C. §3161-3174, waives all nonjurisdictional defects and a

4

Speedy Trial Act violation is such a nonjurisdictional defect; and, <u>United States v. Gonzales-Arimont</u>, 268 F. 3d 8 (1st Cir. 2001).

More recently, the Eleventh Circuit Court of Appeals addressed an issue similar to Toole's claims that Alabama violated the Interstate Agreement on Detainers Act in <u>Watson v. State of Alabama</u>, 841 F. 2d 1074, 1077 (11th Cir. 1988). That court held:

> Watson next argues that Alabama violated the Interstate Agreement on Detainers, 18 U.S.C. App., by detaining him before trial for longer than the prescribed time period. Watson, however, raised this issue at neither the state trial level nor the state appellate level. Under Alabama law, he is now foreclosed from raising this issue in a collateral state challenge. <u>Price v. Holman</u>, 279 Ala. 324, 184 So. 2d 835, 836 (1966); <u>Luker v. State</u>, 424 So. 2d 662, 663 (Ala. Crim. App. 1982). Because Watson failed to demonstrate cause from raising this state procedural default, he is precluded from raising this issue in this federal habeas proceeding. [FN6] See <u>Engle v. Isaac</u>, 456 U.S. 107, 129, 102 S. Ct. 1558, 1570-71, 71 L. Ed. 2d 783 91982); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594(1977); <u>Douglas v. Wainwright</u>, 714 F. 2d 1532, 1547-48 (11th Cir. 1983), vacated on diff. grounds, 468 U.S. 1206, 104 S. Ct. 3575, 82 L. Ed. 2d 874 (1984).

Here, Toole like Watson, never presented his Interstate Agreement on Detainers argument to an Alabama Court. <u>Watson</u> at Fn 6. Toole admits failing to appeal and he alleges that had he known of his right to appeal, he would have appealed. Unfortunately for Toole, he did not reserve any issues before entering his guilty plea, thus there are no issues

he could have raised on appeal. Nor, could Toole present any of his claims in a Rule 32 petition because the petition would now, be time-barred under Rule 32.2(c), A.R.Crim.P. requiring mandatory dismissal of a petition not filed within one year of the judgment becoming final, which in Toole's case was 42 days from May 10, 2005 or approximately June 22, 2005. Rule 4.4 (b)(1) A.R.A.P.

This Court should not review Toole's clams because "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 732 (1992). "[T]he federal court may foreclose [his] filing in state court; the exhaustion requirement and procedural default principles mandate dismissal" Bailey v. Nagle, 172 F. 3d 1299, 1303 (11th Cir. 1999).

Because Toole has raised claims that are state procedural requirements that are not substantive due process claims arising under the Sixth Amendment right to counsel under the United States constitution, and these claims have been defaulted, Toole is not entitled to the relief he requested.

6

## Exhibit List

Exhibit A                Toole's Coffee County Guilty Plea and
                         Sentencing order of May 10, 2005;

Exhibit B                Toole's Coffee County Grand Jury's August
                         19, 2003, indictment for pharmacy robbery in
                         the first degree;

Exhibit C                Coffee County Sheriff's Office request for
                         Detainer dated March 8, 2004;

Exhibit D                FDOC's August 19, 2004 letter and Forms II,
                         III and IV of Interstate Agreement on
                         Detainers;

Exhibit E                FDOC December 27, 2004 request for update
                         on detainer status;

Exhibit F                Coffee County Circuit Court's Order of
                         Arraignment and initial plea;

Exhibit G                Toole's Motion to Amend Plea of not Guilty;

Exhibit H                Coffee County's Circuit Court Order for
                         mental evaluation;

Exhibit I                Order granted amendment of plea of not
                         guilty;

Exhibit J                Toole's motion to dismiss indictment;

Exhibit K                Coffee County Circuit Court's order of March
                         18, 2005 denying motion to dismiss.

WHEREFORE, THE PREMISES CONSIDERED, Respondents request that

Toole's §2254 petition be denied.

Respectfully submitted,

Troy King – KIN047
*Attorney General*


s/Daniel W. Madison
Daniel W. Madison (MAD)
Assistant Attorney General

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2006, I electronically

filed the foregoing including exhibits with the Clerk of the Court using the

CM/ECF system; and I hereby certify that I have mailed by United States Postal

Service the document (including exhibits) to the Petitioner.


Howard G. Toole
Zephyrhills Correctional Facility
2739 Gall Boulevard
Zephyhills, Florida  33541-9701


s/Daniel W. Madison
Daniel W. Madison(MAD)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax: (334) 242-2848
E-Mail:  Dmadision@ago.state.al.us


200662/100360-001

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,           *

        PLAINTIFF,         *

VS.                       *      CASE NO. CC-2005-149

HOWARD GLENN TOOLE,      *

        DEFENDANT.       *

## GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of "NOT GUILTY" and "NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT" and to be re-arraigned. Upon arraignment, the Defendant entered a plea of GUILTY to the charged offense of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, Code of Alabama (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crime charged against him and the range of penalty for said offense. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis


EXHIBIT

for the plea and/or being of the opinion that the Defendant fully understands the significance of same, accepts his plea of guilty. The Defendant is pronounced and declared *GUILTY* of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a statement in his own behalf before sentencing and was further asked if he had anything to say as to why the sentence of the law should not be imposed; and (2) Given an opportunity to present evidence as to any matter probative in the issue of sentence and/or facts in mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence as to any matter probative to the issue of sentence and/or facts in aggravation or mitigation of any penalty that is to be imposed. The State made certain sentencing recommendations as per the parties' mutually agreed upon settlement.

After considering the settlement agreement offered, arguments of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid conviction of Pharmacy Robbery, First Degree, he is hereby sentenced, upon the recommendation of the District Attorney, made pursuant to plea agreement, to serve twenty (20) years imprisonment in the Penitentiary of the State of Alabama, said sentence to run concurrently with like sentences imposed in Pike County Case Nos. CC-2005-155 and -156. Pursuant to plea agreement and under the provisions of the *Alabama Split Sentence Act*, Defendant's twenty

year sentence is ordered split, with Defendant to initially serve five years thereof in the Penitentiary of the State of Alabama and the remaining fifteen years to be suspended and Defendant placed on five (5) years supervised probation. The five-year active part of defendant's twenty-year split sentence is consecutive to his penitentiary sentence in the State of Florida where he is presently serving seven years as active part of a twenty-two year split sentence. Defendant is jail credit from February 17, 2005, until present date as allowable time served while awaiting trial and/or disposition in this case, which said jail credit is to be applied toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentence, he is ordered to pay to the Clerk of Court the following: restitution, if any later be taxed, costs, $50.00 to be distributed to the Alabama Crime Victim Compensation Commission, and full reimbursement of indigent attorney fees. The Court specifically reserves hearing and ruling upon the issue of restitution, with the State allowed 60 additional days to present supporting documentation of any claimed on behalf of the victim.

During the probationary phase of Defendant's sentence, conditions of his probation are as follows: (a) Defendant shall not commit a crime; (b) Defendant shall report to his probation officer as often as directed and abide by any special conditions of probation imposed by his supervising probation officer; and (c)

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Coffee County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.



CIRCUIT JUDGE



| State of Alabama<br>Unified Judicial System | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>*CC2005-149*<br>☐ Count<br>*(count #, if applicable)* |
|---|---|---|
| Form CR-52 (front)    Rev. 8/11/2000 | | |

IN THE ___*Circuit*___ COURT OF ___*Coffee*___, ALABAMA
(Circuit or District)                                      (Name of County)

STATE OF ALABAMA v. ___*Howard G. Toole*___
**Defendant**

**TO THE ABOVE-NAMED DEFENDANT:** After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of *Pharmacy Robbery*, which is a Class __A__ Felony. The court has been informed that you desire to enter a plea of guilty to ☒ this offense or ☐ to the crime of _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| **Class C Felony** | 1 Yr. & 1 Day –10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| **Class B Felony** | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| **Class A Felony**<br>*(No prior convictions for a Class A Felony)* | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility of Parole Fine Up To $20,000 |
| **Class A Felony**<br>*(One or more prior convictions for any Class A Felony)* | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life imprisonment or any term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ **Enhanced Punishment for Drug Sale Near School:** §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment for Drug Sale Near Housing Project:** §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

STATE OF ALABAMA
PLAINTIFF
VS.

*Howard Glenn Foote*
DEFENDANT

IN THE *Circuit* COURT OF
*Coffee* COUNTY, ALABAMA
*Enterprise* DIVISION
CASE NO. *CC-2005-149*

## SETTLEMENT AGREEMENT

After discussion and negotiation between counsel for the defendant and the prosecution, it is agreed in this case, subject to acceptance by the Court, that:

1. The defendant will enter a plea of guilty to the charge(s) of: *Pharmacy Robbery*

2. The prosecutor will recommend, and defendant agrees to accept a sentence of: *20 years concurrent with CC 05-155 + CC 05-156 split to 5 years to be served consecutive with time presently serving in Florida*

3. The prosecutor will recommend, and the defendant agrees to accept, that the sentence ☐ will - ☐ will not be suspended and the defendant placed on probation in whole or in part. If probation is a part of the agreement, the prosecutor will recommend, and the defendant agrees to accept: *balance on probation of 5 years*

4. The prosecutor will recommend, and the defendant agrees to accept that restitution will be ordered: *reserve restitution for 60 days*

5. The prosecutor will recommend, and the defendant agrees to accept that payment of costs of Court will be ☑ ordered ☐ remitted; that an assessment to the Crime Victim's Compensation Commission of $ *50* will be ordered in each case, and that the defendant ☑ will ☐ will not be ordered to reimburse the State of Alabama for indigent attorney's fees.

6. The prosecutor will recommend, and the defendant agrees to accept: _____

7. The prosecutor and the defendant agree that the defendant is entitled to receive credit for time spent in custody awaiting disposition of his case of: _____

8. No other terms or conditions related to judgment and sentence in this (these) case(s) are agreed on or contemplated by the defendant or the prosecutor.

*5/10/05*
Date

Signature of Defendant

Signature of Defendant's Counsel

Signature of Prosecutor

Having reviewed the settlement agreement entered into by the defendant and the prosecutor, the Court hereby:
☑ Accepts the Settlement Agreement and incorporates same in the judgement and sentence.

☐ Rejects the Settlement Agreement and modifies the terms as follows: _____

*5-10-2005*
Date

*Thomas E. Head, III*
Judge

Quality Printing Co.

STATE OF ALABAMA
PLAINTIFF

*Howard Glenn Foote*
DEFENDANT

VS.

IN THE *Circuit* COURT OF
*Coffee* COUNTY, ALABAMA
*Enterprise* DIVISION
CASE NO. *CC-2005-149*

## SETTLEMENT AGREEMENT

After discussion and negotiation between counsel for the defendant and the prosecution, it is agreed in this case, subject to acceptance by the Court, that: ✓

1. The defendant will enter a plea of guilty to the charge(s) of: *Pharmacy Robbery*

2. The prosecutor will recommend, and defendant agrees to accept a sentence of: *20 years Concurrent with CC 05-155 + CC05-156 split to 5 years to be served consecutive with time presently serving in Florida*

3. The prosecutor will recommend, and the defendant agrees to accept, that the sentence ☐ will - ☐ will not be suspended and the defendant placed on probation in whole or in part. If probation is a part of the agreement, the prosecutor will recommend, and the defendant agrees to accept: *balance on probation of 5 years*

4. The prosecutor will recommend, and the defendant agrees to accept that restitution will be ordered: *reserve restitution for 60 days*

5. The prosecutor will recommend, and the defendant agrees to accept that payment of costs of Court will be ☑ ordered ☐ remitted; that an assessment to the Crime Victim's Compensation Commission of $ *50* will be ordered in each case, and that the defendant ☑ will ☐ will not be ordered to reimburse the State of Alabama for indigent attorney's fees.

6. The prosecutor will recommend, and the defendant agrees to accept:

7. The prosecutor and the defendant agree that the defendant is entitled to receive credit for time spent in custody awaiting disposition of his case of:

8. No other terms or conditions related to judgment and sentence in this (these) case(s) are agreed on or contemplated by the defendant or the prosecutor.

*5/10/05*
Date

Signature of Defendant

Signature of Defendant's Counsel

Signature of Prosecutor

Having reviewed the settlement agreement entered into by the defendant and the prosecutor, the Court hereby:

☑ Accepts the Settlement Agreement and incorporates same in the judgement and sentence.

☐ Rejects the Settlement Agreement and modifies the terms as follows:

*5-10-2005*
Date

*Thomas E. Head, III*
Judge

Quality Printing Co.

**INDICTMENT**

# THE STATE OF ALABAMA
## COFFEE COUNTY
## ENTERPRISE DIVISION

IN CIRCUIT COURT
AUGUST TERM, 2003

### The Grand Jury of said County charges that before the finding of this indictment that,

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit: Fourteen (14) bottles of Oxycontin, the property of, to-wit: Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit: Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama.

Gary L. McAliley District Attorney for
Twelfth Judicial Circuit

EXHIBIT
B

**THE STATE OF ALABAMA**
**COFFEE COUNTY**
**CIRCUIT COURT**
**AUGUST    TERM, 2003**
**THE STATE**

**vs.**

**HOWARD GLENN TOOLE**

_____

**OFFENSE(S)**

**PHARMACY ROBBERY FIRST DEGREE**

**INDICTMENT**

---

**GRAND JURY NO. 2003-516**

**A TRUE BILL**

~~GRAND JURY FOREPERSON~~

Presented in open Court by the Foreperson of the Grand Jury in the presence of at least twelve other members of the Grand Jury

James M. Counts, Clerk of the Circuit Court of COFFEE County, Twelfth Judicial Circuit of Alabama.

Filed this the ___19th___ day of ___Aug___ 2003.

Bail in each offense in this indictment is fixed at $ _100,000._ for a total bail for this indictment of $ _100,000._

[  ] Continuing bond

_____
**Judge Presiding**



### BENJAMIN M. "BEN" MOATES
#### SHERIFF
### COFFEE COUNTY SHERIFF'S DEPARTMENT
#### 4 COUNTY COMPLEX
#### NEW BROCKTON, ALABAMA 36351

**TELEPHONE**
**(334) 894-5535**

**FAX: 334-894-6472**
**www.ccso@snowhill.com**

March 8, 2004

Arlie Collins
Florida Department of Corrections
Detainer Division

RE: Howard Glenn Toole. DC# 917683. White male, DOB: 08-31-54

To Whom It May Concern:

Please find enclosed a Grand Jury Indictment for Robbery-Pharmacy, (GJ-03-516). Please execute warrants and place a detainer on him for the Coffee County Sheriff's Department.

Thank you for your assistance in this matter.

Sincerely Yours,

Ben Moates, Sheriff





**FLORIDA
DEPARTMENT of
CORRECTIONS**

Governor
**JEB BUSH**

*An Equal Opportunity Employer*

Secretary
**JAMES V. CROSBY, JR.**

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

August 19, 2004

**REGISTERED MAIL**

The Honorable Mark E. Fuller
District Attorney
98 N Edwards St.
Enterprise, AL 36330

Dear Mr. Fuller:

Re: Howard G. Toole          FL No: 917683

Enclosed are Interstate Agreement on Detainers Forms II, III, and IV for the above referenced inmate who is requesting disposition of charge(s) on Form II. Should you intend to return the above inmate for prosecution, send Interstate Agreement on Detainers Forms VI and VII to Apalachee Correctional Institution, 35 Apalachee Drive, Sneads, FL 32460.

By copy of this letter and upon receipt of Forms VI and VII, the institution is authorized to transfer the inmate to your agent's custody. Please have your agent contract W.A. Johnson, phone 850-593-6431 Ext. 104, prior to arrival to assure that all forms are in order and that the inmate is available for transfer. Please call between the hours of 8:30 AM – 4:30 PM, Monday through Friday.

All jurisdictions in your state who are listed on the enclosed Form IV also must dispose of their charges while the inmate is in Alabama. All prosecutors involved are to file Interstate Agreement on Detainers Form VII with our office.

Upon completion of court proceedings, the inmate must be returned to Florida. Interstate Agreement on Detainers Form IX is to be sent to advise disposition of charges.

If you do not wish to prosecute, let us know and your detainer will be returned.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DMT/af
Enclosures

Cc:     Clerk of the Court, Coffee County Courthouse, Enterprise, AL 32460
        Apalachee CI, Attn: Classification
        AL IAD Administrator
        File





EXHIBIT

## INTERSTATE AGREEMENT ON DETAINERS: FORM II

Six copies, if only one jurisdiction within the state involved has an indictment, information, or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One signed copy is to be retained by the inmate and one copy is to be retained for the institution file. Four signed copies are to be sent to the Florida Agreement Administrator, who will forward copies to the Agreement Administrator in the receiving state, the prosecuting official in the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter and retain one copy for Central Records, Central Office. The copies to the prosecuting officials and the court must be transmitted by certified or registered mail return receipt requested.

## INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS

TO:  GARY L. MCALILEY                       Prosecuting Officer,  COFFEE

COUNTY                                                Court  DISTRICT
_____(Jurisdiction)_____          _____(Jurisdiction)_____

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations, or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in APALACHEE CORRECTIONAL Institution in SNEADS              (City) FLORIDA                            (State) and hereby request that a final disposition be made of the following indictments, informations, or complaints now pending against me:  ROBBERY OF A PHARMACY: GJ-03-516

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, may result in the invalidation of the indictments, informations, or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charges or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to sender.

The required Form III, Certificate of Inmate Status and Form IV, Offer to Deliver Temporary Custody are attached.

Dated:  8/3/04                       Inmate's Signature: _Howard G. Toole_

Typed Inmate's Name & No:  HOWARD G. TOOLE  - DC# 917683

Witness Signature: _W. A. Johnson CPO_

Typed Name and Title:  W. A. JOHNSON, CPO

DC6-140 (Revised 9-02)

INTERSTATE AGREEMENT ON DETAINER   FORM III

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, a copy of this form should be sent to the prosecutor upon receipt of Form V. Copies should also be sent to all other prosecutors in the same state who have lodged detainers against the inmate.

## CERTIFICATE OF INMATE STATUS

RE:   Inmate   TOOLE, HOWARD G.                    No:   917683

Institution:   APALACHEE C.I.-WU        Address:     52 WEST UNIT DRIVE,
                                                      SNEADS, FL 32460

The (Custodial Authority) hereby certifies:

1.  The term of commitment under which the inmate above-named is being held:
    7 YEARS

2.  The time already served:   534 DAYS

3.  Time remaining to be served (TRD):   12/25/2009

4.  The amount of good time earned:   40 DAYS

5.  The date of parole eligibility of the inmate:   N/A

6.  The decisions of the Board of Parole relating to the inmate:   N/A

7.  Maximum expiration date under present sentence:   02/03/2010

8.  Detainers currently on file against this inmate from your state are as follows:
    ROBBERY OF A PHARMACY:  GJ-03-516  (COFFEE COUNTY)

Dated:   8/3/04              Signature:   _____
                                               (Warden)

Typed Name:   AL SOLOMON
Institution:   APALACHEE CORRECTIONAL INSTITUTION
Address:   35 APALACHEE DRIVE
City/State:   SNEADS, FLORIDA 32460
Telephone:   850-593-6431 EXT: ~~104~~  ext. 753

Bill Johnson
Classification Officer   | Carolyn
                           ext. 255

DC6-141 (Revised 9-02)

## INTERSTATE AGREEMENT ON DETAINERS:  FORM IV

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II.  In the case of a request initiated by a prosecutor, this form should be completed after the Governor has indicated his/her approval of the request for temporary custody, expiration of the 30-day period, after completion of Form V-B, and/or successful completion of a (Cuyler v. Adams) hearing.  Copies of this form should then be sent to all officials who previously received copies of Form III. Copies mailed to the prosecutor will be sent by certified or registered mail, return receipt requested.

## OFFER TO DELIVER TEMPORARY CUSTODY

TO:  GARY L. MCALILEY _____  Prosecuting Officer,  _5/8/04_  Date
DISTRICT COURT, COFFEE COUNTY _____  Jurisdiction,
and to all other prosecuting officers and courts of jurisdiction listed below from which indictments, informations, or complaints are pending.

RE:  Inmate  TOOLE, HOWARD G. _____  No:  917683 _____

Dear Sir:

Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named inmate to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information, or complaint which is (Check appropriate box) [ ] described in the attached inmate's request. [ ] described in your Form V request.

The required Form III, Certificate of Inmate Status, is enclosed.

Indictments, informations, or complaints charging the following offenses are ALSO pending against the inmate in your state, and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purpose of disposing of these indictments, informations, or complaints.

| OFFENSE | COUNTY OR OTHER JURISDICTION |
|---|---|
| ROBBERY: 2003-000133 | PIKE COUNTY |
| | |
| | |

DC6-142 (Revised 9-02)

**If you do not intend to bring the inmate to trial, please inform us as soon as possible.**

**Kindly acknowledge.**

Dated: _8/3/04_          Signature: _____
                                                              (Warden)

Typed Name:   AL SOLOMON
Institution:   APALACHEE CORRECTIONAL INSTITUTION
Address:   35 APALACHEE DRIVE
City/State:   SNEADS, FL  32460
Telephone:   850-593-6431  EXT: 104

Inmate has indicated the following (Circle A or B)

A.   My Counsel is _____
      Whose Address is _____
      _____

B.   I request the court to appoint counsel.
      Inmate's Signature: _____

DC6-142 (Revised 9-02)



FLORIDA
DEPARTMENT of
CORRECTIONS

Governor
**JEB BUSH**

*An Equal Opportunity Employer*

Secretary
**JAMES V. CROSBY, JR.**

2601 Blair Stone Road ✉Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

December 27, 2004

The Honorable Mark E. Fuller
District Attorney
98 N. Edwards St.
Enterprise, AL  36330

Dear Mr. Fuller:

Re: Toole, Howard G.                Florida DC# 917683

Please refer to your file on the above named Florida inmate who has requested return for trial in
your jurisdiction under the Interstate Agreement on Detainers over 90 days ago.

Please advise whether or not you plan to accept temporary custody of our inmate within the 180
days time frame allowed.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DT/af

c: Clerk of the Court, Coffee County Courthouse, Enterprise, AL  36330
   ACI - West, Attn: Classification
   Inmate file

APPENDIX "A"
Document, A-12



# FLORIDA
# DEPARTMENT of
# CORRECTIONS

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road ☎ Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

December 27, 2004

The Honorable Mark E. Fuller
District Attorney
98 N. Edwards St.
Enterprise, AL  36330

Dear Mr. Fuller:

Re: Toole, Howard G.          Florida DC# 917683

Please refer to your file on the above named Florida inmate who has requested return for trial in your jurisdiction under the Interstate Agreement on Detainers over 90 days ago.

Please advise whether or not you plan to accept temporary custody of our inmate within the 180 days time frame allowed.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DT/af

c:  Clerk of the Court, Coffee County Courthouse, Enterprise, AL  36330
    ACI - West, Attn: Classification
    Inmate file



EXHIBIT
E

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NO. CC-2005-149 |
| HOWARD G. TOOLE, | * | |
| DEFENDANT. | * | |

<u>ORDER</u>

Defendant being before the Court for arraignment, he did enter a plea of not guilty. Case set for trial during the special jury term commencing June 13, 2005.

DONE THIS THE 22nd day of February, 2005.

_____

CIRCUIT JUDGE



CC: DA
+ Blair



EXHIBIT
F

IN THE CIRCUIT COURT FOR
COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA                    *
                                    *
                                    *
VS.                                 *     CASE NO. CC 2005-_____
                                    *
HOWARD GLENN TOOLE,                 *
DEFENDANT.                          *

## MOTION

Comes now the Defendant, by and through counsel, and motions the State to produce/respond to discovery as provided for by Rule 16.1 ARCrP.

Further, the Defendant makes known that he has filed a motion for mental evaluation and requests leave of court to amend his plea of NOT GUILTY to a plea of NOT GUILTY AND/OR NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT depending on the results of a court ordered mental evaluation.

_____
Steve Blair    BLA045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36330
334-308-5375

I hereby certify that I have served the District Attorney with a copy of the foregoing by first class mail (or by depositing a copy of same in the District Attorney's receptacle box located in the Office of the Clerk of Court) this the 23 day of February, 2005.

_____
Steve Blair
Attorney for Defendant



EXHIBIT
6

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,            *

    PLAINTIFF,          *

VS.                          *    CASE NOS. CC-2005-155 & -156

HOWARD GLEN TOOLE,           *

    DEFENDANT.          *

---

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,            *

    PLAINTIFF,          *

VS.                          *    CASE NO. CC-2005-149

HOWARD GLENN TOOLE,          *

    DEFENDANT.          *

### ORDER FOR OUTPATIENT EVALUATION

Defendant's attorney has filed a motion for court-ordered mental examination in the above styled cases. Whereas the Defendant is charged before the Pike County Circuit Court with two counts of Robbery, First Degree and the Coffee County Circuit Court with one count of Pharmacy Robbery, First Degree; and whereas, the Court has received information suggesting that reasonable grounds exist to question the his present mental condition and/or intellectual capacity, and competency to stand trial, as well as his mental condition at the time of the alleged offense; and whereas, the District Attorney has stipulated to same, it is;

THEREFORE, ORDERED AND ADJUDGED as follows:



1.   That the Defendant shall undergo examination on an out-patient basis by a psychologist or psychiatrist under contract with or employed by the Alabama Department of Mental Health and Mental Retardation to conduct a clinical evaluation pertaining to the Defendant's sufficient present ability to assist in his defense, by consulting with counsel, with a reasonable degree of rational understanding of the facts and the legal proceedings pending before the Court, and mental state at the time of the alleged offense.

2.   That the Sheriff of Coffee County, Alabama, or alternatively, the Sheriff of Pike County, Alabama, who has custody of the Defendant shall make the Defendant available at such times and locations as required by the Alabama Department of Mental Health and Mental Retardation, and where necessary, the Sheriff's Department shall be responsible for the custody, care, and transportation of the Defendant during the out-patient visit.

3.   That the District Attorney shall make available to the examining psychologist or psychiatrist information concerning the nature and circumstances of the offense(s) charged, as well as the pertinent prior criminal history, if any, of the Defendant. The Defendant's attorney may provide information to assist the examining psychologist or psychiatrist in the evaluation of the Defendant's mental condition, including records of prior psychiatric treatment, if any. All information provided to the psychologist or psychiatrist pursuant to this order shall be protected from discovery according to Rule 16, Alabama Rules of

Defendant's case has been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3.  The Defendant is under a 7-year sentence of incarceration in the State of Florida, and cannot commence service of any consecutively imposed sentence from the State of Alabama until completion of his Florida sentence on December 25, 2009. As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until June, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed.

4.  To the extent that trial will be delayed beyond the 180 days specified in the act, Defendant has not shown that the reason for such is more than mere negligence on the part of the State. He certainly has not demonstrated that there has been deliberate prosecutorial delay.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied.

DONE THIS THE 18th day of March, 2005.



CIRCUIT JUDGE

APR 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL



<u>Criminal Procedure</u>.    [NOTE:    The appropriate person for coordinating Defendant's evaluation is Doug McKeown, Ph.D., Regional Forensic Examiner, P. O. Box 6216, Dothan, Alabama 36302, telephone 334-671-5577, fax 334-673-7247.]

4.    That upon completion of the clinical examination, a written report shall be submitted to the Court, with copies to the defense attorney and District Attorney, and same shall contain the following information, to-wit:    (a) whether at the time of the offense the Defendant was suffering from symptoms of a mental disease or defect, mental retardation, or other psychiatric disorder;    (b) whether at the time of the offense such symptoms as are determined to have been present contributed to the commission of the offense, and if so, in what manner;    (c) the mental condition of the Defendant as related to his ability to understand the nature and object of the proceedings against him and his ability to reasonably assist his attorney in his defense;    and (d) if it is the Examiner's opinion that the Defendant is unable to understand the proceedings and reasonably assist his attorney, the report shall also state the opinion of the Examiner as to:

(1)    The condition causing the Defendant's incompetency and the nature thereof;

(2)    The treatment required for the Defendant to attain competency;

(3)    The most appropriate form and place of treatment in view of Defendant's therapeutic needs and potential danger to

himself or to others, and an explanation of appropriate treatment alternatives;

(4) The likelihood of the Defendant's attaining competency under treatment and the probable duration of the treatment; and

(5) The availability of the various types of acceptable treatment in the local geographic area, specifying the agencies or the settings in which the treatment might be obtained and whether the treatment would be available on an out-patient basis.

5.  In addition to such written report, the Court shall be given a verbal report should the examiner believe the Defendant to be in need of immediate treatment so that further actions can be taken appropriate.

6.  Further criminal proceedings against the Defendant are hereby continued generally until such time as the Court receives a report from the Alabama Department of Mental Health and Mental Retardation.  Provided, however, that such continuation shall not ~~extend to the set trial dates of April 26, 2005, and June 13, 2005,~~ or other hearing which may be conducted as necessary.

DONE THIS THE 18th day of March, 2005.

_____
CIRCUIT JUDGE

cc:  Defendant's attorney
     District Attorney
     Pike and Coffee County Sheriff's Department
     Doug McKeown, Ph.D., Regional Forensic Examiner
          P.O. Box 6216, Dothan, Alabama 36302

FILED
MAR 2005
J.M. Counts
Court Clerk
Coffee Co. AL

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

      PLAINTIFF,                    *

VS.                                  *        CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

      DEFENDANT.                    *

<u>ORDER</u>

Upon motion of the Defendant, with leave granted, his plea to the herein charge of Pharmacy Robbery, First Degree is amended to *"NOT GUILTY AND/OR NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT"*.

DONE THIS THE 18th day of March, 2005.

_Thomas E. Head, III_
CIRCUIT JUDGE



MAR 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

CC: DA
+ Blair



EXHIBIT
I

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA                     *
                                     *
                                     *
VS.                                  *          CASE NO. CC 05
                                     *
HOWARD GLEN TOOLE,                   *
DEFENDANT.                           *

## MOTION TO DISMISS INDICTMENT

Comes now the Defendant by and through counsel and moves the court to dismiss the indictment against the Defendant for and on the following grounds:

1. Article III of the Uniform Mandatory Disposition of Detainers Act, Section 15-9-80 Code of Alabama requires that the Defendant, "…be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court…his request for a final disposition of indictment;"

2. The Defendant caused such notice to issue on or about August 3, 2004;

3. That more than 180 days have lapsed since the date of notice.

WHEREFORE, the Defendant moves the court to dismiss the captioned indictments.

Steve Blair     BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 28th day of February, 2005.

Steve Blair
Attorney for Defendant


EXHIBIT

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

     PLAINTIFF,                     *

VS.                                  *        CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

     DEFENDANT.                     *

<u>ORDER</u>

This cause comes before the Court upon the Defendant's motion to dismiss indictment for non-compliance with the provisions of the "UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT", §§ 15-9-80 et seq., *Alabama Code* (1975). Specifically, Defendant contends that the herein indictment, charging him with the offense of Pharmacy Robbery, First Degree, is due to be dismissed because the State of Alabama failed to comply with Article III of said act by bringing him to trial within 180 days after he issued the required notice. In pertinent part, said article provides that:

> "Whenever a person...he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of his place of imprisonment and his request for a final disposition..."

A copy of the transmitted notice, signed and witnessed on August 3, 2004, is on file and bears the Clerk's stamp with date of October 28, 2004. It appears from the certified mail receipt, however, that the Clerk of Court received said document on August 24, 2004, at 10:33 A.M. It is uncertain who had actual notice of Defendant's request for disposition of detainer, as: (a) the correspondence enclosing Defendant's detainer forms and intended as notice to the prosecuting official wa[s]

registered mail addressed to Honorable Mark E. Fuller, District Attorney, when in fact Mark E. Fuller was then serving as United States District Judge for the Middle District of Alabama, and (b) an official case file did not exist until February 17, 2005, when the Defendant was arrested on the indictment and returned to Alabama, of which latter circumstances the undersigned was made immediately aware. Defendant communicated to the arresting officials his intent to plead guilty to the charged offense, as well as his desire to speak with an attorney. This information was also communicated to the undersigned, and arrangements were made for Defendant's present appointed counsel to meet with him at the Coffee County Jail the next day. Due to Monday being a state holiday, arraignment on the indictment was scheduled and conducted the Tuesday following, February 22, 2005. Defendant entered a plea of "not guilty", which has subsequently been amended to "not guilty and/or not guilty by reason of mental disease or defect". There is also pending an accompanying motion by Defendant for a mental evaluation and competency determination, which said request is granted by separate order entered contemporaneously herewith. Defendant's case is set for trial during the special jury term commencing June 13, 2005, which is the next and most immediate scheduled jury term at which he can be tried.

In ruling upon the Defendant's motion to dismiss, the Court finds as material the following:

1.  The State of Alabama actually returned Defendant from Florida within 180 days after receipt of official notice of his request for disposition of detainer.

2.  The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets. The

Defendant's case has been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3.   The Defendant is under a 7-year sentence of incarceration in the State of Florida, and cannot commence service of any consecutively imposed sentence from the State of Alabama until completion of his Florida sentence on December 25, 2009.  As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until June, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed.

4.   To the extent that trial will be delayed beyond the 180 days specified in the act, Defendant has not shown that the reason for such is more than mere negligence on the part of the State.  He certainly has not demonstrated that there has been deliberate prosecutorial delay.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied.

DONE THIS THE 18ᵗʰ day of March, 2005.



CIRCUIT JUDGE

