IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 DEC -4 A 9:39

____ HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HOWARD GLENN TOOLE, #C-917683, :

    PETITIONER,            : CASE NO.: 1:06-CV-696-MHT

VS.                      : (RE: COFFEE COUNTY)

JAMES MCDONOUGH, ET. AL., :

    RESPONDENTS.       :
_____

## PETITIONER'S RESPONSE TO RESPONDENT COFFEE COUNTY'S ANSWER TO PETITION FOR A WRIT OF HABEAS CORPUS (WITH MEMORANDUM OF LAW)

COMES NOW THE PETITIONER, HOWARD GLENN TOOLE, BY AND THROUGH HIMSELF, IN PROPRIA PERSONA, PURSUANT TO THIS COURT'S ORDER OF NOVEMBER 8TH, 2006, FEDERAL RULES OF CIVIL PROCEDURE; AND THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, HEREBY FILES A RESPONSE (WITH ACCOMPANYING-SUPPORTING AFFIDAVITS) TO THE ANSWER FILED BY RESPONDENTS IN THE ABOVE-STYLED CAUSE(S). AS GROUNDS IN SUPPORT THEREOF, THE PETITIONER STATES (WITH A MEMORANDUM OF LAW) THE FOLLOWING:

PROVIDED TO ZEPHYRHILLS C.I.
ON 11/21/06 FOR MAILING.

(1 OF 25)

①

# PRELIMINARY STATEMENT

1. THIS RESPONSE IS FILED UNDER THE AUTHORITY OF THIS COURT'S ORDERS OF NOVEMBER 6, 2006 (WHICH ADDRESSES PETITIONER'S PIKE COUNTY PETITION: CASE NO.: 2:06-CV-714-MHT) AND NOVEMBER 8, 2006 (WHICH ADDRESSES PETITIONER'S COFFEE COUNTY PETITION: CASE NO.: 1:06-CV-696-MHT). ALTHOUGH RESPONDENTS FILED SEPERATE ANSWERS, THE FOLLOWING SHALL SERVE AND FUNCTION AS PETITIONER'S RESPONSE TO BOTH COFFEE AND PIKE COUNTIES' ANSWERS; THEREBY ACTING AS A DUAL RESPONSE HEREOF, ALTHOUGH FILED SEPERATELY.

2. REFERENCES MADE HEREIN TO PETITIONER'S (COFFEE COUNTY) PETITION FOR A WRIT OF HABEAS CORPUS WILL HEREINAFTER BE REFERRED TO AS "PETITION ONE." LIKEWISE, PETITIONER'S (PIKE COUNTY) PETITION FOR A WRIT OF HABEAS CORPUS WILL HEREINAFTER BE REFERRED TO AS "PETITION TWO." CONCURRENTLY, RESPONDENT COFFEE COUNTY'S ANSWER TO PETITION ONE WILL HEREINAFTER BE REFERRED TO AS "COFFEE'S ANSWER," AND PIKE COUNTY'S ANSWER TO PETITION TWO WILL BE REFERENCED TO AS "PIKE'S ANSWER."

3. AS AUTHORIZED BY THIS COURT'S ORDERS OF NOVEMBER 6TH AND 8TH, RESPECTIVELY, PETITIONER'S RESPONSE TO COFFEE'S ANSWER AND PIKE'S ANSWER INCLUDES, INCORPORATES HEREOF, AND MAKES REFERENCE TO ACCOMPANYING AND SUPPORTING AFFIDAVITS (WITH EXHIBITS). CONSEQUENTLY, THE AFFIDAVIT OF PETITIONER HOWARD GLENN TOOLE ATTACHED HERETO AS "APPENDIX A," WILL HEREINAFTER BE REFERRED TO AS "APPENDIX A" OR "TOOLE'S AFFIDAVIT" (FOLLOWED BY A CORRESPONDING PARAGRAPH NUMBER). SIMILARLY, THE AFFIDAVIT OF

GARY T. METZ ATTACHED HERETO AS "APPENDIX B," WILL HEREINAFTER BE REFERRED TO AS "APPENDIX B" OR "METZ' AFFIDAVIT" (FOLLOWED BY A CORRESPONDING PARAGRAPH NUMBER).

4. IT SHOULD BE ESPECIALLY NOTED THAT IN PREPARATION OF THE INSTANT RESPONSE, UNBELIEVABLY, THE PETITIONER WAS DENIED ACCESS TO ALABAMA LAW SOUTHERN REPORTER CASES, ALABAMA RULES OF CRIMINAL PROCEDURE, ALABAMA RULES OF APPELLATE PROCEDURE, ALABAMA CRIMINAL CODE, OR ANY LEGAL MATERIALS COVERING THE ALABAMA LEGAL SYSTEM. (SEE _APPENDIX A_, _PARAGRAPH 19L_, AND ITS ACCOMPANYING _EXHIBIT 19L_ AND _19L-B_, ATTACHED HERETO). ACCORDINGLY, THE PETITIONER HAS BEEN SEVERLY PREJUDICED IN BEING DENIED ACCESS TO THE COURTS, AND IS UNABLE TO ADDRESS AND REFUTE ALABAMA CASE LAW CITED IN COFFEE'S ANSWER AND PIKE'S ANSWER FILED IN THIS CAUSE. AS SUCH, PETITIONER'S RESPONSE DOES NOT INCLUDE LEGAL ARGUGUMENTS REFUTING OR INCORPORATING ALABAMA CRIMINAL CODES, CASE LAW, CRIMINAL OR APPELLATE PROCEDURES, WITH NO WAIVER CLAIMED.

## SUMMARY OF PETITIONER'S RESPONSE

5. THE PRIMARY FOCUS OF THE INSTANT RESPONSE SHALL ADDRESS THE RESPONDENT'S CUMULATIVE PROCEDURAL DEFAULT CLAIMS; ASSERTING WHY PETITIONER INADVERTENTLY FAILED TO COMPLY WITH PROCEDURAL RULES; PRESENT PETITIONER'S DEFENSE UNDER THE "CAUSE" AND "PREJUDICE" STANDARD TO OVERCOME PROCEDURAL DEFAULT; ADDRESS A "FUNDAMENTAL MISCARRIAGE JUSTICE EXCEPTION CLAIM" UNDER THE PREMISE OF INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD; AND REAFFIRM THAT PETITIONER'S

ALABAMA AND FEDERAL CONSTITUTIONAL RIGHTS HAD BEEN SUBSTANTIALLY VIOLATED BY THE RESPONDENTS, COLLECTIVELY, WELL BEYOND THE "HARMLESS ERROR" DOCTRINE OR "DE MINIMIS EXCEPTION." IN ADDITION, THE ACCOMPANYING AFFIDAVITS AS REFERENCED TO AND INCORPORATED HEREIN ("APPENDIX A" AND "APPENDIX B"), SET FORTH SPECIFIC FACTS ATTESTED TO, UNDER PENALTY OF PERJURY, WHICH DEMONSTRATE THE PETITIONER IS ENTITLED TO RELIEF (WITH SUPPORTING DOCUMENTED EXHIBITS) ON GROUNDS RAISED IN THE SECTION 2254 PETITION ONE AND TWO, RESPECTIVELY, WHILE ESTABLISHING "CAUSE" AND "PREJUDICE" AS PRESENTED IN THIS RESPONSE.

6. AS SUCH, THIS COURT IS ASKED TO CONSIDER EXPANDING THE RECORD TO INCLUDE THE INSTANT RESPONSE, APPENDIX A AN B ATTACHED HERETO, AND POTENTIALLY NEGLECTED PRETRIAL, SENTENCING, AND POST-CONVICTION PROCEEDING TRANSCRIPTS WHICH RESPONDENTS, COLLECTIVELY, HAVE YET TO TRANSCRIBE AND SUBMIT TO THE COURT AS REFLECTED IN ITS ORDER OF SEPTEMBER 15, 2006. (SEE APPENDIX "C") (DOC. NO. 7-1). SEE ALSO RULE 7, RULES GOVERNING SECTION 2254 CASES.

7. EQUALLY AS IMPORTANT, THE PETITIONER PROMOTES THE PRINCIPAL, AS TYPICALLY INSPIRED BY THE UNITED STATES SUPREME COURT, THAT IT IS NEVER TOO LATE FOR THIS COURT IN THE FOREGOING HABEAS CORPUS PROCEEDINGS TO LOOK STRAIGHT THROUGH PROCEDURAL SCREENS IN ORDER TO PREVENT FORFEITURE OF LIFE LIBERTY OR DUE PROCESS IN FLAGRANT DEFIANCE OF THE CONSTITUTION AS RESPONDENTS, COLLECTIVELY, HAVE DEMONSTRATED IN THIS CAUSE.

④

## HISTORIC IMPORTANCE OF THE GREAT WRIT:

8. IN LIGHT OF RESPONDENTS' COLLECTIVE AND INTENTIONAL - FLAGRANT DEFIANCE OF SAFEGUARDING PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, IT IS IMPORTANT AND USEFUL TO RECALL, FIRST, THE HISTORIC IMPORTANCE OF THE GREAT WRIT, AS ELEGANTLY ARTICULATED IN MURRAY V. CARRIER, 106 S.Ct. 2639, 2651 (1986), BY REMINDING US THAT:

> "THE WRIT OF HABEAS CORPUS IS THE FUNDAMENTAL INSTRUMENT FOR SAFEGUARDING INDIVIDUAL FREEDOM AGAINST ARBITRARY AND LAWLESS STATE ACTION." (QUOTING "HARRIS V. NELSON, 394 U.S. 286, 290-291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969)."

AS FOSTERED BY THE MURRAY COURT, "... AS THE STATUTE SUGGESTS, THE CENTRAL MISSION OF THE GREAT WRIT SHOULD BE THE SUBSTANCE OF "JUSTICE", NOT THE FORM OF PROCEDURES. AS JUSTICE FRANKFURTER EXPLAINED IN HIS SEPERATE OPINION IN BROWN V. ALLEN, 344 U.S. 443, 498, 73 S.Ct. 397, 441, 97 L.Ed. 469 (1953):

> "THE MERITORIOUS CLAIMS ARE FEW, BUT OUR PROCEDURES MUST ENSURE THAT THOSE FEW CLAIMS ARE NOT SATISFIED BY UNDIS- CRIMINATING GENERALITIES ... NOT

TO BE ESCAPED BY SIMPLE,
RIGID RULES WHICH, BY
AVOIDING SOME ABUSES [OF
THE STATE], GENERATE OTHERS."

LIKEWISE, AS QUOTED IN MURRAY, SUPRA, FROM
HARRIS V. NELSON, SUPRA, 394 U.S. AT 291, 89 S.Ct.,
AT 1086:

"THE VERY NATURE OF THE
WRIT DEMANDS THAT IT BE
ADMINISTERED WITH THE
INITIATIVE AND FLEXIBILITY
ESSENTIAL TO INSURE THAT
MISCARRIAGES OF JUSTICE
WITHIN ITS REACH ARE
SURFACED AND CORRECTED."

THUS, PETITIONER IN THE INSTANT CASE ARGUES
THAT "FUNDAMENTAL FAIRNESS IS THE CENTRAL CONCERN
OF THE WRIT OF HABEAS CORPUS." ALTHOUGH "ACTUAL
INNOCENCE" IS CLEARLY THE MOST COMPELLING
CASE FOR HABEAS REVIEW, IT IS BY NO MEANS
THE ONLY TYPE OF CONSTITUTIONAL CLAIM THAT
IMPLICATES "FUNDAMENTAL FAIRNESS" AND COMPELS
REVIEW REGARDLESS OF POSSIBLE PROCEDURAL
DEFAULTS. SEE ROSE V. LUNDY, 455 U.S. 509,
543-544, 102 S.Ct. 1198, 1216-1217, 71 L.Ed. 2d.
379 (1982).

## CONSOLIDATED PROCEDURAL HISTORY

9. <u>PIKE COUNTY (ALABAMA) CASE</u>: UPON REVIEW OF PIKE'S ANSWER TO PETITION ONE, ASSISTANT ATTORNEY MARCUS S. BASS HAS MISLEAD THIS COURT TO BELIEVE THAT PETITIONER FAILED TO PROPERLY CAUSE NOTICE UNDER THE AUGUST 3, 2004 IADA REQUEST WITH REGARD TO DISPOSITION OF PIKE'S UNTRIED INDICTMENTS. WHEREAS, IN PARAGRAPH 1 OF PIKE'S ANSWER, MR. BASS INDICATES THAT [THE INDICTMENTS] "... WERE NOT OF SPECIFIC SUBJECT IN THE INSTANT INTERSTATE AGREEMENT ON DETAINEES..." CONTRARY TO MR. BASS' MISTAKEN ASSERTION, FORM IV OF PETITIONER'S IADA REQUEST SPECIFICALLY REQUESTS AND/OR INDICATES THAT:

"... INDICTMENTS, INFORMATIONS, OR COMPLAINTS CHARGING <u>THE</u> <u>FOLLOWING OFFENSES ARE</u> ALSO <u>PENDING</u> AGAINST THE INMATE IN <u>YOUR STATE</u>, AND YOU ARE HEREBY AUTHORIZED TO TRANSFER THE INMATE TO CUSTODY OF APPROPRIATE AUTHORITIES IN THESE JURISDICTIONS FOR PURPOSE OF DISPOSING OF THESE INDICTMENTS, INFORMATIONS, OR COMPLAINTS..."

HERE, FORM IV SPECIFICALLY GIVES REFERENCE TO THE "ROBBERY [INDICTMENT]: 2003-00013 PIKE COUNTY..." (SEE <u>APPENDIX A</u>, <u>PARAGRAPH 5A</u> AND <u>EXHIBIT 5A</u> ATTACHED HERETO: PETITIONER'S IADA FORMS).

IN ADDITION, FORM II OF PETITIONER'S AFORE-
MENTIONED IADA REQUEST NOT ONLY CAUSED PROPER
NOTICE OF THE COFFEE COUNTY (ALABAMA) INDICTMENT
ON THE CHARGE OF ROBBERY OF A PHARMACY, REFLECTING
A CASE NO.: GJ-03-516, BUT ALSO PROPER NOTICE WAS
TENDERED TO PIKE COUNTY FOR FINAL DISPOSITION BY
THE IADA LANGUAGE STATING HERE THAT:

> " . . . AND TO ALL OTHER PROSECUTING
> OFFICERS AND COURTS OF JURISDICTIONS
> LISTED BELOW . . . I HEREBY AGREE
> THAT THIS REQUEST WILL OPERATE
> AS A REQUEST FOR FINAL DISPOSITION
> OF ALL UNTRIED INDICTMENTS . . .
> ON THE BASIS WHICH DETAINERS
> HAVE BEEN LODGED AGAINST ME
> FROM YOUR STATE . . . " (UNDERLINING
> ADDED) (EMPHASIS SUPPLIED).

ACCORDINGLY, PIKE'S ANSWER WITH REGARD TO
"PROCEDURAL BACKGROUND" SHOULD RECANT ITS MISTAKEN
ASSERTION PETITIONER'S LACK OF PROPER NOTICE UNDER
THE IADA, AND TO INCLUDE THAT THE PIKE COUNTY
UNTRIED INDICTMENTS "WERE OF SPECIFIC SUBJECT OF
THE INSTANT INTERSTATE AGREEMENT ON DETAINEES . . ."
    A). PIKE'S ANSWER, PARAGRAPH 1, ADMITS
THAT PETITIONER'S " . . . [IADA] REQUEST SPECIFICALLY
REQUESTED DISPOSITION OF CASE NUMBER GJ-03-516,
ROBBERY OF A PHARMACY [COFFEE COUNTY] . . .," ALTHOUGH
INTENTIONALLY FAILS TO MAKE REFERENCE TO THE
UNTRIED INDICTMENTS ON THE ROBBERY OFFENSE (CASE
NO.: 2003-00013) IN PIKE COUNTY, AS SPECIFICALLY

REFERENCED ON FORM IV OF PETITIONER'S IADA REQUEST.

B). FURTHERMORE, PIKE'S ANSWER CONVENIENTLY EXCLUDES THAT PIKE'S GRAND JURY INDICTMENT (PIKE'S EXHIBIT IC) ORIGINALLY GENERATED A CASE NUMBER BEARING "03-132,133," DESIGNATED AS THE TRUE AND CORRECT CASE NUMBER, AND PROPERLY REFERENCED TO THE INDICTMENT IN PETITIONER'S IADA REQUEST.

C). IN PARAGRAPH 7 OF COFFEE'S ANSWER (AND ACCOMPANYING EXHIBIT B), COFFEE'S GRAND JURY INDICTMENT, LIKEWISE, GENERATED A CASE NUMBER BEARING "2003-516," DESIGNATED AS THE TRUE AND CORRECT CASE NUMBER, AND ALSO PROPERLY REFERENCED TO THE INDICTMENT IN PETITIONER'S IADA REQUEST.

D). HOWEVER, BASED ON INFORMATION AND BELIEF, COLLECTIVE EFFORTS OF THE RESPONDENT(S) MAY HAVE BEEN TO UNDERMINE AND INVALIDATE PETITIONER'S PROPERLY EXECUTED IADA REQUEST OF AUGUST 3, 2004 BY ASSIGNING NEW CASE NUMBERS WHICH DIFFERED FROM THE CASE NUMBERS ASSIGNED TO THE COFFEE AND PIKE INDICTMENTS, RESPECTIVELY, AS COMPARED TO THE PREVIOUSLY ASSIGNED CASE NUMBERS AS REFERENCED TO IN PETITIONER'S IADA REQUEST.

E). UPON PETITIONER'S ARREST AND EVENTUAL TRANSFER TO ALABAMA ON FEBRUARY 17, 2005, COFFEE COUNTY ASSIGNED A NEW CASE NUMBER ("CC-2005-149") ON THE GRAND JURY INDICTMENT BEARING A CASE NUMBER "2003-516," AS PIKE COUNTY ASSIGNED A NEW CASE NUMBER ("CC-2005-155 AND 156") ON ITS GRAND JURY INDICTMENT BEARING A CASE NUMBER OF "03-132,133." WHEREAS, THE COLLECTIVE AND NEWLY ASSIGNED "2005" CASE NUMBERS SERVED AS THE TRUE AND CORRECT CASE NUMBERS FOR ALL FUTURE COURT PROCEEDINGS.

F). Accordingly, for obvious reasons, Petitioner's previously executed IADA request could not have referenced the newly assigned Pike and Coffee County "2005" case numbers on an IADA request signed and executed in "2004."

10. The Petitioner agrees with Pike's answer contained in paragraphs 2, 3 and 4. With regard to Pike's answer articulated in paragraph 5, as referenced in Toole's affidavit (Appendix A), Petitioner was unaware that his attorney, Steve Blair, was representing him in the restitution matters raised post-sentencing, as the court had terminated court-appointed counsel's services on the day of sentencing. (See Toole's affidavit (Appendix A), paragraphs 12(c) and 13).

11. As referred to in paragraph 6 of Pike's answer, Petitioner concurs, by his own admission, that a timely direct appeal was not filed in an Alabama court. As a viable (affirmative) defense, however, Toole's affidavit (Appendix A) clearly demonstrates and supports ground three in petition two which properly claims "that Toole was denied access to the courts of Alabama." What's more, Toole's affidavit (and supporting exhibits) show that not only was there existed objective factors external which greatly impeded the Petitioner's efforts to comply with the states procedural rules; however, the documented impediments of Petitioner's denied access to his attorney and courts were the proximate "cause" which created the procedural default. Thus, Petitioner has severely been "prejudiced" by blocking his constitutional right not only to

PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES
(ARTICLE I, THE UNITED STATES CONSTITUTION); BUT
ALSO PETITIONER'S RIGHT TO A FAST AND SPEEDY
TRIAL (ARTICLE VI, THE UNITED STATES CONSTITUTION)
AND DISPOSITION OF UNTRIED INDICTMENTS UNDER ARTICLE
III (A), (D), INTERSTATE AGREEMENT ON DETAINERS ACT.

12. THE PETITIONER IS WITHOUT KNOWLEDGE AS
TO PIKE'S ANSWER CONTAINED IN PARAGRAPH 7; AS SWORN
TO UNDER PENALTY OF PERJURY, PETITIONER IS UNABLE TO
RESPOND ACCORDINGLY TO PIKE'S CONTENTION WHETHER OR
NOT TOOLE DID, OR COULD HAVE DONE, A RULE 32
PETITION PURSUANT TO ALABAMA RULES OF CRIMINAL
PROCEDURE AS HE HAS, AND CONTINUES TO BE, DENIED
ACCESS TO ANY ALABAMA LAWS. (SEE TOOLE'S AFFIDAVIT
(APPENDIX A)).

13. IRONICALLY, PIKE'S ANSWER IN PARAGRAPH 8
CONCURS THAT PETITIONER "... DID MAKE A BLANKET
REQUEST, FILED IN, AMONG OTHER COURTS, THE ALABAMA
COURT OF CRIMINAL APPEALS ... FOR THE STATE TO
ASSIST HIM BY SENDING HIM ALL THE APPLICABLE
RULES OF CRIMINAL PROCEDURE, THE RULES OF APPELLATE
PROCEDURE, AND THE ALABAMA CRIMINAL CODE, WHICH
WAS DISMISSED ..." WHILE ALTHOUGH PETITIONER AVERS
THAT HIS REQUEST FOR LEGAL MATERIALS WAS NOT
DISMISSED, NO RESPONSES HAVE BEEN RECEIVED. (SEE
TOOLE'S AFFIDAVIT (APPENDIX A)).

COFFEE COUNTY (ALABAMA) CASE!

14. IN ADDRESSING COFFEE'S ANSWER, THE PETITIONER
REALLEGES AND INCORPORATES HEREIN PARAGRAPH 9 ABOVE,
AND AGREES WITH COFFEE'S ANSWER ALLEGED IN THEIR

(11)

PARAGRAPH 7 AND 8. CONCURRENTLY, PETITIONER
GENERALLY AGREES WITH COFFEE'S ANSWER IN THEIR
PARAGRAPH 9, HOWEVER, DISAGREES WITH THE FILING
DATE OF PETITIONER'S MOTION TO DISMISS THE
INDICTMENT; WHEREAS, DEFENSE COUNSEL SERVICED AND
FILED SAID MOTION ON FEBRUARY 28, 2005 (186 DAYS
FOLLOWING ALABAMA'S RECEIPT OF PETITIONER'S IADA
REQUEST), AND WAS NOT FILED ON APRIL 5, 2005
AS ALLEGED BY COFFEE'S ANSWER. HERE, AGAIN,
THE RESPONDENT HAS MISLEAD THIS COURT ABOUT
THE FILING OF A SIGNIFICANT DEFENSE MOTION WHICH,
IN ESSENCE, IS THE VERY BASIS OF PETITIONER'S
PETITION ONE AND TWO CURRENTLY UNDER FEDERAL
REVIEW.

    A). ANOTHER SIGNIFICANT POINT WHICH SHOULD BE
BROUGHT TO THE FOREFRONT, UNEQUIVOCALLY, CONCERNS
THE COURT'S ORDER OF MARCH 18, 2005 DENYING
PETITIONER'S MOTION TO DISMISS INDICTMENT REFERENCED
TO HEREINABOVE. IN RULING UPON SAID MOTION, THE
COURT CORRECTLY FOUND THAT ALABAMA RETURNED
PETITIONER FROM FLORIDA WITHIN 180 DAYS AFTER
RECEIPT OF HIS IADA REQUEST (ASSUMING A
RECEIPT DATE OF AUGUST 24, 2005), WHICH PETITIONER
ENTERED THE STATE OF ALABAMA ON THE 177th DAY,
APPEARED IN COURT FOR THE FIRST TIME ON THE
181st DAY (FEBRUARY 22nd), BUT OVERLOOKS THAT A
FINAL DISPOSITION ON SAID REQUEST WAS NOT
COMPLETED WITHIN 180 DAYS AS MANDATED BY THE
IADA. THROUGH NO FAULT OF PETITIONER, THE
"TRIAL" WAS DELAYED (OR FINAL DISPOSITION) BEYOND
THE 180 DAY RULE UPON APPEARING FOR THE FIRST
TIME ON FEBRUARY 22, 2005 WHEN A NOT-GUILTY PLEA

WAS ENTERTAINED, AND THE COURT SETTING TRIAL COMMENCING JUNE 13, 2005, WELL-BEYOND THE IADA PROVISIONAL TIME LIMITS.

B). FURTHERMORE, THE COURT'S MOTION TO DISMISS INDICTMENT ORDER, PARAGRAPH 4, CONCEDES THAT THE STATE WAS NEGLIGENT IN BRINGING THE PETITIONER TO TRIAL IN A TIMELY MANNER OF 180 DAYS. MOREOVER, THE COURT SPECIFIED NO WAIVER OF THE PETITIONER, OR DEFENSE COUNSEL, TENDERED WHICH CONCERNED THE IADA VIOLATION. (EMPHASIS ADDED)

15. IT SHOULD BE ESPECIALLY NOTED THAT PETITIONER'S PIKE COUNTY AND COFFEE COUNTY INDICTMENTS WERE BEING HANDLED BY THE SAME COURT, SAME JUDGE, SAME PROSECUTING ATTORNEY, AND THE SAME COURT-APPOINTED DEFENSE ATTORNEY, STEVE BLAIR. ON INFORMATION AND BELIEF, THE COFFEE AND PIKE COUNTY CASES WERE BEING HANDLED AS THOUGH THEY WERE CONSOLIDATED CASES.

16. IRONICALLY, WHETHER AN OVERSIGHT OR INTENTIONAL, NEITHER PIKE'S ANSWER OR COFFEE'S ANSWER ADDRESSES GROUND THREE OF PETITION ONE OR TWO; IN THAT, NO ARGUMENTS WERE PRESENTED TO REFUTE PETITIONER'S CLAIM THAT TOOLE'S COUNSEL HAD A CONFLICT OF INTEREST IN HIS REPRESENTATION OF TOOLE, PERHAPS WAIVING ANY DEFENSE THERETO.

⑬

<u>Memorandum of Law</u>

<u>Addressing Respondents' Procedural Default Claim
Under the "Cause" and "Prejudice" Standard:</u>

17.   As addressed in the instant court's orders of November 6th and 8th, "A procedural default bars consideration of the merits of a claim unless petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. See <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977)." Whereas, it is respondents collective argument that petitioner is procedurally barred in this cause, thereby requesting dismissal of petition one and two. To the contrary, the petitions for a writ of habeas corpus should be granted under the "cause" and "prejudice" standard.

Federal courts have commonly held that cases which have developed the cause and prejudice standard although generally involved counsel's errors, they have held that the standard should not be limited to those situations. As case law suggest, many prisoners (as in the instant case) initiate their own state-post conviction actions, such as direct appeals or otherwise. To sweepingly conclude that <u>pro se</u> toole should not be held to the cause and standard is to ignore the clear trend toward applying the standard, including bypass. See <u>Hughes v. Idah...</u>, 800 F. 2d (8th cir. 1986).

14

WHAT'S MORE, CAUSE AND PREJUDICE STANDARD, UNDER WHICH FEDERAL HABEAS CORPUS PETITIONER MUST SHOW CAUSE FOR BYPASS OF STATE PROCEDURES AND ACTUAL PREJUDICE ARISING FROM DEFAULT, IS NOT LIMITED TO SITUATIONS INVOLVING COUNSEL'S ERRORS, AND COULD BE APPLIED TO PRO SE LITIGANTS AS IN THE CASE AT BAR. ALSO, PETITIONER CONTENDS THAT A SHOWING OF INTERFERENCE BY PRISON AND STATE OFFICIALS IS ALSO ONE OF THE WAYS IN WHICH THE PETITIONER MAY BE EXCUSED FOR A PROCEDURAL DEFAULT.

HERE, AS PROPERLY ALLEGED IN PETITIONER'S PETITION ONE AND TWO, NOTWITHSTANDING THE AFFIDAVITS (APPENDIX A AND B) FILED HEREIN, THE GOVERNMENTS IN MORE WAYS THAN ONE, HAVE IMPEDED AND INTERFERED WITH TOOLE'S ABILITY TO ACCESS HIS ATTORNEY POST-SENTENCING, DENIED ACCESS TO ALABAMA LEGAL MATERIALS ALLOWING HIM INSIGHT TO ALABAMA LAW, AND INTENTIONALLY MISLEADING HIM TO ERRONEOUSLY BELIEVE HE HAD NOT RESERVED ANY ISSUES COGNIZABLE FOR DIRECT APPEAL.

ACTIONS OF THE STATE, STATE COURTS, OR OTHER OFFICIALS HINDERED COMPLIANCE WITH THE PROCEDURAL RULE OR MADE COMPLIANCE "IMPRACTICABLE." (SEE TIPPITT V. LOCKHART, 903 F.2d 552, 555 (8TH CIR.), CERT. DENIED, 498 U.S. 922 (1990) ("CAUSE" FOR FAILURE TO [TIMELY] APPEAL EXISTS IF "STATE TRIAL COURT PREVENT[S] [PETITIONER] FROM PROPERLY APPEALING...; FRANCIS V. RISON, 894 F.2d 353 (9TH CIR. 1990) (DICTA) ("INTERFERENCE BY PRISON EMPLOYEES WITH PETITIONER'S ACCESS TO ADMINISTRATIVE REMEDIES WOULD PROVIDE "CAUSE."

(15)

As previously noted in the plea and sentencing order filed in the above-styled cause, the Honorable James E. Head, III, mislead the petitioner to believe he "did not reserve any issue for purposes of appeal." (See Toole's affidavit, paragraph 12, and accompanying exhibit 12A) (Appendix A). Consequently, in FORMAN v. SMITH, 633 F.2d 634, 641 (2nd Cir. 1980), CERT. DENIED, 450 U.S. 1001 (1981) (dicta), the court held that:

> "... intentionally or, perhaps, inadvertently "misleading statement by a state officer that obscures the opportunity to develop a federal constitutional violation would be 'cause' for not pursuing such a claim as required under state law...

See also PEDRO v. WAINWRIGHT, 590 F.2d 1383, 1390 (5th Cir.), CERT. DENIED, 444 U.S. 943 (1979) ("discouraging or confusing actions by trial court where defendant did everything in his power to comply with procedural rule"). Also, state interference with prisoner's ability to take timely appeal is an exception to nonexhaustion defense. (Emphasis supplied) MAYBERRY v. PETSOCK, 821 F.2d 179, 184 (3rd Cir.), CERT. DENIED, 484 U.S. 946 (1987).

Decisions rendered by the highest court of the land have uniformly acknowledged that federal courts are empowered under section 2254 to look beyond a state procedural forfeiture and entertain

(16)

A STATE PRISONER'S CONTENTION THAT HIS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED. SEE, E.G., <u>FRANCIS V. HENDERSON</u>, 425 U.S. 536, 538 (1976); <u>FAY V. NOIA</u>, 372 U.S. 391, 398-399 (1963).

AT THE SAME TIME, AS HELD IN THE <u>WAINWRIGHT V. SYKES</u> COURT, THE DOOR WAS LEFT OPEN FOR RESOLUTION IN FUTURE DECISIONS THE PRECISE DEFINITION OF THE "CAUSE"-AND-"PREJUDICE" STANDARD, AND NOTE ONLY THAT IT IS NARROWER THAN THE STANDARD SET FORTH IN DICTA <u>FAY V. NOIA</u>, <u>ID</u>.

<u>DEFENSE COUNSEL'S IGNORANCE AND INADVERTENCE WAS CONTRIBUTED TO "CAUSE" AND "PREJUDICE" WHICH RESULTED IN A "MISCARRIAGE OF JUSTICE"</u>

18. AS THE FACE OF THE RECORD DEMONSTRATES, UPON THE REQUEST OF PETITIONER, DEFENSE COUNSEL STEVE BLAIR WAS, IN FACT, COMPETENT TO THE EXTENT OF PROPERLY FILING A MOTION TO DISMISS THE INDICTMENTS AS REFERENCED TO HEREIN. HOWEVER, COUNSEL'S FAILURE TO FILE AN APPEAL POST-SENTENCING FROM THE CIRCUIT COURT'S ORDER DENYING DISMISSAL OF THE INDICTMENTS BASED ON A CLEAR AND IRREFUTABLE IADA VIOLATION, ABSENT ANY WAIVER BY THE PETITIONER, FELL BELOW THE RANGE OF EFFECTIVE ASSISTANCE AND COMPETENCE AS GUARANTEED PETITIONER BY THE SIXTH AMENDMENT, THE UNITED STATES CONSTITUTION. THE FAILURE OF ATTORNEY BLAIR TO FILE AN APPEAL, OR AT THE VERY LEAST, INQUIRE WITH THE PETITIONER IF HE DESIRED TO FILE AN APPEAL, WAS THE PRODUCT OF BLAIRS' IGNORANCE OR OVERSIGHT, AND COULD NOT BE

CONSTRUED AS A DELIBERATE TACTIC.

MORE IMPORTANTLY, THOUGH, HOW DOES DEFENSE COUNSEL STEVE BLAIR AFFORD PETITIONER EFFECTIVE ASSISTANCE IN A CASE SEEDED WITH MATERIAL CONFLICTS OF INTEREST COUNSEL CREATED? AS REFLECTED IN TOOLE'S AFFIDAVIT (APPENDIX A), ALTHOUGH AT ONE POINT DURING THE PROCEEDINGS WAS PETITIONER AWARE THAT COUNSEL BLAIR WAS A FORMER CIRCUIT COURT JUDGE IN THE ENTERPRISE DIVISION, HE WAS UNAWARE, HOWEVER, THAT NOT ONLY WAS HIS ATTORNEY THE PRESIDING JUDGE DURING THE COFFEE COUNTY GRAND JURY INDICTMENT PROCEEDINGS AGAINST HIM, SIGNING THE INDICTMENT, BUT WAS ALSO SERVING TWO MASTERS BY SERVING AS A MUNICIPAL COURT JUDGE IN THE ENTERPRISE DIVISION AND DEFENDING PETITIONER AS COURT-APPOINTED COUNSEL IN THE SAME COURT SYSTEM. THIS, OF COURSE, WAS DETERMINED TO BE NEWLY DISCOVERED EVIDENCE AS REFERENCED TO IN TOOLE'S AFFIDAVIT (APPENDIX A).

AS HELD IN MURRAY V. CARRIER, 106 S.Ct. 2639, 2645 (1986), IF THE PROCEDURAL DEFAULT IS THE RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL, THE SIXTH AMENDMENT ITSELF REQUIRES THAT RESPONSIBILITY FOR THE DEFAULT BE IMPUTED TO THE STATE, WHICH MAY NOT "CONDUCT TRIALS AT WHICH PERSONS WHO FACE INCARCERATION MUST DEFEND THEMSELVES WITHOUT ADEQUATE LEGAL ASSISTANCE." CUYLER V. SULLIVAN, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed. 2d. 333 (1980). INEFFECTIVE ASSISTANCE OF COUNSEL, THEN, IS CAUSE FOR A PROCEDURAL DEFAULT. (EMPHASIS ADDED) ALSO, INEFFECTIVE ASSISTANCE WHICH WAS DELIVERED IN THE INSTANT CASE, UNDOUBTFULLY,

(18)

CREATED A MISCARRIAGE OF JUSTICE IN THE ABOVE-STYLED CAUSE. HAD THE PETITIONER IN THE CASE AT BAR BEEN REPRESENTED BY CONFLICT FREE COUNSEL WHO WAS NOT SERVING AS A COURT OFFICIAL (MUNICIPAL JUDGE) AND COURT-APPOINTED ATTORNEY IN THE SAME JUDICIAL SYSTEM, IT IS LIKELY A TIMELY APPEAL WOULD HAVE BEEN FILED, THUS, NOT PREJUDICING THE PETITIONER OR TAINTING THE PROCEEDINGS. ACCORDINGLY, WE HAVE HERE A "MANIFEST INJUSTICE" AND THE DENIAL OF "FUNDAMENTAL FAIRNESS" TOWARDS PETITIONER TOOLE.

HAD "CAUSE" AND "PREJUDICE" NOT OCCURRED, PETITIONER HAD VALID, RIPE, AND COGNIZABLE ISSUES FOR DIRECT APPEAL ON THE IADA VIOLATION:

19. THE INSTANT PETITIONS FOR HABEAS CORPUS ("PETITION ONE" AND "PETITION TWO"), CLEARLY DEMONSTRATE THAT HAD CAUSES IMPUTED BY THE GOVERNMENTS NOT OCCURRED, AND PETITIONER WAS NOT BLOCKED FROM ACCESSING HIS ATTORNEY OR ACCESSING LEGAL MATERIALS ON ALABAMA LAW, HE WOULD NOT HAVE BEEN PREJUDICED AND WOULD HAVE PROPERLY PRESENTED HIS ISSUES WHICH WERE COGNIZABLE. THUS, THE COFFEE AND PIKE COUNTY INDICTMENTS WOULD HAVE BEEN LIKELY DISMISSED WITH PREJUDICE IMPUTED ON THE RESPONDENTS.

STATE OF ALABAMA, AND COURT, ADMIT TO IADA VIOLATION:

20. THE RECORD CLEARLY ESTABLISHES IN COFFEE'S ANSWER AND PIKE'S ANSWER, INCLUDING JUDGE HEAD'S ORDER OF

⑲

MARCH 18, 2005, VIOLATIONS OF PETITIONER'S IADA REQUEST HAD OCCURRED, AND THAT THE STATE WAS NEGLIGENT; HOWEVER, THE INDICTMENTS WERE NOT DISMISSED AS MANDATED BY THE IADA, AND WERE PROPERLY PRESERVED FOR PURPOSES OF APPEAL. WITHOUT QUESTION, THE 180-DAY RULE IADA VIOLATION HERE COULD NOT BE DEEMED TRIVIAL, HARMLESS ERROR, WAIVED, OR DE MINIMIS BY NO MEANS.

A) <u>IADA BACKGROUND</u>: INTERSTATE AGREEMENT ON DETAINERS ACT (IADA) PROVIDES A CONSTITUTIONALLY PROTECTED EXPEDITIOUS DELIVERY OF A PRISONER TO THE RECEIVING STATE REQUESTING FINAL DISPOSITION OF ALL UNTRIED INDICTMENTS PENDING IN THAT STATE. ARTICLE III (A) OF THE IADA SPECIFICALLY STATES:

> "... [PETITIONER] ... SHALL BE BROUGHT TO TRIAL WITHIN 180 DAYS AFTER THE PRISONER SHALL HAVE CAUSED TO BE DELIVERED TO THE PROSECUTING OFFICER'S JURISDICTION WRITTEN NOTICE OF THE PLACE OF HIS IMPRISONMENT AND THE PRISONER'S REQUEST FOR FINAL DISPOSITION TO BE MADE OF THE INDICTMENT...; PROVIDED THAT, FOR GOOD CAUSE SHOWN IN OPEN COURT, ... COUNSEL BEING PRESENT, THE COURT HAVING JURISDICTION OF THE MATTER MAY GRANT ANY NECESSARY .OR REASONABLE CONTINUANCE ... "

EQUALLY AS IMPORTANT, ARTICLE V (C) OF THE IADA PROVIDES, IN PART, THAT:

"... IN THE EVENT THAT AN ACTION ON THE INDICTMENT... ON THE BASIS OF WHICH THE DETAINER HAS BEEN LODGED IS NOT BROUGHT TO TRIAL WITHIN THE PERIOD PROVIDED [OF 180 DAYS] IN ARTICLE III OR ARTICLE IV, THE APPROPRIATE COURT... _SHALL_ ENTER AN ORDER DISMISSING THE SAME WITH PREJUDICE, AND ANY DETAINER BASED THEREON SHALL CEASE TO BE OF ANY FORCE OR EFFECT..." (EMPHASIS ADDED) (UNDERLINING ADDED)

B). AS HELD IN _ALABAMA V. BOZEMAN_, 121 S.Ct. 2079 (2001); 738 So.2d 934 (1998), _REVERSED_ 781 So.2d 165 (2000), THE LANGUAGE OF AN IADA IS ABSOLUTE AND MILITATES AGAINST AN IMPLICIT DE MINIMUS EXCEPTION, WHERE A VIOLATION COULD NOT BE TRIVIAL IN LIGHT OF IADA PURPOSES.

AS USED IN STATUTES, WORD "SHALL" IS ORDINARILY THE LANGUAGE OF COMMAND. THE STATE OF ALABAMA SUPREME COURT, 781 So.2d 165 (2000), REVERSED THE ALABAMA'S TRIAL COURT / APPELLATE COURT'S DECISION, AND DISMISSED BOZEMAN'S, I.D., INDICTMENT ON AN IADA VIOLATION, HOLDING THAT THE AGREEMENT'S

LITERAL LANGUAGE [ OF "SHALL" ] CONTROLLED AND REQUIRED DISMISSAL OF STATE CHARGES. ACCORDINGLY, BASED ON THE ADMITANCE OF RESPONDENTS AND THE COURT, COLLECTIVELY, IN THE CASE AT BAR, THE PETITIONER'S INDICTMENT SHOULD HAVE BEEN DISMISSED. WHEREAS, 181 DAYS HAD ELAPSED FOLLOWING ALABAMA'S RECEIPT OF TOOLES IADA REQUEST BEFORE HE MADE A "FIRST APPEARENCE", AND NOT TRIAL (OR FINAL DISPOSITION), AS MANDATED BY THE AGREEMENT ENACTED BY CONGRESS. LIKEWISE, TOOLE FILED A MOTION TO DISMISS ON THE 186TH DAY, WITH NO WAIVER IMPUTED BY THE PETITIONER TO FOREGO FUTURE APPELLATE REVIEW.

SHOULD THE RESPONDENTS ATTEMPT TO ARGUE OR PROPOSE THAT TOOLE OR HIS COUNSEL WAIVED IADA VIOLATION BASED ON AN ALLEGED CONTINUANCE, ANY SUCH CONTINUANCE WOULD NOT HAVE BEEN APPLICABLE TO THE IADA, AS THE STATE WAS ALREADY IN VIOLATION OF THE 180-RULE UPON BRINGING FORTH TOOLE TO "FIRST APPEARANCE" ON THE 181ST DAY, THEREFORE, ANY SUGGESTED WAIVERS MADE FOLLOWING THE 180TH DAY RULE, ARE NOT VALID AND WILL NOT SUSTAIN.

ON OTHER AUTHORITIES, SEE FEX V. MICHIGAN, 113 S.Ct. 1085 (1993) ( DISCUSSING 180 DAY TIME LIMIT ON IADA PROVISIONS); CUYLER V. ADAMS, 101 S.Ct. 704 (1981); AND NEW YORK V. HILL, 120 S.Ct. 665 (2000).

(22)

<u>CONCLUSION</u>

BASED ON THE REASONS EXPRESSED HEREINABOVE, THE PETITIONER IS ENTITLED TO RELIEF ON HIS HABEAS PETITIONS FILED IN THE COFFEE COUNTY AND PIKE COUNTY CASES ("PETITION ONE" AND PETITION TWO"), AND REQUESTS THE UNITED STATES DISTRICT COURT GRANT THE REQUESTED RELIEF DEEMED APPROPRIATE IN SECTION 2254 PROCEEDINGS; OR IN THE ALTERNATIVE, GRANT AN EVIDENTIARY HEARING TO BE HELD IN THE ABOVE-STYLED CAUSES, AND ACCORDINGLY APPOINT COUNSEL TO REPRESENT HIM, AND ANY FURTHER RELIEF DEEMED APPROPRIATE BY THE COURT.

DONE AND EXECUTED ON THIS 27TH DAY OF NOVEMBER, 2006.

RESPECTFULLY SUBMITTED,

Howard Toole

HOWARD G. TOOLE, #C-917683
PETITIONER (PRO SE)
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

㉓

## DECLARATION

I, HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-STYLED CAUSE, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. SECTION 1001, THAT I HAVE READ AND UNDERSTAND THE INFORMATION CONTAINED HEREIN, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT, EXCEPT TO THOSE MATTERS BASED ON INFORMATION AND BELIEF WHICH ARE BELIEVED TO BE TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE, THIS 27th DAY OF NOVEMBER 2006.

EXECUTED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

11-27-06
_____
DATE

_Howard Toole_
HOWARD G. TOOLE # 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

(24)

<u>CERTIFICATE OF SERVICE</u>
(UNDER MAILBOX RULE)

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING PETITION (INCLUDING APPENDIX) HAS BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING TO THE CLERK OF THE UNITED STATES DISTRICT COURT; AND TO DANIAL W. MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY) AND MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), OFFICE OF THE ATTORNEY GENERAL, ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S. MAIL, ON THIS <u>27th</u> DAY OF <u>NOVEMBER</u>, 2006.

RESPECTFULLY SUBMITTED,

HOWARD G. TOOLE # 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

# APPENDIX A

AFFIDAVIT OF
HOWARD G. TOOLE

26

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HOWARD GLENN TOOLE, # C917683,  :

      PETITIONER,         :   CASE NO: 1.06-CV-696-MHT

VS.                   :  (RE: COFFEE COUNTY)

JAMES McDONOUGH, ET. AL ,  :

      RESPONDENTS      :

## AFFIDAVIT OF PETITIONER
### HOWARD GLENN TOOLE

I, HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-STYLED CAUSE, DECLARE UNDER PENALTIES OF PERJURY, THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT, EXCEPT TO THOSE MATTERS BASED ON INFORMATION AND BELIEF. I FURTHER DECLARE UNDER PENALTIES OF PERJURY THAT THE SUPPORTING DOCUMENTS ATTACHED HERETO ARE ORIGINALS (WHEN POSSIBLE) OR TRUE COPIES THEREOF.

### PURPOSE OF AFFIDAVIT:

THE PRIMARY PURPOSE OF THE FOREGOING AFFIDAVIT SEEKS TO HELP ESTABLISH "CAUSE" FOR MY HINDERED ABILITY TO FOLLOW THE STATE OF ALABAMA'S PROCEDURAL RULES AND SHOW "PREJUDICE"

( 1 OF 20)

(27)

RESULTING FROM THIS FAILURE, DEMONSTRATE A "FUNDAMENTAL MISCARRIAGE OF JUSTICE" CREATED BY STEVE BLAIR'S "IGNORANCE OR INADVERTENCE" INEFFECTIVE ASSISTANCE AS MY ATTORNEY WHICH CAUSED THE PROCEDURAL DEFAULT, AND THE STATES' (ALABAMA AND FLORIDA) CONTINUED AND INTENTIONAL DENIAL OF ALLOWING ME ACCESS TO THE COURTS WHICH HAS CAUSED, AND CONTINUES TO CAUSE, MY INABILITY TO BECOME PROCEDURALLY CORRECT IN THE ABOVE-STYLED CAUSE. IN SUPPORT THEREOF, I AVER AND ASSERT, WITH SUPPORTING DOCUMENTATION, THE FOLLOWING:

## STATEMENT

1. ON MARCH 8, 2004, THE STATE OF ALABAMA NOTIFIED THE RESPONDENT, FLORIDA DEPARTMENT OF CORRECTIONS (FDOC), TO EXECUTE WARRANTS AND PLACE A DETAINER ON ME RESULTING FROM A GRAND JURY INDICTMENT FOR ROBBERY OF A PHARMACY. (SEE EXHIBIT "1A" ATTACHED HERETO: LETTER OF COFFEE COUNTY SHERIFF'S DEPARTMENT).

2. ON JANUARY 12, 2006 (POST JUDGMENT AND SENTENCE), I RECEIVED NEWLY DISCOVERED EVIDENCE CONTAINED IN MY DEFENSE ATTORNEY'S CASE FILE, REQUESTED AND RECEIVED FROM ATTORNEY STEVE BLAIR. IN THAT, STEVE BLAIR, MY ATTORNEY, WAS THE PRESIDING COURT JUDGE WHO ISSUED AND SIGNED THE GRAND JURY INDICTMENT IN MY CASE(S), Aug. 19, 2003, SETTING BAIL IN THE AMOUNT OF $100,000, THUS CREATING A MATERIAL CONFLICT OF INTEREST THAT HAD NEVER BEEN PREVIOUSLY REVEALED OR DISCLOSED. (SEE EXHIBIT "2A" ATTACHED HERETO: GRAND JURY INDICTMENT). (COFFEE COUNTY CASE)

ISSUE FOR PURPOSES OF APPEAL." (SEE LAST PARAGRAPH OF EXHIBIT "12A" ATTACHED HERETO) FOR MY ATTORNEY, STEVE BLAIR, I WAS ADVISED AND UNDER THE IMPRESSION THAT MY IADA VIOLATION ISSUE WAS PROPERLY RESERVED AS AN ISSUE COGNIZABLE FOR PURPOSES OF APPEAL DUE TO THE PROCEDURALLY CORRECT MOTION TO DISMISS INDICTMENT (EXHIBIT "10A") FILED IN MY CASE.

12(B). EQUALLY AS IMPORTANT, BASED ON INFORMATION AND BELIEF, AT NO TIME DURING THE COURSE OF THE COURT PROCEEDINGS (OR SENTENCING) WAS I INFORMED OR ADVISED AS TO THE TIME LIMIT AVAILABLE TO ME TO FILE AN APPEAL, OR TO WHAT COURT I WAS REQUIRED TO DIRECT MY NOTICE OF APPEAL TO. FURTHERMORE, EVEN IF I HAD BEEN PROPERLY ADVISED SOMEHOW THE PROCEDURE ON PERFECTING AN APPEAL IN MY CASE, BOTH THE STATES OF ALABAMA AND FLORIDA IMPEDED MY EFFORTS TO GAINING ACCESS TO MY ATTORNEY OR LAW, AND DENIED ME ACCESS TO THE COURTS AS EVIDENCED AND REFLECTED BELOW.

## IMPEDIMENTS OF THE STATES' DENYING ACCESS TO COURTS:

12(C). BASED ON INFORMATION AND BELIEF, DURING MY SENTENCING HEARING OF MAY 10, 2005 (APPROXIMATELY 257 DAYS FOLLOWING THE STATE OF ALABAMA'S OFFICIAL RECEIPT OF MY PROPERLY EXECUTED IADA REQUEST), FOLLOWING THE COURT'S ORAL PRONOUNCEMENT OF SENTENCE, THE COURT OFFICIALLY DETERMINED THAT THE SERVICES OF MY ATTORNEY WERE NO LONGER REQUIRED. ACCORDINGLY, THE COURT TERMINATED (AT THAT POINT) ANY FURTHER ATTORNEY SERVICES IN MY CASE.

(32)

(6 OF 20)

13. AGAIN, ON JANUARY 12, 2006, I RECEIVED ADDITIONAL NEWLY DISCOVERED EVIDENCE (SIMILARLY AS REFERENCED TO IN PARAGRAPH 2 ABOVE) CONTAINED IN MY ATTORNEY'S DEFENSE CASE FILE, IN THAT, MY ATTORNEY WAS, IN FACT, REPRESENTING ME IN POST-SENTENCING MATTERS UP UNTIL ON OR ABOUT AUGUST 11, 2005 REGARDING RESTITUTION ISSUES. I WAS UNAWARE OF STEVE BLAIR'S CONTINUED REPRESENTATION, AS I WAS INFORMED BY THE COURT DURING MY SENTENCING OF MAY 10, 2005 THAT HIS SERVICES WERE TERMINATED. (SEE EXHIBIT "13A" ATTACHED HERETO: CIRCUIT COURT'S CASE ACTION SUMMARY OF ACTIVITIES).

14. SHORTLY FOLLOWING MY RETURN TO THE COFFEE COUNTY JAIL AFTER SENTENCING, I UTILIZED THE JAIL'S TELEPHONE SYSTEM TO CONTACT MY ATTORNEY, STEVE BLAIR, BY CALLING COLLECT TO INFORM HIM THAT I WISHED TO APPEAL THE IADA VIOLATION; HOWEVER, MR. BLAIR'S OFFICE REFUSSED TO ACCEPT MY SEVERAL COLLECT CALLS. THEREAFTER, I MADE A REQUEST TO THE COFFEE COUNTY JAIL ADMINISTRATER (VERBALLY AND POSSIBLY BY WRITTEN REQUEST) TO ALLOW ME TO PLACE A DIRECT DIALED (NON-COLLECT) TELEPHONE CALL TO MY ATTORNEY, STEVE BLAIR, WHICH REQUEST WAS DENIED BY HIM ADVISING ME "... HE WAS NO LONGER REPRESENTING ME ... AND THAT HE WAS A BUSY MAN ..." (JAIL OFFICER LOGS AND TELEPHONE RECORDS, IF PRODUCED BY SUBPOENA, MAY SUBSTANTIATE THIS CLAIM).

15. ON INFORMATION AND BELIEF, THE COFFEE COUNTY, ALABAMA, JAIL DOES NOT PROVIDE ITS DETAINEES WITH ACCESS TO A LAW LIBRARY FOR THE PURSUIT OF POST-SENTENCING (CONVICTION) PROCEEDINGS, OR APPEALS.

(33)

16. ON OR ABOUT JULY 13, 2005, THE STATE OF ALABAMA RETURNED ME TO THE STATE OF FLORIDA, BY DELIVERING ME TO APALACHEE CORRECTIONAL INSTITUTION, LOCATED IN SNEADS, FLORIDA.

17. WITHIN APPROXIMATELY 13 DAYS OF MY RETURN TO THE FLORIDA PRISON SYSTEM, I PREPARED AND GAVE TO PRISON OFFICIALS FOR MAILING A PRO SE PETITION / NOTICE OF BELATED APPEAL (AND ACCOMPANYING APPELLATE RELATED REQUESTS) INADVERTENTLY FILED IN COFFEE COUNTY (ALABAMA) CIRCUIT COURT, (REFLECTING COFFEE AND PIKE COUNTY CASE NUMBERS), CHALLENGING ALABAMA'S JUDGMENT AND SENTENCE RENDERED ON MAY 10, 2005. (SEE EXHIBIT "17A" ATTACHED HERETO: PRO SE PETITION / NOTICE OF APPEAL). IT SHOULD BE ESPECIALLY NOTED THAT I DISCOVERED AT THIS TIME, FLORIDA'S PRISON LAW LIBRARIES DO NOT CONTAIN LEGAL MATERIALS (OR LAW BOOKS) ON ALABAMA LAW. CONSEQUENTLY, I ATTEMPTED TO BECOME PROCEDURALLY CORRECT UTILIZING THE FLORIDA LAW FORMAT AS THE ONLY MEANS OF ACCESS TO THE LAW.

## MUTIPLE REQUESTS MADE FOR ACCESS TO ALABAMA LAW, STATUTES, COURT PROCEDURES AND APPELLATE LAWS:

18. NOTWITHSTANDING MY INITIAL REQUEST TO ACCESS MY ATTORNEY, STEVE BLAIR, MADE TO COFFEE COUNTY, ALABAMA, JAIL ADMINISTOR WHICH WAS DENIED, I HAVE SUBMITTED, IN WRITING, A MULTITUDE OF REQUESTS TO THE STATES OF FLORIDA AND ALABAMA FOR ACCESS TO ALABAMA COURT DECISIONS, STATUTES, RULES, APPELLATE PROCEDURES, OR THE ALIKE, IN ORDER TO PROPERLY AND PROCEDURALLY

ACCESS THE ALABAMA COURTS IN PURSUING VALID
AND COGNIZABLE APPELLATE AND POST-CONVICTION
REMEDIES. AS EVIDENCED AND DOCUMENTED BELOW,
AS LATE AS NOVEMBER 15, 2006, ALL SUCH REQUESTS
HAVE EITHER BEEN BLATANTLY DENIED OR IGNORED.
(EMPHASIS ADDED) AS OF NOVEMBER 27, 2006, I
STILL HAVE NO ACCESS OR INFORMATION TO ALABAMA
LAW AS REFERENCED TO HEREIN.

19. THE FOLLOWING REQUESTS (EITHER DENIED OR
IGNORED) FOR ACCESS TO ALABAMA LAW, MADE TO
GOVERNMENT AND PRIVATE ENTITIES, ARE AS FOLLOWS:

A). ON AUGUST 8, 2005, A REQUEST WAS
SUBMITTED TO FLORIDA PRISON OFFICIALS TO ACCESS
THE LAW LIBRARY FOR ALABAMA LAW. (SEE EXHIBIT
"19A" ATTACHED HERETO: FDOC INMATE REQUEST FORM),

B). ON AUGUST 29, 2005, I RECEIVED A
RESPONSE FROM A LEGAL PUBLISHER, OCEANA PUBLICATIONS,
INC, INDICATING THE REQUESTED MATERIAL WAS NO
LONGER AVAILABLE. (SEE EXHIBIT "19B" ATTACHED
HERETO: LETTER FROM OCEANA PUBLICATIONS, INC).

C). ON OR ABOUT OCTOBER, 2005,[2] I
MADE A WRITTEN REQUEST TO ACCESS ALABAMA LAW
TO FORMER STATE SENATOR OF ALABAMA, SAM ADAMS
ATTORNEY NOW PRACTICING WITH THE LAW FIRM OF:
MERRILL, HARRISON AND ADAMS, LOCATED AT 153 SOUTH
OATS STREET, DOTHAN, ALABAMA 36302; WHICH
REQUEST HAS BEEN IGNORED.

D). ON NOVEMBER 3, 2005, I RECEIVED
ANOTHER RESPONSE FROM A LEGAL BOOKS PROVIDER FOR

---

[2] ANOTHER REQUEST TO FORMER STATE SENATOR, SAM ADAMS,
WAS MAILED IN DECEMBER, 2005, WITH NO RESPONSE.

(9 OF 20)

35

ACCESS TO ALABAMA LAW, WHICH RESPONSE FOCUSED ON SELLING ME A "PEN PAL SERVICE" FOR INMATES, RATHER THAN PROVIDING THE REQUESTED LEGAL MATERIAL. (SEE EXHIBIT "19D" ATTACHED HERETO: LETTER FROM INMATES-ONE-STOP.com);

E). ON NOVEMBER 13, 2005, I RECEIVED ANOTHER RESPONSE FOR ALABAMA LEGAL MATERIAL FROM A PRIVATE COMPANY, D AND J LITIGATION SUPPORT SERVICES, WHICH ONLY PROVIDED A BROCHURE AND NOT THE REQUESTED LEGAL MATERIAL. (SEE EXHIBIT "19E" ATTACHED HERETO: LETTER FROM D AND J LITIGATION SUPPORT SERVICES).

F). ON FEBRUARY 21, 2006, I RECEIVED A RESPONSE TO MY INMATE REQUEST (TENDERED IN ABOUT NOVEMBER, 2005) FOR INTERLIBRARY LOAN REQUEST FOR ALABAMA LAW BOOKS, WHICH REQUEST WAS NOT HONORED. (SEE EXHIBIT "19F" ATTACHED HERETO: FDOC INMATE REQUEST FORM TO LIBRARY),

G). MY LAW LIBRARY INTERLIBRARY LOAN REQUEST AS REFERENCED ABOVE, BUT WITH AN ACTUAL SUBMIT DATE OF DECEMBER 9, 2005, REQUESTING ACCESS TO ALABAMA LAW WAS FORWARDED TO SEVERAL INSTITUTIONS, ALTHOUGH EVENTUALLY RETURNED WITH NONE OF THE REQUESTED LEGAL MATERIAL. (SEE EXHIBIT "19G" ATTACHED HERETO: FDOC INTERLIBRARY LOAN REQUEST);

H). SHORTLY FOLLOWING MY RETURN FROM ALABAMA TO A FLORIDA PRISON, I SUBMITTED SEVERAL WRITTEN REQUESTS[3] (FOLLOWED UP BY ANOTHER LETTER OF MAY 9, 2006) FOR ALABAMA COURTS AND/OR COURT CLERK'S OFFICE TO PROVIDE ME WITH ALABAMA PROCEDURAL RULES AND STATUTES,

ESPECIALLY COURT RULES GOVERNING APPELLATE PRACTICE AND PROCEDURE, WITH NO RESPONSES RECEIVED, AS ACKNOWLEDGED IN RESPONDENT'S ANSWER, PARAGRAPH 8, DATED OCTOBER 24, 2006 (SEE EXHIBIT "19H" ATTACHED HERETO: LETTER TO ALABAMA CLERK'S OFFICE);

I). ON OR ABOUT SEPTEMBER 9, 2005 I PREPARED AND MAILED REQUESTS TO TROY STATE UNIVERSITY LIBRARY, FLORIDA STATE UNIVERSITY LAW LIBRARY, AND GEORGE WALLACE COMMUNITY COLLEGE REQUESTING ALABAMA LEGAL MATERIALS REGARDING STATE CRIMINAL AND APPELLATE PROCEDURES. AS OF THE DATE OF THE FILING OF THE FOREGOING AFFIDAVIT, I HAVE RECEIVED NO RESPONSES TO MY REQUESTS FOR LEGAL MATERIALS.

J). ON MARCH 2, 2006, THE PSI PUBLISHING COMPANY FORWARDED TO ME, UPON RECEIPT OF MY PAYMENT, A COPY OF "THE PRISONER'S GUIDE TO SURVIVAL," WHICH COVERED FEDERAL POST-CONVICTION RELIEF, PRISONER'S CIVIL RIGHTS, AND FEDERAL WRIT OF HABEAS CORPUS, ALTHOUGH NON-SPECIFIC TO ALABAMA LAWS, RULES AND PROCEDURES. (SEE EXHIBIT "19J" ATTACHED HERETO: LETTER FROM PSI PUBLISHING, INC.);

K). ON MARCH 21, 2006, THE FORTUNE SOCIETY, A PRISONER NON-PROFIT ORGANIZATION, MAILED A LETTER TO ME DENYING MY REQUEST FOR ALABAMA LEGAL MATERIAL AND LEGAL ASSISTANCE. (SEE EXHIBIT "19K" ATTACHED HERETO: LETTER FROM

---

3/ THIS REQUEST, AMONG OTHERS, HAS BEEN FORWARDED TO AN ALABAMA APPELLATE COURT, CLERK OF THE COFFEE COUNTY CIRCUIT COURT, ALABAMA'S ATTORNEY GENERAL'S OFFICE, COFFEE COUNTY STATE DISTRICT ATTORNEY'S OFFICE JUDGE THOMAS E. HEAD, AND OTHER OFFICIALS WITH NO RESPONSES.

(37)

THE FORTUNE SOCIETY)

L). THE MOST SIGNIFICANT EVIDENCE OF THE STATE'S DENIAL OF MY ABILITY TO ACCESS THE ALABAMA COURT CAME RECENTLY ON NOVEMBER 15, 2006, AS I PREPARED TO RESPOND TO THIS COURT'S ORDERS OF NOVEMBER 6 AND 8, 2006; WHEREAS, I SUBMITTED ANOTHER REQUEST TO FDOC FOR ALABAMA CRIMINAL CODE (2006); ALABAMA RULES OF CRIMINAL PROCEDURE (2005), AND ALABAMA RULES OF APPELLATE PROCEDURE WHICH REQUEST WAS DENIED. (SEE EXHIBIT "19L" ATTACHED HERETO: FDOC INMATE REQUEST FORM). IN FDOC'S DENIAL FOR THE REQUESTED ALABAMA LEGAL MATERIALS, ITS CENTRAL OFFICE STATED THAT " . . . THE DEPARTMENT HAS NO DUTY TO SUPPLY PRISONERS LAW FROM OTHER STATES. YOU MUST GET ALABAMA OR OTHER STATE LAW FROM ALABAMA AUTHORITIES OR OTHER SOURCES AVAILABLE TO YOU . . ." (SEE EXHIBIT "19L-B" ATTACHED HERETO: FDOC DENIAL OF LAW LIBRARY INTERLIBRARY LOAN REQUEST).

<u>MY GOOD FAITH EFFORTS TO EXHAUST STATE REMEDIES AND BECOME PROCEDURALLY CORRECT</u>:

20. AS REFERENCED IN PARAGRAPH 17 HEREINABOVE, I CAUSED TO BE DELIVERED A BELATED NOTICE OF APPEAL ON OR ABOUT JULY 26, 2005 ON THE ALABAMA CASES CURRENTLY UNDER REVIEW. I WOULD HAVE FILED SOONER, HOWEVER, COFFEE COUNTY JAIL HAD NO LAW LIBRARY OR PROVIDED LEGAL ASSISTANCE IN THE FORM OF TRAINED LAW CLERKS. ALSO, THE JAIL ADMINISTRATER WOULD NOT ALLOW ME TO TELEPHONE MY ATTORNEY, STEVE BLAIR. MORE IMPORTANTLY, I DID

NOT HAVE ACCESS TO ANY FORM OF A LAW LIBRARY UNTIL MY RETURN TO THE FLORIDA PRISON SYSTEM ON JULY 13, 2005 (APPROXIMATELY 64-DAYS POST-SENTENCING); WHICH, UNEQUIVOCALLY, CONTAINED LEGAL MATERIALS ON "FLORIDA" LAW, AND NO LEGAL MATERIALS ON ALABAMA LAW. TO THIS DAY, I AM CONFINED IN A FLORIDA PRISON UNABLE TO PROPERLY ACCESS THE ALABAMA COURTS, AS I HAVE CONTINUALLY BEEN DENIED TO ANY ALABAMA LAW, COURT RULES, OR APPELLATE PROCEDURES.

21. ON NOVEMBER 7, 2005, THE HONORABLE THOMAS E. HEAD, III, CIRCUIT COURT JUDGE OF COFFEE COUNTY, ALABAMA, DENIED MY BELATED NOTICE OF APPEAL AS BEING "UNTIMELY," AND HELD ON TO SAID NOTICE OF APPEAL APPROXIMATELY 113-DAYS PRIOR TO ISSUING A RULING. (SEE EXHIBIT "21A" ATTACHED HERETO: ORDER OF COFFEE COUNTY CIRCUIT COURT).

22. ON OR ABOUT DECEMBER 27, 2005, I CAUSED TO BE MAILED AN EXACT COPY OF MY ORIGINAL PETITION/ NOTICE OF BELATED APPEAL (EXHIBIT "17A") TO THE STATE OF ALABAMA COURT OF CRIMINAL APPEALS, WITH AN ASSIGNED APPELLATE CASE NUMBER OF CR-05-0803. CONSEQUENTLY, DUE TO MY UNINTENTIONAL NON-COMPLIANCE WITH SERVICE REQUIREMENTS OF RULE 31(A) OF THE ALABAMA RULES OF APPELLATE PROCEDURE, THE APPELLATE COURT ISSUED AN ORDER ALLOWING ME 14-DAYS TO COMPLY. (SEE EXHIBIT "22A" ATTACHED HERETO: ORDER OF ALABAMA APPELLATE COURT). IN ADDITION, I MAILED AND FILED A PETITION FOR BELATED APPEAL, SUPPLEMENTED, DATED JANUARY 25, 2006. (SEE EXHIBIT "22B" ATTACHED HERETO: PRO SE SUPPLEMENTED PETITION). I THEN CONFORMED TO THE APPELLATE COURT'S ORDER TO COMPLY WITH SERVICE REQUIREMENTS BY FILING

A NOTICE TO ALL CONCERNED PARTIES, DATED FEBRUARY 7, 2006. (SEE EXHIBIT "22C" ATTACHED HERETO: PRO SE NOTICE FILED). CONSEQUENTLY, THE APPELLATE COURT MISTAKENLY MISCONSTRUED MY BELATED NOTICE OF APPEAL AS A "PETITION FOR WRIT OF MANDAMUS" AND ISSUING AN ORDER DISMISSING MY APPEAL. (SEE EXHIBIT "22D" ATTACHED HERETO: ORDER OF DISMISSAL DATED FEBRUARY 23, 2006) SHORTLY THEREAFTER, I FILED A PETITION TO GRANT LEAVE TO PROCEED TO THE ALABAMA SUPREME COURT WHICH, AGAIN, WAS DISMISSED ON MAY 16, 2006. (SEE EXHIBIT "22E" ATTACHED HERETO: ORDER DENYING RELIEF TO PROCEED IN THE ALABAMA SUPREME COURT).

23. UPON MY GOOD FAITH ATTEMPTS TO EXHAUST AND PRESENT MY CONSTITUTIONAL CLAIMS TO THE STATE OF ALABAMA COURTS, WITH NO OTHER AVAILABLE REMEDY, I SUBSEQUENTLY FILED A FEDERAL PETITION FOR A WRIT OF HABEAS CORPUS, ORIGINALLY FILED ON JUNE 8, 2006 IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA; AND LATER TRANSFERRED TO THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA.

<u>ADDITIONAL NEWLY DISCOVERED EVIDENCE</u>:

24. AS REFERENCED TO IN PARAGRAPH 2 HEREIN-ABOVE, NOT ONLY DID I DISCOVER THAT MY ATTORNEY, STEVE BLAIR, WAS THE PRESIDING JUDGE WHO ISSUED AND SIGNED THE GRAND JURY INDICTMENT IN MY CASE, BUT MY SISTER INFORMED ME ON FEBRUARY 10, 2006, THAT WHILE STEVE BLAIR WAS REPRESENTING ME ON THE CRIMINAL CASES IN COFFEE AND PIKE

COUNTIES, HE WAS ALSO SERVING AS A MUNICIPAL JUDGE IN THE SAME COURT(S). AGAIN, I WAS UNAWARE OF THIS CONFLICT UNTIL POST-SENTENCING. AT THE SAME TIME, HOWEVER, THE COURT TRANSCRIPTS WILL DEMONSTRATE THAT ALTHOUGH I WAS AWARE THAT MY ATTORNEY, STEVE BLAIR, HAD RECENTLY STEPPED DOWN AS A "CIRCUIT COURT JUDGE" PRIOR TO HIS REPRESENTATION OF ME; I WAS UNAWARE, NOR DID MY ATTORNEY INFORM ME, THAT HE WAS THE OVERSEER OF MY GRAND JURY INDICTMENT OR WAS SERVING AS A MUNICIPAL JUDGE WHILE REPRESENTING ME. HAD I KNOWN OF THIS MATERIAL CONFLICT OF INTEREST EXISTED, I WOULD HAVE REQUESTED STEVE BLAIR TO RECUSE HIMSELF, AND I WOULD HAVE REQUESTED THE APPOINTMENT OF ANOTHER ATTORNEY.

### CLOSING STATEMENT:

25. AS A LAYMAN OF THE LAW, COMBINED WITH MY MENTAL ILLNESS DISORDERS, I INVOKED THE ASSISTANCE OF A FELLOW INMATE LAW CLERK/PARALEGAL IN THE RESEARCH AND PREPARATION OF THE FOREGOING, AFFIDAVIT, WHICH INCLUDES THE ASSISTANCE WITH PREPARING A RESPONSE TO RESPONDENTS' ANSWER TO MY PETITION CURRENTLY UNDER FEDERAL REVIEW.

26. THE FOREGOING, AFFIDAVIT IS MADE IN GOOD-FAITH, AND SUBMITTED FOR CONSIDERATION PURSUANT TO THE AUTHORITY OF THIS COURT'S ORDERS OF NOVEMBER 6TH AND 8TH, 2006.

27. THE AFFIANT FURTHER SAYETH NAUGHT.

(15 of 20)

(41)

# EXHIBITS

EXHIBIT 1A: Letter of Coffee County Sheriffs department.

EXHIBIT 2A: Grand Jury Indictment.

EXHIBIT 2B: Mailing envelope of Attorney Steve Blair, received by me on January 12, 2006.

EXHIBIT 3A: F.D.O.C. Inmate Request to Classification Officer.

EXHIBIT 4A: F.D.O.C Inmate Request to Classification Officer.

EXHIBIT 5A: IADA forms.

EXHIBIT 6A: F.D.O.C. Letter to State of ALABAMA.

EXHIBIT 6B: Certified Mail Receipt no. 7001-0320-0002-0684-4919.

EXHIBIT 7A: F.D.O.C. Inmate Request to Classification officer.

(42)

(16 OF 20)

# EXHIBITS

EXHIBIT 9A: Coffee County Court order setting Jury trial on June 13, 2005.

EXHIBIT 10 A: MOTION TO DISMISS,

EXHIBIT 12 A: Guilty Plea and Sentencing Order.

EXHIBIT 13 A: Circuit Court's case action Summary of activities.

EXHIBIT 17 A: PRO SE, PETITION/NOTICE OF APPEAL.

EXHIBIT 19 A: F.D.O.C. Inmate Request Form.

EXHIBIT 19 B: Letter from Oceana Publications Inc.

EXHIBIT 19 D: Letter from Inmate-ONE-STOP.Com.

EXHIBIT 19 E: Letter from D and J Litigation Support Services.

EXHIBIT 19 F: F.D.O.C. Inmate Request form to Library.

EXHIBIT 19 G: F.D.O.C. INTER-LIBRARY LOAN REQUEST.

EXHIBIT 19 H: LETTER TO ALABAMA CLERK'S OFFICE.

EXHIBIT 19 J: LETTER FROM PSI. Publishing Inc.

EXHIBIT 19 K: LETTER FROM THE FORTUNE SOCIETY.

(43)

(17 OF 20)

# EXHIBITS

EXHIBIT 19 L: F.D.O.C. Inmate Request Form.

EXHIBIT 19 L-B: F.D.O.C. Denial of Law Library Inter-Library Loan Request.

EXHIBIT 21 A: Order of Cofeee County Circuit Court.

EXHIBIT 22 A: Order of Alabama Appellate Court.

EXHIBIT 22 B: Pro Se, Supplemented Petition.

EXHIBIT 22 C: Pro Se, Notice Filed.

EXHIBIT 22 D: Order of Dismissal Dated February 23, 2006.

EXHIBIT 22 E: Order Denying Relief to Proceed in the Alabama Supreme Court.

44

(18 OF 20)

## DECLARATION

I, HOWARD GLENN TOOLE, THE AFFIANT AND PETITIONER IN THE ABOVE-STYLED CAUSE, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. SECTION 1001, THAT I HAVE READ AND UNDERSTAND THE INFORMATION CONTAINED HEREIN, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT, EXCEPT TO THOSE MATTERS BASED ON INFORMATION AND BELIEF WHICH ARE BELIEVED TO BE TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE, THIS 27TH DAY OF NOVEMBER, 2006.

EXECUTED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

11-27-06
DATE

HOWARD GLENN TOOLE
AFFIANT / PETITIONER
FDCC NO. C-917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

NOTARY PUBLIC

STATE OF FLORIDA )

COUNTY OF PASCO )

SWORN AND SUBSCRIBED BEFORE ME THIS _____ DAY OF NOVEMBER, 2006.

_____
NOTARY PUBLIC SIGNATURE

PERSONALLY KNOWN _____ OR PRODUCED _____
IDENTIFICATION FDCC ID CARD # C-917683

(19 OF 20)

43

CERTIFICATE OF SERVICE
(UNDER MAILBOX RULE)

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING AFFIDAVIT (INCLUDING EXHIBITS) HAS BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING[1] TO THE CLERK OF THE UNITED STATES DISTRICT COURT, AND TO DANIEL W MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY) AND MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), OFFICE OF THE ATTORNEY GENERAL, ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S MAIL, ON THIS 27TH DAY OF NOVEMBER, 2006.

RESPECTFULLY SUBMITTED,

HOWARD GLENN TOOLE
AFFIANT / PETITIONER (PRO SE)
FDOC NO.: C-917683
ZEPHYRHILLS CORRECTIONAL INSTITUTION
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

---

[1] A PRO SE INMATES PETITION IS DEEMED FILED THE DATE IT IS DELIVERED TO PRISON OFFICIALS FOR FILING/MAILING. (SEE HOUSTON V. LACK, 487 U.S 266, 271·272 (1988)).

(46)

(20 OF 20)



APPENDIX "A"
DOCUMENT A-4



### BENJAMIN M. "BEN" MOATES
#### SHERIFF
### COFFEE COUNTY SHERIFF'S DEPARTMENT
4 COUNTY COMPLEX
NEW BROCKTON, ALABAMA 36351

TELEPHONE
(334) 894-5535

FAX: 334-894-6472
www.ccso@snowhill.com

March 8, 2004

Arlie Collins
Florida Department of Corrections
Detainer Division

RE: Howard Glenn Toole. DC# 917683. White male, DOB: 08-31-54

To Whom It May Concern:

Please find enclosed a Grand Jury Indictment for Robbery-Pharmacy,
(GJ-03-516). Please execute warrants and place a detainer on him for the
Coffee County Sheriff's Department.
Thank you for your assistance in this matter.

Sincerely Yours,

Ben Moates, Sheriff

AFFIDAVIT : EXHIBIT "1A" 

**GRAND JURY NO. 2003-516**

**A TRUE BILL**

_____
**GRAND JURY FOREPERSON**

Presented in open Court by the
Foreperson of the Grand Jury in the
presence of at least twelve other
members of the Grand Jury

James M. Counts, Clerk of the Circuit
Court of COFFEE County, Twelfth Judicial
Circuit of Alabama.

Filed this the _____19ᵗʰ_____ day of
_____Aug_____ 2003.

Bail in each offense in this indictment is
fixed at $ __100,000__ for a total bail
for this indictment of $ __100,000__ .

[    ] Continuing bond

_____
**Judge Presiding**

**THE STATE OF ALABAMA**

**COFFEE COUNTY**

**CIRCUIT COURT**

**AUGUST    TERM, 2003**

**THE STATE**

**vs.**

**HOWARD GLENN TOOLE**

**OFFENSE(S)**

**PHARMACY ROBBERY FIRST DEGREE**

**INDICTMENT**

(48)

AFFIDAVIT : EXHIBIT "2A"

**INDICTMENT**

# THE STATE OF ALABAMA
## COFFEE COUNTY
### ENTERPRISE  DIVISION

**IN CIRCUIT COURT
AUGUST TERM, 2003**

The Grand Jury of said County charges that before the finding of this indictment that,

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit:  Fourteen (14) bottles of Oxycontin, the property of, to-wit:  Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit: Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit:  a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Gary L. ~~Mc Alley~~ District Attorney for
Twelfth Judicial Circuit



EXHIBIT
B



 

USPS PRIORITY MAIL®

2 lb. 8.0 oz.

SHIP
TO:    SNEADS FL 32460

ZIP

(420) 32460



*MAILING
ENVELOPE CONTAINING
DEFENSE CASE FILE
WITH NEWLY
DISCOVERED EVIDENCE!*

Steve Blair
Attorney at Law
P. O. Box 310843
Enterprise AL 36331-0843

*Howard Toole
#917683    I-2-102
Apalachee Corr Inst
52 West Unit Drive West
Sneads FL 32460*

*AFFIDAVIT :

EXHIBIT "2B"*

(49)

PLACE LABEL HERE

APPENDIX "A"
Document A-2

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

(Instructions on Back)

APR 01 2004

Mail Number: _E-2/06-C_
Team Number: _10_
Institution: _RMC-W_

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☑ Other<br>Mrs. Hardin |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Toole, Howard G. | DC Number<br>C-917683 | Quarters<br>G-2M6 G | Job Assignment<br>Receiving | Date<br>3-31-04 |
|---|---|---|---|---|---|

**REQUEST**

Mrs. Hardin, I have a detainee from charges pending in Pike & Coffee Counties Alabama. I need to know what can be done, or what I can do, to compell them to come get me so I can take care of those charges while I am serveing my time in FLORIDA? Also, Alabama came to Florida where I was in the County Jail to read me my rights and place me under arrest. I appreciate any help you can give me. I think there is an Interstate detainers Act, But I'm not aware of how to file on it or where to find that information. Thank you,

Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                     DATE RECEIVED: _4-2-04_

Check the law library at your permanent camp.

[The following pertains to informal grievances only:
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): _MJ Peterson_ | Date: _4-2-04_ |
|---|---|

Distribution:    White    -Returned to Inmate        Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

AFFIDAVIT; EXHIBIT "3A"

(50)

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*(Instructions on Back)*

Mail Number: _I2-143-5_
Team Number: _10_
Institution: _ACI-W_

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Dental | ☐ Other _Mr. Johnson_ |
|---|---|---|---|---|

| FROM: | Inmate Name<br>_Toole, Howard G_ | DC Number<br>_917683_ | Quarters<br>_I2-143-3_ | Job Assignment<br>_Houseman_ | Date<br>_7/14/04_ |
|---|---|---|---|---|---|

**REQUEST**

AS PROVIDED FOR IN FLORIDA STATUTE, SECTION 941.45
ARTICLE III. THIS IS MY SECOND REQUEST FOR
DISPOSITION OF DETAINER LODGED AGAINST ME
BY THE STATE OF ALABAMA, COUNTIES OF COFFEE
AND PIKE. I REQUEST AN INTERVIEW SO THAT I CAN
SIGN MY NOTICE OF "UNTRIED INDICTMENT, INFORMATION
OR COMPLAINT, RIGHT TO REQUEST DISPOSITION" FORM.

PLEASE ADVISE!

Thank You,

_Howard Toole_

All requests will be handled in one of the following ways:  1) Written Information or    2) Personal Interview. All
informal grievances will be responded to in writing.

RECEIVED

JUL 15 2004

_____

DO NOT WRITE BELOW THIS LINE

**RESPONSE**                                    DATE RECEIVED: _____

Watch for your C/O per our conversation
in My office.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: _7/16/04_ |
|---|---|

Distribution:    White    -Returned to Inmate         Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                   informal grievance then forward to be placed in inmate's file.

⑤①

DC6-236 (Revised 8-00)

_AFFIDAVIT: EXHIBIT "4A"_

## INTERSTATE AGREEMENT ON DETAINERS: FORM II

Six copies, if only one jurisdiction within the state involved has an indictment, information, or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One signed copy is to be retained by the inmate and one copy is to be retained for the institution file. Four signed copies are to be sent to the Florida Agreement Administrator, who will forward copies to the Agreement Administrator in the receiving state, the prosecuting official in the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter and retain one copy for Central Records, Central Office. The copies to the prosecuting officials and the court must be transmitted by certified or registered mail return receipt requested.

## INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS

TO:  GARY L. MCALILEY          Prosecuting Officer,  COFFEE
COUNTY                        Court  DISTRICT
      (Jurisdiction)                                      (Jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations, or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in APALACHEE CORRECTIONAL Institution in SNEADS      (City) FLORIDA                      (State) and hereby request that a final disposition be made of the following indictments, informations, or complaints now pending against me:  ROBBERY OF A PHARMACY: GJ-03-516

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, may result in the invalidation of the indictments, informations, or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charges or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state.  I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to sender.

The required Form III, Certificate of Inmate Status and Form IV, Offer to Deliver Temporary Custody are attached.

Dated:  5/5/04          Inmate's Signature:  _Howard A. Toole_
Typed Inmate's Name & No.  HOWARD G. TOOLE  - DC# 917683
Witness Signature:  _W. A. Johnson  CPO_
Typed Name and Title:  W. A. JOHNSON, CPO

DC6-140 (Revised 9-02)                                              (52)

AFFIDAVIT ; EXHIBIT "5A"
(1 OF 4)

INTERSTATE AGREEMENT ON DETAINERS — FORM III

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, a copy of this form should be sent to the prosecutor upon receipt of Form V. Copies should also be sent to all other prosecutors in the same state who have lodged detainers against the inmate.

## CERTIFICATE OF INMATE STATUS

RE:  Inmate  TOOLE, HOWARD G.                No: 917683

Institution: APALACHEE C.I.-WU     Address:  52 WEST UNIT DRIVE, SNEADS, FL 32460

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the inmate above-named is being held:
   7 YEARS

2. The time already served:  534 DAYS

3. Time remaining to be served (TRD):  12/25/2009

4. The amount of good time earned:  40 DAYS

5. The date of parole eligibility of the inmate:  N/A

6. The decisions of the Board of Parole relating to the inmate:  N/A

7. Maximum expiration date under present sentence:  02/03/2010

8. Detainers currently on file against this inmate from your state are as follows:
   ROBBERY OF A PHARMACY: GJ-03-516 (COFFEE COUNTY)

Dated:  8/3/04          Signature: _____
                                              (Warden)

Typed Name:  AL SOLOMON
Institution:  APALACHEE CORRECTIONAL INSTITUTION
Address:  35 APALACHEE DRIVE
City/State:  SNEADS, FLORIDA 32460
Telephone:  850-593-6431 EXT: 104  ext. 153

*Bill Johnson Classification Officer*   *Carolyn ext. 255*

DC6-141 (Revised 9-02)

*AFFIDAVIT EXHIBIT "5 A" (2 of 4)*

(53)

## INTERSTATE AGREEMENT ON DETAINERS: FORM IV

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor, this form should be completed after the Governor has indicated his/her approval of the request for temporary custody, expiration of the 30-day period, after completion of Form V-B, and/or successful completion of a (Cuyler v. Adams) hearing. Copies of this form should then be sent to all officials who previously received copies of Form III. Copies mailed to the prosecutor will be sent by certified or registered mail, return receipt requested.

## OFFER TO DELIVER TEMPORARY CUSTODY

TO:  GARY L. MCALILEY _____ Prosecuting Officer, __5/3/04__ Date
DISTRICT COURT, COFFEE COUNTY _____ Jurisdiction,
and to all other prosecuting officers and courts of jurisdiction listed below from which indictments, informations, or complaints are pending.

RE: Inmate  TOOLE, HOWARD G. _____ No:  917683 _____

Dear Sir:

Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named inmate to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information, or complaint which is (Check appropriate box) [ ] described in the attached inmate's request. [ ] described in your Form V request.

The required Form III, Certificate of Inmate Status, is enclosed.

Indictments, informations, or complaints charging the following offenses are ALSO pending against the inmate in your state, and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purpose of disposing of these indictments, informations, or complaints.

| OFFENSE | COUNTY OR OTHER JURISDICTION |
|---------|------------------------------|
| ROBBERY: 2003-000133 | PIKE COUNTY |

DC6-142 (Revised 9-02)

*AFFIDAVIT/EXHIBIT "SA"*
*(3 OF 4)* (54)

**If you do not intend to bring the inmate to trial, please inform us as soon as possible.**

**Kindly acknowledge.**

Dated: _8/3/04_          Signature: _____
                                                    (Warden)

Typed Name:    AL SOLOMON
Institution:    APALACHEE CORRECTIONAL INSTITUTION
Address:    35 APALACHEE DRIVE
City/State:    SNEADS, FL 32460
Telephone:    850-593-6431  EXT: 104

Inmate has indicated the following (Circle A or B)

A.    My Counsel is    _____
        Whose Address is    _____
        _____

B.    I request the court to appoint counsel.
        Inmate's Signature: _____

DC6-142 (Revised 9-02)

*AFFIDAVIT/EXHIBIT "5A"* (55)
*( 4 OF 4)*



**FLORIDA
DEPARTMENT of
CORRECTIONS**

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road ☒Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

December 27, 2004

The Honorable Mark E. Fuller
District Attorney
98 N. Edwards St.
Enterprise, AL 36330

Dear Mr. Fuller:

Re: Toole, Howard G.                   Florida DC# 917083

Please refer to your file on the above named Florida inmate who has requested return for trial in your jurisdiction under the Interstate Agreement on Detainers over 90 days ago.

Please advise whether or not you plan to accept temporary custody of our inmate within the 180 days time frame allowed.

Sincerely,

*David M. Tune*

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DT/af

c: Clerk of the Court, Coffee County Courthouse, Enterprise, AL 36330
   ACI - West, Attn: Classification
   Inmate file

*AFFIDAVIT = EXHIBIT "6A"*
*(1 OF 2)*
(56)



**FLORIDA
DEPARTMENT of
CORRECTIONS**

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

August 19, 2004

**REGISTERED MAIL**

The Honorable Mark E. Fuller
District Attorney
98 N Edwards St.
Enterprise, AL 36330

Dear Mr. Fuller:

Re: Howard G. Toole        FL No: 917683

Enclosed are Interstate Agreement on Detainers Forms II, III, and IV for the above referenced inmate who is requesting disposition of charge(s) on Form II. Should you intend to return the above inmate for prosecution, send Interstate Agreement on Detainers Forms VI and VII to Apalachee Correctional Institution, 35 Apalachee Drive, Sneads, FL 32460.

By copy of this letter and upon receipt of Forms VI and VII, the institution is authorized to transfer the inmate to your agent's custody. Please have your agent contract W.A. Johnson, phone 850-593-6431 Ext. 104, prior to arrival to assure that all forms are in order and that the inmate is available for transfer. Please call between the hours of 8:30 AM – 4:30 PM, Monday through Friday.

All jurisdictions in your state who are listed on the enclosed Form IV also must dispose of their charges while the inmate is in Alabama. All prosecutors involved are to file Interstate Agreement on Detainers Form VII with our office.

Upon completion of court proceedings, the inmate must be returned to Florida. Interstate Agreement on Detainers Form IX is to be sent to advise disposition of charges.

If you do not wish to prosecute, let us know and your detainer will be returned.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DMT/af
Enclosures

Cc:    Clerk of the Court, Coffee County Courthouse, Enterprise, AL 32460
       Apalachee CI, Attn: Classification
       AL IAD Administrator
       File



57



*AFFIDAVIT EXHIBIT "6A"*
*( 2 OF 2)*

*NEWLY MARKED; APPENDIX A*
*Document 2-5*



Florida Dept of Corrections
2601 Blair Stone Road
Tallahassee, FL 32399-2500

CERTIFIED MAIL

7001 0320 0002 0684 4919

Clerk of the Court
Coffee County Courthouse
Enterprise, AL 32460

1284    8/24

Delivered
8-24-04
at 10:33 AM

However, Petitioner availed
to be delivered on 8-3-04

58

AFFIDAVIT: EXHIBIT "6B"

APPENDIX "A"

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: _I2-143-S_
Team Number: _10_
Institution: _ACF-W_

| TO: (Check One) | ☐ Warden | ☑ Classification | ☐ Medical | ☐ Other |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Dental | Mr. Johnson |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Toole, Howard G | 917683 | I2-143-S | 4/7 | 6/28/04 |

**REQUEST**

By the Provision provided in FLORIDA STATUTE SECTION 941.45 ARTICLE III. I AM OFFICIALLY REQUESTING FOR DISPOSITION OF DETAINER LODGE AGAINST ME BY THE STATE OF ALABAMA, COUNTIES OF COFFEE AND PIKE. I REQUEST AN INTERVIEW So THAT I CAN SIGN MY "NOTICE OF UNTRIED INDICTMENT, INFORMATION OR COMPLAINT RIGHT TO REQUEST DISPOSITION" Form.

Thank You,

Howard Toole

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

_RECEIVED_

---

**DO NOT WRITE BELOW THIS LINE**

---

**RESPONSE**                          DATE RECEIVED: _REC W/O DATE_

I'll get the paperwork compiled and put you on a call-out to sign them.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: 6/29/04 |
|---|---|---|

Distribution:  White   -Returned to Inmate      Pink   -Retained by official responding, or if the response is to an
               Canary  -Returned to Inmate              informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

AFFIDAVIT: EXHIBIT "7A"

59

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

       PLAINTIFF,                    *

VS.                                  *            CASE NO. CC-2005-149

HOWARD G. TOOLE,                     *

       DEFENDANT.                    *

## ORDER

Defendant being before the Court for arraignment, he did enter a plea of not guilty. Case set for trial during the special jury term commencing June 13, 2005.

DONE THIS THE 22nd day of February, 2005.



_____
CIRCUIT JUDGE

FEB 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

60

CC:DA
+Blair

AFFIDAVIT: EXHIBIT "9A"



IN THE CIRCUIT COURT FOR
COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA                    *

                                    *

VS.                                 *

                                    *     CASE NO. CC 05

HOWARD GLEN TOOLE,                  *
DEFENDANT.                          *

## MOTION TO DISMISS INDICTMENT

Comes now the Defendant by and through counsel and moves the court to dismiss the indictment against the Defendant for and on the following grounds:

1. Article III of the Uniform Mandatory Disposition of Detainers Act, Section 15-9-80 Code of Alabama requires that the Defendant, "...be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court...his request for a final disposition of indictment;"

2. The Defendant caused such notice to issue on or about August 3, 2004;

3. That more than 180 days have lapsed since the date of notice.

WHEREFORE, the Defendant moves the court to dismiss the captioned indictments.

Steve Blair        BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 28th day of February, 2005.

Steve Blair
Attorney for Defendant

(61)

AFFIDAVIT: EXHIBIT "10A"

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

    PLAINTIFF,                       *

VS.                                  *

                              *            CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

    DEFENDANT.                       *

## GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of "NOT GUILTY" and "NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT" and to be re-arraigned. Upon arraignment, the Defendant entered a plea of GUILTY to the charged offense of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, Code of Alabama (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crime charged against him and the range of penalty for said offense. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis



AFFIDAVIT: → EXHIBIT
(1 OF 4)    12-A  (62)

for the plea and/or being of the opinion that the Defendant fully understands the significance of same, accepts his plea of guilty. The Defendant is pronounced and declared **GUILTY** of Pharmacy Robbery, First Degree, in violation of § 13A-8-51, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a statement in his own behalf before sentencing and was further asked if he had anything to say as to why the sentence of the law should not be imposed; and (2) Given an opportunity to present evidence as to any matter probative in the issue of sentence and/or facts in mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence as to any matter probative to the issue of sentence and/or facts in aggravation or mitigation of any penalty that is to be imposed. The State made certain sentencing recommendations as per the parties' mutually agreed upon settlement.

After considering the settlement agreement offered, arguments of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid conviction of Pharmacy Robbery, First Degree, he is hereby sentenced, upon the recommendation of the District Attorney, made pursuant to plea agreement, to serve twenty (20) years imprisonment in the Penitentiary of the State of Alabama, said sentence to run concurrently with like sentences imposed in Pike County Case Nos. CC-2005-155 and -156. Pursuant to plea agreement and under the provisions of the *Alabama Split Sentence Act*, Defendant's twenty


*AFFIDAVIT EXHIBIT "12-A"*
*(2 of 4)*
63

year sentence is ordered split, with Defendant to initially serve five years thereof in the Penitentiary of the State of Alabama and the remaining fifteen years to be suspended and Defendant placed on five (5) years supervised probation. The five-year active part of defendant's twenty-year split sentence is consecutive to his penitentiary sentence in the State of Florida where he is presently serving seven years as active part of a twenty-two year split sentence. Defendant is jail credit from February 17, 2005, until present date as allowable time served while awaiting trial and/or disposition in this case, which said jail credit is to be applied toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentence, he is ordered to pay to the Clerk of Court the following: restitution, if any later be taxed, costs, $50.00 to be distributed to the Alabama Crime Victim Compensation Commission, and full reimbursement of indigent attorney fees. The Court specifically reserves hearing and ruling upon the issue of restitution, with the State allowed 60 additional days to present supporting documentation of any claimed on behalf of the victim.

During the probationary phase of Defendant's sentence, conditions of his probation are as follows: (a) Defendant shall not commit a crime; (b) Defendant shall report to his probation officer as often as directed and abide by any special conditions of probation imposed by his supervising probation officer; and (c)

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Coffee County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.

_____
CIRCUIT JUDGE

MAY 2005
FILED
J.M. Counts
Court Clerk
Coffee Co. AL

AFFIDAVIT EXHIBIT "12-A"
(4 OF 4)

(65)

*AFFIDAVIT EXHIBIT 12-A*

| State of Alabama<br>Unified Judicial System | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Habitual Felony Offender — Circuit or District Court) | **Case Number**<br>*CC2005-149*<br>☐ **Count**<br>(count #, if applicable) |
|---|---|---|
| Form CR-52 (front)   Rev. 8/11/2000 | | |

IN THE _Circuit_ _____ COURT OF _Coffee_____ , ALABAMA
      (Circuit or District)                              (Name of County)

STATE OF ALABAMA v. _Howard G. Toole_____
                                        **Defendant**

**TO THE ABOVE-NAMED DEFENDANT:** After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of _Pharmacy Robbery_ , which is a Class _A_ Felony. The court has been informed that you desire to enter a plea of guilty to ☒ this offense or ☐ to the crime of _____ which is a Class _____ Felony.   The sentencing range for the above crime(s) is set out below:

| **FELONY** | |
|---|---|
| **Class A** | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| **Class B** | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| **Class C** | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported Habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| **Class C Felony** | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| **Class B Felony** | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or<br>any  term of not less than 20<br>years Fine Up To $20,000 |
| **Class A Felony**<br>(No prior convictions for a<br>Class A Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life<br>or  Life  Imprisonment  Without<br>Possibility of Parole<br>Fine Up To $20,000 |
| **Class A Felony**<br>(One or more prior<br>convictions for any Class A<br>Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For<br>Life Without Possibility of Parole<br>Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than **10 years**;

☐ **Enhanced Punishment for Drug Sale Near School:** §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling a controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an <u>additional</u> penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and <u>the punishment imposed shall not be suspended or probation granted</u>.

☐ **Enhanced Punishment for Drug Sale Near Housing Project:** §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling a controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an <u>additional</u> penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and <u>the punishment imposed shall not be suspended or probation granted</u>.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony <u>and the punishment imposed shall not be suspended or probation granted.</u>

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

**Original - Court File       Copy - Defendant       Copy - District Attorney       Copy - Defense Attorney**

66

STATE OF ALABAMA
PLAINTIFF

VS.

*Howard Glen Toole*
DEFENDANT

IN THE *Circuit* COURT OF

*Coffee* COUNTY, ALABAMA

*Enterprise* DIVISION

CASE NO. *CC-2005-149*

## SETTLEMENT AGREEMENT

After discussion and negotiation between counsel for the defendant and the prosecution, it is agreed in this case, subject to acceptance by the Court, that:

1. The defendant will enter a plea of guilty to the charge(s) of: *Pharmacy Robbery*

2. The prosecutor will recommend, and defendant agrees to accept a sentence of: *20 years Concurrent with CC 05-155 + CC05-156 split to 5 years to be served consecutive with time presently serving in Florida*

3. The prosecutor will recommend, and the defendant agrees to accept, that the sentence ☐ will - ☐ will not be suspended and the defendant placed on probation in whole or in part. If probation is a part of the agreement, the prosecutor will recommend, and the defendant agrees to accept: *Balance on probation of 5 years*

4. The prosecutor will recommend, and the defendant agrees to accept that restitution will be ordered: *Reserve restitution for 60 days*

5. The prosecutor will recommend, and the defendant agrees to accept that payment of costs of Court will be ☑ ordered ☐ remitted; that an assessment to the Crime Victim's Compensation Commission of $ *50* will be ordered in each case, and that the defendant ☑ will ☐ will not be ordered to reimburse the State of Alabama for indigent attorney's fees.

6. The prosecutor will recommend, and the defendant agrees to accept:

7. The prosecutor and the defendant agree that the defendant is entitled to receive credit for time spent in custody awaiting disposition of his case of:

8. No other terms or conditions related to judgment and sentence in this (these) case(s) are agreed on or contemplated by the defendant or the prosecutor.

Date *5/10/05*

Signature of Defendant

Signature of Defendant's Counsel

Signature of Prosecutor

Having reviewed the settlement agreement entered into by the defendant and the prosecution, the Court hereby:
☑ Accepts the Settlement Agreement and incorporates same in the judgement and sentence.

☐ Rejects the Settlement Agreement and modifies the terms as follows:

Date *5-10-2005*

Judge *Thomas E. Head, III*

⟨67⟩

Quality Printing Co.

```
ACRO370                    ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2005 000156.00
OPER: JOP                         CASE ACTION SUMMARY
PAGE:    1                         CIRCUIT  CRIMINAL                 RUN DATE: 02/17/2005
==================================================================================
IN THE CIRCUIT COURT OF      PIKE
                                                                         JUDGE: TEH
STATE  OF  ALABAMA                      VS        TOOLE HOWARD GLEN
                                                  1359 CO RD 110
CASE: CC 2005 000156.00
                                                  TROY, AL  36081 0000

DOB: 08/31/1954         SEX: M  RACE: W  HT: 5 11  WT: 165  HR: BRO EYES: BRO
SSN: 253942999  ALIAS NAMES:
==================================================================================
CHARGE01: ROBBERY 1ST          CODE01: ROB1  LIT: ROBBERY 1ST    TYP: F #: 001
OFFENSE DATE:                             AGENCY/OFFICER: 0550000 TPD SCH

DATE WAR/CAP ISS:
DATE     INDICTED: 05/19/2003           DATE ARRESTED: 02/17/2005
DATE     RELEASED:                      DATE   FILED: 02/17/2005
         BOND AMOUNT:    $50,000.00      DATE HEARING:
                                           SURETIES:

DATE 1: 02/24/2005  DESC: ARRG           TIME: 0900 A
DATE 2:             DESC:                 TIME: 0000

TRACKING NOS: GJ 2003 000133 00  /                           /

    DEF/ATY:  Steve Blair           TYPE: A
              111 E. College Ave      347-2622
              Enterprise, Al. 36330                      00000
PROSECUTOR: MCALILEY GARY L
```

```
OTH CSE: GJ200300013300 CHK/TICKET NO:                    GRAND JURY: 03-133
COURT REPORTER: _____ SID NO:     000000000
DEF STATUS: JAIL                    DEMAND: Y                      OPER: JOP
==================================================================================
 TRANS DATE  |  ACTIONS, JUDGEMENTS, AND NOTES
             |                                                          OPE
==================================================================================
 02/17/2005  | ASSIGNED TO: (TEH) THOMAS E HEAD           (AR01)        JOP
-------------|--------------------------------------------------------------
 02/17/2005  | FILED ON: 02/17/2005                       (AR01)        JOP
-------------|--------------------------------------------------------------
 02/17/2005  | INITIAL STATUS SET TO: "J" - JAIL          (AR01)        JOP
-------------|--------------------------------------------------------------
 02/17/2005  | DEFENDANT ARRESTED ON: 02/17/2005          (AR01)        JOP
-------------|--------------------------------------------------------------
 02/17/2005  | DEFENDANT INDICTED ON: 05/19/2003          (AR01)        JOP
-------------|--------------------------------------------------------------
 02/17/2005  | BOND SET AT: $50000.00                     (AR01)        JOP
-------------|--------------------------------------------------------------
 02/17/2005  | SET FOR:  ARRAIGNMENT ON 02/24/2005 AT 0900A(AR01)       JOP
-------------|--------------------------------------------------------------
 02/17/2005  | CHARGE 01: ROBBERY 1ST/#CNTS: 001          (AR01)        JOP
-------------|--------------------------------------------------------------
 02/17/2005  | CASE ACTION SUMMARY PRINTED                (AR08)        JOP
-------------|--------------------------------------------------------------
 2-24-05     | Hardship Affidant - Order appts S. Blair
-------------|--------------------------------------------------------------
 2-24-05     | Arraign.  Order & Sets for 4-26-05 - DA, Blair
-------------|--------------------------------------------------------------
 3-1-05      | Faxed Motion to Sever Offenses for Trial
-------------|--------------------------------------------------------------
 3-1-05      | Motion for Ct. Ordered Mental Exam of Deft.
-------------|--------------------------------------------------------------
 3-1-05      | Motion - Plea N/S and/or N/S By Reason of Mental
             | Disease or Defect -
-------------|--------------------------------------------------------------
 3-2-05      | Supplemental Discovery Request
-------------|--------------------------------------------------------------
 3-7-05      | Notice Request To Discovery
-------------|--------------------------------------------------------------
 3-7-05      | Motion to Dismiss Indictment                (69)
```

AFFIDAVIT: EXHIBIT "13A"
(1 OF 2)

ACRO369    A L A B A M A    J U D I C I A L    I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2005 000156.00
JUDGE ID:  TEH

STATE  OF  ALABAMA                    VS      TOOLE HOWARD GLEN

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 3-7-05 | Order — pick up — Deft for 3-16-05 — DA, Blair, PCSO |
| 3-7-05 | Discovery Order — DA, Blair |
| 3-9-05 | State Response to Discovery |
| 3-9-05 | Supplemental Response to Discovery |
| 3-9-05 | Response to Dismiss Indictments |
| 3-21-05 | Order amending Plea — DA, Blair |
| 3-21-05 | Order denying Motion To Sever — DA, Blair |
| 3-21-05 | Order denying Dismissal — DA, Blair |
| 3-21-05 | Order for Mental Evaluation (outpatient) — DA, Blair, PCSO, McKeown, Coffee Co. SO |
| 3-21-05 | Supplemental Discovery Request |
| 3-24-05 | Issued State Subps |
| 4-13-05 | Order — after review Evalu — case continue to trial DA, Blair |
| 4-13-05 | Motion For Competency Hearg |
| 4-15-05 | Motion to Supplement the Record |
| 4-19-05 | Issued State Subp |
| 4-19-05 | Issued Deft Subp |
| 4-19-05 | Motion To Compel Disc and/or Sanctions |
| 4-19-05 | Motion To Suppress |
| 4-19-05 | Motion To Secure attendance of Out-of-State Witness |
| 4-28-05 | Order on Pending Motions — DA, Blair, McKeown |
| 5-17-05 | Rights |
| 5-17-05 | Guilty & Sentence — DA, Blair |
| 6-1-05 | States Motion To Order Restitution |
| 6-2-05 | Objection To Motion To Order Restitution |
| 6-8-05 | Order sets Restitution Hearg for 7-13-05 — 11:00 Am — DA, Blair |
| 6-13-05 | Motion to Reschedule |
| 6-16-05 | Order resets for 8-10-05 — DA, Blair |
| 6-23-05 | Issued State Subps |
| 8-11-05 | Order on Restitution — DA, Blair |

(79)

AFFIDAVIT: EXHIBIT "13 A"
(2 OF 2)

(1 of 5)

Document # 6

NEWLY MARKED, APPENDIX "C"
Document,       C-2.

In the Circuit Court of Coffee County,
Alabama, Enterprise Division

Howard G. Toole,
Appellant/Defendant

VS.                              Case No. CC-2005-149
                                      CC-2005-155
                                      CC-2005-156

State of Alabama,
Appellee/Plaintiff

Petition/Notice of Belated Appeal
Notice for Appointment of Appellate Counsel
Motion to Proceed in Forma Pauperis

Notice is given that Appellant/Defendant,
Howard Glen Toole, by and through Himself, Pro
se, Pursuant to the Code of Alabama, Alabama
Court Rules, and State & Federal Constitutional
Provisions, Hereby Appeals the Guilty Plea and
Sentencing Order of this Court dated May 10,
2005; with a request for the Appointment of
Appellate Counsel, and to Proceed in Forma
Pauperis, for purposes of Direct Appeal. As Grounds

⑦

AFFIDAVIT.
EXHIBIT "17A"

AFFIDAVIT.
EXHIBIT "17A"

AFFIDAVIT : EXHIBIT "17A"
(2 OF 5)

~~APPENDIX II~~
~~Document, II-7~~

NEWLY MARKED; APPENDIX "C"
Document, ~~████~~ C - 3.

1. This is a Direct Appeal of the Judgment & Sentence of this Court, rendered May 10, 2005. The Appellant received thereof a Twenty year split sentence pursuant to a plea agreement.

2. Due to perhaps a clerical error in this Courts Guilty Plea, and Sentencing Order, The Appellant was misguided to believe He did <u>Not</u> Reserve any issues for purposes of Appeal. (see Exhibit "A" page 4.) of the Sentencing Order attached hereto.

3. To the contrary, upon Review of the Record, it is well established that Appellants Attorney, Steve Blair, did, infact, Reserve a Speed Trial Violation issue Reviewable by Direct Appeal in a Motion to Dismiss, filed in this cause. Whereas, Appellee violated Appellant's Right to a Fast and Speedy Trial/Disposition, pursuant to Amendment (6th) of the U.S. Constitution, and Article V of the Agreement on Detainers. (SEE Exhibit "B", Interstate Agreement on Detainers Form, I through IV, Attached hereto.)

(72)

AFFIDAVIT: EXHIBIT "17A"

(3 OF 5)

~~APPENDIX II~~
~~Document, H-8~~

NEWLY MARKED; APPENDIX "C"
Document, C-4

4. Whereas, had the Court's order (as referenced in paragraph "2" above) not inadvertently misguided Appellant that He failed to "Reserve" Appellate issues, a timely Notice of Appeal would have been filed.

5. Pursuant to the Alabama Constitution, The Federal Constitution, and Douglas Vs. California, 372 U.S. 353 (1963), The Appellant in the instant case elects to pursue a Direct Appeal on the Judgment & Sentence of this Court and desires to exercise His Constitutional Right to a Court Appointed Appellate Counsel to help prosecute His Appeal thereof.

6. Appellant is a Layman and Unskilled in the Law. Therefore, it is Requested that while although the forgoing Petition may not conform to the Code of Alabama pleading requirements, This Court should give considerable latitude to Appellants "Pro Se" Pleading. The Federal Courts have commonly Held, that Pro Se prisoners are generally unskilled in the Law and should not be held Accountable to a high standard of Pleading and Practice of an Attorney.

(73)

AFFIDAVIT·EXHIBIT "17A"
(4 of 5)

~~APPENDIX "A~~
~~Document, A-18~~

NEWLY MARKED: APPENDIX "C"
Document, ~~~~ C-6.

## Relief Requested

Wherefore, For the reasons expressed herein Above, The Appellant Respectfully Requests this Honorable Court to Grant Leave for a Direct Appeal in this Cause; Issue an Order Appointing an Appellate Attorney to Represent Him on Appeal; Issue an Order Declaring the Appellant Insolvent and to Waive Filing and Attorney's Fees Associated with Litigating an Appeal; and any other relief deemed just and appropriate by the Court.

Done and Executed on this 26 Day of July, 2005.

Respectfully Submitted,

Howard G. Toole
Appellant/Defendant
917683, Bunk I2-101-S
Apalachee Correctional Inst.
52 West Unit Drive, West
Sneads, Florida 32460

(74)

AFFIDAVIT: EXHIBIT "17A"
(5 oF 5)

~~APPENDIX "H"~~
~~Document, H-H~~

NEWLY MARKED; APPENDIX "C"
Document, ~~C-6~~ C-7.

# Certificate of Notary

Before me, the undersigned Authority
Personally appeared. Who, being Sworn and
Duly Deposed, Says that the foregoing Motion
for, Belated Appeal/Appointment of Appellate Counsel
/To Proceed in Forma Pauperis, is made in good
faith and on Information, Knowledge, and Beliefs
that are true and accurate. Who is personally
known to me, or who produced as Identification,
a Florida Department of Corrections Inmate Ident-
ification Card, Bearing the Number C-917683.

Sworn to and Subscribed before Me this 2ₐ
day of  July  , 2005.

_____
Notary Public, for the
State of Florida


_____
Howard C. Toole, #917683, 12-101-S
Appalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

(75)

Appendix H
Document A-3

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*(Instructions on Back)*

Mail Number: I2-101-5
Team Number:
Institution: ACI-WEST

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☑ Other |
| | ☐ Asst. Warden | ☐ Security | ☐ Dental | LAW LIBRARY |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
| | Toole, Howard G. | 917683 | I2-101-5 | Houseman | 8-8-05 |

**REQUEST**

I JUST RETURNED FROM OUTSIDE COURT IN Coffee County, ALABAMA. I Filed an APPEAL PRO SE USING Florida FORMAT FOR Direct APPEAL ASKING FOR LATITUDE IN FILING PROCEDURE. DOES The LAW LIBRARY HAVE ANYTHING THAT CAN HELP ME? Such AS The ALABAMA CRIMINAL Code, OR Rules OF CRIMINAL PROCEDURE. If SO CAN YOU PUT ME ON CALL OUT. If NOT, CAN YOU Direct ME AS TO HOW I CAN GET THE HELP I NEED.

THANK YOU,
Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED: 8/9/05

Wed. 1-3:00

8-10-05

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): M Kowznak LH | Date: 8/9/05 |

Distribution:    White    -Returned to Inmate       Pink    -Retained by official responding, or if the response is to an
          Canary    -Returned to Inmate             informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

76

AFFIDAVIT: EXHIBIT "19A"



## OCEANA PUBLICATIONS INC.

75 Main Street
Dobbs Ferry, New York 10522
Phone: 914/693-8100
Fax: 914/693-0402

August 29, 2005

Re: Prisoner's Self Help Litigation Manual
    Daniel Manville, Author

As of April 2005, Oceana Publications, Inc stopped distributing the "Prisoner's Self-Help Manual by Daniel Manville.

Sincerely,
Customer Service Department

⑦⑦

*AFFIDAVIT: EXHIBIT "19A"*

**InmatesOneStop.com**
**2527 W. Kennewick Ave.**
**Suite #195**
**Kennewick, WA 99336**

November 3, 2005

Dear Howard Toole;            ~ RULES

    *I have inquired about getting you the rates & proceedures for AI & other forms you may need. I will also see what I may find myself. CDM*

    I am sending you a copy of my latest letter & Brochures. If you have any questions I am willing to explain more. *First*, we have a full **Pen Pal / Profile / E-mail** service for people who want someone to write to, and for those who want to let people know up front who they are and what their likes are, etc. *Second*, we have a **"Needs Legal Help"**. This is like the Profile service, except that we put your case on the Web for the purpose of getting you help (either/or legal or financial). *Third*, are the **Legal Tutorials** to help those who are fighting for justice, (real tutorials). Our Legal helps writer has over 20 years experience in writing and researching for briefs. Other services will come available as soon as we can implement them (we are open to suggestions). We are working on putting together packets for each State of different forms & how to fill them out. It does take time and there will be a fee. We will be working to attract lawyers who can help those in need. Three more helps have been added *and will be listed on the back of this letter. Watch the Tutorials List, there's 7 more coming soon.*

    We are attempting to help as many as need help in a *Legal* arena and make it as affordable as possible without running ourselves into the ground (bankrupt). Mailing can get costly so we need you to *send a self-addressed envelope* for regular mail. The Legal Tutorials must be put into larger envelopes and cost much more to mail, up to $5.00, and more if they would need to be mailed overnight or 2 day. Our helps are in booklet form at this time. We will put them in a notebook or workbook form later when they are all written and copywrited. Each one is copywritten when I get it. We have 7 available right now and as soon as the author completes writing each one it is sent to me to be put on-line and to be made immediately available to those who need them.

    We are willing to correspond to your questions concerning our services. The prices on the Brochure may be some different from the Ad, but you will get the lower price until I redo the Ad. We advertise in the PLN and are still working on other Ad possibilities. Our Internet service is: **InmatesOneStop.com** and since we are **new** <u>we are and will constantly be adding to and improving it</u>. Four helps have been added, they are: "Petition at Law..."; "Petition for Rehearing or Rehearing En Banc"; "Restoring your Sovereign Status"; these are ready to purchase. "Brief on Ex Post Facto / Bill of Attainder law and summary judgment, for Fed. & State", this one will be ready to purchase in about 3-6 days. It takes me a while to get them loaded and setup for Web publishing and to print them.

    *This is what you get when signing up for PenPal service:* Your info (275 words max), one photo ( send an 8 ½ x 11" or smaller), E-mail (We act as your Secretary & send your Correspondence & receive for you the same or whatever & mail them to you). The PenPal service is now competitive price wise. *Those who sign up now will get the Sale price, by requesting you can get a Brochure for penpal/profile/E-mail service, you get a bigger break! Whoever gets on our Penpal service now has the best chance of getting noticed sooner, since we are just beginning.* We also rotate all entries so that everyone has a chance to be <u>at the top of the list for your state</u>. Once you are entered we will send you a copy of your page and return your picture. If your address changes, we will update it free, but if you want to change your letter or picture, it will cost $5.00. You can pay with books of stamps, they must be complete books or strips of 20, with <u>No loose stamps</u> for the PenPal E-mail service only (not for Tutorials). Each book is worth $5.00 toward your PenPal/Email service. We prefer M.O., Bank Checks or Prison Bk Checks. I mail letters, etc. daily. You can have as many letters as you want as long as you or who is writing to you pay for the stamps. We are also planning for other services Suggested.

            Over->

            AFFIDAVIT :
            EXHIBIT "19D"
                                    (78)

Here is a list of the articles and/or helps we have to date:
We have updated this list because of mailing costs & weight of booklets. When all the booklets are finished, we will offer them in a package and/or have them in notebook form.    These booklets show an example of how to put it together.

| ITEM# | NAME | PAGES | PRICE |
|---|---|---|---|
| 40-420 | "How to Write a Winning Legal Brief" | 43 +covers | $ 24.00 |
| 40-410 | "How to Litigate a Successful State Post Conviction Action" (A Precursor to Federal Habeas Corpus Litigation) | 28 +covers | $ 16.00 |
| 40-430 | "The Secret About Jurisdiction (And why the Courts Do not want you to know it)" | 29 +covers | $ 16.00 |
| 40-460 | "Petition for Rehearing or Rehearing En Banc The AEDPA'S Certificate of Appealability Requirement (The Gatekeeping Function)" | 22 +covers | $ 14.00 |
| 40-520 | "Petition at Law for Attorney Malpractice with Original Notice" | 11 +covers | $ 12.50 |
| 40-450 | "Summary Judgment Brief On Ex Post Facto and Bill Of Attainder Provisions" | 48 +covers | $ 25.00 |
| 40-440 | "Forms and Guidelines for filing Declaratory Judgement Action to obtain Sovereign Status" (Restoring Sovereign Status) | 20 +covers | $ 14.00 |

Coming In A Few Weeks:

| | | | |
|---|---|---|---|
| 40-470 | "Statues Of Limitations, why they are used to deny Review" | ? | $ ____ |
| 40-480 | "The Courts Of America / Political Forums For Career Oriented Lawyers" | ? | $ ____ |
| 40-490 | "The Strickland and Cronic Holdings / Why Criminal Defense Attorneys Continue to Render Ineffective Assistance" | ? | $ ____ |
| 40-500 | "The Constitution Debased / The Writ of Habeas Corpus Virtually Annulled" | ? | $ ____ |

New Items We Are IN THE PROCESS Of Putting Together For You

50-100    Forms for Colorado
    1. Reduction of Sentence Request 35(b)    ?
    2. Habeas Corpus to set & transport Defendant for a Hearing 35(b)    ?
      or any Hearing that's Criminal
    3. Demand for Deposition of United Summons or Complaint    ?
    Just received more forms for Colorado.
50-200    Forms for Iowa

  If you know an honest paralegal in your state, have them send me an E-mail at IOSemail@aol.com. I would like to talk with them about supplying us with these forms.
    The prices for the up-coming booklets are not known yet, it will depend on the amount of pages & weight for mailing. This was not considered on our first Ad in the PLN & Brochures, but has become neccessary to pay for them. We have new prices for Penpal/Profile/E-mail Service. Look at your Brochure.



Sincerely
C.D.Marsh



*D & J Litigation Support Services*

*PO Box 942*
*St. Charles MO 63302*
*bjarrett a djlitserv.com*

November 13, 2005

Dear Mr. Toole,

Thank you very much for showing interest in using our services. We are enclosing our brochure and a request form for our services. We will respond back with you as soon as possible. If you have any questions about our services after you have received our brochure do not hesitate to write myself, or my partners Mr. Damien Jarrett or Ms. Hannah Dalton. We again greatly appreciate your interest and look forward to working both for and with you.

Sincerely,

Mrs. Bailey Jarrett

*Member of Lexis/Nexis - LLRX - Versus Law*

AFFIDAVIT: EXHIBIT "19E"

79

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**(Instructions on Back)**

Mail Number: _I2-102-5_
Team Number: _____
Institution: _ACI-W_

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other _Library_ |
|---|---|---|---|---|

| FROM: | Inmate Name Toole, Howard G. | DC Number 917683 | Quarters F2-102-S | Job Assignment "/man | Date 2-20-06 |
|---|---|---|---|---|---|

## REQUEST

I put In and I.LL. Library Loan back in Nov. 05. I would appreciate an up date or any information as to a response to the info. I Requested.

Thank You

~~Howard Toole~~

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: _2-21-06_

ILL loan Requests are sent to the State Library for processing. State Library Controls when they are sent back to the institution. You will be notified when we Receive the ILL.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): M Koukac Lta | Date: 2-21-06 |
|---|---|

Distribution: White   -Returned to Inmate   Pink   -Retained by official responding, or if the response is to an
Canary   -Returned to Inmate   informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

AFFIDAVIT, EXHIBIT "9F"

⑧⓪



*APPENDIX "C"*
*Document, C-1, page 1 of 3.*

## LAW LIBRARY INTERLIBRARY LOAN REQUEST

**NAME & DC#:** *Tode, Howard G. #917683*    **DORM/BED:** *F2-102-S*

**INSTITUTION:** *Apalachee Correctional Institution*    **DATE SUBMITTED:** *12-09-05*

**SPECIFIC REQUESTS:** Requests for court decisions, statutes, or rules from another state, or other primary source legal material not in any FDC law library collection will only be ordered from Florida State University Law Library if access to same is necessary to prepare legal documents for submission to courts that challenge judgements and sentences or prison conditions in the Department. Provide a written justification for the request in the space below.

**Complete Title:** *First Degree Robbery - Direct Appeal*

**Complete Citation:** *§ 134-8-51 Code of Alabama (1975)*

**Justification:**

*CONTINUATION PAGES ATTACHED*

**SHEPARDIZING/LEGAL RESEARCH:** Only submit requests to have Florida or federal cases Shepardized. Florida State University Law Library will not conduct legal research or Shepardize cases for inmates. **For Shepardizing,** provide the complete citation to be Shepardized and a detailed statement of the point of law being researched. Also state whether you are trying to find out if your cited case has been overturned, affirmed/upheld, distinguished, etc. **For legal research,** state the question, point of law, or legal issued to be researched. Include any information you already have on the subject and the legal resources you have already researched. (Attach continuation pages, if necessary.)

*We Donot have this cite at our library, the Above Case has been sent to Santa Rosa CI to provide Info for you (request)*

*RECEIVED*
*DEC 1 9 2005*
*SANTA ROSA CI*
*LIBRARY*

*Forward to V.C.I.*

*Sent 12.9.05 WO*

*Rec. 12-23-05* *DEC 2 8 2005 WO*

---

## STAFF USE ONLY

**REQUESTING LAW LIBRARY:**

Request is: ☑ Approved    ☐ Disapproved    *MRoulhac Sta   12-9-05*
Reviewer                                    Date

Is this a "Deadline" Request? ☐ Yes  ☐ No    If YES, Date of Deadline: _____

**CENTRAL OFFICE REVIEW (FSU REQUESTS):**

Request is: ☐ Approved    ☐ Disapproved    _____    _____
Reviewer                              Date

Reason for Disapproval:

*AFFIDAVIT: EXHIBIT "19 G"*    *(81)*

APPENDIX "C"; C-9. page 2 of 3.

INSTITUTION _Apalachee Corr. Inst._    CELL/DORM & BUNK _I-2-102-S_

NAME _Howard J. Toole_    NUMBER _#917683_    DATE _____

As justification to obtain the above mentioned information as well as the following information; I would submit, as follows:

I have given the Clerk of the Court, for the Enterprise Alabama Division Circuit Court to prepare the Record for Appeal. There are (3) three Charges of 1st degree Robbery. Citation, § 13A-8-51, Code of Alabama (1975).

I would aver that the XVI (14th) Amendment to the U.S. Constitution entitles me to obtain such statutory authority as a Liberty interest is at stake, Whereas the sentence imposed in, Case No: CC-2005-149, 155, 156. Render me ineligible to Receive administrative gain time in the Florida Dept. of Corr. Such authority is necessary to meaningfully access the Alabama Courts so as to effect Appellate Review to these convictions, that I was arbitrarily denied by the state of Alabama.

1.) I need the Alabama Statute Annotated for "Interstate Agreement on Detainer Act."

2.) I need the Alabama R. Crim. P. for Criteria & format for filing "Belated Appeal."

3.) I need the Alabama R. Appellate P. for Criteria & format for filing "Direct Appeal".

4.) I need to know what statutes give me jurisdiction

5.) My appeal is based on Violations of V, VI, XVI

(82)

APPENDIX "C" Continuation C-9,
page 5 of 5.

INSTITUTION *Apalachee Corr. Inst.*    CELL/DORM & BUNK *I2-102- Single*

NAME *Howard D. Took*    NUMBER *#917683*    DATE _____

The (IADA) is an agreement between states which must be inforced. I must have the afore mentioned information if I am to be able to access the courts in asserting my Right to appeal the judgement and sentence in Alabama.

(83)

~~APPENDIX "H"~~
~~Document H-19~~
~~APPENDIX "C"~~
Document C-16, motion
to ~~Grant~~ lease, cover page.

Howard G. Toole
#917663, B1-144-S
Apalachee Corr. Inst.
52 West Unit Dr. W
Sneads, FL 32460

Case No. CR-05-0803,
CC05-149, 155, 156

RE: Request for Procedural and Statutes information to help
Pro Se litigant in gaining access to the Courts of Alabama.
To Officers of the Courts of Alabama.

Sirs,

This letter is an request on behalf of the Pro
Se, Appellant in this cause of action. He is asking
that the state of Alabama help him in his endeavor to
properly litigate his case in your state. This is not his
first Request all other attempts at obtaining, applicable
Rules, Rule P of App. P., the Criminal Code have gone unanswered.
The entire Rules of criminal and appellate proceedures are not
necessary. Only applicable portions pertaining to this cause
of action. The State of Florida will not accept responsibility
to help this Appellant gain access to the Courts of Alabama.
Even though it is the Appellants right through the Due
Process clauses of the V, and XIV Amendments to the U.S.
Constitution.

Respectfully Submitted,

Howard Toole
Howard Glen Toole

This 9th day of MAY 2006.

CC: Clerk of Appellate St. Alabama, Lane W. Mann.
Clerk of Circuit Ct. 12th Judicial Ct. James M. Counts
Attorney Gen. State of Alabama, Troy King, Esq.
Dist. Attorney For 12th Judicial Circuit Gary McAliley, Esq.
Presiding Judge 12th Appellate Dist. R.W. Holloway, Esq.
Circuit Judge 12th Judicial Ct. Thomas B. Head III, Esq.

(84)

AFFIDAVIT : EXHIBIT "19H"



**PSI PUBLISHING INC.**

413-B 19th Street, #168
Lynden, WA 98264
(800) 557-8868

March 2, 2006

Mr. Howard G. Toole
#917683
Appalachee Correctional Institution
52 West Unit Drive, West
Sneads, FL 32460

RE:     *The Prisoner's Guide to Survival*

Dear Mr. Toole,

Enclosed please find your copy of *The Prisoner's Guide to Survival,* which we hope you find informative and helpful. We invite you to send us your comments and opinion on the *Guide* once you have had a chance to peruse it. Your feedback on the book, both positive and negative, is important to us and will help us improve on future editions.

Each month we receive numerous requests for a list of other legal publications that we offer. At this time, *The Prisoner's Guide to Survival* is the only prisoner legal assistance manual that we publish. There is, however, a list of books, magazines, newsletters and other prisoner related resources offered through the *Prison Legal News.* If you are interested, please contact them at PLN, 2400 NW 80th Street, #148, Seattle, WA 98117.

Enclosed you will also find a couple of order forms for *The Prisoner's Guide to Survival.* These have been included in the event that any fellow prisoners are interested in learning about or purchasing a copy of the *Guide.* Good luck, Mr. Toole, with all of your endeavors.

Sincerely,
PSI PUBLISHING, INC.

*M. Margaret Medjuck*

M. Margaret Medjuck
President

> **This letter may also serve as a receipt for one copy of *The Prisoner's Guide to Survival.* The total price of $49.95 (+$5 s&h) has been paid in full.**

(85)

AFFIDAVIT : EXHIBIT "19-J"

# The Fortune Society

www.fortunesociety.org

| 53 WEST 23rd STREET | 39 WEST 19th STREET | 630 RIVERSIDE DRIVE | 41-27 29th STREET |
|---|---|---|---|
| NEW YORK, NY 10010 | NEW YORK, NY 10011 | NEW YORK, NY 10031 | LONG ISLAND CITY, NY 11101 |
| TEL (212) 691-7554 | TEL (212) 206-7070 | TEL (212) 690-6202 | TEL (718) 937-6230 |
| FAX (212) 255-4948 | FAX (212) 366-6323 | FAX (212) 690-2757 | FAX (718) 937-6972 |
| ☐ | ☐ | ☐ | ☐ |

March 21, 2006

Howard Toole #917683, I2-102-S
Apalachee Correctional Institution
52 West Unit Drive, West
Sneads, Fl 32460

Dear Ms. Toole,

Thank you for your inquiry. The Fortune Society primarily helps former inmates make the transition from the penitentiary to society. We do not handle much pro bono legal counsel since our primary focus is establishing housing, employment and a host of other transitional programs. I have enclosed a list of agencies and various resources that should be able to better assist you in the state of Florida.

Please feel free to contact us if you have any other questions. Good Luck with everything.

Sincerely,

Mr. Edward G. Hosek, Jr.
Executive Assistant

⑧⑥

*AFFIDAVIT: EXHIBIT "19K"*

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*(Instructions on Back)*

Mail Number: _E-1204-C_
Team Number: _II_
Institution: _Z.C.I._

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other _LAW LIBRARY / Ms. Sadd_ |
|---|---|---|---|---|

| FROM: | Inmate Name _Toole, Howard Glen_ | DC Number _917683_ | Quarters _E-1204-L_ | Job Assignment _H/man_ | Date _11/13/06_ |
|---|---|---|---|---|---|

**REQUEST**

Ms. SADD, I am currently under a Federal Court ORDER to Respond to a states Response in my Fed. §2254 Habeas Corpus in the STATE OF ALABAMA which alleges 'PROCEDURAL DEFAULT'. I am in need of access to; Alabama Rules of APPELLATE PROCEDURES. I MUST show cause for failure to comply with Alabama's Rules of Court. The state of Alabama Refuses to respond to any of my Requests for assistance while in Region #1, of Apalachee C.I. I submitted an I.L.L. (INTER-LIBRARY LOAN) it went to (FOUR) Institutions in that area all with a negitive Response. Can you please inquire to see if any Law Library in this region has ALABAMA R. APP. P, and if so how I might obtain access? My dead-line is Nov. 26, 2006, Case. No. 2:06-CV-714-MHT. and Nov. 28, 2006, in Case No. 1:06-CV-696-MHT. THANK YOU.

Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED:    **RECEIVED NOV 14 2006**

please see attached DCS-152 interlibrary loan request reply dated 11-15-2006

[The following pertains to informal grievances only:
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _Sadd_    Date: _11-17-06_    ㉘⑦

Distribution:   White   -Returned to Inmate   Pink   -Retained by official responding, or if the response is to an
               Canary  -Returned to Inmate            informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

AFFIDAVIT. EXHIBIT "19L"

## LAW LIBRARY INTERLIBRARY LOAN REQUEST

**NAME & DC#:**  Toole, Howard dc# 917683                          **DORM/BED:**  E1204L

**INSTITUTION:**  Zephyrhills CI #573    Ms. Sadd 535-1100 x439    **DATE SUBMITTED:** 11/14/2006

**SPECIFIC REQUESTS:** Requests for court decisions, statutes, or rules from another state, or other primary source legal material not in any FDC law library collection will only be ordered from Florida State University Law Library if access to same is necessary to prepare legal documents for submission to courts that challenge judgements and sentences or prison conditions in the Department. Provide a written justification for the request in the space below.

**Complete Title:**  SEE BELOW

**Complete Citation:**   SEE BELOW

**Justification:**

This inmate was convicted in the State of Alabama and is in Florida on an Interstate Agreement on Detainers Act pursuant to Fla. Stat 941.45 who needs the below legal materials to finish his Federal Petition for Writ of Habeas /corpus, 28 U.S.C. & 2254.

**SHEPARDIZING/LEGAL RESEARCH:** Only submit requests to have Florida or federal cases Shepardized. Florida State University Law Library will not conduct legal research or Shepardize cases for inmates. For Shepardizing, provide the complete citation to be Shepardized and a detailed statement of the point of law being researched. Also state whether you are trying to find out if your cited case has been overturned, affirmed/upheld, distinguished, etc. For legal research, state the question, point of law, or legal issued to be researched. Include any information you already have on the subject and the legal resources you have already researched. (Attach continuation pages, if necessary.)

Alabama Rules of Criminal Procedure [2005]
Alabama Rules of Appellate Procedure [2005]
Alabama Criminal Code [2005]

---

### STAFF USE ONLY

**REQUESTING LAW LIBRARY:**

Request is:  [ xx ] Approved    [ ] Disapproved    L. Sadd, Librarian  11/14/2006
                                                   Reviewer                          Date

Is this a "Deadline" Request?  [ xx ] Yes   [ ] No    If YES, Date of Deadline:  11/26/2006 & 11/28/2006

**CENTRAL OFFICE REVIEW (FSU REQUESTS):**

Request is:  [ ] Approved   [XXX] Disapproved    *Barry Z. Rhodes*      *November 15, 2006*
                                                  Reviewer                          Date

Reason for Disapproval:

The department has no duty to supply prisoners law from other states. You must get Alabam

*Alabama or other state law from Alabama authorities or other sources available to you.*

DC5-152 (12/03)                                                          (88)

*AFFIDAVIT  EXHIBIT "19L-B"*

*Exhibit D Supplimental*

*APPENDIX "H" DOCUMENT H-5 NEWLY MACKED; APPENDIX "C" Document, C-10.*

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA,            *

      PLAINTIFF,                *

VS.                          *          CASE NO. CC-2005-149

HOWARD GLENN TOOLE,          *

      DEFENDANT.                *

## ORDER

The Court is without jurisdiction to act upon Defendant's petition/notice of belated appeal as same is untimely.

DONE THIS THE 7th day of November, 2005.

_____
           Thomas E. Head, III
           CIRCUIT JUDGE



NOV 2005
FILED
J.W. Counts
Court Clerk
Coffee Co. AL

89

*AFFIDAVIT.   EXHIBIT "21A"*

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

*APPENDIX "H"*
*DOCUMENT H-15*
*NEWLY MARKED: APPENDIX "C"*
*DOCUMENT, C-13.*

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure.  Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition.  The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

**Done this the 1st day of February, 2006.**

**H. W. "Bucky" McMillan, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
   Howard Toole, Pro Se
   Hon. Thomas E. Head, III, Circuit Judge
   Hon. Troy King, Attorney General
   Hon. Gary McAliley, District Attorney

⑨⓪

*AFFIDAVIT: EXHIBIT "22A"*

APPENDIX "442"    EXHIBIT 22B

~~APPENDIX "442"~~
~~DOCUMENT, #-13~~

↓

~~NEWLY ADDED:~~
~~APPENDIX "4"~~
~~DOCUMENT, # H~~

IN THE ALABAMA COURT OF CRIMINAL
APPEAL, FOR THE STATE OF ALABAMA

Howard B. Toole ,
Appellant / Defendant

VS.                                    Case No.  CC - 05 - 149
                                                  CC - 05 - 155
                                                  CC - 05 - 156
STATE OF ALABAMA ,
Appellee / Plaintiff

## Petition For Belated Appeal Supplemented

I Howard B Toole, here and after referred to as the Appellant, would offer too this Honorable Court for Review, this the Appellant's petition for Belated Appeal, Pro Se, Appellant would stipulate that as a prisoner in the State of Florida; he has no access to, Alabama litigative law manuals. Appellant is currently exausting my administrative Remedies in a good faith effort to gain access to, Alabama Rules Criminal Proceedures; Alabama Rules Appellate Proceedures; The Alabama State Constitution; and The Alabama Criminal Code. To date, Appellant has had no success. However, Appellant knows that time is critical, as time on Federal Habeus Corpas is Running. Appellant would ask this Honorable Court to allow Appellant leeway in format and Content, in an effort to present this his cause for the Courts Review.

Point in Question is Whether Appellant should be granted a Belated Appeal? Appellant would present the following statements as a matter of fact for the Courts Consideration. On May 10, 2005, the Appellant entered a plea of guilty to the Charges. From that day until July 13, 2005, the Appellant was held in the Coffee County Jail without the benifit of legal Representation, i.e. no guidence for filing a timely Appeal on the

AFFIDAVIT: EXHIBIT "22B"

(91)

*NEWLY MARKED: APPENDIX* ~~APPENDIX "A"~~
"C". Document, C-12. ~~Document # 14~~

issue of "Interstate Agreement on Detainers Act", (IADA), Violation. The Appellants efforts to conform to the courts procedures are being made in good faith. My only skills are an ability to articulate in plain language to the court. I assure the court that this appellant will make every effort to become more proficient in my legal endevors. Please See: Exhibit, E, Supplemented.

The Appellant has previously submitted his petition to The Circuit Court of Coffee County Alabama. However, the court denied the petition on the grounds that it lacked jurisdiction. Please see: Exhibit, D, supplemented. The following motion is the only petition filed thusfar in this cause.

As clarification as to the suppliments, Exhibits, D and E are merely being added to the original petition as documentation in support thereof. The Appellant would ask that this Honorable court accept jurisdiction and make a Ruling on this petition.

Respectfully Submitted

Howard C. Toole

Howard C. Toole, # 917683, IK-102-S
Apalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

This 25 Day of January 2006.

⑨2

AFFIDAVIT:     EXHIBIT "22B"

"22C"

*Affidavit ...*

~~APPENDIX "H"~~
~~Document, H 16~~
Newly ~~Marked~~ APPENDIX "C"
~~Document, C-H to comply~~
~~with Rule 21 (a)~~

1 of 2

IN THE CRIMINAL COURT OF APPEALS, IN AND
FOR STATE OF ALABAMA, MONTGOMERY ALABAMA

RE: HOWARD G. TOOLE VS. STATE OF ALABAMA, ENTERPRISE
DIVISION, COFFEE COUNTY CIRCUIT COURT; APPELLATE
CASE NO. CR-05-0803, LOWER CASE NO. CC-05-149,
CC-05-155, CC-05-156.

## NOTICE TO ALL CONCERNED PARTIES

In Response To, __ORDER__ issued by; ALABAMA
COURT OF CRIMINAL APPEAL, dated, Febuary 1ST, 2006.
Petitioner, in his attempt to come into complience with,
ALABAMA RULE OF APPELLATE PROCEDURE, Rule 21 (a), hereby
serves the Respondent Judge, and all known parties
involved, a copy of the petition, previously submitted to
Clerk of the Court for Coffee County ALABAMA, along
with a Certificate of service, as well as a copy of
the supplimented portion of the petition;
   Hon. H.W. McMillon, Presiding Judge
   Hon. TROY KING, ATTORNEY GENERAL
   Hon. LANE W. MANN, Clerk of APPELLATE COURT
   Hon. Thomas E. HEAD III, Circuit Judge
   Hon. GARY McAlily, District ATTORNEY, ENTERPRISE DIV.
   Hon. JAMES M. COUNTS, Clerk Circuit Court
This petitioner asks this Honorable Courts indulgence,
as petitioner is an inmate in F.D.O.C., FLORIDA Depart-
ment of Corrections, with no access to ALABAMA RULES
OF APPELLATE Procedure, nor ALABAMA Criminal Code.
Petitioner is Relying on the institutions Law Library,
and its Law Clerks for assistence. Our Law Library
has NO ALABAMA LAW BOOKS ....

(93)

AFFIDAVIT:

EXHIBIT

"22C"

~~APPENDIX "H"~~
~~DOCUMENT, H-12~~

2 of 2

Newly Marked: APPENDIX "C"
Document, C-15, to Comply with Rule 21(a).

No Knowledge of ALABAMA LAW. This petitioner has submitted to the institution an (I.L.L.) Form. INTER LAW LIBRARY LOAN. This is in the hopes that another INSTITUTION MAY HAVE the information I need to properly litigate my appeal. This REQUEST was issued in October of 2005. With (emphasis added) for my Right to Due Process under the XIV AMEND, TO the UNITED STATES CONSTITUTION.

The afore mentioned officers of the Coffee County Court, Enterprise Division, have Received a copy of the original petition for Belated Appeal. This petitioner now issues the supplemented portion of the petition to said officers in an attempt to conform to ALABAMA Rule APPELLATE Procedure, RULE 21 (a), as ordered by ALABAMA COURT OF CRIMINAL APPEAL. This Rule, as all Rules of Al. APP. P. are foreign in nature as the petitioner had/has no Knowledge of, Al. APP. Rules. Please Note, pages 3 and 4, paragraph 6 of the petition.

As to all other parties to this action; petitioner issues a complete Copy of the petition file in the ALABAMA Court of Criminal APPEAL. A Certificate of service accompanies these issuances.

This petitioner has not been provided with the addresses of these officials. However, as the court has only allowed me 14 days to comply, this petitioner will once again make a good faith effort to adhere to the courts order.

Respectfully Submitted

Howard Toole

Howard C. Toole, #917683, I2-102-8

dated;
2-7-06

(94)

*APPENDIX "H"*
*DOCUMENT # 18*
*NEWLY MARKED: APPENDIX "C"*
*Document,* ~~CATE~~ *C-13a.*

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED. Petitioner's remedy, if any, is to file a petition for post-conviction relief pursuant to Rule 32.1(f), Alabama Rules of Criminal Procedure in the counties of conviction.

**Done this the 23rd day of February, 2006.**

H. W. "Bucky" McMillan, Presiding Judge
**Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

*AFFIDAVIT.   EXHIBIT "22D"*
*(95)*

*APPENDIX "H"*
*DOCUMENT H-20.*
# COURT OF CRIMINAL APPEALS
*NEWLY MARKED: APPENDIX "C"*
# STATE OF ALABAMA
*Document, C-17.*
*C-17*

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

### ORDER

Petitioner's motion to grant leave to proceed to the Supreme Court is DISMISSED.

Done this the 16th day of May, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

*AFFIDAVIT EXHIBIT "22E"*

*96*

# APPENDIX B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HOWARD GLENN TOOLE, #C-917683;

    PETITIONER,        : CASE NO.: 1:06-CV-696-MHT
                          (RE: COFFEE COUNTY)

VS.                    :

                       CASE NO.: 2:06-CV-714-MHT
JAMES MCDONOUGH, ET. AL., :   (RE: PIKE COUNTY)

    RESPONDENTS.     :
_____

AFFIDAVIT OF
GARY T. METZ

    I, GARY T. METZ, THE AFFIANT IN THE
ABOVE-STYLED CAUSE, DECLARE UNDER PENALTIES OF
PERJURY, THAT THE FOREGOING STATEMENTS ARE TRUE
AND CORRECT, EXCEPT TO THOSE MATTERS BASED ON
INFORMATION AND BELIEF WHICH ARE BELIEVED TO BE
TRUE AND CORRECT. IN SUPPORT THEREOF, I ADVER
AND STATE THE FOLLOWING:

STATEMENT

    1. THIS AFFIDAVIT IS INTENDED TO SUPPORT
HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-
STYLED CAUSE (S); IN THAT, HE HAS BEEN DENIED
ACCESS TO THE COURTS IN THE FOREGOING HABEAS
CORPUS PROCEEDINGS BY THE STATE OF ALABAMA AND

(PAGE 1 OF 5)   (98)  (APPENDIX "B")

FLORIDA.

2. FIRST, IT SHOULD BE NOTED THAT I AM A CONVICTED FELON, CURRENTLY SERVING A FLORIDA PRISON SENTENCE OF THIRTY-SIX (36) MONTHS FOR VIOLATION OF PROBATION ON A POSSESSION OF COCAINE OFFENSE. THIS IS MY THIRD STATE PRISON SENTENCE.

3. I UNDERSTAND AND REALIZE THAT BY SUBMITTING THIS AFFIDAVIT, I AM SUBJECT TO POTENTIAL REPRISAL AND RETALIATION FOSTERED BY THE PRISON SYSTEM, STATE OF FLORIDA, AND/OR STATE OF ALABAMA DIRECTLY OR INDIRECTLY.

4. I AM A CERTIFIED FLORIDA DEPARTMENT OF CORRECTIONS' LAW CLERK, HAVING BEEN CERTIFIED BY THE PRISON SYSTEM ABOUT 1987 OR 1988. I HAVE SINCE WORKED AS AN INMATE LAW CLERK FOR: SUMTER C.I., TOMOKA C.I., AND APALACHEE C.I. IN FLORIDA. I HAVE ALSO ATTENDED COLLEGE FOR PARALEGAL STUDIES, AND HAVE WORKED AS AN IN-HOUSE PARALEGAL AND FREELANCE PARALEGAL WITH A MULTITUDE OF ATTORNEYS.

5. HAVING WORKED AND UTILIZED THE FLORIDA PRISON LAW LIBRARIES, I AM AWARE THAT FLORIDA'S PRISON LAW LIBRARIES TYPICALLY DO NOT CONTAIN LEGAL MATERIALS ON OUT-OF-STATE LAWS, ESPECIALLY FOR ALABAMA. OF COURSE, THERE IS LIMITED FEDERAL AND FLORIDA LAW MATERIALS ONLY.

6. UPON BEING ASSIGNED IN DORMITORY I, APALACHEE CORRECTIONAL INSTITUTION, SNEADS, FLORIDA, I MET WITH HOWARD GLENN TOOLE FOR THE FIRST TIME, AS HE HAD JUST RETURNED FROM ALABAMA UPON HIS SENTENCE AND JUDGMENT IN THIS CAUSE. IT WAS AT THIS THAT MR. TOOLE APPROACHED ME VERY CONFUSSED ABOUT HOW TO INSTITUTE AN APPEAL ON

HIS ALABAMA JUDGMENTS RENDERED IN THE ABOVE-STYLED CAUSE. DURING THIS TIME, AND ON OTHER OCCASIONS, MR. TOOLE INFORMED ME THAT FOLLOWING HIS SENTENCING OF MAY 10, 2005, HE WAS UNSUCCESSFUL WITH ATTEMPTING TO CONTACT HIS ATTORNEY TO FILE AN APPEAL.

7. THUS, HAVING NO ACCESS TO ALABAMA CODE, RULES, OR APPELLATE PROCEDURES, I DIRECTED MR. TOOLE TO FILE A BELATED NOTICE OF APPEAL TO THE SENTENCING COURT IN ALABAMA, WHICH HE DID. IN FLORIDA, IT IS CUSTOMARY TO FILE A NOTICE OF APPEAL WITH THE SENTENCING AND JUDGMENT COURT. I UNDERSTAND NOW, HOWEVER, ALABAMA APPELLATE PROCEDURES ARE MUCH DIFFERENT THAN FLORIDA'S.

8. I THEN DIRECTED MR. TOOLE TO REQUEST HIS COURT-APPOINTED ATTORNEY'S DEFENSE CASE FILE, WHICH HE DID, AND APPARENTLY RECEIVED THAT CASE FILE FROM STEVE BLAIR ABOUT SIX (6) MONTHS LATER.

9. DUE TO MR. TOOLE'S UNSKILLED LITERACY IN THE LAW, AND HAVING NO ACCESS WHATSOEVER TO ALABAMA LAW, I ASSISTED HIM WITH THE PREPARATION OF HIS CURRENT RESPONSE (AND AFFIDAVIT) TO COFFEE AND PIKE COUNTIES ANSWER TO THE HABEAS CORPUS PETITIONS FILED BY MR. TOOLE. UPON RESEARCHING CASE LAW CITED IN THE RESPONDENTS' ANSWERS, I WAS UNABLE TO ACCESS ALABAMA CASE LAW CITED/PUBLISHED IN THE SOUTHERN REPORTER, AS ZEPHYRHILLS C.I. (AND FLORIDA) PRISON LAW LIBRARIES ONLY CONTAIN FLORIDA CASES WHICH ARE PUBLISHED IN SOUTHERN REPORTER SERIES. I WAS UNABLE TO LOCATE ANY ALABAMA LEGAL BOOKS OR MATERIALS, TOO.

10. CONSEQUENTLY, IN AN EFFORT TO REASONABLY RESPOND TO THE ALABAMA CASE LAW, AND GENERAL

(PAGE 3 OF 5)

(100)

PROCEDURAL ALABAMA CODES, I DIRECTED MR. TOOLE TO SUBMIT AN INTERLOAN LAW LIBRARY REQUEST TO THE INSTITUTIONAL LIBRARIAN ASKING FOR ACCESS TO ALABAMA CODE, ALABAMA RULES OF CRIMINAL PROCEDURE, AND ALABAMA APPELLATE PROCEDURE, THIS WAS DONE ON NOVEMBER 13, 2006. HOWEVER, BASED ON INFORMATION AND BELIEF, HIS REQUEST WAS DENIED AND FLORIDA PRISON OFFICIALS SHIFTED THAT BURDEN TO THE STATE OF ALABAMA.

11. I BELIEVE MR. TOOLE TO BE OF GOOD CHARACTER, DESPITE HIS CRIMINAL HISTORY. I HAVE NEVER KNOWN MR. TOOLE TO BE DISHONEST WITH ME, ESPECIALLY WITH REGARD TO MATTERS RELATING TO THE ISSUES IN THE ABOVE-STYLED CAUSE.

12. I AM WILLING AND AVAILABLE TO TESTIFY IN A COURT OF LAW, IF REQUESTED TO DO SO.

13. AFFIANT FURTHER SAYETH NAUGHT.

## DECLARATION

I, GARY T. METZ, THE AFFIANT, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. SECTION 1001, THAT I HAVE READ AND UNDERSTAND THE INFORMATION CONTAINED HEREIN, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT, EXCEPT TO THOSE MATTERS BASED ON INFORMATION AND BELIEF WHICH ARE BELIEVED TO BE TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE, THIS 27TH DAY OF NOVEMBER, 2006.

EXECUTED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

NOVEMBER 27TH 2006
DATE SIGNED

GARY T. METZ (DC# 651889)
AFFIANT
ZEPHYRHILLS CORRECTIONAL INST.

(100 A)     (PAGE 4 OF 5)

<u>CERTIFICATE OF SERVICE</u>
<u>(UNDER MAILBOX RULE)</u>

I, HOWARD GLENN TOOLE, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE AFFIDAVIT OF GARY T. METZ HAS BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING TO THE CLERK OF THE UNITED STATES DISTRICT COURT, AND TO DANIEL W. MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY) AND MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), OFFICE OF THE ATTORNEY GENERAL, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S. MAIL, ON THIS 22ⁿᵈ DAY OF NOVEMBER, 2006.

RESPECTFULLY SUBMITTED,

HOWARD GLENN TOOLE
PETITIONER (PRO SE)
FDOC# C-917683
ZEPHYRHILLS CORRECTIONAL INST.
8739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

(PAGE 5 OF 5)

(100-B)

# APPENDIX C



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HOWARD GLENN TOOLE, #C 917683    *

    Petitioner,    *

    v.    *    2:06-CV-714-MHT
                                (WO)
JAMES MCDONOUGH, *et al.*,    *

    Respondents.    *

## ORDER

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Howard Toole on June 8, 2006.[1] In this petition, Petitioner challenges his convictions on two counts of first degree robbery entered against him by the Circuit Court for Pike County, Alabama, on May 10, 2005.

The Clerk is DIRECTED to mail a copy of the amended petition filed September 13, 2006, including all attachments (Doc. No. 6), and this order to the Attorney General of the State of Alabama and cause a copy of the same to be served upon Warden Sam Culpepper. An answer shall be filed within 20 days of service on the Attorney General. In filing their answer, Respondents should comply with the provisions of Rule 5 of the rules governing § 2254 cases in the district courts which requires, in pertinent part, that the answer

---

[1]The petition was originally filed in the United States District Court for the Northern District of Florida on June 13, 2006 and subsequently transferred to and received in this court on August 10, 2006. Although the transferring court stamped the petition "filed" on June 13, 2006, it is clear that the petition was presented to correctional personnel for mailing prior to such date. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing, the court construes June 8, 2006 as the date of filing.

(102)

PETITIONER'S RESPONSE : APPENDIX "C"
(DOC. NO. 7-1)

. . . indicate what transcripts (of pretrial, trial sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings haven been recorded and not transcribed.

Rule 5 also requires that Respondents attach to their answer such portions of the transcript as they deem relevant. Additionally, Respondents should make specific reference to 28 U.S.C. § 2244(d)(1).[2]

Respondents are advised that the answer should contain a procedural history from which the court can determine the applicability of 28 U.S.C. § 2244(d). In so doing, Respondents shall provide the court with copies of documents indicating the disposition of the case in the state appellate court, including but not limited to the case action summary maintained by the trial court, all state court appellate decisions, the docket sheet(s) indicating the dates of such decisions, and copies of the briefs filed in the state court. **Respondents are cautioned that if they fail to assert the timeliness issue it may be waived. Respondents**

---

[2]28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**shall also inform the court of whether this is the first habeas petition filed by Petitioner challenging the conviction which is the basis for the instant petition.** If Petitioner has filed a previous federal habeas application challenging the conviction underlying the present petition, Respondents shall provide the court with the disposition of such petition.[3]

Section 2254(d)(1) of the AEDPA significantly "modifies the role of federal habeas courts in reviewing petitions filed by state prisoners." *Williams v. Taylor,* 529 U.S. 362, 403 (2000). In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor,* 529 U.S. at 404-405. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head,* 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

---

[3]This information is relevant to the disposition of this case as 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." **A prior petition dismissed for failure to exhaust state remedies, however, does not render a subsequent petition successive.**

In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**If Respondents contend, therefore, that this court is precluded from granting habeas relief because claims raised by Petitioner have been properly adjudicated by the state courts in accordance with clearly established Supreme Court precedent, Respondents must identify to this court the Supreme Court authority on which the state court relied in adjudicating Petitioner's claims and the decision of the state court on each claim.** Moreover, if Petitioner has not raised his federal claims in the state courts and has an available state court remedy wherein he may present such claims, Respondents shall

identify the remedy available to Petitioner. The court deems such action necessary as the law requires that an application for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). **In addition, if this court is barred from reviewing a petitioner's claims due to his failure to properly present any of the federal claims to the state courts, Respondents shall identify the defaulted claim(s) and provide a basis for the procedural default.**

Where Petitioner alleges ineffective assistance of counsel or insufficiency of the evidence and these claims must be addressed on their merits, the entire trial record must be filed. The entire trial record should also be filed if Respondents assert that a ruling of the trial court is entitled to a presumption of correctness or if they defend on grounds that a particular ruling did not render the trial "fundamentally unfair" or that a particular error is "harmless error." The Magistrate Judge recognizes that the burden of producing the state court record is sometimes unduly onerous. However, it is clear that pursuant to the procedure governing habeas corpus actions, "[t]he obligation to come forward with the state court record is squarely upon the Respondent, not upon the petitioner." *Bundy v. Wainwright*, 808 F.2d 1410, 1415 (11th Cir. 1987).

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the petition may be filed by any party without permission of the court.** If any pleading denominated as a motion for summary

106

judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court. **Petitioner is cautioned that all amendments to the petition should be accompanied by a motion to amend and must be filed within ninety (90) days from the date of this order**.

The Federal Rules of Civil Procedure require that Petitioner mail to the lawyer for Respondents a true copy of anything which is sent to the court. Consequently, Petitioner is advised that he must mail to the Attorney General for the State of Alabama a true copy of anything which he sends to the court. Anything sent to the court should specifically state that it has been sent to the Attorney General for the State of Alabama. Failure to comply with the directives of this order may result in delaying resolution of this case. Moreover, Petitioner is specifically **CAUTIONED** that his failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such pleadings not being accepted for filing.

The Clerk of Court IS DIRECTED to not accept for filing any pleadings submitted by Petitioner which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this day 15th day of September 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

107