In the United States District Court
For the Middle District of Alabama
Southern Division

HOWARD GLENN TOOLE, #C-917683,

    Petitioner,

vs.

    CASE NO.: 1:06-CV-696-MHT

JAMES McDONOUGH, ET AL.,

    Respondents.

## Motion for Appointment of Counsel

Comes now the Petitioner, Howard Glenn Toole, in *propria persona*, pursuant to Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006(A)(2)(B); and related Federal Rules of Civil Procedure, moves for an Order Appointing Counsel in the above-styled cause; namely, for litigation of effective utilization of Discovery Procedures as allowed under Rules 5 and 6 of Habeas Corpus Cases, while ensuring meaningful access to the Courts as guaranteed by the First, Fifth and Fourteenth Amendments to the United States

(Page 1 of 12)

Constitution, and related Alabama and Florida Constitutional Amendments. As grounds in support of this motion, Petitioner states:

1. Petitioner is currently imprisoned, unemployed, and without funds to afford counsel. He has previously been declared insolvent by the Alabama courts, and represented by court-appointed counsel in the state proceedings currently under federal review in the above-styled cause. Upon request of the District Court, Petitioner is willing to execute and file an affidavit of insolvency for purposes of the appointment of counsel.

2. Pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases, Petitioner has accompanied the foregoing request for counsel with a motion for leave of court to invoke the processes of discovery available under the Federal Rules of Civil Procedure.

3. The specific allegations before the court are complex, require significant research, discovery, and investigation. There is meritorious reasons to believe, and evidence before the court, that Petitioner may, if the facts are fully developed, be able to overcome Respondents' procedural default claim through not only the asserted "cause and prejudice" exception of

(PAGE 2 OF 12)

record, but potentially appointed counsel's examination of other exceptions to the exhaustion requirement codified in Section 2254(B)(1)(B) of the Judicial Code.

4. As evidenced by the record, unrefuted by the Respondents, Petitioner has been denied, and continues to be denied, meaningful access to Alabama case law, codes, statutes and legal materials as afforded Respondents. In fact, Respondents, collectively, have cited and made reference to numerous Alabama Appellate and State Supreme Court case law, Alabama Rules of Criminal Code, Alabama Rules of Appellate Procedure, and Alabama Statutes. Thus, Petitioner is placed at an unfair advantage through Respondents' denial of access to Alabama legal materials in order to properly argue and refute Alabama laws cited in Respondents' responsive pleadings filed in this cause. On the other hand, a court-appointed attorney would be better equipped to respond accordingly. (<u>Appendix "A", Exhibit "A"</u>)

5. As of January 16, 2007, Petitioner's Florida prison work assignment has been reclassified to his mandatory participation in a Substance Abuse (Prison Live-in) Treatment Program. Consequently, Petitioner's access to

The institutional's law library has been drastically restricted from approximately twenty-five (25) hours per week, to under two (2) hours weekly. Accordingly, Petitioner intends to petition the District Court for expanded access to the institution's law library. (Appendix "A", Exhibit "B")

6. In direct violation and contempt of this Court's orders of September 15th and December 7th and 8th, 2006, the Respondents, collectively, have failed to comply with the provisions of Rule 5 of the Rules Governing Section 2254 cases which required, in pertinent part, that Respondents' answers, and supplemental answers "... indicate what transcripts ... are available, when they can be furnished, and also what proceedings have been recorded and not transcribed..." (emphasis added) As a result, a court-appointed attorney is likely to succeed in securing the available state-court transcripts.

7. Due to Petitioner's documented mental illness, he requires the assistance and expertise of court-appointed counsel to help foster his claims, especially for adequate fact development, interrogatories, depositions, production of documents, and the alike required in this cause.

(Page 4 of 12)

<u>MEMORANDUM OF LAW</u>

8. Under the federal statutes, rules, and case law, it is likely that habeas corpus rules will dictate, especially through the discovery process, petitioner's entitlement to an evidentiary hearing in this cause. In particular, absence of state record, under the standards in <u>Townsend v. Sain</u>, 372 U.S. 293 (1963), the court must grant an evidentiary hearing (or some alternative) to resolve controverted factual questions whenever the state, as in the instant case, has not produced all the portions of "the transcripts of [the] testimony [in the state court], the pleadings..." that delineate the factfinding on which the state now relies. For unknown reasons, respondents in the case at bar have intentionally defied and ignored multiple court orders to provide information about the transcripts, as if to purportedly "conceal" or "hide" relevant discovery which favors petitioner in the above-styled cause. Accordingly, the district court would be warranted to appoint counsel to achieve the goals of the discovery process; and enter sanctions against the respondents.

(Page 5 of 12)

9. Should the District Court grant Petitioner in the instant case leave to invoke the discovery process, Rule 6(a) of the Rules Governing Section 2254 Cases provide, in part, that:

> "... if necessary for effective utilization of discovery procedures, counsel shall be appointed by the judge for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006 A(g)"

See Harris v. Nelson, 394 U.S. 286, 301 (1969).

10. Indeed, the case currently under review is seeded with disputed issues of law and fact. As such, pre-hearing discovery will likely guide the Court in the determination of the merits presented in this cause. Therefore, at this stage of the proceedings, only court-appointed counsel is equipped to bring-to-light Petitioner's nonfrivolous claims without further prejudice imputed on Petitioner.

11. In noncapital Habeas Corpus cases, Rule 8(c) of the Rules of Habeas 2254 Cases makes clear that this Court is empowered to order "the appointment of counsel under

[THE CRIMINAL JUSTICE ACT] AT ANY STAGE OF THE CASE IF THE INTEREST OF JUSTICE SO REQUIRES." (SEE RULE 8(c), SUPRA, (EMPHASIS ADDED)). ACCORD RULE 8(c) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS. SEE, E.G., WEYGANDT V. LOOK, 718 F.2d 952, 954 (9TH CIR. 1983) ("THESE [HABEAS] RULES DO NOT LIMIT THE APPOINTMENT OF COUNSEL... AT ANY STAGE." (DISCUSSING RULE 8(c), SUPRA.)

12. AS FURTHER CONSIDERATION, THE APPOINTMENT OF COUNSEL RULE AND PROCEDURE ALLOWS PETITIONER TO USE FILING OF THE PETITION (A) TO SATISFY ANY APPLICABLE STATUTE OF LIMITATIONS, (B) TO DEMONSTRATE THE SUBSTANTIALITY OF ITS CLAIMS, AND (C) TO SUGGEST THE POSSIBILITY OF OTHER CLAIMS THAT A LAWYER WOULD HAVE THE INVESTIGATIVE RESOURCES AND LEGAL ACUMEN TO DISCERN. SEE FENDLER V. GOLDSMITH, 728 F.2d 1181 (9TH CIR. 1983). IN ADDITION, SEVERAL STATUTORY PROVISIONS AUTHORIZE IN CERTAIN CIRCUMSTANCES IN NONCAPITAL CASES A REQUIREMENT TO APPOINT COUNSEL IN HABEAS CORPUS PROCEEDINGS BROUGHT BY INDIGENT PRISONERS. SEE 18 U.S.C. § 3006(A)(2)(B) (NONCAPITAL CASES).

13. AS ARTICULATED IN PARAGRAPHS 4 AND 5 HEREINABOVE, AND EVIDENCED IN THE DISTRICT COURT RECORD, DUE TO RESPONDENTS' DENYING

(PAGE 7 OF 12)

petitioner Toole meaningful access to Alabama legal materials, further demonstrates good cause for the appointment of counsel. Here, it is suggested that denial of access to Alabama legal materials is, in essence, denial of petitioner's fundamental right to access to the courts.

(A) The United States Supreme Court has held that prisoners have a constitutional right to meaningful access to post-conviction courts. See <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977) (due process right to "reasonably adequate opportunity to present claimed violations of fundamental rights to the courts"). <u>Accord Lewis v. Casey</u>, 518 U.S. 343, 350 (1996). "It is clear that ready access to the courts is one of, perhaps the, fundamental constitutional right" [as guaranteed petitioner by the First, Fifth and Fourteenth Amendments]. <u>Cruz v. Hauck</u>, 475 F.2d 475, 476 (5th Cir. 1973) (prison regulations may unreasonably invade prisoner's relationship to the courts ... is founded in the due process clause and assures that no person will be denied the opportunity to present to the Court judiciary allegations concerning violations of fundamental constitutional rights. <u>Wolf v. McDonnell</u>, 418 U.S. 539, 579 (1974)

(page 8 of 12)

14. More appropriately applied in the instant case, a number of courts have recognized that assistance by attorneys is an indispensable element of meaningful access to the courts, <u>at least in circumstances in which access to [Alabama] law books and other resources short of counsel is insufficient due to the mental or physical status of the prisoners</u>, the conditions of their confinement [<u>such as restricted law library access</u>], or the nature of their legal claims. <u>Bounds v. Smith</u>, <u>supra</u>; <u>Johnson v. Avery</u>, 393 U.S. 483 (1969). Also, <u>Martin v. Davies</u>, 917 F.2d 336, 340 (7th Cir. 1990), <u>cert. denied</u>, 501 U.S. 1208 (1991) (denial of meaningful access to courts presumed if access to jail library is restricted on "substantial and continuous basis.") Accordingly, the District Court in the case at bar would be justified by the issuance of an order appointing counsel to represent Petitioner Toole in this cause.

15. This motion is made in good-faith, and not for purposes of delay.

16. Petitioner received assistance by an inmate certified law clerk in the preparation of the foregoing whom, like Petitioner, has no access to Alabama legal materials.

(Page 9 of 12)

<u>NOTICE REGARDING PETITIONER'S FORTHCOMING MOTION FOR LEAVE OF COURT TO INVOKE DISCOVERY PROCESS.</u>

17. As referenced to hereinabove, the Petitioner intended to accompany the foregoing motion for appointment of counsel with a motion for leave of court to invoke discovery process in the above-styled cause. However, due to Petitioner's recent assignment to the prison's live-in substance abuse treatment program, combined with his limited access to the institution's law library, he was unable to prepare the discovery request in time as outlined in Rule 6(A) of the Rules Governing Section 2254 cases, to support good cause for the appointment of counsel. In addition, requests for discovery should be accompanied by a statement of the interrogatories or requests for admission and a list of documents, if any, sought to be produced. See Rule 6(B) of the Rules Governing Section 2254 cases. As such, court-appointed counsel would be better suited to prepare and file such statements to avoid undermining the discovery process.

18. Should the District Court require a motion of leave of court to invoke discovery prior to a decision rendered on the foregoing request for the appointment of counsel, the Petitioner would be willing to prepare such discovery requests in accord with Rules 6(A) and 6(B), <u>supra</u>.

(PAGE 9(A) OF 12)

## RELIEF SOUGHT

WHEREFORE, FOR THE REASONS EXPRESSED HEREINABOVE, PETITIONER MOVES FOR AN ORDER APPOINTING COUNSEL IN THE ABOVE-STYLED CAUSE; NAMELY, FOR EFFECTIVE UTILIZATION OF DISCOVERY PROCEDURES PERMITTED BY LAW, AND NOTWITHSTANDING REPRESENTATION FOR AN EVIDENTIARY HEARING, IF ORDERED BY THE COURT. ADDITIONALLY, PETITIONER RESPECTFULLY REQUESTS:

(A) EXPANDED ACCESS TO THE FLORIDA DEPARTMENT OF CORRECTIONS' LAW LIBRARY PROGRAM, TO INCLUDE AN ALLOTED MINIMUM OF TEN (10) HOURS WEEKLY, TO NO MORE THAN TWENTY-FIVE (25) HOURS WEEKLY;

(B) COMPEL THE RESPONDENTS TO FURNISH PETITIONER WITH ACCESS TO ALABAMA CASE LAW, CRIMINAL CODES, APPELLATE PROCEDURES, STATUTES AND THE ALIKE; NAMELY, TO PROVIDE HARD COPIES (WITH SHEPARD'S CITATIONS) OF ALL ALABAMA LEGAL REFERENCES REFERRED TO IN RESPONDENTS RESPONSIVE PLEADINGS ALREADY FILED, TO INCLUDE ANY FUTURE PLEADINGS FILED IN THIS CAUSE; AND

(C) ANY FURTHER RELIEF DEEMED JUST AND PROPER BY THE COURT.

## DECLARATION

I, HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-STYLED CAUSE, ABSENT THE AVAILABILITY OF A NOTARY PUBLIC, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. § 1001, THAT I HAVE READ AND UNDERSTAND THE INFORMATION CONTAINED IN THE FOREGOING MOTION FOR APPOINTMENT OF COUNSEL, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, THIS 19th DAY OF JANUARY, 2007.

EXECUTED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

01/19/07
DATE

*[signature]* Howard Toole
HOWARD GLENN TOOLE
PETITIONER / AFFIANT
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

(PAGE 11 OF 12)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION FOR APPOINTMENT OF COUNSEL (INCLUDING APPENDIX) HAS BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING TO THE CLERK OF THE UNITED STATES DISTRICT COURT; DANIEL W. MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY); AND TO MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), LOCATED AT THE OFFICE OF THE ATTORNEY GENERAL, ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S. MAIL, ON THIS 19TH DAY OF JANUARY, 2007.

RESPECTFULLY SUBMITTED,

_____
HOWARD GLENN TOOLE
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INSTITUTION
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701
(PETITIONER - PRO SE)

(PAGE 12 OF 12)

HOWARD TOOLE, #917683, B-1118-C
ZEPHYRHILLS CORRECTIONAL INSTITUTION
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701



MAILED FROM A CORRECTIONAL INSTITUTION

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

# APPENDIX A

<u>TABLE OF CITATIONS</u>

(CITED BY RESPONDENTS PIKE COUNTY AND COFFEE COUNTY IN THEIR RESPONSIVE PLEADINGS FILED IN THIS CAUSE.)

(26)

<u>EXHIBIT "A"</u>
<u>TABLE OF CITATIONS</u>
(<u>CITED BY RESPONDENT PIKE COUNTY</u>)
(<u>CASE NO. 2:06-CV-714-MHT</u>)

<u>ALABAMA CASE LAW / CODES CITED</u> (<u>ANSWER OF RESPONDENT</u>)

RULE 4(B), ALABAMA RULES OF APPELLATE PROCEDURE
RULE 39(C), ALABAMA RULES OF APPELLATE PROCEDURE
RULE 39(C)(1), ALABAMA RULES OF APPELLATE PROCEDURE
RULE 39(C)(4), ALABAMA RULES OF APPELLATE PROCEDURE

RULE 31, ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 32.2, ALABAMA RULES OF CRIMINAL PROCEDURE
RULES 32.2(A)(3), (A)(4), (A)(5), AND (B), ALABAMA RULES OF CRIMINAL PROCEDURE

SECTION 12-3-9, ALABAMA CODE (2003)

<u>APPELLATE (ALABAMA) CASE LAW CITED</u>:

<u>JOHNSON V. STATE</u>, 729 SO.2d 897 (ALA. CRIM. APP. 1997)

<u>EXHIBIT "A"</u>
(PAGE 1 OF 3)

## TABLE OF CITATIONS (CONT'D)
### (CITED BY RESPONDENT PIKE COUNTY)

**AUTHORITIES CITED IN SUPPLEMENTAL ANSWER OF RESPONDENT:**

| | |
|---|---|
| Rule 4(B)(1), | Alabama Rules of Criminal Procedure |
| Rule 24.1, | Alabama Rules of Criminal Procedure |
| Rule 32, | Alabama Rules of Criminal Procedure |
| Rule 32.2(A)(3) | Alabama Rules of Criminal Procedure |
| Rule 32.2(A)(5) | Alabama Rules of Criminal Procedure |
| Rule 32.2(C) | Alabama Rules of Criminal Procedure |

**APPELLATE (ALABAMA) CASE LAW CITED:**

| | |
|---|---|
| Goodson v. State, | 588 So.2d 509 (Ala. Crim. App. 1991) |
| Knight v. State, | 936 So.2d 544 (Ala. Crim. App. 2005) |
| Pardue v. State, | 566 So.2d 502 (Ala. Crim. App. 1990) |
| Prim v. State, | 616 So.2d 381 (Ala. Crim. App. 1993) |
| Pryor v. State, | 599 So.2d 83 (Ala. Crim. App. 1992) |

EXHIBIT "A"
(PAGE 2 OF 3)

<u>TABLE OF CITATIONS (CONT'D)</u>
(CITED BY RESPONDENT COFFEE COUNTY)
(CASE NO.: 1:06-CV-696-MHT)

<u>AUTHORITIES CITED IN COFFEE'S ANSWER:</u>

RULE 4.4(B)(1), ALABAMA RULES OF APPELLATE PROCEDURE

RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 32(C), ALABAMA RULES OF CRIMINAL PROCEDURE

<u>ALABAMA APPELLATE CASE LAW CITED:</u>

<u>DUNCAN V. STATE</u>, 42 ALA. APP. 509, 169 SO.2d 439 (1964)
<u>EX PARTE SAWYER</u>, 456 SO.2d 112 (ALA. 1983)
<u>LUKER V. STATE</u>, 424 SO.2d 662 (ALA. CRIM. APP. 1982)
<u>PRICE V. HOLMAN</u>, 279 ALA. 324, 184 SO.2d 835 (1966)
<u>STATE V. WILLIS</u>, 42 ALA. APP. 414, 166 SO.2d (1964)

<u>AUTHORITIES CITED IN COFFEE'S RESPONDENT'S SUPPLEMENTAL ANSWER</u>

RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 32.2(C), ALABAMA RULES OF CRIMINAL PROCEDURE

<u>EXHIBIT "A"</u>
(PAGE 3 OF 3)

# MODALITY II MORNING SCHEDULE   APPENDIX "A", EXHIBIT "B"

| TIME | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | TIME | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|---|
| 6:00 | Wake up Breakfast Medication | Wake up Breakfast Medication | Wake up Breakfast Medication | Wake up Breakfast Medication | Wake up Breakfast Medication | 6:00 | PFT off Wake up Breakfast | Wake up Breakfast |
| 7:15 7:30 | Clean-up Count | Clean-up Count | Clean-up Count | Clean-up Count | Clean-up Count | | Count | Count |
| 8:00 8:00 8:20 | Crew/Energizer Meeting | Crew/Energizer Meeting | Crew/Energizer Meeting | Crew/Energizer Meeting | Crew/Energizer Meeting | 2:00 2:20 | Break | Break |
| 8:20 8:30 | Break | Break | Break | Break | Break | 8:00 8:20 | Crew Meetings and Energizer | Crew Meetings 8:45 - 9:15 |
| 8:30 9:20 | Accountability | Positive Affirmations | Community Meeting | Accountability | Accountability | 8:30 8:50 9:20 | AA/NA Meeting Smoke break for approved resident | Energizer |
| 9:20 9:30 | Break | Break | Break | Break | Break | 9:30 10:20 | Break | Break |
| 9:30 10:20 | Process G. Froberg (A) Miller (B) Rich (T) Thomas (A) | Process G. Arcuri (T) Froberg(A) Gause (B) Martinez (T) Miller (B) Perez (T) Rich (T) Thomas (A) | Process G. Arcuri (T) Froberg(A) Gause (B) Martinez (T) Miller (B) Perez (T) Rich (T) Thomas (A) | Process G. Arcuri (T) Froberg(A) Gause (B) Martinez (T) Miller (B) Perez (T) Rich (T) Thomas (A) | Process G. Arcuri (T) Gause (B) Martinez (T) Perez (T) | 10:30 11:20 | Communication Skills | AA Meeting |
| 10:20 10:30 | Break | Break | Break | Break | Break | | Break | Break |
| 10:30 11:20 | Didactic Groups Orientation DAG Phase: I (T) Martinez IIA (A) Froberg IIB (A) Thomas IIC (B) Gause IID (B) Rich IIIA (T) Arcuri IIIB (T) Atwood | Didactic Groups Orientation (T) DAG Phase: I (T) Martinez IIA (A) Froberg IIB (A) Thomas IIC (B) Gause IID (B) Rich IIIA (T) Arcuri IIIB (T) Atwood | Didactic Groups Orientation (T) DAG Phase: I (T) Martinez IIA (A) Froberg IIB (A) Thomas IIC (B) Gause IID (B) Rich IIIA (T) Arcuri IIIB (T) Atwood | Didactic Groups Orientation (T) DAG Phase: I (T) Martinez IIA (A) Froberg IIB (A) Thomas IIC (B) Gause IID (B) Rich IIIA (T) Arcuri IIIB (T) Atwood | Didactic Groups Orientation (T) PFT/PF Phase: I (T) PFT/PF IIA (A) PF/PFT IIB (A) PF/PFT IIC (B) PF/PFT IID (B) PF/PFT IIIA &IIIB Free | | | |
| 11:30 | Count IIA & IIIB Free | Count | Count | Count | Count | | Count | Count |

Case Managers: Mr. Arcuri, Ms. Gause, Mr. Froberg, Mr. Martinez,
Mr. Miller, Ms. Perez, Ms Rich, Ms. Thomas
Human Services Counselor: Mr. Atwood
Revised by Ms. Gilliard 8/22/06

(T) Trailer   (A) A Dorm   (B) B Dorm

# MODALITY II AFTERNOON & EVENING SCHEDULE   APPENDIX "A" EXHIBIT "B"

| TIME | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | TIME | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|---|
| 12:00 12:45 | Count/Lunch/Canteen | Count/Lunch/Canteen | Count/Lunch/Canteen | Count/Lunch/Canteen | Count/Lunch/Canteen | 12:00 | Count/Lunch | Count/Lunch |
| 1:00 2:00 | Case Mgmt Peer Review Board Phase Up Board | Case Mgmt Peer Review Board Phase Up Board | Case Mgmt Peer Review Board Phase Up Board | Case Mgmt Peer Review Board Phase Up Board | Case Mgmt Peer Review Board Phase Up Board | 1:00 | Visiting (1-3:00)Rec./Opt. Independent Study Library(1-3:00) | Visiting (1-3:00)Rec./ Independent Study Library(1-3:00) |
| 2:00 2:45 | Case Mgmt Recreation (1-3:30) | Case Mgmt Recreation (2-3:30) Alumni (2-2:50) AA/NA (2:00-3:00) Free hour (1-2) | Case Mgmt Recreation (1-3:30) Alumni (2-2:50) Readiness Group (2-3) | Case Mgmt Recreation (1-3:30) | Case Mgmt AA/NA (2:00-3:00) Phase Up Board Free hour (1-2) | 2:30 | .(1-3:00)Rec./ Independent Study Library(1-3:00) | .(1-3:00)Rec./ Independent Study Library(1-3:00) |
| 2:45 3:45 | Case Management Recreation (1-3:30) | Case Management | Case Management Recreation (1-3:30) | Case Management Recreation (1-3:30) | Case Management AA/NA (2:00-3:00) | | | |
| 3:15 | Count | Count | Count | Count | Count | 3:15 | Count | Count |
| 4:30 5:30 | Dinner Medication Self-care Canteen | Dinner Medication Self-care Canteen | Dinner Medication Self-care Canteen | Dinner Medication Self-care Canteen | Dinner Medication Self-care Canteen Wrap up | 4:15 | Dinner Medication Self-care Canteen Wrap-up | Dinner Medication Self-care Canteen Wrap-up |
| 5:40 6:30 | Independent Study | Independent Study | Independent Study AA/NA Activities | Activity | Off | 4:45 | | |
| 6:30 6:40 | Break | Break | Break | Break | | | | |
| 6:40 7:30 | Goldsmith Criminal Thinking | Froberg / Atwood TC Concepts Bible Study | Martinez / Atwood Social Skills | Rich / Atwood Activity | | | | |
| 7:30 7:40 | Break | Break | Break | Break | | | | |
| 7:40 | Wrap-up / Count | Wrap-up / Count | Wrap-up / Count | Wrap-up / Count | | 7:45 | Count | Count |

**Case Managers:** Mr. Arcuri, Ms. Gause, Mr. Froberg, Mr. Martinez,
Mr. Miller, Ms. Perez, Ms Rich, Ms. Thomas
**Human Services Counselor:** Mr. Atwood
Revised by Ms. Gilliard 8/22/06

No showers between 5:30 and 7:45 PM

(T) Trailer    (A) A Dorm    (B) B Dorm

DIRECT ANY QUESTIONS CONCERNING THIS SCHEDULE TO PF'S

2 of 2