IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 JAN 29 A 10: 07

HOWARD GLENN TOOLE, #C917683      :

PROVIDED TO ZEPHYRHILLS C.I.
ON 1-26-07 FOR MAILING.

         PETITIONER,               :

                                         CASE NO: 1:06-CV-696-MHT
VS.                                :

JAMES MCDONOUGH, ET AL.,           :

         RESPONDENTS.              :

_____

<u>MOTION FOR ENLARGEMENT OF TIME</u>
<u>TO FILE SUPPLEMENTAL RESPONSE</u>
<u>MOTION FOR LEAVE TO INVOKE DISCOVERY PROCESS</u>
(AND)
<u>MOTION FOR STATE TRANSCRIPTS</u>

COMES NOW THE PETITIONER, HOWARD GLENN TOOLE, <u>IN PROPRIA PERSONA</u>, PURSUANT TO RULES 5, 6(A) AND 7(A) OF THE RULES GOVERNING SECTION 2254 CASES; 18 U.S.C. § 3006A(G); 28 U.S.C. § 753(F) AND RELATED FEDERAL RULES OF CIVIL PROCEDURE, HEREBY RESPECTFULLY MOVES FOR (A) AN ENLARGEMENT OF TIME TO FILE PETITIONER'S SUPPLEMENTAL RESPONSE DUE ON OR ABOUT JANUARY 30, 2007; (B) LEAVE OF COURT TO INVOKE THE DISCOVERY PROCESS; AND (C) REQUEST FOR STATE TRANSCRIPTS OF ALL THE ALABAMA COURT PROCEEDINGS CURRENTLY UNDER FEDERAL REVIEW IN THE ABOVE-STYLED CAUSE. AS GROUNDS IN SUPPORT THEREOF, PETITIONER STATES:

(PAGE 1 OF 7)

1. On January 10, 2007, Respondents representing Coffee and Pike Counties, collectively, caused to be serviced a supplemental answer in response to this Court's order dated December 7, 2006. Consequently, the district court issued an order requiring Petitioner to file a supplemental response to Respondents supplemental answer, due on or about January 30, 2007.

2. Paragraph 13 of Respondent Pike County's supplemental answer of Respondent (serviced on January 10, 2007) refers to Petitioner's guilty plea colloquy, however, fails to substantiate its claim by attaching transcripts of the proceedings supporting its contention. Accordingly, with no transcript being provided by Respondent, Petitioner is unable to respond.

3. Petitioner has recently filed a motion for appointment of counsel, namely, to aid with invoking the processes of discovery as permitted pursuant to Rule 6(A) of the Rules Governing Section 2254 cases, as likewise found in 18 U.S.C. § 3006A(6). Therefore, it is in the best interest, based on the reasons articulated in his motion for appointment of counsel, that a continuance to file a supplemental response be granted.

4. As such, pursuant to Rule 6(A), _supra_, Petitioner respectfully moves for leave to invoke discovery process to aid in developing facts and testimony necessary to decide whether the Court should order an evidentiary hearing, grant the Petitioner's writs following an evidentiary hearing, or grant the writs without the need for an evidentiary hearing. Rule 6(A), _supra_, provides:

(PAGE 2 OF 7)

"A PARTY SHALL BE ENTITLED TO INVOKE THE PROCESS OF DISCOVERY AVAILABLE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE IF, AND TO THE EXTENT THAT, THE JUDGE IN THE EXERCISE OF HIS DISCRETION AND FOR GOOD CAUSE SHOWN GRANTS LEAVE TO DO SO, BUT NOT OTHERWISE. IF NECESSARY FOR EFFECTIVE UTILIZATION OF DISCOVERY PROCEDURES, COUNSEL SHALL BE APPOINTED BY THE JUDGE FOR A PETITIONER WHO QUALIFIES FOR THE APPOINTMENT OF COUNSEL UNDER 18 U.S.C. § 3006A(6)."

5. COLLECTIVELY, RESPONDENTS ARE ATTEMPTING TO "SWEEP UNDER THE RUG" FUNDAMENTAL CONSTITUTIONAL VIOLATIONS THROUGH A "PROCEDURAL DEFAULT CLAIM" TACTIC, AND CONTINUE TO BE IN CONTEMPT OF THIS COURT'S ORDERS REQUIRING NOTICE AND/OR COPIES OF WHAT STATE TRANSCRIPTS ARE AVAILABLE, WHEN THEY CAN BE FURNISHED, AND ALSO WHAT PROCEEDINGS HAVE BEEN RECORDED AND NOT TRANSCRIBED.

6. HERE, IT IS LIKELY THE DISCOVERY PROCESS WILL REVEAL THAT, AT NO TIME DURING THE TRANSCRIBED PROCEEDINGS, PETITIONER WAS PROPERLY INFORMED AS TO THE TIME ALLOWED TO PROPERLY FILE A NOTICE OF APPEAL AS MAY BE REQUIRED UNDER ALABAMA RULES OF CRIMINAL PROCEDURE, THAT COURT-APPOINTED COUNSEL, STEVE BLAIR, WAS

DISMISSED BY THE COURT FROM PROVIDING FURTHER REPRESENTATION PRIOR TO PETITIONER MAKING A DECISION AS TO WHETHER OR NOT TO PROCEED WITH THE FILING OF A NOTICE OF APPEAL; AND THAT IF, IN FACT, COFFEE COUNTY JAIL PROVIDED WHAT IT PURPORTEDLY BELIEVES TO BE A "LAW LIBRARY," SUCH "LAW LIBRARY" DOES NOT MEET THE CONSTITUTIONALLY ACCEPTED STANDARDS OF MEANINGFUL ACCESS TO THE COURTS AS GUARANTEED PETITIONER THROUGH THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION. SEE BOUNDS V. SMITH, 430 U.S. 817, 52 L.Ed. 2d 72, 97 S.Ct. 1491 (1976); AND LEWIS V. CASEY, 518 U.S. 343, 135 L.Ed. 2d 606, 116 S.Ct. 2174 (1996).

7. WITH REGARD TO PETITIONER'S REQUEST FOR STATE TRANSCRIPTS, SUCH REQUEST IS MADE PURSUANT TO RULE 5 OF THE RULES GOVERNING SECTION 2254 CASES AND MOVES THAT RESPONDENTS, COLLECTIVELY, FURNISH (WITHOUT COST) ALL PRETRIAL TRANSCRIPTS RELATING TO PRETRIAL HEARINGS, MOTIONS TO DISMISS, TRANSCRIPTS OF THE GUILTY PLEA PROCEEDINGS, AND ANY AND ALL COURT HEARINGS HELD IN COFFEE COUNTY AND PIKE COUNTY CURRENTLY UNDER FEDERAL REVIEW. IN SUPPORT THEREOF, 28 U.S.C. § 753 (F) PROVIDES IN PART:

> "FEES FOR TRANSCRIPTS FURNISHED IN CRIMINAL PROCEEDINGS TO PERSONS PROCEEDING UNDER THE CRIMINAL JUSTICE ACT (18 U.S.C. § 3006A), OR IN HABEAS CORPUS PROCEEDINGS TO PERSONS ALLOWED TO SUE, DEFEND, OR APPEAL IN FORMA PAUPERIS, SHALL BE PAID BY THE UNITED STATES OUT OF MONEYS APPROPRIATED FOR THOSE PURPOSES . . ."

(PAGE 4 OF 7)

SEE _BUNDY V. WAINWRIGHT_, 808 F.2d 1410 (11th CIR. 1987), AS REFLECTED IN THE INSTANT CASE, THE ALABAMA U.S. DISTRICT COURT INDICATED IN ITS SEPTEMBER 15, 2006 ORDER, "[T]HE OBLIGATION TO COME FORWARD WITH THE STATE COURT RECORD IS SQUARELY UPON THE RESPONDENT, NOT THE PETITIONER." _ID AT 1415_.

8.  UPON THE RESPONDENTS TRANSCRIBING THE STATE COURT TRANSCRIPTS, AND PROVIDING PETITIONER WITH SAME, IT IS LIKELY A REQUEST WILL BE MADE TO THE COURT FOR EXPANSION OF THE RECORD PURSUANT TO RULE 7 OF THE RULES GOVERNING SECTION 2254 CASES, TO INCLUDE THE TRANSCRIPTS AS PART OF THE RECORD. WITHOUT SUCH TRANSCRIPTS, PETITIONER IS LIKELY TO BE PREJUDICED.

9.  THIS MOTION IS MADE IN GOOD-FAITH, AND NOT FOR PURPOSES OF DELAY.

## CONCLUSION

WHEREFORE, FOR THE REASONS EXPRESSED HEREIN-ABOVE, PETITIONER REQUESTS FOR AN ENLARGEMENT OF TIME TO FILE A SUPPLEMENTAL RESPONSE (CURRENTLY DUE ON OR BEFORE JANUARY 30, 2007); LEAVE OF COURT TO INVOKE THE DISCOVERY PROCESS; AND REQUEST FOR STATE TRANSCRIPTS OF ALL THE ALABAMA COURT PROCEEDINGS HELD IN THE ABOVE-STYLED CAUSE CURRENTLY UNDER FEDERAL REVIEW, WITH SUCH DISCOVERY AND TRANSCRIPT COSTS IMPUTED UPON THE RESPONDENTS.

## DECLARATION

I, HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-STYLED CAUSE, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. § 1001, THAT I HAVE READ THE FOREGOING, UNDERSTAND THE INFORMATION CONTAINED HEREIN, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, ON THIS 22ND DAY OF JANUARY, 2007.

EXECUTED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

01-26-07
_____
DATE

_____
HOWARD GLENN TOOLE
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9201

(PAGE 6 OF 7)

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTIONS HAVE BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING TO THE CLERK OF THE U.S. DISTRICT COURT; DANIEL W. MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY); AND MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), OFFICE OF THE ATTORNEY GENERAL, ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S. MAIL, ON THIS 26th DAY OF JANUARY, 2007.

RESPECTFULLY SUBMITTED,

HOWARD GLENN TOOLE
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

HOWARD TOOLE #917685, B-1118-C
ZEPHYRHILLS CORRECTIONAL INSTITUTION
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

MAILED FROM A
CORRECTIONAL INSTITUTION

UNITED STATES POSTAGE

$ 00.63⁰
02 1M.
0004221013      JAN 26 200
MAILED FROM ZIP CODE 33541

OFFICE OF THE CLERK OF COURT
UNITED STATE DISTRICT COURT
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

LEGAL MAIL